**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>        Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>        Defendants. | FEDERAL COURT CASE NO.:<br>Trial By Jury Requested<br><br>Removed from:<br>Supreme Court of the State of New York, Orange County<br>Index No: EF007269-2022 |

DEFENDANTS' NOTICE OF REMOVAL

   Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Carmine Amelio, ("Carmine"),

Alfonso Amelio ("Alfonso") and Paul Amelio ("Paul"), collectively, ("Amelio"), hereby give

notice of the removal of this action from the Supreme Court of the State of New York, Orange

County, to the United States Southern District Court of New York. By removing this case,

Defendants do not waive, and expressly reserve, any claims and defenses available to

Defendants. In support of the Notice of Removal, Defendants alleges as follows:

   1.   This action is presently pending in the Supreme Court of the State of New York, Orange

County, as U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES

V TRUST V. ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J.

PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT;

ROBERTA PERRY S/H/A JANE DOE #1, Index No: EF007269-2022 ("action"). Plaintiff filed

the action on December 19, 2022 and alleges to have served Alfonso on February 10, 2023,

Carmine on March 3, 2024 and Paul on March 28, 2024.

2.   Plaintiff generally alleges that Defendants are in default of mortgage agreement. Plaintiff

has proceeded in this matter in violation of defendants' civil rights and due process rights and

where federal intervention is necessary due to violations of constitutional rights that could not be

addressed adequately in state court. Defendants' individual rights guaranteed by the Constitution

and federal laws were infringed upon by the plaintiff. These rights are designed to protect

individuals from discrimination and ensure equal treatment under the law:

1. **Equal Protection under the Law:**
    o   Guaranteed by the Fourteenth Amendment, which requires that no state deny any
        person within its jurisdiction the equal protection of the laws.
2. **Freedom of Speech and Expression:**
    o   Protected by the First Amendment, ensuring individuals can express themselves
        without government interference.
3. **Right to Due Process:**
    o   Guaranteed by the Fifth and Fourteenth Amendments, ensuring fair treatment
        through the normal judicial system, especially in legal matters.
4. **Disability Discrimination:**

    o   A public place fails to provide reasonable accommodations for individuals with
        disabilities, violating the Americans with Disabilities Act (ADA).
    o   Denying employment to someone because they have a disability, despite being
        qualified for the job.

Therefore, the Court has jurisdiction pursuant federal question to 28 U.S.C. § 1331 and 28

U.S.C. § 1332 because there is sufficient diversity of citizenship because the plaintiff and

defendant are citizens of different states.

3.   Venue is proper in this district where the case was commenced in the State of New York.

4.   Plaintiff, U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust

(hereinafter "Plaintiff"), at all times hereinafter mentioned was and still is a duly organized

corporation or association with offices at 7114 E. Stetson Drive, Suite 250, Scottsdale, AZ

85251, is therefore a citizen of Arizona. See 28 U.S.C. § 1332(c)(1).

5.    Amelio have a home and residence in New York and are citizens of New York.

6.    That defendant, Deborah J. Piazza, as Chapter 7 Trustee of United States

BankruptcyCourt, is a named party defendant to this action because it is a subordinate lienor by

virtue of a judgment for $157,195.00 against Carmine P Amelio, recorded on October 16, 2019

in Book 14639, is therefore a citizen of New York.

7.    DEFENDANTS' ADDITIONAL PARTIES

a.    ADDITIONAL PARTIES AND ALLEGED ASSIGNOR AND ASSIGNEES


ASSIGNMENT OF MORTGAGE:
Assignor: Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home
Loan
Corporation
Assignee: The Bank of New York Mellon FKA The Bank of New York, as Trustee for the
holders of
the Certificates, First Horizon Mortgage Pass-Through Certificates series FHAMS 2005-AA9, by
FirstHorizon Home Loans, a division of First Tennessee Bank National Association, Master
Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement
Dated: June 13, 2012
Recorded: December 3, 2012
Liber Book: 13457 Page: 75 File No.: 20120110971
ASSIGNMENT OF MORTGAGE:
Assignor: The Bank of New York Mellon FKA The Bank of New York, as Trustee for the
holders of
the Certificates, First Horizon Mortgage Pass-Through Certificates series FHAMS 2005-AA9, by
First Horizon Home Loans, a division of First Tennessee Bank National Association, Master
Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement
Assignee: Strategic Realty Fund, LLC
Dated: August 14, 2015
Recorded: August 24, 2015
Liber Book: 13936 Page: 743 Instrument No.: 20150054730

ASSIGNMENT OF MORTGAGE:
Assignor: Strategic Realty Fund, LLC
Assignee: Real Estate Growth Fund, LLC
Dated: June 26, 2020

Recorded: July 15, 2020
Liber Book: 14772 Page: 289 Instrument No.: 20200036390

ASSIGNMENT OF MORTGAGE:
Assignor: Real Estate Growth Fund, LLC
Assignee: U.S. Bank Trust National Association, as trustee of the Igloo Series V Trust
Dated: March 29, 2022
Recorded: April 27, 2022
Liber Book: 15215 Page: 1707 Instrument No.: 20220031628

ASSIGNMENT OF MORTGAGE:
Assignor: US Bank TrustNationalAssociation, as Trustee ofthe Igloo Series VTrust
Assignee: US Bank TrustNationalAssociation, as Trustee ofthe Tiki Series VTrust
Dated: June 1, 2022
Recorded: June 14, 2022
Liber Book: 15253 Page: 815 Instrument No.: 20220044431


       FRIEDMAN VARTOLO LLP
       Henry P. DiStefano
       Juliana Thibaut
       Andrew Buonincontri
       Stacey Bonner
       Sean Monahan
       Michael Nardolillo
       Randall Coffill

i.   FRIEDMAN VARTOLO LLP is a New York limited liability partnership with a principal place of business located at 85 Broad St., Suite 501, New York, New York 10004, is therefore a citizen of New York.

ii.   Henry P. DiStefano, is an employee of FRIEDMAN VARTOLO LLP, is therefore a citizen of New York.

iii.   Juliana Thibaut, is an employee of FRIEDMAN VARTOLO LLP, is therefore a citizen of New York.

iv.   Andrew Buonincontri, is an employee of FRIEDMAN VARTOLO LLP, is therefore a citizen of New York.

v.   Stacey Bonner, is an employee of FRIEDMAN VARTOLO LLP, is therefore a citizen of New York.

vi.   Sean Monahan, is an employee of FRIEDMAN VARTOLO LLP, is therefore a citizen of New York.

vii.   Michael Nardolillo, is an employee of FRIEDMAN VARTOLO LLP, is therefore a citizen of New York.

viii.   Randall Coffill, the Appointed Referee, resides at 15 Jersey Avenue, Port Jervis, NY 12771, is therefore a citizen of New York.

8.   BREIF HISTORY AND DEFENDANT'S COUNTERCLAIMS

This civil action arises from Plaintiff's Original petition alleging Defendants' default of mortgage agreement and Defendants' counterclaims against Plaintiff and additional parties, not named in plaintiff's complaint, but named herein, for lack of jurisdiction due to the expiration of the statute of limitations, fraud upon the Court, judicial misconduct, violation of due process rights guaranteed by the Fifth and Fourteenth Amendments, ensuring fair treatment through the normal judicial system, where the state court failed to notify, docket pleadings and timely address defendants' pleadings and allow opposing counsel, as Officer of the Court to deny defendant access to the Court and procedural due process.

**<u>PLAINTIFF COMPLAINT</u>**

1.   As it pertains to Plaintiff's averments at paragraph one of the subject complaint, Defendants are without sufficient information to either admit or deny.

2.   As it pertains to Plaintiff's averments at paragraph two of the subject complaint, Defendants admit and deny in part, by stating as follows:

      i.      Defendants admit that Carmine Amelio executed a note on August 8, 2005 in favor of First Horizon Loan Corporation ("First Horizon") as power of attorney for Alfonso Amelio.;

      ii.     Defendants deny that: (a) Plaintiff is in possession of the original note; and (b) the instrument attached to the complaint as "Exhibit A" consist of a true and correct copy of the original.;

      iii.    Defendants deny that the instrument attached to the complaint as "Exhibit A" is properly indorsed in accordance with NY UCC.; and

      iv.    Defendants deny that the original note instrument in dispute is a negotiable instrument pursuant to NY UCC § 3-104 and, instead, Defendants aver that said instrument is non-negotiable and enforcement thereof is governed by NY UCC § 9-203.

3.     As it pertains to Plaintiff's averments at paragraph three of the subject complaint, Defendants admit and deny in part, by stating as follows:

      i.      Defendants admit that they each executed the mortgage instrument in dispute that was recorded in the Office of the Orange County Clerk on October 4, 2005, at Book 11958, Page 955.;

      ii.     Defendants deny that Mortgage Electronic Registration Systems, Inc. ("MERS") was an agent for First Horizon as of the date set forth in the foregoing mortgage instrument because, in part, no such power of attorney was ever presented to Defendants; no such power of attorney was annexed to the instrument upon its recording in the Office of the Orange County Clerk on October 4, 2005, at Book 11958, Page 955; no such power of

attorney has been recorded in the Office of the Orange County Clerk to present date; and no such power of attorney is annexed to Plaintiff's complaint.

    iii.    Defendants deny that they delivered a mortgage to MERS because the latter has never been a document custodian with physical possession of any such instruments; and Plaintiff has no evidence to substantiate its claim.

4.    As it pertains to Plaintiff's averments at paragraph four of the subject complaint, Defendants are without sufficient information to either admit or deny.

5.    As it pertains to Plaintiff's averments at paragraph five of the subject complaint, Defendants are without sufficient information to either admit or deny.

6.    As it pertains to Plaintiff's averments at paragraph six of the subject complaint, Defendants deny by stating:

    i.    Plaintiff's claims pertaining to MERS are materially false and deceptive, along with the instrument recorded by the Office of the Orange County Clerk on December 3, 2012, at Book 13457, Page 75 which is void as a matter fact because MERS as the alleged nominee for First Horizon: (a) never possessed the subject note and mortgage; (b) was without authority to assign the subject note and mortgage; and (c) never assigned the subject note and mortgage. See *Bank of N.Y. v. Silverberg*, 86 A.D.3d 274, 275 (N.Y. App. Div. 2011) ("The issue presented on this appeal is whether a party has standing to commence a foreclosure action when that party's assignor — in this case, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS) — was listed in the underlying mortgage instruments

as a nominee and mortgagee for the purpose of recording, but was never the actual holder or assignee of the underlying notes. We answer this question in the negative."); and

ii.   because the foregoing instrument recorded by the Office of the Orange County Clerk on December 3, 2012, at Book 13457, Page 75 is void (as a matter of fact), the subsequent instruments recorded by the Office of the Orange County Clerk on August 24, 2015, at Book 13936, Page 743 and July 15, 2020, at Book 14772, Page 289.

7.    As it pertains to Plaintiff's averments at paragraph seven of the subject complaint, Defendants deny by reciting to the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

8.    As it pertains to Plaintiff's averments at paragraph eight of the subject complaint, Defendants deny by declaring that no payments were made towards the subject note and mortgage by Defendants since the last payment that Defendants made in the year 2008 as set forth within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426 which involved the same note and mortgage in dispute.

9.    As it pertains to Plaintiff's averments at paragraph nine of the subject complaint, Defendants deny by declaring that no payments were made towards the subject note and mortgage by Defendants since the last payment that Defendants made in the year 2008 as set forth within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426 which involved the same note and mortgage in dispute.

10.   As it pertains to Plaintiff's averments at paragraph ten of the subject complaint, Defendants reply by declaring Plaintiff's averment(s) is/are moot because of the foregoing

statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

11.    As it pertains to Plaintiff's averments at paragraph eleven of the subject complaint, Defendants reply by declaring Plaintiff's averment(s) is/are moot because of the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

12.    As it pertains to Plaintiff's averments at paragraph twelve of the subject complaint, Defendants reply by declaring Plaintiff's averment(s) is/are moot because of the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

13.    As it pertains to Plaintiff's averments at paragraph thirteen of the subject complaint, Defendants reply by declaring Plaintiff's averment(s) is/are moot because of the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

14.    As it pertains to Plaintiff's averments at paragraph fourteen of the subject complaint, Defendants reply by declaring Plaintiff's averment is moot because of the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

15.    As it pertains to Plaintiff's averments at paragraph fifteen of the subject complaint, Defendants reply by declaring Plaintiff's averments is/are moot because of the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

16.     As it pertains to Plaintiff's averments at paragraph sixteen of the subject complaint, Defendants are without sufficient information to either admit or deny.

17.     As it pertains to Plaintiff's averments at paragraph seventeen of the subject complaint, Defendants are without sufficient information to either admit or deny.

18.     As it pertains to Plaintiff's averments at paragraph eighteen of the subject complaint, Defendants are without sufficient information to either admit or deny.

19.     As it pertains to Plaintiff's averments at paragraph nineteen of the subject complaint, Defendants are without sufficient information to either admit or deny.

20.     As it pertains to Plaintiff's averments at paragraph twenty of the subject complaint, Defendants are without sufficient information to either admit or deny.

21.     As it pertains to Plaintiff's averments at paragraph twenty-one of the subject complaint, Defendants objects by reciting to the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

22.     As it pertains to Plaintiff's averments at paragraph twenty-two of the subject complaint, Defendants objects by reciting to the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

## DEFENSES AND COUNTERCLAIMS

23.     **Lack of Standing**:  Plaintiff is without standing to commence and maintain the instant action for the foregoing reasons set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

24.     **Lack of Jurisdiction of the Subject Matter Pursuant to CPLR 3211(a)(2)**:  The Court is without jurisdiction over the subject matter for the foregoing reasons set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

25.    **Statute of Limitations**:  Plaintiff's attempt to enforce and foreclose upon the subject note and mortgage is barred by CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

26.    **Fraud Upon the Court**: Plaintiff's alleged counsel have presented false statements and misrepresentations within the underlying complaint, and they are omitting material facts for the foregoing reasons set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); 6; 8; and 9 as though fully incorporated herein by reference.

27.    **Counterclaim 1 - Time Barred**:  Defendant request that the mortgage be cancelled and discharged pursuant to NY Real Property Actions and Proceedings Law § 1501(4) because the subject note and mortgage is time barred by the statue of limitations pursuant to CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

**Counterclaim 2 – Violation of Bankruptcy Automatic Stay**:    **THE SUBJECT COMPLAINT, FILED BY PLAINTIFF DURING THE PENDENCY OF BANKRUPTCY AND AUTOMATIC STAY, MUST BE DISMISSED, WITH PREJUDICE.**

Defendant Alfonso Amelio filed his Bankruptcy petition, Case No.: 20-23552, on December 31, 2020 and his case was dismissed on June 18, 2021. Plaintiff filed subject Complaint January 7, 2021, during the pendency of automatic stay. Because the plaintiff filed this action and commenced while the automatic stay was in effect, it is void *ab initio* and must be dismissed. 11 U.S.C. § 362(a)(1) ("a [bankruptcy] petition filed… operates as a stay, applicable to all entities, of the commencement… of a judicial… action or proceeding against

a debtor…"); *Levant v. Nal'l Car Rental , Inc.,* 33 A.D.3d 367, 368 (1ˢᵗ Dep't 2006) and the petition filed by the Petitioner is void, (holding that an action commenced against a debtor while an automatic bankruptcy stay was in effect was "*void ab initio."*)

Therefore, the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332 because there is sufficient diversity of citizenship because the plaintiff and defendant are citizens of different states and the amount in controversy exceed $1,000,000.00 and because this is a civil action that raises questions arising under the Constitution, laws, or treaties of the United States.

Amelio, appearing *pro se* are named a parties in the state court matter as owners of 17 Grant Street, Middletown, NY 10940.

On January 30, 2023 defendants filed their motion amend, vacate or dismiss the September 8, 2022 Order in the previously discontinued case, Index No: EF000106-2021, entered by the court: "ORDER DISCONTINUING ACTION AND CANCELING LIS PENDENS." (Doc# 82). The Order erred by including the follow relief, which was not requested or argued in plaintiff's motion (Doc# 76):

"ORDERED, that Plaintiff hereby deaccelerates the maturity of the loan and withdraws all prior demands for immediate payment of all sums secured by the Security Instrument; and it is further"

Plaintiff's motion (Doc# 76) requested the following relief:

"PLEASE TAKE NOTICE, that upon the annexed affinnation of Juliana Thibaut, Esq. dated June 1, 2022, and any papers and exhibits annexed thereto, a motion will be heard at the Orange County Supreme Court, 285 Main Street, Goshen, NY 10924 in front of the Honorable John R. Lindstrom, on July 1, 2022, at 9:30 AM, or as soon thereafter as counsel can be heard, for an order: (i) canceling the Lis Pendens, (ii) discontinuing the instant action, (iii) striking the Defendant's answer and dismissing the Defendant's counterclaims, and (iv) for such other relief as the court may deem just and proper."

In addition, Plaintiff continued to prosecute this matter during pending automatic stay of bankruptcy. Plaintiff did not properly serve defendants at their residence nor properly executed attempted service pursuant to CPLR 308 and falsely claimed to serve Paul Amelio and Alfonso Amelio via NYSCEF, who are not registered in this matter.

The law is well settled law, that a mortgage cannot be decelerated after it has been accelerated and the statute of limitations have expired, which plaintiff unlawfully and intentionally inserted into the Order when such relief was not requested or argued in plaintiff's motion. Defendants believe  that plaintiff and their counsel altered the proposed order with the intent to ambush us and intentionally evade defendants' opposition to the same, denying our due process right to law. In addition, the notice of discontinuance was not properly served and plaintiffs unlawfully moved the Court to appoint a guardian ad litem for Paul Ameio and Alfonso Amelio, who are not deceased.

Accordingly, plaintiff is time barred by the statute of limitations and to CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

In addition to the above, this Court lacks jurisdiction in this matter as Plaintiff's alleged counsel have presented false statements and misrepresentations within the underlying complaint, they have omitted material facts and have submitted fabricated documents, which constitutes fraud upon the Court, as stated herein in defendant's legal argument.

Defendants are named defendants in the Complaint. All requirements for removal are met. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

Defendant requests a jury trial which plaintiff did not request in the state court action.

True and correct copies of the Supreme Court of the State of New York, Orange County, Docket Sheet, Original Petition, Citations, and documents filed in the Lawsuit are attached hereto and incorporated herein as Exhibit A.

Concurrent with the filing of this Notice of Removal, Defendants have served this notice upon Plaintiff's counsel and filed a copy of the notice with the Clerk of Court for the Supreme Court of the State of New York, Orange County.

**WHEREFORE**, Accordingly, for these reasons, Defendants respectfully request that this Court assume full jurisdiction over this action.

Dated: New Milford, CT             Respectfully submitted,
      July 22, 2024

                                            */s/ Carmine P. Amelio*
                                            Carmine P. Amelio, *Defendant Pro Se*
                                            37 Main Street, #337
                                            New Milford, CT 06776
                                            p. 412-612-6774
                                            e. cpamelio@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served upon the following parties or counsel via electronic and/or US Mail on this 22nd day of July, 2024:


Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Andrew Buonincontri, Esq
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
(Attorneys for Plaintiff)

Randall Coffill, Esq. (As Appointed Referee)
15 Jersey Avenue
P.O. Box 3158
Port Jervis, NY 12771


Dated: New Milford, CT                    Respectfully submitted,
        July 22, 2024

                                          */s/ Carmine P. Amelio*
                                          Carmine P. Amelio, *Defendant Pro Se*
                                          37 Main Street, #337
                                          New Milford, CT 06776
                                          p. 412-612-6774
                                          e. cpamelio@gmail.com

# EXHIBIT A

NYSCEF
Orange County Supreme Court

**Document List**

**Index #  EF007269-2022**    Created on:07/22/2024 11:17 AM

Case Caption:    **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST v. ALFONSO AMELIO et al**

Judge Name:    **Sandra B. Sciortino**

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 1 | SUMMONS + COMPLAINT | Processed | 12/19/2022 | Thibaut, J. |
| 2 | EXHIBIT(S) - A<br>Note | Processed | 12/19/2022 | Thibaut, J. |
| 3 | EXHIBIT(S) - B<br>Mortgage | Processed | 12/19/2022 | Thibaut, J. |
| 4 | EXHIBIT(S) - C<br>Assignment of mortgage | Processed | 12/19/2022 | Thibaut, J. |
| 5 | EXHIBIT(S) - D<br>90 day notice | Processed | 12/19/2022 | Thibaut, J. |
| 6 | EXHIBIT(S) - E<br>1306 proof of filing | Processed | 12/19/2022 | Thibaut, J. |
| 7 | EXHIBIT(S) - F<br>Demand letter | Processed | 12/19/2022 | Thibaut, J. |
| 8 | NOTICE OF PENDENCY | Processed | 12/19/2022 | Thibaut, J. |
| 9 | CERTIFICATE OF MERIT | Processed | 12/19/2022 | Thibaut, J. |
| 10 | CONSENT TO EFILING<br>notice regarding e-filing | Processed | 12/19/2022 | Thibaut, J. |
| 11 | NOTICE TO DEFENDANT (PER AO-131-20) | Processed | 12/19/2022 | Thibaut, J. |
| 12 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOS Roberta Perry | Processed | 01/06/2023 | Vartolo, R. |
| 13 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOD Roberta Perry | Processed | 01/06/2023 | Vartolo, R. |
| 14 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOS Roberta Perry 3215 | Processed | 01/06/2023 | Vartolo, R. |
| 15 | ANSWER<br>Notice of Motion | Processed | 01/30/2023 | Amelio, C. (Pro Hac / Pro Se) |
| 16 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOS Alfonzo Amelio | Processed | 02/10/2023 | Grapensteter, V. |
| 17 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Occupant | Processed | 02/10/2023 | Grapensteter, V. |
| 18 | NOTICE OF REJECTION<br>Notice of Return and Rejection | Processed | 02/15/2023 | Gold, Z. |
| 19 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Service by NYSCEF | Processed | 02/15/2023 | Gold, Z. |
| 20 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOS Carmine Amelio | Processed | 03/03/2023 | Vartolo, R. |
| 21 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>3215 Alfonso Amelio | Processed | 03/03/2023 | Vartolo, R. |
| 22 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOS Paul Amelio | Processed | 03/28/2023 | Vartolo, R. |
| 23 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>aos deborah piazza | Processed | 04/19/2023 | Vartolo, R. |

NYSCEF

Orange County Supreme Court

**Document List**

**Index #   EF007269-2022**    Created on:07/22/2024 11:17 AM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 24 | NOTICE OF PENDENCY<br>Successive Notice of Pendency | Processed | 04/21/2023 | Caulfield, G. |
| 25 | AFFIRMATION<br>Affirmation of Mailing - Successive Notice of Pendency | Processed | 04/21/2023 | Caulfield, G. |
| 26 | NOTICE OF BANKRUPTCY (PRE RJI) | Processed | 04/21/2023 | Amelio, C. (Pro Hac /<br>Pro Se) |
| 27 | NOTICE OF MOTION (Motion #1)<br>NOTICE OF MOTION FOR A DEFAULT JUDGMENT<br>AND ORDER OF REFERENCE | Processed | 09/26/2023 | Thibaut, J. |
| 48 | NOTICE OF ENTRY<br>ORDER OF REFERENCE AND DEFAULT JUDGMENT | Processed | 12/19/2023 | Thibaut, J. |
| 49 | AFFIDAVIT<br>Affidavit of Mailing, Notice of Entry | Processed | 12/19/2023 | Thibaut, J. |
| 50 | OATH<br>Referee's Oath | Processed | 02/26/2024 | Caulfield, G. |
| 51 | REFEREE REPORT OF AMOUNT DUE<br>Referee's Report of Amount Due | Processed | 02/26/2024 | Caulfield, G. |
| 52 | EXHIBIT(S) - 1<br>Exhibit 1 (Order Appoint Referee to Compute) | Processed | 02/26/2024 | Caulfield, G. |
| 53 | EXHIBIT(S) - 2<br>Exhibit 2 (Affidavit of Merit and Amounts Due & POA) | Processed | 02/26/2024 | Caulfield, G. |
| 54 | EXHIBIT(S) - A<br>Exhibit A (Note) | Processed | 02/26/2024 | Caulfield, G. |
| 55 | EXHIBIT(S) - B<br>Exhibit B (Recorded Mortgage) | Processed | 02/26/2024 | Caulfield, G. |
| 56 | EXHIBIT(S) - C<br>Exhibit C (Assignments of Mortgage) | Processed | 02/26/2024 | Caulfield, G. |
| 57 | EXHIBIT(S) - D<br>Exhibit D (Business Records and Loan History) | Processed | 02/26/2024 | Caulfield, G. |
| 58 | NOTICE OF MOTION (Motion #2)<br>Notice of Motion for Judgment of Foreclosure and Sale | Processed | 03/06/2024 | Thibaut, J. |
| 74 | JUDGMENT OF FORECLOSURE AND SALE | Processed | 05/07/2024 | Court User |
| 75 | NOTICE OF ENTRY<br>JUDGMENT OF FORECLOSURE AND SALE | Processed | 05/15/2024 | Khurana, J. |
| 76 | AFFIRMATION<br>Affirmation of Mailing, Notice of Entry | Processed | 05/15/2024 | Khurana, J. |
| 77 | NOTICE OF SALE<br>With Covid Policy | Processed | 06/06/2024 | Nardolillo, M. |
| 78 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Mailing-Notice of Sale | Processed | 06/06/2024 | Nardolillo, M. |
| 79 | NOTICE OF MOTION (Motion #3)  *Corrected*<br>Notice of motion to vacate and dismiss | Processed | 07/08/2024 | Amelio, C. (Pro Hac /<br>Pro Se) |
| 81 | NO FEE AUTHORIZATION<br>(LETTER/ORDER/AFFIRMATION) | Processed | 07/08/2024 | Amelio, C. (Pro Hac /<br>Pro Se) |

NYSCEF

Orange County Supreme Court

**Document List**

**Index #    EF007269-2022**    Created on:07/22/2024 11:17 AM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| | Refile - Doc #80 had incorrect attachment | | | |
| 83 | LETTER / CORRESPONDENCE TO JUDGE<br>Request for adjournment of motion and foreclosure sale | Processed | 07/11/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 84 | COURT NOTICE | Processed | 07/12/2024 | Court User |
| 88 | NOTICE OF MOTION (Motion #4)  *Corrected*<br>Notice of motion to vacate and dismiss | Processed | 07/15/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 90 | LETTER / CORRESPONDENCE TO JUDGE<br>JUDICIAL NOTICE OR LACK OF JURISDICATION OF THE COURT | Processed | 07/18/2024 | Amelio, C. (Pro Hac / Pro Se) |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
---------------------------------------------------------------------X
U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF IGLOO SERIES V TRUST,

Index No.

**SUMMONS**

Plaintiff

-against-

**Mortgaged Premises**:
17 Grant Street
Middletown, NY 10940

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; "JOHN DOE" AND "JANE DOE" said names
being fictitious, it being the intention of Plaintiff to
designate any and all occupants of premises being
foreclosed herein,

**Section**: 36
**Block**: 15
**Lot**: 18

Defendants
---------------------------------------------------------------------X
Mortgaged Premises: 17 Grant Street, Middletown, NY 10940

To The Above Named Defendant(s):

YOU ARE HEREBY SUMMONED to answer the Complaint in the above entitled action and to
serve a copy of your Answer on the Plaintiff's attorney within twenty (20) days of the service of this
Summons, exclusive of the day of service, or within thirty (30) days after service of the same is
complete where service is made in any manner other than by personal delivery within the State. The
United States of America, if designated as a Defendant in this action, may answer or appear within
sixty (60) days of service. If you fail to appear or to answer within the aforementioned time frame,
judgment will be taken against you by default for the relief demanded in the Complaint.

**NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT**

THE OBJECTIVE of the above captioned action is to foreclose on a Mortgage to secure
$122,500.00 and interest, recorded in the Orange County Clerk's Office on October 4, 2005 in Book
11958, Page 0955, CRFN/Instrument Number 20050104704, covering the premises known as 17 Grant
Street, Middletown, NY 10940.

The relief sought herein is a final judgment directing sale of the premises described above to
satisfy the debt secured by the mortgage described above.

Plaintiff designates Orange County as the place of trial. Venue is based upon the County in
which the mortgaged premises is located.

Firm File No. 220710-4

# NOTICE
# YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to your mortgage company will not stop this foreclosure action.

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

Dated: December 19, 2022
New York, New York

/s/ Juliana Thibaut
Juliana Thibaut, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100

Firm File No. 220710-4

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 22 of 319

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
--------------------------------------------------------------------X
U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF IGLOO SERIES V TRUST,

                                   Plaintiff

               -against-

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; "JOHN DOE" AND "JANE DOE" said names
being fictitious, it being the intention of Plaintiff to
designate any and all occupants of premises being
foreclosed herein,

                                   Defendants
--------------------------------------------------------------------X

Index No.

**VERIFIED COMPLAINT**

**Mortgaged Premises**:
17 Grant Street
Middletown, NY 10940

**Section**: 36
**Block**: 15
**Lot**: 18

       The Plaintiff herein, by its attorneys **FRIEDMAN VARTOLO LLP** complains of the

defendants above named herein and, upon information and belief, alleges as follows:

       1.      Plaintiff, U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust

(hereinafter "Plaintiff"), at all times hereinafter mentioned was and still is a duly organized corporation

or association with offices at 7114 E. Stetson Drive, Suite 250, Scottsdale, AZ 85251.

       2.      The object of the instant action is to foreclose a mortgage securing the premises known

as 17 Grant Street, Middletown, NY 10940 (hereinafter "Mortgaged Premises"). The Mortgaged

Premises is more fully described in Schedule "A" annexed hereto.

       3.      On August 8, 2005, Alfonso Amelio (hereinafter "Borrower") being indebted to First

Horizon Home Loan Corporation, in the sum of $122,500.00, executed a note to secure that sum with a

fixed/initial interest rate of 5.875% per annum, payable in successive monthly installments of $599.74

on the first day of each month commencing October 1, 2005 and the final payment to be made

September 1, 2035 (hereinafter "Note"). A true and correct copy of the Note is attached hereto as

**Exhibit A**.

4.      To secure payment of the obligation described in paragraph three (3), Alfonso Amelio,

Carmine Amelio, and Paul Amelio (hereinafter "Mortgagors") executed to Mortgage Electronic

Registration Systems, Inc., as nominee for First Horizon Home Loan Corporation a mortgage of even

date with said Note, and thereby mortgaged the Mortgaged Premises as collateral security for the Note.

Said mortgage was recorded in the County Clerk's Office of Orange on October 4, 2005 in Book

11958, on Page 0955, File Number 20050104704 (hereinafter "Mortgage"). A true and correct copy of

the Mortgage is attached hereto as **Exhibit B**.

5.      Thereafter, the Mortgage was assigned as provided for below:

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loan
Corporation
**Assignee**: The Bank of New York Mellon FKA The Bank of New York, as Trustee for the holders of
the Certificates, First Horizon Mortgage Pass-Through Certificates series FHAMS 2005-AA9, by First
Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its
capacity as agent for the Trustee under the Pooling and Servicing Agreement
**Dated**: June 13, 2012
**Recorded**: December 3, 2012
**Liber Book**: 13457 **Page**: 75 **File No.**: 20120110971

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: The Bank of New York Mellon FKA The Bank of New York, as Trustee for the holders of
the Certificates, First Horizon Mortgage Pass-Through Certificates series FHAMS 2005-AA9, by First
Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its
capacity as agent for the Trustee under the Pooling and Servicing Agreement
**Assignee**: Strategic Realty Fund, LLC
**Dated**: August 14, 2015
**Recorded**: August 24, 2015
**Liber Book**: 13936 **Page**: 743 **Instrument No.**: 20150054730

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: Strategic Realty Fund, LLC
**Assignee**: Real Estate Growth Fund, LLC
**Dated**: June 26, 2020
**Recorded**: July 15, 2020
**Liber Book**: 14772 **Page**: 289 **Instrument No.**: 20200036390

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: Real Estate Growth Fund, LLC
**Assignee**: U.S. Bank Trust National Association, as trustee of the Igloo Series V Trust

Firm File No. 220710-4

**Dated**: March 29, 2022
**Recorded**: April 27, 2022
**Liber Book**: 15215 **Page**: 1707 **Instrument No.**: 20220031628

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: US Bank Trust National Association, as Trustee of the Igloo Series V Trust
**Assignee**: US Bank Trust National Association, as Trustee of the Tiki Series V Trust
**Dated**: June 1, 2022
**Recorded**: June 14, 2022
**Liber Book**: 15253 **Page**: 815 **Instrument No.**: 20220044431

Copies of the aforementioned assignments of Mortgage are attached hereto as **Exhibit C**.

6.      Plaintiff or its custodian/agent is in possession of the original Note with a proper endorsement and/or allonge firmly affixed to the original Note and is therefore, the holder of both the Note and Mortgage, which passes incident to the Note.

7.      Plaintiff has complied with all of the applicable provisions of RPAPL §1304, if required, and, if applicable, New York Banking Law 9-X, Banking Law §§ 595-a and 6-1 and 6-m.

8.      Notices were sent to the Mortgagors specifically pursuant to RPAPL §1304 on June 23, 2022 (hereinafter "90-Day Notices"). Said 90-Day Notices have not expired and were sent to the Mortgagors at least 90-days prior to the commencement of the instant action. The 90-Day Notices were in 14-point type, contained the statutorily dictated language of RPAPL §1304 and the address and phone numbers of at least five US Department of Housing and Urban Development approved housing counseling agencies in the region where the Mortgagors reside and was mailed by registered or certified mail and first-class mail to the Mortgaged Premises and last known address of the Mortgagors, if different. True and correct copies of the 90-Day Notices are attached hereto as **Exhibit D**.

9.      That the Plaintiff has complied fully with the RPAPL §1306 filing requirement, if required, by filing with the superintendent of banks within three (3) business days of date the 90-Day Notices were mailed. True and correct copies of the proofs of filing are attached hereto as **Exhibit E**.

10.     That the Mortgage provides that in the case of default in the payment of any principal or interest or any other terms, covenants or conditions of the Mortgage, the holder of the Mortgage could declare the entire indebtedness secured by the Mortgage immediately due and payable, and that the holder of the Mortgage is empowered to sell the Mortgaged Premises.

11.     That the Mortgagors defaulted on the Mortgage on May 1, 2015 and since that date have failed to comply with the conditions of the Mortgage by failing to pay portions of principal, interest or taxes, assessments, water rates, insurance premiums, escrow and/or other charges.

12.     That pursuant to paragraph 22 of the Mortgage, in the case of default in the payment of any principal or interest or any other terms, covenants or conditions of the Mortgage, the holder of the Mortgage could declare the entire indebtedness secured by the Mortgage immediately due and payable, and that the holder of the Mortgage is empowered to sell the Mortgaged Premises according to law. As Mortgagors have failed to pay monthly installments prior to or on the due date, Plaintiff elects herein to accelerate the Mortgage and call due the entire amount secured by said Mortgage.

13.     That in order to protect its security, the Plaintiff has paid, or may be compelled to pay during the pendency of this action, local taxes, assessments, water rates, insurance premiums and other charges assessed to the Mortgaged Premises.

14.     That, pursuant to the Mortgage, the Mortgagors promised to pay, in addition to principal and interest, all the additional charges mentioned in the preceding paragraph, and Plaintiff hereby requests that any sums paid by Plaintiff for such purposes, with interest thereon, be added to the sum otherwise due and be deemed secured by the Mortgage and be adjudged to be a valid lien on the Mortgaged Premises.

15.     That there is now due and owing to the Plaintiff under said Note and Mortgage the principal sum of $122,288.61 with interest thereon from April 1, 2015, plus late charges and advances

Firm File No. 220710-4

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 26 of 319

made by the Plaintiff on behalf of the Mortgagors and other named defendants and any other charges due and owing pursuant to the terms of the Note and Mortgage.

16.     Pursuant to paragraph 7A of the Note, in the event any installment shall become overdue for a period in excess of 15 days, a late charge on the overdue sum may be charged for the purpose of defraying the expense in handling such delinquent payment.

17.     Plaintiff has complied with all conditions precedent, required by the Mortgage, prior to the commencement of this action.

18.     Pursuant to the terms of the Mortgage, a notice of default was mailed to the Mortgagors on June 23, 2022 via certified mail and first class mail to the last known address of the Mortgagors, which was the Mortgaged Premises, as well as to 32 Main Street, New Milford, CT 06776 (hereinafter "Notice of Default"). True and correct copies of the Notice of Default are attached hereto as **Exhibit F**.

19.     That defendant, Alfonso Amelio, is a named party Defendant to this action because he is the record owner and original obligor under the Note secured by the Mortgage, which was assigned as provided for hereinabove.

20.     That defendant, Carmine Amelio, is a named party Defendant to this action because she is the record owner and mortgagor secured by the Mortgage, which was assigned as provided for hereinabove.

21.     That defendant, Paul Amelio, is a named party Defendant to this action because he is the record owner and mortgagor secured by the Mortgage, which was assigned as provided for hereinabove.

22.     That defendant, Deborah J. Piazza, as Chapter 7 Trustee of United States Bankruptcy Court, is a named party defendant to this action because it is a subordinate lienor by virtue of a judgment for $157,195.00 against Carmine P Amelio, recorded on October 16, 2019 in Book 14639,

Firm File No. 220710-4

Case 1:24-cv-05615-CS Document 1 Filed 07/22/24 Page 27 of 319

Page 947.

23.    That defendants "John Doe" and "Jane Doe", are named party defendants, said names being fictitious, it being the intention of Plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the Mortgaged Premises being foreclosed herein.

24.    That each of the above named defendants have or claim to have some interest in, or lien upon, the Mortgaged Premises or some part thereof, which interest or lien, if any, accrued subsequent to the lien of the Plaintiff's Mortgage and is subject and subordinate thereto.

25.    That the Plaintiff is now the sole, true and lawful holder of the record of the said Note and is the mortgagee of record or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject Note and Mortgage.

26.    There has been one prior action to collect or enforce the aforementioned default under the Note or Mortgage under Index No. EF000106-2021. Said action was subsequently discontinued and no such proceedings are currently pending.

27.    The Plaintiff shall not be deemed to have waived, altered, released or changed its election herein by reason of any payment after the commencement of this action of any or all of the defaults mentioned herein and such election shall continue to be effective.

28.    That the Mortgage provides that, in the case of foreclosure, the Mortgaged Premises may be sold in one parcel and that if the Mortgaged Premises consist of more than one parcel, Plaintiff respectfully requests that the Judgment of Foreclosure and Sale provide for the parcels to be sold as one parcel.

29.    The sale of the Mortgaged Premises under foreclosure herein is subject to any state of

facts that an inspection of the Mortgaged Premises would disclose, any state of facts an accurate survey would show, and to covenants, restrictions and easements, if any, of record affecting said Mortgaged Premises and any violation thereof, any equity of redemption of the United States to redeem the Mortgaged Premises within 120 days from the date of sale, prior mortgages and liens of record, if any, any rights of tenants or persons in possession of the subject Mortgaged Premises, and to zoning regulations and ordinances of the city, town, or village in which said Mortgaged Premises lies and any violations thereof.

30.     In the event that the Plaintiff possess any other lien(s) against the Mortgaged Premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) not be merged in Plaintiff's cause(s) of action set forth herein, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

**WHEREFORE**, Plaintiff demands judgment:

(a) adjudging and decreeing the amounts due the Plaintiff for principal, interest, costs, advancements and reasonable attorney's fees, if fees were provided for in the said Mortgage;

(b) that the defendants and all persons claiming by, through and under them, or either or any of them, subsequent to the commencement of this action and every other person or corporation whose right, title conveyance or encumbrance is subsequent to or subsequently recorded, may be barred and forever foreclosed of all right, claim, lien or interest, or equity of redemption in and to said Mortgaged Premises;

(c) that the said Mortgaged Premises, or such part thereof as may be necessary to raise the amounts then due for principal, interest, costs, reasonable attorney's fees, allowances and disbursements, together with any monies advanced and paid, may be decreed to be sold according to

Firm File No. 220710-4

law;

(d) that out of the monies arising from the sale thereof, the Plaintiff may be paid the amounts then due on said Note and Mortgage as herein set forth, with interest upon said amounts from the dates of the respective payments and advances thereof, the costs and expenses of this action, additional allowance, if any, and reasonable attorney's fees, if and as provided for in the Mortgage, rider or other agreement, so far as the amount of such money is properly applicable thereto will pay the same;

(e) that any of the parties to this action may become a purchaser upon such sale;

(f) that should the Mortgaged Premises be sold by foreclosure sale and the proceeds of said sale be insufficient to pay the total debt due plaintiff, the Borrower named hereinabove, unless discharged in bankruptcy, may be adjudged to pay the amount of the deficiency;

(g) that the United States of America shall have the right of redemption, if applicable;

(h) that the Plaintiff may have such other or further relief, or both, in the Mortgaged Premises as may be just and equitable.

Dated: December 19, 2022
New York, New York

/s/ Juliana Thibaut
Juliana Thibaut, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100

Firm File No. 220710-4

# VERIFICATION

Juliana Thibaut, Esq., an attorney admitted to practice in the courts of New York State, hereby affirms under penalty of perjury that:

I am an associate of the firm of **FRIEDMAN VARTOLO LLP** the attorneys of record for the Plaintiff in the within action.

I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

The grounds of my beliefs as to all matters not stated on my own knowledge are books and records in my possession, conversations with officers or employees of Plaintiff or its agents, and the public record.

Dated: December 19, 2022
New York, New York

/s/ Juliana Thibaut
Juliana Thibaut, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100

Firm File No. 220710-4

FILED: ORANGE COUNTY CLERK 12/19/2022 04:53 PM
NYSCEF DOC. NO. 1
Case 1:24-cv-05615-CS   Document 1   Filed 07/22/24   Page 31 of 319

INDEX NO. EF007269-2022
RECEIVED NYSCEF: 12/19/2022

## SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

### Section 36 Block 15 and Lot 18

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Middletown, County of Orange, State of New York, known, designated and numbered No. 1 Grant Street, Middletown, New York, bounded and described as follows:

BEGINNING on the Northeast side of Grant Street at the Westerly corner of Lot conveyed in April, 1885 to Charles C. Poss;

RUNNING THENCE North 40 1/2 degrees 00 minutes 00 seconds East, 84.00 feet to the North corner of said Poss's Lot;

THENCE North 60 1/4 degrees 00 minutes 00 seconds West, 51.00 feet to a point in about the middle of the small brook;

THENCE South 40 1/2 degrees 00 minutes 00 seconds West, 74.00 feet to the said Northeast line of Grant Street;

THENCE South 49 1/2 degrees 00 minutes 00 seconds East, 50.00 feet to the place of BEGINNING, containing, more or less, as surveyed by Charles J. Everson, Surveyor, March 31, 1885.

**Premises known as 17 Grant Street, Middletown, New York 10940**

Firm File No. 220710-4

# EXHIBIT A

# ADJUSTABLE RATE NOTE

**(LIBOR Six-Month Index (As Published In *The Wall Street Journal*) - Rate Caps)**

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

| | | |
|---|---|---|
| **August 8th, 2005** | **BRONX** | **NEW YORK** |
| [Date] | [City] | [State] |

**17 GRANT STREET, MIDDLETOWN, New York 10940**
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ **122,500.00** (this amount is called "Principal"), plus interest, to the order of Lender. Lender is
**FIRST HORIZON HOME LOAN CORPORATION**

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **5.875** %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay Principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on **October 1st , 2005**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **September 1st, 2035**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO BOX 809**
**MEMPHIS, TN 38101**
or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ **599.74** . This amount may change.

### (C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid Principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

---

MULTISTATE ADJUSTABLE RATE NOTE - LIBOR SIX-MONTH INDEX (AS PUBLISHED IN *THE WALL STREET JOURNAL* ) -
Single Family - Fannie Mae UNIFORM INSTRUMENT

VMP®-838N (0210)    Form 3520 1/01

VMP MORTGAGE FORMS - (800)521-7291

Page 1 of 4    Initials: *AA*



FILED: ORANGE COUNTY CLERK 12/19/2022 04:53 PM          INDEX NO. EF007269-2022
NYSCEF DOC. NO.   Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 34 of 319   19/2022

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The interest rate I will pay may change on the first day of **September, 2010** , and on that day every **6th** month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal.* The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding **TWO AND ONE-QUARTER** percentage points ( **2.250** %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid Principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than **11.875** % or less than **2.250** %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than **TWO & 00/100** percentage point(s) ( **2.00** %) from the rate of interest I have been paying for the preceding **6** months. My interest rate will never be greater than **11.875** %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

*AA*

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **2.00** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)     _____ (Seal)
ALFONSO AMELIO                   -Borrower                                   -Borrower
*AS ATTORNEY IN FACT*
*For Alfonso Amelio*

_____ (Seal)     _____ (Seal)
                                 -Borrower                                   -Borrower

_____ (Seal)     _____ (Seal)
                                 -Borrower                                   -Borrower

_____ (Seal)     _____ (Seal)
                                 -Borrower                                   -Borrower

*[Sign Original Only]*

VMP-838N (0210)                  Page 4 of 4                  Form 3520 1/01

Pay to the order of

Without recourse
First Horizon Home Loan Corporation

by_____

B.J. Cooley, Vice President

# INTEREST ONLY ADDENDUM
# TO ADJUSTABLE RATE NOTE

**THIS ADDENDUM** is made this 8th day of August , 2005, and is incorporated into and intended to form a part of the Adjustable Rate Note (the "Note") dated the same date as this Addendum executed by the undersigned and payable to **FIRST HORIZON HOME LOAN CORPORATION**
(the "Lender").

**THIS ADDENDUM** supercedes Section 3(A), 3(B), 4(C) and 7(A) of the Note. None of the other provisions of the Note are changed by this Addendum.

## 3. PAYMENTS
### (A) Time and Place of Payments
I will pay interest by making payments every month for the first **120** payments (the "Interest Only Period") in the amount sufficient to pay interest as it accrues. I will pay principal and interest by making payments every month thereafter for the next **240** payments in an amount sufficient to fully amortize the outstanding principal balance of the Note at the end of the Interest Only Period over the remaining term of the Note in equal monthly payments.

I will make my monthly payments on the first day of each month beginning on October 1st, 2005 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before principal. If, on **September 1st, 2035** , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date".

I will make my payments at **PO BOX 809, MEMPHIS, TN 38101** , or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments
Each of my initial monthly payments will be in the amount of U.S. $ **599.74.** This payment amount is based on the original principal balance of the Note. This payment amount may change.

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES
### (C) Calculation of Changes
Before each Change Date, the Note Holder will calculate my new interest rate by adding **TWO AND ONE-QUARTER** percentage points (**2.250%**) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D), this rounded amount will be my new interest rate until the next Change Date.

During this Interest Only Period, the Note Holder will then determine the amount of the monthly payment that would be sufficient to repay accrued interest. This will be the amount of my monthly payment until the earlier of the next Change Date or the end of the Interest Only Period unless I make a voluntary prepayment of principal during such period. If I make a voluntary prepayment of principal during the Interest Only Period, my payment amount for subsequent payments will be reduced to the amount necessary to pay interest on the lower principal balance. At the end of the Interest Only Period and on each Change Date thereafter, the Note Holder will determine the amount of the monthly payment that would be sufficient to repay in full the unpaid principal that I am expected to owe at the end of the Interest Only Period or Change Date, as applicable, in equal monthly payments over the remaining term of the Note. The result of this calculation will be the new amount of my monthly payment. After the end of the Interest Only Period, my payment amount will not be reduced due to voluntary prepayments.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    15
calendar days after the date it is due, I will pay a late charge to the Note Holder.   The amount of the
charge will be    2.00    % of my overdue payment of interest, during the period when my payment is
interest only, and of principal and interest thereafter.   I will pay this late charge promptly but only once
on each late payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Addendum.


_Carmine Amelio As Attorney in Fact_
ALFONSO AMELIO        Date _8/8/05_
_For Alfonso Amelio_                                            Date

_____    _____
                         Date                              Date

_____    _____
                         Date                              Date

_____    _____
                         Date                              Date


Interest Only Addendum to Note        Page 2 of 2        FH6D51U 9/04

# EXHIBIT B

## ORANGE COUNTY CLERK'S OFFICE RECORDING PAGE
### THIS PAGE IS PART OF THE INSTRUMENT – DO NOT REMOVE

TYPE IN BLACK INK:
NAME(S) OF PARTY(S) TO DOCUMENT

ALFONSO AMELIO, CARMINE
AMELIO + PAUL AMELIO

TO

MERS
First Horizon Home Loan Corp

*THIS IS PAGE ONE OF THE RECORDING*

SECTION 36 BLOCK 15 LOT 18

RECORD AND RETURN TO:
(name and address)

FHHLC – POST CLOSING MAIL ROOM
1555 W. WALNUT HILL LN. #200 MC 6712
IRVING, TX 75038

ATTACH THIS SHEET TO THE FIRST PAGE OF EACH
RECORDED INSTRUMENT ONLY

### DO NOT WRITE BELOW THIS LINE

INSTRUMENT TYPE: DEED____ MORTGAGE ✓ SATISFACTION____ ASSIGNMENT____ OTHER____

### PROPERTY LOCATION

| | | | |
|---|---|---|---|
| ___2089 **BLOOMING GROVE (TN)** | ___4289 **MONTGOMERY (TN)** | NO PAGES 22 | CROSS REF.____ |
| ___2001 WASHINGTONVILLE (VLG) | ___4201 MAYBROOK (VLG) | CERT.COPY.____ | ADD'L X-REF.____ |
| ___2289 **CHESTER (TN)** | ___4203 MONTGOMERY (VLG) | MAP#____ | PGS.____ |
| ___2201 CHESTER (VLG) | ___4205 WALDEN (VLG) | | |
| ___2489 **CORNWALL (TN)** | ___4489 **MOUNT HOPE (TN)** | PAYMENT TYPE: CHECK ✓ | |
| ___2401 CORNWALL (VLG) | ___4401 OTISVILLE (VLG) | CASH____ | |
| ___2600 **CRAWFORD (TN)** | ___4600 **NEWBURGH (TN)** | CHARGE____ | |
| ___2800 **DEERPARK (TN)** | ___4800 **NEW WINDSOR (TN)** | NO FEE____ | |
| ___3089 **GOSHEN (TN)** | ___5089 **TUXEDO (TN)** | Taxable | |
| ___3001 GOSHEN (VLG) | ___5001 TUXEDO PARK (VLG) | CONSIDERATION $____ | |
| ___3003 FLORIDA (VLG) | ___5200 **WALLKILL (TN)** | TAX EXEMPT____ | |
| ___3005 CHESTER (VLG) | ___5489 **WARWICK (TN)** | Taxable | |
| ___3200 **GREENVILLE (TN)** | ___5401 FLORIDA (VLG) | MORTGAGE AMT. $ 122500 – | |
| ___3489 **HAMPTONBURGH (TN)** | ___5403 GREENWOOD LAKE (VLG) | | |
| ___3401 MAYBROOK (VLG) | ___5405 WARWICK (VLG) | | |
| ___3689 **HIGHLANDS (TN)** | ___5600 **WAWAYANDA (TN)** | **MORTGAGE TAX TYPE:** | |
| ___3601 HIGHLAND FALLS (VLG) | ___5889 **WOODBURY (TN)** | ✓ (A) COMMERCIAL/FULL 1% | |
| ___3889 **MINISINK (TN)** | ___5801 HARRIMAN (VLG) | ✓ (B) 1 OR 2 FAMILY | |
| ___3801 UNIONVILLE (VLG) | | ___ (C) UNDER $10,000 | |
| ___4089 **MONROE (TN)** | **CITIES** | ___ (E) EXEMPT | |
| ___4001 MONROE (VLG) | ✓ 0900 **MIDDLETOWN** | ___ (F) 3 TO 6 UNITS | |
| ___4003 HARRIMAN (VLG) | ___1100 **NEWBURGH** | ___ (I) NAT.PERSON/CR. UNION | |
| ___4005 KIRYAS JOEL (VLG) | ___1300 **PORT JERVIS** | ___ (J) NAT.PER-CR.UN/1 OR 2 | |
| | ___9999 **HOLD** | ___ (K) CONDO | |

DONNA L. BENSON
ORANGE COUNTY CLERK

RECEIVED FROM: South Shore Abst

RECORDED/FILED
10/04/2005   11:08:36
County Clerk
DONNA L. BENSON
ORANGE COUNTY, NY

FILE # 20050104704
MORT/BK 11958 PG 0955
SER# CW014713 MTAX 1,256.25
BASIC 612.50
MTA  337.50
SPECIAL 0.00
SPECIAL ASST  306.25
RECORDING FEES 91.00
Receipt#481146 dab



Return To:
FHHLC - POST CLOSING MAIL ROOM

1555 W. WALNUT HILL LN. #200 MC 6712
IRVING, TX 75038
Prepared By:
FIRST HORIZON HOME LOAN CORPORATION

725 ROUTE 9, 1ST FLOOR
FISHKILL, NY 12524
———————————— [Space Above This Line For Recording Data] ————————————

# MORTGAGE MIN

## WORDS USED OFTEN IN THIS DOCUMENT

(A) "Security Instrument." This document, which is dated        **August 8th, 2005**
together with all Riders to this document, will be called the "Security Instrument."
(B) "Borrower."
   ALFONSO AMELIO , An Unmarried Man &
   CARMINE AMELIO  &
   PAUL AMELIO

whose address is    **2610 MILES AVENUE, BRONX**
   **New York 10465**            sometimes will be called "Borrower" and sometimes simply "I" or "me."
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting
solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under
the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel.
(888) 679-MERS. **FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE
MORTGAGEE OF RECORD.**
(D) "Lender."
   **FIRST HORIZON HOME LOAN CORPORATION**
will be called "Lender." Lender is a corporation or association which exists under the laws of
**THE STATE OF KANSAS**            . Lender's address is
   **4000 Horizon Way, Irving, Texas 75063**

NEW YORK - Single Family - **Fannie Mac/Freddie Mac UNIFORM INSTRUMENT WITH MERS**

-6A(NY) (0005).02
Page 1 of 17        Initials: CA AA PA
   VMP Mortgage Solutions, Inc. (800)521-7291

(E) **"Note."** The note signed by Borrower and dated **August 8th, 2005** , will be called the "Note." The Note shows that I owe Lender

**ONE HUNDRED TWENTY TWO THOUSAND FIVE HUNDRED & 00/100**

Dollars (U.S. $ **122,500.00** )

plus interest and other amounts that may be payable. I have promised to pay this debt in Periodic Payments and to pay the debt in full by **SEPTEMBER 1, 2035** .

(F) **"Property."** The property that is described below in the section titled "Description of the Property," will be called the "Property."

(G) **"Loan."** The "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) **"Sums Secured."** The amounts described below in the section titled "Borrower's Transfer to Lender of Rights in the Property" sometimes will be called the "Sums Secured."

(I) **"Riders."** All Riders attached to this Security Instrument that are signed by Borrower will be called "Riders." The following Riders are to be signed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [x] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [x] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(J) **"Applicable Law."** All controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable, judicial opinions will be called "Applicable Law."

(K) **"Community Association Dues, Fees, and Assessments."** All dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization will be called "Community Association Dues, Fees, and Assessments."

(L) **"Electronic Funds Transfer."** "Electronic Funds Transfer" means any transfer of money, other than by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Some common examples of an Electronic Funds Transfer are point-of-sale transfers (where a card such as an asset or debit card is used at a merchant), automated teller machine (or ATM) transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) **"Escrow Items."** Those items that are described in Section 3 will be called "Escrow Items."

(N) **"Miscellaneous Proceeds."** "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than Insurance Proceeds, as defined in, and paid under the coverage described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) Condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of Condemnation or sale to avoid Condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property. A taking of the Property by any governmental authority by eminent domain is known as "Condemnation."

(O) **"Mortgage Insurance."** "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) **"Periodic Payment."** The regularly scheduled amount due for (i) principal and interest under the Note, and (ii) any amounts under Section 3 will be called "Periodic Payment."

(Q) **"RESPA."** "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

Initials: _CB_ _AM_ _EA_

-6A(NY) (0005).02    Page 2 of 17    Form 3033 1/01

Case 1:24-cv-05615-CS Document 1 Filed 07/22/24 Page 44 of 319

**BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY**

I mortgage, grant and convey the Property to MERS (solely as nominee for Lender and Lender's successors in interest) and its successors in interest subject to the terms of this Security Instrument. This means that, by signing this Security Instrument, I am giving Lender those rights that are stated in this Security Instrument and also those rights that Applicable Law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I fail to:

(A) Pay all the amounts that I owe Lender as stated in the Note including, but not limited to, all renewals, extensions and modifications of the Note;

(B) Pay, with interest, any amounts that Lender spends under this Security Instrument to protect the value of the Property and Lender's rights in the Property; and

(C) Keep all of my other promises and agreements under this Security Instrument and the Note.

I understand and agree that MERS holds only legal title to the rights granted by me in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right:

(A) to exercise any or all of those rights, including, but not limited to, the right to foreclose and sell the Property; and

(B) to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

**DESCRIPTION OF THE PROPERTY**

I give MERS (solely as nominee for Lender and Lender's successors in interest) rights in the Property described in (A) through (G) below:

(A) The Property which is located at

17 GRANT STREET                                                                    [Street]

MIDDLETOWN                          [City, Town or Village] , New York    10940     [Zip Code].

This Property is in  Orange                                     County. It has the following legal description:

All that tract or parcel of land as shown on Schedule "A" attached hereto which is incorporated herein and made a part hereof.

(B) All buildings and other improvements that are located on the Property described in subsection (A) of this section;

(C) All rights in other property that I have as owner of the Property described in subsection (A) of this section. These rights are known as "easements and appurtenances attached to the Property;"

(D) All rights that I have in the land which lies in the streets or roads in front of, or next to, the Property described in subsection (A) of this section;

Initials: 

-6A(NY) (0005) 02                         Page 3 of 17                                      Form 3033 1/01

FILED: ORANGE COUNTY CLERK 12/19/2022 04:53 PM

Case 1:24-cv-05615-CS   Document 1   Filed 07/22/24   Page 45 of 319

(E) All fixtures that are now or in the future will be on the Property described in subsections (A) and (B) of this section;

(F) All of the rights and property described in subsections (B) through (E) of this section that I acquire in the future; and

(G) All replacements of or additions to the Property described in subsections (B) through (F) of this section and all Insurance Proceeds for loss or damage to, and all Miscellaneous Proceeds of the Property described in subsections (A) through (F) of this section.

### BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property, except for those which are of public record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

### PLAIN LANGUAGE SECURITY INSTRUMENT

This Security Instrument contains promises and agreements that are used in real property security instruments all over the country. It also contains other promises and agreements that vary in different parts of the country. My promises and agreements are stated in "plain language."

### COVENANTS

I promise and I agree with Lender as follows:

**1. Borrower's Promise to Pay.** I will pay to Lender on time principal and interest due under the Note and any prepayment, late charges and other amounts due under the Note. I will also pay all amounts for Escrow Items under Section 3 of this Security Instrument.

Payments due under the Note and this Security Instrument shall be made in U.S. currency. If any of my payments by check or other payment instrument is returned to Lender unpaid, Lender may require my payment be made by: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location required in the Note, or at another location designated by Lender under Section 15 of this Security Instrument. Lender may return or accept any payment or partial payment if it is for an amount that is less than the amount that is then due. If Lender accepts a lesser payment, Lender may refuse to accept a lesser payment that I may make in the future and does not waive any of its rights. Lender is not obligated to apply such lesser payments when it accepts such payments. If interest on principal accrues as if all Periodic Payments had been paid when due, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until I make payments to bring the Loan current. If I do not do so within a reasonable period of time, Lender will either apply such funds or return them to me. In the event of foreclosure, any unapplied funds will be applied to the outstanding principal balance immediately prior to foreclosure. No offset or claim which I might have now or in the future against Lender will relieve me from making payments due under the Note and this Security Instrument or keeping all of my other promises and agreements secured by this Security Instrument.

**2. Application of Borrower's Payments and Insurance Proceeds.** Unless Applicable Law or this Section 2 requires otherwise, Lender will apply each of my payments that Lender accepts in the following order:

First, to pay interest due under the Note;

Next, to pay principal due under the Note; and

Next, to pay the amounts due Lender under Section 3 of this Security Instrument.

Such payments will be applied to each Periodic Payment in the order in which it became due.

Any remaining amounts will be applied as follows:

First, to pay any late charges;

Next, to pay any other amounts due under this Security Instrument; and

Next, to reduce the principal balance of the Note.

Initials: CA KM PA

-6A(NY) (0005) 02          Page 4 of 17          Form 3033 1/01

If Lender receives a payment from me for a late Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the late Periodic Payment and the late charge. If more than one Periodic Payment is due, Lender may apply any payment received from me: First, to the repayment of the Periodic Payments that are due if, and to the extent that, each payment can be paid in full; Next, to the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due.

Voluntary prepayments will be applied as follows: First, to any prepayment charges; and Next, as described in the Note.

Any application of payments, Insurance Proceeds, or Miscellaneous Proceeds to principal due under the Note will not extend or postpone the due date of the Periodic Payments or change the amount of those payments.

**3. Monthly Payments For Taxes And Insurance.**

**(a) Borrower's Obligations.**

I will pay to Lender all amounts necessary to pay for taxes, assessments, water charges, sewer rents and other similar charges, ground leasehold payments or rents (if any), hazard or property insurance covering the Property, flood insurance (if any), and any required Mortgage Insurance, or a Loss Reserve as described in Section 10 in the place of Mortgage Insurance. Each Periodic Payment will include an amount to be applied toward payment of the following items which are called "Escrow Items:"

(1) The taxes, assessments, water charges, sewer rents and other similar charges, on the Property which under Applicable Law may be superior to this Security Instrument as a Lien on the Property. Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a "Lien;"

(2) The leasehold payments or ground rents on the Property (if any);

(3) The premium for any and all insurance required by Lender under Section 5 of this Security Instrument;

(4) The premium for Mortgage Insurance (if any);

(5) The amount I may be required to pay Lender under Section 10 of this Security Instrument instead of the payment of the premium for Mortgage Insurance (if any); and

(6) If required by Lender, the amount for any Community Association Dues, Fees, and Assessments.

After signing the Note, or at any time during its term, Lender may include these amounts as Escrow Items. The monthly payment I will make for Escrow Items will be based on Lender's estimate of the annual amount required.

I will pay all of these amounts to Lender unless Lender tells me, in writing, that I do not have to do so, or unless Applicable Law requires otherwise. I will make these payments on the same day that my Periodic Payments of principal and interest are due under the Note.

The amounts that I pay to Lender for Escrow Items under this Section 3 will be called "Escrow Funds." I will pay Lender the Escrow Funds for Escrow Items unless Lender waives my obligation to pay the Escrow Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Escrow Funds for any or all Escrow Items at any time. Any such waiver must be in writing. In the event of such waiver, I will pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Escrow Funds has been waived by Lender and, if Lender requires, will promptly send to Lender receipts showing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts will be considered to be a promise and agreement contained in this Security Instrument, as the phrase "promises and agreements" is used in Section 9 of this Security Instrument. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may pay that amount and I will then be obligated under Section 9 of this Security Instrument to repay to Lender. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 of this Security Instrument and, upon the revocation, I will pay to Lender all Escrow Funds, and in amounts, that are then required under this Section 3.

Initials: _CA_ _AA_ _rA_

6A(NY) (0005).02    Page 5 of 17    Form 3033 1/01

I promise to promptly send to Lender any notices that I receive of Escrow Item amounts to be paid. Lender will estimate from time to time the amount of Escrow Funds I will have to pay by using existing assessments and bills and reasonable estimates of the amount I will have to pay for Escrow Items in the future, unless Applicable Law requires Lender to use another method for determining the amount I am to pay.

Lender may, at any time, collect and hold Escrow Funds in an amount sufficient to permit Lender to apply the Escrow Funds at the time specified under RESPA. Applicable Law puts limits on the total amount of Escrow Funds Lender can at any time collect and hold. This total amount cannot be more than the maximum amount a lender could require under RESPA. If there is another Applicable Law that imposes a lower limit on the total amount of Escrow Funds Lender can collect and hold, Lender will be limited to the lower amount.

**(b) Lender's Obligations.**

Lender will keep the Escrow Funds in a savings or banking institution which has its deposits insured by a federal agency, instrumentality, or entity, or in any Federal Home Loan Bank. If Lender is such a savings or banking institution, Lender may hold the Escrow Funds. Lender will use the Escrow Funds to pay the Escrow Items no later than the time allowed under RESPA or other Applicable Law. Lender will give to me, without charge, an annual accounting of the Escrow Funds. That accounting will show all additions to and deductions from the Escrow Funds and the reason for each deduction.

Lender may not charge me for holding or keeping the Escrow Funds, for using the Escrow Funds to pay Escrow Items, for making a yearly analysis of my payment of Escrow Funds or for receiving, or for verifying and totaling assessments and bills. However, Lender may charge me for these services if Lender pays me interest on the Escrow Funds and if Applicable Law permits Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Escrow Funds unless either (1) Lender and I agree in writing that Lender will pay interest on the Escrow Funds, or (2) Applicable Law requires Lender to pay interest on the Escrow Funds.

**(c) Adjustments to the Escrow Funds.**

Under Applicable Law, there is a limit on the amount of Escrow Funds Lender may hold. If the amount of Escrow Funds held by Lender exceeds this limit, then there will be an excess amount and RESPA requires Lender to account to me in a special manner for the excess amount of Escrow Funds.

If, at any time, Lender has not received enough Escrow Funds to make the payments of Escrow Items when the payments are due, Lender may tell me in writing that an additional amount is necessary. I will pay to Lender whatever additional amount is necessary to pay the Escrow Items when the payments are due, but the number of payments will not be more than 12.

When I have paid all of the Sums Secured, Lender will promptly refund to me any Escrow Funds that are then being held by Lender.

**4. Borrower's Obligation to Pay Charges, Assessments And Claims.** I will pay all taxes, assessments, water charges, sewer rents and other similar charges, and any other charges and fines that may be imposed on the Property and that may be superior to this Security Instrument. I will also make ground rents or payments due under my lease if I am a tenant on the Property and Community Association Dues, Fees, and Assessments (if any) due on the Property. If these items are Escrow Items, I will do this by making the payments as described in Section 3 of this Security Instrument. In this Security Instrument, the word "Person" means any individual, organization, governmental authority or other party.

I will promptly pay or satisfy all Liens against the Property that may be superior to this Security Instrument. However, this Security Instrument does not require me to satisfy a superior Lien if: (a) I agree, in writing, to pay the obligation which gave rise to the superior Lien and Lender approves the way in which I agree to pay that obligation, but only so long as I am performing such agreement; (b) in good faith, I argue or defend against the superior Lien in a lawsuit so that in Lender's opinion, during the lawsuit, the superior Lien may not be enforced, but only until the lawsuit ends; or (c) I secure from the holder of that other Lien an agreement, approved in writing by Lender, that the Lien of this Security Instrument is superior

to the Lien held by that Person. If Lender determines that any part of the Property is subject to a superior Lien, Lender may give Borrower a notice identifying the superior Lien. Within 10 days of the date on which the notice is given, Borrower shall pay or satisfy the superior Lien or take one or more of the actions mentioned in this Section 4.

Lender also may require me to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with the Loan, unless Applicable Law does not permit Lender to make such a charge.

**5. Borrower's Obligation to Maintain Hazard Insurance or Property Insurance.** I will obtain hazard or property insurance to cover all buildings and other improvements that now are, or in the future will be, located on the Property. The insurance will cover loss or damage caused by fire, hazards normally covered by "Extended Coverage" hazard insurance policies, and any other hazards for which Lender requires coverage, including, but not limited to earthquakes and floods. The insurance will be in the amounts (including, but not limited to, deductible levels) and for the periods of time required by Lender. What Lender requires under the last sentence can change during the term of the Loan. I may choose the insurance company, but my choice is subject to Lender's right to disapprove. Lender may not disapprove my choice unless the disapproval is reasonable. Lender may require me to pay either (a) a one-time charge for flood zone determination, certification and tracking services, or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect the flood zone determination or certification. If I disagree with the flood zone determination, I may request the Federal Emergency Management Agency to review the flood zone determination and I promise to pay any fees charged by the Federal Emergency Management Agency for its review.

If I fail to maintain any of the insurance coverages described above, Lender may obtain insurance coverage, at Lender's option and my expense. Therefore, such coverage will cover Lender, but might or might not protect me, my equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. I acknowledge that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that I could have obtained. Any amounts disbursed by Lender under this Section 5 will become my additional debt secured by this Security Instrument. These amounts will bear interest at the interest rate set forth in the Note from the date of disbursement and will be payable with such interest, upon notice from Lender to me requesting payment.

All of the insurance policies and renewals of those policies will include what is known as a "Standard Mortgage Clause" to protect Lender and will name Lender as mortgagee and/or as an additional loss payee. The form of all policies and renewals will be acceptable to Lender. Lender will have the right to hold the policies and renewal certificates. If Lender requires, I will promptly give Lender all receipts of paid premiums and renewal notices that I receive.

If I obtain any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy will include a Standard Mortgage Clause and will name Lender as mortgagee and/or as an additional loss payee.

If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

The amount paid by the insurance company for loss or damage to the Property is called "Insurance Proceeds." Unless Lender and I otherwise agree in writing, any Insurance Proceeds, whether or not the underlying insurance was required by Lender, will be used to repair or to restore the damaged Property unless: (a) it is not economically feasible to make the repairs or restoration; (b) the use of the Insurance Proceeds for that purpose would lessen the protection given to Lender by this Security Instrument; or (c) Lender and I have agreed in writing not to use the Insurance Proceeds for that purpose. During the period

-6A(NY) (0205) 02 Page 7 of 17 Initials: DA AA PA Form 3033 1/01

that any repairs or restorations are being made, Lender may hold any Insurance Proceeds until it has had an opportunity to inspect the Property to verify that the repair work has been completed to Lender's satisfaction. However, this inspection will be done promptly. Lender may make payments for the repairs and restorations in a single payment or in a series of progress payments as the work is completed. Unless Lender and I agree otherwise in writing or unless Applicable Law requires otherwise, Lender is not required to pay me any interest or earnings on the Insurance Proceeds. I will pay for any public adjusters or other third parties that I hire, and their fees will not be paid out of the Insurance Proceeds. If the repair or restoration is not economically feasible or if it would lessen Lender's protection under this Security Instrument, then the Insurance Proceeds will be used to reduce the amount that I owe to Lender under this Security Instrument. Such Insurance Proceeds will be applied in the order provided for in Section 2. If any of the Insurance Proceeds remain after the amount that I owe to Lender has been paid in full, the remaining Insurance Proceeds will be paid to me.

If I abandon the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim, Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 of this Security Instrument or otherwise, I give Lender my rights to any Insurance Proceeds in an amount not greater than the amounts unpaid under the Note and this Security Instrument. I also give Lender any other of my rights (other than the right to any refund of unearned premiums that I paid) under all insurance policies covering the Property, if the rights are applicable to the coverage of the Property. Lender may use the Insurance Proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Borrower's Obligations to Occupy The Property.** I will occupy the Property and use the Property as my principal residence within 60 days after I sign this Security Instrument. I will continue to occupy the Property and to use the Property as my principal residence for at least one year. The one-year period will begin when I first occupy the Property. However, I will not have to occupy the Property and use the Property as my principal residence within the time frames set forth above if Lender agrees in writing that I do not have to do so. Lender may not refuse to agree unless the refusal is reasonable. I also will not have to occupy the Property and use the Property as my principal residence within the time frames set forth above if extenuating circumstances exist which are beyond my control.

**7. Borrower's Obligations to Maintain And Protect The Property And to Fulfill Any Lease Obligations.**

(a) **Maintenance and Protection of the Property.**

I will not destroy, damage or harm the Property, and I will not allow the Property to deteriorate. Whether or not I am residing in the Property, I will keep the Property in good repair so that it will not deteriorate or decrease in value due to its condition. Unless it is determined under Section 5 of this Security Instrument that repair is not economically feasible, I will promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or Condemnation (as defined in the definition of Miscellaneous Proceeds) proceeds are paid because of loss or damage to, or Condemnation of, the Property, I will repair or restore the Property only if Lender has released those proceeds for such purposes. Lender may pay for the repairs and restoration out of proceeds in a single payment or in a series of progress payments as the work is completed. If the insurance or Condemnation proceeds are not sufficient to repair or restore the Property, I promise to pay for the completion of such repair or restoration.

(b) **Lender's Inspection of Property.**

Lender, and others authorized by Lender, may enter on and inspect the Property. They will do so in a reasonable manner and at reasonable times. If it has a reasonable purpose, Lender may inspect the inside of the home or other improvements on the Property. Before or at the time an inspection is made, Lender will give me notice stating a reasonable purpose for such interior inspection.

-6A(NY) (0005).02          Page 8 of 17          Initials: _CA AAP PA_          Form 3033 1/01

**8. Borrower's Loan Application.** If, during the application process for the Loan, I, or any Person or entity acting at my direction or with my knowledge or consent, made false, misleading, or inaccurate statements to Lender about information important to Lender in determining my eligibility for the Loan (or did not provide Lender with such information), Lender will treat my actions as a default under this Security Instrument. False, misleading, or inaccurate statements about information important to Lender would include a misrepresentation of my intention to occupy the Property as a principal residence. This is just one example of a false, misleading, or inaccurate statement of important information.

**9. Lender's Right to Protect Its Rights in The Property.** If: (a) I do not keep my promises and agreements made in this Security Instrument; (b) someone, including me, begins a legal proceeding that may significantly affect Lender's interest in the Property or rights under this Security Instrument (such as a legal proceeding in bankruptcy, in probate, for Condemnation or Forfeiture (as defined in Section 11), proceedings which could give a Person rights which could equal or exceed Lender's interest in the Property or under this Security Instrument, proceedings for enforcement of a Lien which may become superior to this Security Instrument, or to enforce laws or regulations); or (c) I have abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and Lender's rights under this Security Instrument.

Lender's actions may include, but are not limited to: (a) protecting and/or assessing the value of the Property; (b) securing and/or repairing the Property; (c) paying sums to eliminate any Lien against the Property that may be equal or superior to this Security Instrument; (d) appearing in court; and (e) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Lender can also enter the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, have utilities turned on or off, and take any other action to secure the Property. Although Lender may take action under this Section 9, Lender does not have to do so and is under no duty to do so. I agree that Lender will not be liable for not taking any or all actions under this Section 9.

I will pay to Lender any amounts, with interest, which Lender spends under this Section 9. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will pay interest on those amounts at the interest rate set forth in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. This Security Instrument will protect Lender in case I do not keep this promise to pay those amounts with interest.

If I do not own, but am a tenant on the Property, I will fulfill all my obligations under my lease. I also agree that, if I acquire the full title (sometimes called "Fee Title") to the Property, my lease interest and the Fee Title will not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, I will pay the premiums for the Mortgage Insurance. If, for any reason, the Mortgage Insurance coverage ceases to be available from the mortgage insurer that previously provided such insurance and Lender required me to make separate payments toward the premiums for Mortgage Insurance, I will pay the premiums for substantially equivalent Mortgage Insurance coverage from an alternate mortgage insurer. However, the cost of this Mortgage Insurance coverage will be substantially equivalent to the cost to me of the previous Mortgage Insurance coverage, and the alternate mortgage insurer will be selected by Lender.

If substantially equivalent Mortgage Insurance coverage is not available, Lender will establish a non-refundable "Loss Reserve" as a substitute for the Mortgage Insurance coverage. I will continue to pay to Lender each month an amount equal to one-twelfth of the yearly Mortgage Insurance premium (as of the time the coverage lapsed or ceased to be in effect). Lender will retain these payments, and will use these payments to pay for losses that the Mortgage Insurance would have covered. The Loss Reserve is non-refundable even if the Loan is ultimately paid in full and Lender is not required to pay me any interest on the Loss Reserve. Lender can no longer require Loss Reserve payments if: (a) Mortgage Insurance coverage again becomes

coverage again becomes available through an insurer selected by Lender; (b) such Mortgage Insurance is obtained; (c) Lender requires separately designated payments toward the premiums for Mortgage Insurance; and (d) the Mortgage Insurance coverage is in the amount and for the period that required by Lender.

If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separate payments toward the premiums for Mortgage Insurance, I will pay the Mortgage Insurance premiums, or the Loss Reserve payments, until the requirement for Mortgage Insurance ends according to any written agreement between Lender and me providing for such termination or until termination of Mortgage Insurance is required by Applicable Law. Lender may require me to pay the premiums, or the Loss Reserve payments, in the manner described in Section 3 of this Security Instrument. Nothing in this Section 10 will affect my obligation to pay interest at the rate provided in the Note.

A Mortgage Insurance policy pays Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance policy.

Mortgage insurers assess their total risk on all Mortgage Insurance from time to time. Mortgage insurers may enter into agreements with other parties to share or change their risk, or to reduce losses. These agreements are based on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include Mortgage Insurance premiums).

As a result of these agreements, Lender, any owner of the Note, another insurer, any reinsurer, or any other entity may receive (directly or indirectly) amounts that come from a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or changing the mortgage insurer's risk, or reducing losses. If these agreements provide that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." It also should be understood that: (a) any of these agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. These agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund; and (b) any of these agreements will not affect the rights Borrower has - if any - regarding the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right (a) to receive certain disclosures, (b) to request and obtain cancellation of the Mortgage Insurance, (c) to have the Mortgage Insurance terminated automatically, and/or (d) to receive a refund of any Mortgage Insurance premiums that were not earned at the time of such cancellation or termination.

**11. Agreements About Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are assigned to and will be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds will be applied to restoration or repair of the Property, if (a) the restoration or repair is economically feasible, and (b) Lender's security given in this Security Instrument is not lessened. During such repair and restoration period, Lender will have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect the Property to verify that the work has been completed to Lender's satisfaction. However, the inspection will be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless Lender and I agree otherwise in writing or unless Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender will not be required to pay Borrower any interest or earnings on the Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security given in this Security Instrument would be lessened, the Miscellaneous Proceeds will be applied to the Sums Secured, whether or not then due. The excess, if any, will be paid to me. Such Miscellaneous Proceeds will be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds will be applied to the Sums Secured, whether or not then due. The excess, if any, will be paid to me.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the Sums Secured immediately before the partial taking, destruction, or loss in value, the

-6A(NY) (0005).02          Page 10 of 17          Initials: [handwritten]          Form 3033 1/01

Sums Secured will be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the Sums Secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to me.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the Sums Secured immediately before the partial taking, destruction, or loss in value, the Miscellaneous Proceeds will be applied to the Sums Secured whether or not the sums are then due.

If I abandon the Property, or if, after Lender sends me notice that the Opposing Party (as defined in the next sentence) offered to make an award to settle a claim for damages, I fail to respond to Lender within 30 days after the date Lender gives notice, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the Sums Secured, whether or not then due. "Opposing Party" means the third party that owes me Miscellaneous Proceeds or the party against whom I have a right of action in regard to Miscellaneous Proceeds.

I will be in default under this Security Instrument if any civil or criminal action or proceeding that Lender determines could result in a court ruling (a) that would require Forfeiture of the Property, or (b) that could damage Lender's interest in the Property or rights under this Security Instrument. "Forfeiture" is a court action to require the Property, or any part of the Property, to be given up. I may correct the default by obtaining a court ruling that dismisses the court action, if Lender determines that this court ruling prevents Forfeiture of the Property and also prevents any damage to Lender's interest in the Property or rights under this Security Instrument. If I correct the default, I will have the right to have enforcement of this Security Instrument discontinued, as provided in Section 19 of this Security Instrument, even if Lender has required Immediate Payment in Full (as defined in Section 22). The proceeds of any award or claim for damages that are attributable to the damage or reduction of Lender's interest in the Property are assigned, and will be paid, to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property will be applied in the order provided for in Section 2.

**12. Continuation of Borrower's Obligations And of Lender's Rights.**

**(a) Borrower's Obligations.**

Lender may allow me, or a Person who takes over my rights and obligations, to delay or to change the amount of the Periodic Payments. Even if Lender does this, however, I will still be fully obligated under the Note and under this Security Instrument unless Lender agrees to release me, in writing, from my obligations.

Lender may allow those delays or changes for me or a Person who takes over my rights and obligations, even if Lender is requested not to do so. Even if Lender is requested to do so, Lender will not be required to (1) bring a lawsuit against me or such a Person for not fulfilling obligations under the Note or under this Security Instrument, or (2) refuse to extend time for payment or otherwise modify amortization of the Sums Secured.

**(b) Lender's Rights.**

Even if Lender does not exercise or enforce any right of Lender under this Security Instrument or under Applicable Law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if: (1) Lender obtains insurance, pays taxes, or pays other claims, charges or Liens against the Property; (2) Lender accepts payments from third Persons; or (3) Lender accepts payments in amounts less than the amount then due, Lender will have the right under Section 22 below to demand that I make Immediate Payment in Full of any amounts remaining due and payable to Lender under the Note and under this Security Instrument.

**13. Obligations of Borrower And of Persons Taking Over Borrower's Rights or Obligations.** If more than one Person signs this Security Instrument as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Security Instrument. Lender may enforce Lender's rights under this Security Instrument against each of us individually or against all of us together. This means that any one of us may be required to pay all of the Sums Secured. However, if one of us does not sign the Note: (a) that Person is signing this Security Instrument only to give that Person's rights in the Property to Lender under the terms of this Security Instrument; (b) that Person is not personally obligated to pay the Sums Secured; and (c) that Person agrees that Lender may agree with the other Borrowers to delay enforcing

any of Lender's rights, to modify, or make any accommodations with regard to the terms of this Security Instrument or the Note without that Person's consent.

Subject to the provisions of Section 18 of this Security Instrument, any Person who takes over my rights or obligations under this Security Instrument in writing, and is approved by Lender in writing, will have all of my rights and will be obligated to keep all of my promises and agreements made in this Security Instrument. Borrower will not be released from Borrower's obligations and liabilities under this Security Instrument unless Lender agrees to such release in writing. Any Person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights and will be obligated to keep all of Lender's promises and agreements made in this Security Instrument except as provided under Section 20.

**14. Loan Charges.** Lender may charge me fees for services performed in connection with my default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. With regard to other fees, the fact that this Security Instrument does not expressly indicate that Lender may charge a certain fee does not mean that Lender cannot charge that fee. Lender may not charge fees that are prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to Applicable Law which sets maximum loan charges, and that Applicable Law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed permitted limits: (a) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (even if a prepayment charge is provided for under the Note). If I accept such a refund that is paid directly to me, I will waive any right to bring a lawsuit against Lender because of the overcharge.

**15. Notices Required under this Security Instrument.** All notices given by me or Lender in connection with this Security Instrument will be in writing. Any notice to me in connection with this Security Instrument is considered given to me when mailed by first class mail or when actually delivered to my notice address if sent by other means. Notice to any one Borrower will be notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address is the address of the Property unless I give notice to Lender of a different address. I will promptly notify Lender of my change of address. If Lender specifies a procedure for reporting my change of address, then I will only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender will be given by delivering it or by mailing it by first class mail to Lender's address stated on the first page of this Security Instrument unless Lender has given me notice of another address. Any notice in connection with this Security Instrument is given to Lender when it is actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Law That Governs this Security Instrument; Word Usage.** This Security Instrument is governed by federal law and the law of New York State. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might allow the parties to agree by contract or it might be silent, but such silence does not mean that Lender and I cannot agree by contract. If any term of this Security Instrument or of the Note conflicts with Applicable Law, the conflict will not affect other provisions of this Security Instrument or the Note which can operate, or be given effect, without the conflicting provision. This means that the Security Instrument or the Note will remain as if the conflicting provision did not exist.

As used in this Security Instrument: (a) words of the masculine gender mean and include corresponding words of the feminine and neuter genders; (b) words in the singular mean and include the plural, and words in the plural mean and include the singular; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** I will be given one copy of the Note and of this Security Instrument.

**18. Agreements about Lender's Rights If the Property Is Sold or Transferred.** Lender may require Immediate Payment in Full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission.

-6A(NY) (0005).02    Page 12 of 17    Initials: [initials]    Form 3033 1/01

If Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require Immediate Payment in Full. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender requires Immediate Payment in Full under this Section 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is given to me in the manner required by Section 15 of this Security Instrument. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

**19. Borrower's Right to Have Lender's Enforcement of this Security Instrument Discontinued.** Even if Lender has required Immediate Payment in Full, I may have the right to have enforcement of this Security Instrument stopped. I will have this right at any time before the earliest of: (a) five days before sale of the Property under any power of sale granted by this Security Instrument; (b) another period as Applicable Law might specify for the termination of my right to have enforcement of the Loan stopped; or (c) a judgment has been entered enforcing this Security Instrument. In order to have this right, I will meet the following conditions:

(a) I pay to Lender the full amount that then would be due under this Security Instrument and the Note as if Immediate Payment in Full had never been required;

(b) I correct my failure to keep any of my other promises or agreements made in this Security Instrument;

(c) I pay all of Lender's reasonable expenses in enforcing this Security Instrument including, for example, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and

(d) I do whatever Lender reasonably requires to assure that Lender's interest in the Property and rights under this Security Instrument and my obligations under the Note and under this Security Instrument continue unchanged.

Lender may require that I pay the sums and expenses mentioned in (a) through (d) in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer.

If I fulfill all of the conditions in this Section 19, then this Security Instrument will remain in full effect as if Immediate Payment in Full had never been required. However, I will not have the right to have Lender's enforcement of this Security Instrument discontinued if Lender has required Immediate Payment in Full under Section 18 of this Security Instrument.

**20. Note Holder's Right to Sell the Note or an Interest in the Note; Borrower's Right to Notice of Change of Loan Servicer; Lender's and Borrower's Right to Notice of Grievance.** The Note, or an interest in the Note, together with this Security Instrument, may be sold one or more times. I might not receive any prior notice of these sales.

The entity that collects the Periodic Payments and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law is called the "Loan Servicer." There may be a change of the Loan Servicer as a result of the sale of the Note. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. Applicable Law requires that I be given written notice of any change of the Loan Servicer. The notice will state the name and address of the new Loan Servicer, and also tell me the address to which I should make my payments. The notice also will contain any other information required by RESPA or Applicable Law. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to me will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither I nor Lender may commence, join or be joined to any court action (as either an individual party or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other has not fulfilled any of its obligations under this Security Instrument, unless the other is notified (in the manner required under Section 15 of this Security Instrument) of the unfulfilled obligation and given a reasonable time period to take corrective action. If Applicable Law provides a time period which

will elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to me under Section 22 and the notice of the demand for payment in full given to me under Section 22 will be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20. All rights under this paragraph are subject to Applicable Law.

**21. Continuation of Borrower's Obligations to Maintain and Protect the Property.** The federal laws and the laws of New York State that relate to health, safety or environmental protection are called "Environmental Law." Environmental Law classifies certain substances as toxic or hazardous. There are other substances that are considered hazardous for purposes of this Section 21. These substances are gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. The substances defined as toxic or hazardous by Environmental Law and the substances considered hazardous for purposes of this Section 21 are called "Hazardous Substances." "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law. An "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

I will not do anything affecting the Property that violates Environmental Law, and I will not allow anyone else to do so I will not cause or permit Hazardous Substances to be present on the Property. I will not use or store Hazardous Substances on the Property. I also will not dispose of Hazardous Substances on the Property, or release any Hazardous Substance on the Property, and I will not allow anyone else to do so. I also will not do, nor allow anyone else to do, anything affecting the Property that: (a) is in violation of any Environmental Law; (b) creates an Environmental Condition; or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The promises in this paragraph do not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized as appropriate for normal residential use and maintenance of the Property (including, but not limited to, Hazardous Substances in consumer products). I may use or store these small quantities on the Property. In addition, unless Environmental Law requires removal or other action, the buildings, the improvements and the fixtures on the Property are permitted to contain asbestos and asbestos-containing materials if the asbestos and asbestos-containing materials are undisturbed and "non-friable" (that is, not easily crumbled by hand pressure).

I will promptly give Lender written notice of: (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which I have actual knowledge; (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If I learn, or any governmental or regulatory authority, or any private party, notifies me that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, I will promptly take all necessary remedial actions in accordance with Environmental Law.

Nothing in this Security Instrument creates an obligation on Lender for an Environmental Cleanup.

**NON-UNIFORM COVENANTS**

I also promise and agree with Lender as follows:

**22. Lender's Rights If Borrower Fails to Keep Promises and Agreements.** Except as provided in Section 18 of this Security Instrument, if all of the conditions stated in subsections (a), (b) and (c) of this Section 22 are met, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Security Instrument. Lender may do this without making any further demand for payment. This requirement is called "Immediate Payment in Full."

If Lender requires Immediate Payment in Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and have the Property sold. At this sale Lender or another

-6A(NY) (0005).01          Page 14 of 17          Initials: _CA_ _MA_ _BA_          Form 3033 1/01

Person may acquire the Property. This is known as "Foreclosure and Sale." In any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount I owe Lender, which fees shall become part of the Sums Secured.

Lender may require Immediate Payment in Full under this Section 22 only if all of the following conditions are met:

(a) I fail to keep any promise or agreement made in this Security Instrument or the Note, including, but not limited to, the promises to pay the Sums Secured when due, or if another default occurs under this Security Instrument;

(b) Lender sends to me, in the manner described in Section 15 of this Security Instrument, a notice that states:

(1) The promise or agreement that I failed to keep or the default that has occurred;

(2) The action that I must take to correct that default;

(3) A date by which I must correct the default. That date will be at least 30 days from the date on which the notice is given;

(4) That if I do not correct the default by the date stated in the notice, Lender may require Immediate Payment in Full, and Lender or another Person may acquire the Property by means of Foreclosure and Sale;

(5) That if I meet the conditions stated in Section 19 of this Security Instrument, I will have the right to have Lender's enforcement of this Security Instrument stopped and to have the Note and this Security Instrument remain fully effective as if Immediate Payment in Full had never been required; and

(6) That I have the right in any lawsuit for Foreclosure and Sale to argue that I did keep my promises and agreements under the Note and under this Security Instrument, and to present any other defenses that I may have; and

(c) I do not correct the default stated in the notice from Lender by the date stated in that notice.

**23. Lender's Obligation to Discharge this Security Instrument.** When Lender has been paid all amounts due under the Note and under this Security Instrument, Lender will discharge this Security Instrument by delivering a certificate stating that this Security Instrument has been satisfied. I will pay all costs of recording the discharge in the proper official records. I agree to pay a fee for the discharge of this Security Instrument, if Lender so requires. Lender may require that I pay such a fee, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted by Applicable Law.

**24. Agreements about New York Lien Law.** I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that I will: (a) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a trust fund; and (b) use those amounts to pay for "Cost of Improvement" (as defined in Section 13 of the New York Lien Law) before I use them for any other purpose. The fact that I am holding those amounts as a trust fund means that for any building or other improvement located on the Property I have a special responsibility under the law to use the amount in the manner described in this Section 24.

**25. Borrower's Statement Regarding the Property [check box as applicable].**

[X] This Security Instrument covers real property improved, or to be improved, by a one or two family dwelling only.

[ ] This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six residential dwelling units with each dwelling unit having its own separate cooking facilities.

[ ] This Security Instrument does not cover real property improved as described above.

Initials: _PA_ _AA_ _PA_

-6A(NY) (0005.02)    Page 15 of 17    Form 3033 1/01

BY SIGNING BELOW, I accept and agree to the promises and agreements contained in pages 1 through 17 of this Security Instrument and in any Rider signed by me and recorded with it.

Witnesses:

_____    _Carmine Amelio_ AS ATTORNEY IN FACT _____(Seal)
                             ALFONSO AMELIO                    -Borrower
                                      FOR ALFONSO AMELIO

_____    _Carmine Amelio_____(Seal)
                             CARMINE AMELIO                    -Borrower

_____(Seal)   _____(Seal)
PAUL AMELIO          -Borrower                                -Borrower

_____(Seal)   _____(Seal)
                    -Borrower                                -Borrower

_____(Seal)   _____(Seal)
                    -Borrower                                -Borrower

-6A(NY) (0005).02          Page 16 of 17    CA AA PA    Form 3033 1/01

STATE OF NEW YORK,    BRONX    County ss:

On the   8   day of   Aug 2005   before me, the undersigned, a notary public in and for said state, personally appeared

ALFONSO AMELIO CARMINE AMELIO
PAUL AMELIO

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Tax Map Information:
County: 36-15-18 City:

ELIZABETH M. RELYEA
Notary Public, State of New York
No. 01RE5026202
Qualified in Suffolk County
Commission Expires April 11, 2006

6A(NY) (0005).02    Page 17 of 17    Initials: CA PA PA    Form 3033 1/01

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 59 of 319

# 1-4 FAMILY RIDER
### (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this **8th** day of **August, 2005** and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to
**FIRST HORIZON HOME LOAN CORPORATION**

(the
"Lender") of the same date and covering the Property described in the Security Instrument and located at:
**17 GRANT STREET, MIDDLETOWN, New York 10940**
[Property Address]

1-4 FAMILY COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in the Security Instrument, the following items now or hereafter attached to the Property to the extent they are fixtures are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

4 FAMILY RIDER - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3170 1/01

-57R (0411)
Page 1 of 3        Initials: _____
VMP Mortgage Solutions, Inc.
(800)521-7291



E. "BORROWER'S RIGHT TO REINSTATE" DELETED. Section 19 is deleted.

F. BORROWER'S OCCUPANCY. Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

G. ASSIGNMENT OF LEASES. Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION. Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

Initials: _OA AM M_

___-57R (0411)  Page 2 of 3  Form 3170 1/01

**1. CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this 1-4 Family Rider.

Carmine Amelio AS ATTORNEY ___ (Seal)
ALFONSO AMELIO        -Borrower
IN FACT FOR AlFONSO AMELIO

_____ (Seal)
                   -Borrower

Carmine Amelio ___ (Seal)
                   -Borrower

_____ (Seal)
                   -Borrower

_____ (Seal)
                   -Borrower

_____ (Seal)
                   -Borrower

_____ (Seal)
                   -Borrower

_____ (Seal)
                   -Borrower

-57R (0411)          Page 3 of 3          Form 3170 1/01



Page    1

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Middletown, County of Orange, State of New York, known, designated and numbered No. 1 / Grant Street, Middletown, New York, bounded and described as follows:

BEGINNING on the northeast side of Grant Street at the westerly corner of lot conveyed in April, 1885 to Charles C. Poss;

RUNNING THENCE North 40 1/2 degrees 00 minutes 00 seconds East, 84.00 feet to the north corner of said Poss's lot;

RUNNING THENCE North 60-1/4 degrees 00 minutes 00 seconds West, 51.00 feet to a point in about the middle of the small brook;

RUNNING THENCE South 40-1/2 degrees 00 minutes 00 seconds West, 74.00 feet to the said northeast line of Grant Street;

RUNNING THENCE South 49-1/2 degrees 00 minutes 00 seconds East, 50.00 feet to the place of beginning, containing more or less as surveyed by Charles J. Everson, Surveyor, March 31, 1885.

*Insure*

# EXHIBIT C

## ORANGE COUNTY CLERK'S OFFICE RECORDING PAGE
### THIS PAGE IS PART OF THE INSTRUMENT – DO NOT REMOVE

TYPE IN BLACK INK:
NAME(S) OF PARTY(S) TO DOCUMENT

First Horizon home loan corporation

TO

The Bank of New York Mellon F.K/A The
Bank of New York As Trustee for First
Horizon Mortgae

SECTION  35  BLOCK  15  LOT 18;17

RECORD AND RETURN TO:
(name and address)

McCabe,Weisberg & Conway ,P.C
145 Huguenot Street
Suite 499
New Rochelle,New York 10801
Attn: Jason Brooks

*THIS IS PAGE ONE OF THE RECORDING*

ATTACH THIS SHEET TO THE FIRST PAGE OF EACH
RECORDED INSTRUMENT ONLY

## DO NOT WRITE BELOW THIS LINE

INSTRUMENT TYPE: DEED____ MORTGAGE____ SATISFACTION____ ASSIGNMENT____ OTHER____

### PROPERTY LOCATION

| | | NO PAGES __3__ | CROSS REF. __1__ |
|---|---|---|---|
| ___2089 BLOOMING GROVE (TN) | ___4289 MONTGOMERY (TN) | CERT.COPY____ | ADD'L X-REF.____ |
| ___2001   WASHINGTONVILLE (VLG) | ___4201   MAYBROOK (VLG) | MAP#____ | PGS.____ |
| ___2289 CHESTER (TN) | ___4203   MONTGOMERY (VLG) | | |
| ___2201   CHESTER (VLG) | ___4205   WALDEN (VLG) | PAYMENT TYPE:  CHECK____ | |
| ___2489 CORNWALL (TN) | ___4489 MOUNT HOPE (TN) | CASH____ | |
| ___2401   CORNWALL (VLG) | ___4401   OTISVILLE (VLG) | CHARGE____ | |
| ___2600 CRAWFORD (TN) | ___4600 NEWBURGH (TN) | NO FEE____ | |
| ___2800 DEERPARK (TN) | ___4800 NEW WINDSOR (TN) | | |
| ___3089 GOSHEN (TN) | ___5089 TUXEDO (TN) | Taxable | |
| ___3001   GOSHEN (VLG) | ___5001   TUXEDO PARK (VLG) | CONSIDERATION $____ | |
| ___3003   FLORIDA (VLG) | ___5200 WALLKILL (TN) | TAX EXEMPT____ | |
| ___3005   CHESTER (VLG) | ___5489 WARWICK (TN) | Taxable | |
| ___3200 GREENVILLE (TN) | ___5401   FLORIDA (VLG) | MORTGAGE AMT. $____ | |
| ___3489 HAMPTONBURGH (TN) | ___5403   GREENWOOD LAKE (VLG) | | |
| ___3401   MAYBROOK (VLG) | ___5405   WARWICK (VLG) | | |
| ___3689 HIGHLANDS (TN) | ___5600 WAWAYANDA (TN) | MORTGAGE TAX TYPE: | |
| ___3601   HIGHLAND FALLS (VLG) | ___5889 WOODBURY (TN) | ___ (A) COMMERCIAL/FULL 1% | |
| ___3889 MINISINK (TN) | ___5801   HARRIMAN (VLG) | ___ (B) 1 OR 2 FAMILY | |
| ___3801   UNIONVILLE (VLG) | | ___ (C) UNDER $10,000 | |
| ___4089 MONROE (TN) | **CITIES** | ___ (E) EXEMPT | |
| ___4001   MONROE (VLG) | ___0900   MIDDLETOWN | ___ (F) 3 TO 6 UNITS | |
| ___4003   HARRIMAN (VLG) | ___1100   NEWBURGH | ___ (I) NAT.PERSON/CR. UNION | |
| ___4005   KIRYAS JOEL (VLG) | ___1300   PORT JERVIS | ___ (J) NAT.PER-CR.UN/1 OR 2 | |
| | | ___ (K) CONDO | |
| | ___9999   HOLD | | |

DONNA L. BENSON
ORANGE COUNTY CLERK

RECEIVED FROM: _Reo America_

RECORDED/FILED
12/03/2012/  07:00:00
DONNA L. BENSON
County Clerk
ORANGE COUNTY, NY
FILE#20120110971
A/MTG / BK 13457PG 0075
RECORDING FEES 55.50
Receipt#1532143 dab



Book13457/Page75

## ASSIGNMENT OF MORTGAGE

KNOW THAT:

Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loan Corporation with its principal place of business located at: 1818 Library Street, Reston, Virginia, 20190, Assignor
In Consideration of ONE AND 00/100 dollar ($1.00), and other good and valuable consideration paid by

The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2005-AA9, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement, Assignee at 101 Barclay Street, FL 4 W New York, New York 10286

hereby assigns unto the assignee,

Mortgage dated August 8, 2005 made by Alfonso Amelio, Carmine Amelio and Paul Amelio to Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loan Corporation in the original principal sum of One Hundred Twenty-Two Thousand Five Hundred Dollars and No Cents ($122,500.00) and recorded in the Office of the Clerk of the County of Orange in Liber 11958 Page number 0955 on October 4, 2005 covering premises known as: Section: 35, Block: 15, Lot: 18; 17 Grant Street, Middletown, New York 10940.

THE WORD "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees" whenever the sense of this instrument so requires.

THIS ASSIGNMENT IS NOT SUBJECT TO THE REQUIREMENTS OF SECTION 275 OF THE REAL PROPERTY LAW BECAUSE IT IS AN ASSIGNMENT WITHIN THE SECONDARY MORTGAGE MARKET

In witness whereof the assignor has duly executed this assignment *13* Day of *JUNE* , 20*12*

Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loan Corporation

By: _____  6/13/12
Name: Kevin Friday
Title: Assistant Secretary

State of *Texas* , County of *Denton* ss:
On the *13th* day of *June* , in the year 20*12*, before me, the undersigned, personally appeared personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies), and that by his/her/their signature(s) in the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary

ROBERT WARNER SHARP
Notary Public, State of Texas
My Commission Expires
December 16, 2014

Alfonso Amelio, Carmine Amelio and Paul Amelio
17 Grant Street, Middletown, New York 10940

ASSIGNMENT OF MORTGAGE WITH COVENANT       RECORD AND RETURN TO:
Title Number: _____
Section: 35                                McCabe, Weisberg & Conway, P.C.
Block: 15                                  145 Huguenot Street
Lot: 18                                    Suite 499
County/Town: Orange                        New Rochelle, New York 10801
Dist      Sec.     Block     Lot          Attn: Jason Brooks

Case 1:24-cv-05615-CS Document 1 Filed 07/22/24 Page 67 of 319



## ORANGE COUNTY – STATE OF NEW YORK
### ANN G. RABBITT, COUNTY CLERK
### 255 MAIN STREET
### GOSHEN, NEW YORK 10924

---

## COUNTY CLERK'S RECORDING PAGE
### ***THIS PAGE IS PART OF THE DOCUMENT – DO NOT DETACH***



**Recording:**

| | |
|---|---|
| Recording Fee | 45.00 |
| Cross References | 0.50 |
| Cultural Ed | 14.25 |
| Records Management – Coun | 1.00 |
| Records Management – Stat | 4.75 |

BOOK/PAGE: 13936 / 743
INSTRUMENT #: 20150054730

Total: 65.50
**** NOTICE: THIS IS NOT A BILL ****

Receipt#: 1997345
Clerk: MRL
Rec Date: 08/24/2015 02:54:32 PM
Doc Grp: RP
Descrip: AST
Num Pgs: 5
Rec'd Frm: STRATEGIC REALTY FUND, LLC

Party1: BANK OF NY MELLON BY ATTY
Party2: STRATEGIC REALTY FUND LLC
Town: MISCELLANEOUS
36-15-18

Payment Type:     Check ___
                  Cash  ___
                  Charge ___
                  No Fee ___

Comment: _____

Ann G. Rabbitt
Orange County Clerk

Record and Return To:

ELECTRONICALLY RECORDED BY SIMPLIFILE

Record & Return To:
Solutionstar Settlements
750 Highway 121 Bypass
Lewisville, Texas 75067
412-893-2358

Loan #: 2769938 / 312491
Deal Name: Solutionstar Settlements
NY: O

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the receipt and sufficiency of which is hereby acknowledged, the undersigned, **THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES, FIRST HORIZON MORTGAGE PASS-THROUGH CERTIFICATES SERIES FHAMS 2005-AA9, BY FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL ASSOCIATION, MASTER SERVICER, IN ITS CAPACITY AS AGENT FOR THE TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT BY NATIONSTAR MORTGAGE LLC AS ATTORNEY IN FACT**, 8950 CYPRESS WATERS BLVD, COPPELL, TX, 75019, herein ("Assignor"), does hereby grant, sell, assign, transfer and convey, without recourse unto **STRATEGIC REALTY FUND, LLC,** 4300 STEVENS CREEK BLVD STE 275, SAN JOSE, CA 95129 herein ("Assignee") that certain MORTGAGE referenced below:

Borrower: ALFONSO AMELIO, AN UNMARRIED MAN AND CARMINE AMELIO AND PAUL AMELIO
Original Lender: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC ("MERS"), SOLELY AS NOMINEE FOR FIRST HORIZON HOME LOAN CORPORATION, ITS SUCCESSORS AND ASSIGNS**
Dated: **08/08/2005** Recorded: **10/04/2005** Book: **11958** Page: **0955** Instrument: **20050104704** in Orange, NY. Loan Amount: **$122,500.00**
Property:        17 GRANT STREET, MIDDLETOWN, NY 10940
Township: MIDDLETOWN
Section: **36**              Block: **15**              Lot: **18**
**Legal description is attached hereto and made a part hereof as EXHIBIT A
Schedule of Mortgage is attached hereto and made a part thereof as EXHIBIT B**

Together with the note(s) and obligations therein described or referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said document referenced above.

TO HAVE AND TO HOLD the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the document above-described.

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed and delivered, effective
_8/14/2015_

**This assignment is not subject to the requirements of Section 275 or Section 255 of the Real Property Law because it is an assignment within the secondary mortgage market.**

THE BANK OF NEW YORK MELLON F/K/A THE
BANK OF NEW YORK, AS TRUSTEE FOR THE
HOLDERS OF THE CERTIFICATES, FIRST HORIZON
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES FHAMS 2005-AA9, BY FIRST HORIZON
HOME LOANS, A DIVISION OF FIRST TENNESSEE
BANK NATIONAL ASSOCIATION, MASTER
SERVICER, IN ITS CAPACITY AS AGENT FOR THE
TRUSTEE UNDER THE POOLING AND SERVICING
AGREEMENT BY NATIONSTAR MORTGAGE LLC
AS ATTORNEY IN FACT

By: _____
Name: _____ Jim Folten _____
Title: _____ SVP _____
Power of Attorney to Be Recorded Simultaneously
Herewith

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 69 of 319

**ACKNOWLEDGMENT**

State of Texas

County of _Denton_

On _8/14/16_, before me, _Richard Joshua Hipo_, Notary Public, in and for said State, personally appeared _Tim Fields_, _SVP_ of THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES, FIRST HORIZON MORTGAGE PASS-THROUGH CERTIFICATES SERIES FHAMS 2005-AA9, BY FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL ASSOCIATION, MASTER SERVICER, IN ITS CAPACITY AS AGENT FOR THE TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT BY NATIONSTAR MORTGAGE LLC AS ATTORNEY IN FACT, [ ✔ ] personally known to me or [ ~~—~~ ] ~~proved to me on the basis of satisfactory evidence through the presentation of~~ _N/A_ [description of evidence] to be the person whose name is subscribed to the within instrument who acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person or entity on behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public _Richard Joshua Hipo_

My Commission Expires: _3/4/18_

RICHARD JOSHUA HIPO
Notary Public, State of Texas
My Commission Expires
March 04, 2018

## EXHIBIT A

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Middletown, County of Orange, State of New York, known, designated and numbered No. 1 / Grant Street, Middletown, New York, bounded and described as follows:

BEGINNING on the northeast side of Grant Street at the westerly corner of lot conveyed in April, 1885 to Charles C. Poss;

RUNNING THENCE North 40-1/2 degrees 00 minutes 00 seconds East, 84.00 feet to the north corner of said Poss's lot;

RUNNING THENCE North 80-1/4 degrees 00 minutes 00 seconds West, 51.00 feet to a point in about the middle of the small brook;

RUNNING THENCE South 40-1/2 degrees 00 minutes 00 seconds West, 74.00 feet to the said northeast line of Grant Street;

RUNNING THENCE South 49-1/2 degrees 00 minutes 00 seconds East, 50.00 feet to the place of beginning, containing more or less as surveyed by Charles J. Everson, Surveyor, March 31, 1885.

## SCHEDULE B

### Schedule of Mortgages

**This Mortgage has not been assigned unless otherwise stated below:**

**Assigned From:**  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
AS NOMINEE FOR FIRST HORIZON HOME LOAN CORPORATION

**Assigned To:**  THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS
TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES, FIRST HORIZON
MORTGAGE PASS-THROUGH CERTIFICATES SERIES FHAMS 2005-AA9, BY FIRST
HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL
ASSOCIATION, MASTER SERVICER, IN ITS CAPACITY AS AGENT FOR THE
TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT

**Recording Date:**  12/03/2012 BOOK 13457 PAGE 0075 FILE # 20120110971



**ORANGE COUNTY – STATE OF NEW YORK**
ANN G. RABBITT, COUNTY CLERK
255 MAIN STREET
GOSHEN, NEW YORK 10924

---

**COUNTY CLERK'S RECORDING PAGE**
***THIS PAGE IS PART OF THE DOCUMENT – DO NOT DETACH***



**Recording:**

| | |
|---|---|
| Recording Fee | 45.00 |
| Cross References | 0.50 |
| Cultural Ed | 14.25 |
| Records Management – Coun | 1.00 |
| Records Management – Stat | 4.75 |

BOOK/PAGE: 14772 / 289
INSTRUMENT #: 20200036390

Total: 65.50
**** NOTICE: THIS IS NOT A BILL ****

Receipt#: 2789778
Clerk: JM
Rec Date: 07/15/2020 12:28:22 PM
Doc Grp: RP
Descrip: AST
Num Pgs: 5
Rec'd Frm: STRATEGIC REALTY FUND, LLC

Party1: STRATEGIC REALTY FUND LLC
Party2: REAL ESTATE GROWTH FUND LLC
Town: MISCELLANEOUS
36-15-18

Payment Type:     Check ___
                  Cash ___
                  Charge ___
                  No Fee ___

Comment: _____

Ann G. Rabbitt
Orange County Clerk

Record and Return To:

ELECTRONICALLY RECORDED BY SIMPLIFILE

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 2 of 3 Page 73 of 319

Recording Requested By:
Strategic Realty Fund, LLC

When Recorded Return To:

Real Estate Growth Fund, LLC
4300 Stevens Creek Blvd., Suite 275
San Jose, CA 95129

## CORPORATE ASSIGNMENT OF MORTGAGE

**Middletown, New York**
**SELLER'S SERVICING #:** ▉▉▉▉▉ "AMELIO"

Date of Assignment: *2/12/2020*
Assignor: Strategic Realty Fund, LLC, 4300 Stevens Creek Blvd., Suite 275 San Jose, CA 95129
Assignee: Real Estate Growth Fund, LLC, 4300 Stevens Creek Blvd., Suite 275 San Jose, CA 95129
Executed By: Alfonso Amelio, an Unmarried Man & Carmine Amelio & Paul Amelio To: Mortgage Electronic
Registration System, Inc., as Nominee for First Horizon Home Loan Corporation
Date of Mortgage: 08/08/2005 Recorded: 10/04/2005 as Instrument: 20050104704 Book: 11958 Page: 0955 In the
County Orange, State of New York.

-Assigned Wholly by Mortgage Electronic Registration System, Inc., as Nominee for First Horizon Home Loan
Corporation TO The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the holders of the
Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2005-AA9, by First Horizon Home
Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the
Trustee under the Pooling and Servicing Agreement Recorded: 12/03/2012 Instrument: 20120110971 Book: **13457**
Page: **75**

-Assigned Wholly by The Bank of New York Mellon F/K/A The Bank of New York, as Trustee for the holders of the
Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2005-AA9, by First Horizon Home
Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the
Trustee under the Pooling and Servicing Agreement by Nationstar Mortgage LLC as Attorney in Fact TO Strategic
Realty Fund, LLC Recorded: 08/24/2015 Instrument: 20150054730 Book: **13936** Page: **743**

Parcel ID# 36-15-18
Property Address: 17 GRANT STREET, MIDDLETOWN, NY, 10940 Describing the land therein: As more fully
described in the Mortgage as

### SEE ATTACHED EXHIBIT A

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is
an assignment within the secondary mortgage market.

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency
of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Mortgage having an original principal sum of $122,500.00 with interest, secured thereby, and the full benefit of all
the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and
conveys unto the said Assignee, the Assignor's interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to
the terms contained in said Mortgage. IN WITNESS WHEREOF, the assignor has executed these presents the day
and year first above written:

STRATEGIC REALTY FUND, LLC, BY STONECREST
REALTY MANAGEMENT, a California Limited Liability
Company On _____ 6/26/2020

By: _____
     Jon Freeman, Manager

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGEMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of <u>California</u> }

County of <u>Santa Clara</u> }

On <u>6/26/2020</u> before me, <u>Paola M. Padilla, Notary Public</u>.
(Here insert name and title of the officer)

personally appeared <u>Jon O. Freeman</u>, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public Signature

PAOLA M. PADILLA
Notary Public – California
Santa Clara County
Commission # 2181564
My Comm. Expires Jan 27, 2021

(Notary Public Seal)

EXHIBIT A

ALL that certain plot, piece or parcel of land, with the buildings and
improvements thereon erected, situate, lying and being in the City of
Middletown, County of Orange, State of New York, known, designated and
numbered No. 17 Grant Street, Middletown, New York, bounded and described
as follows:

BEGINNING on the northeast side of Grant Street at the westerly corner of lot
conveyed in April, 1885 to Charles C. Poss;

RUNNING THENCE North 40 1/2 degrees 00 minutes 00 seconds East, 84.00
feet to the north corner of said Poss's lot;

RUNNING THENCE North 60-1/4 degrees 00 minutes 00 seconds West, 51.00
feet to a point in about the middle of the small brook;

RUNNING THENCE South 40-1/2 degrees 00 minutes 00 seconds West, 74.00
feet to the said northeast line of Grant Street;

RUNNING THENCE South 49-1/2 degrees 00 minutes 00 seconds East, 50.00
feet to the place of beginning, containing more or less as surveyed by Charles J.
Everson, Surveyor, March 31, 1885.



## ORANGE COUNTY – STATE OF NEW YORK
### KELLY A. ESKEW, COUNTY CLERK
**255 MAIN STREET**
**GOSHEN, NEW YORK 10924**

### COUNTY CLERK'S RECORDING PAGE
### ***THIS PAGE IS PART OF THE DOCUMENT – DO NOT DETACH***



```
Recording:

Recording Fee                    40.00
Cross References                  0.50
Cultural Ed                      14.25
Records Management - Coun         1.00
Records Management - Stat         4.75
                               _____
Total:                           60.50
**** NOTICE: THIS IS NOT A BILL ****
```

```
BOOK/PAGE:  15215 / 1707
INSTRUMENT #:  20220031628

Receipt#: 3026435
Clerk:    SS
Rec Date: 04/27/2022 09:51:19 AM
Doc Grp:  RP
Descrip:  AST
Num Pgs:  4
Rec'd Frm: Meridian Asset Services - API

Party1:   REAL ESTATE GROWTH FUND LLC
Party2:   US BANK TRUST NATIONAL ASSN  TR
Town:     MISCELLANEOUS
          36-15-18
```

Payment Type:     Check ___
                  Cash ___
                  Charge ___
                  No Fee ___

Comment: _____

Kelly A. Eskew
Orange County Clerk

Record and Return To:

ELECTRONICALLY RECORDED BY SIMPLIFILE

Prepared By and Return To:
Maged Farag
Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(239) 351-2442

_____ Space above for Recorder's use _____

Section: 36 Lot: 18 Block: 15
Loan No:

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **REAL ESTATE GROWTH FUND, LLC**, whose address is **4300 STEVENS CREEK BOULEVARD, SUITE 275, SAN JOSE, CALIFORNIA 95129**, (ASSIGNOR), does hereby grant, assign and transfer to **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES V TRUST**, whose address is **7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: 8/8/2005
Original Loan Amount: $122,500.00
Executed by (Borrower(s)): ALFONSO AMELIO & CARMINE AMELIO & PAUL AMELIO
Original Lender: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR FIRST HORIZON HOME LOAN CORPORATION, ITS SUCCESSORS AND ASSIGNS
Filed of Record: In Book/Liber/Volume 11958, Page 955
Document/Instrument No: 20050104704 in the Recording District of Orange, NY, Recorded on 10/4/2005.
**MUNICIPALITY: CITY OF MIDDLETOWN**

Chain Exhibit: SEE EXHIBIT "A" ATTACHED
Property more commonly described as: 17 GRANT STREET, MIDDLETOWN, NEW YORK 10940

*This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.*

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: _____ 3/29/2022

REAL ESTATE GROWTH FUND, LLC

By: _____ *JON FREEMAN*

Title: _____ *MANAGER*

Witness Name: _____ *S. L. FABER*

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of _____ *California*
County of _____ *Santa Clara*

On _____ 3/29/2022 _____, before me, *Paola M. Padilla*, a Notary Public, personally appeared _____ *Jon Freeman*, *Manager* _____ of/for REAL ESTATE GROWTH FUND, LLC, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of _____ *CA* _____ that the foregoing paragraph is true and correct. I further certify _____ *Jon Freeman* _____, signed, sealed, attested and delivered this document as a voluntary act in my presence in the County of *Santa Clara* State of _____ *CA*.

Witness my hand and official seal.

_____

(Notary Name): _____ *Paola M. Padilla*
My commission expires: _____ *2-3-2025*

PAOLA M. PADILLA
Notary Public - California
Santa Clara County
Commission # 2344920
My Comm. Expires Feb 3, 2025

## EXHIBIT "A"

### Assignment Chain

| | |
|---|---|
| Lender: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIRST HORIZON HOME LOAN CORPORATION, ITS SUCCESSORS AND ASSIGNS |
| Borrower: | ALFONSO AMELIO & CARMINE AMELIO & PAUL AMELIO |
| Origination Balance: | $122,500.00 |
| Origination Date: | 8/8/2005 |
| Mortgage Recording Details: | Recorded: 10/04/2005; Book: 11958; Page: 955; Instrument: 20050104704 |
| | |
| Assigned From: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIRST HORIZON HOME LOAN CORPORATION, ITS SUCCESSORS AND ASSIGNS |
| To: | THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES, FIRST HORIZON MORTGAGE PASS-THROUGH CERTIFICATES SERIES FHAMS 2005-AA9, BY FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL ASSOCIATION, MASTER SERVICER, IN ITS CAPACITY AS AGENT FOR THE TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT |
| AOM Dated: | 06/13/2012 |
| AOM Recording Details: | Recorded 12/03/2012; Book: 13457; Page: 75; Instrument: 20120110971 |
| | |
| Assigned From: | THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES, FIRST HORIZON MORTGAGE PASS-THROUGH CERTIFICATES SERIES FHAMS 2005-AA9, BY FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL ASSOCIATION, MASTER SERVICER, IN ITS CAPACITY AS AGENT FOR THE TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT |
| To: | STRATEGIC REALTY FUND, LLC |
| AOM Dated: | 08/14/2015 |
| AOM Recording Details: | Recorded 08/24/2015; Book: 13936; Page: 743; Instrument: 20150054730 |
| | |
| Assigned From: | STRATEGIC REALTY FUND, LLC, BY STONECREST REALTY MANAGEMENT, A CALIFORNIA LIMITED LIABILITY COMPANY |
| To: | REAL ESTATE GROWTH FUND, LLC |
| AOM Dated: | 06/26/2020 |
| AOM Recording Details: | Recorded 07/15/2020; Book: 14772; Page: 289; Instrument: 20200036390 |



**ORANGE COUNTY – STATE OF NEW YORK**
KELLY A. ESKEW, COUNTY CLERK
255 MAIN STREET
GOSHEN, NEW YORK 10924

**COUNTY CLERK'S RECORDING PAGE**
***THIS PAGE IS PART OF THE DOCUMENT – DO NOT DETACH***

Recording:

| | |
|---|---|
| Recording Fee | 35.00 |
| Cross References | 0.50 |
| Cultural Ed | 14.25 |
| Records Management - Coun | 1.00 |
| Records Management - Stat | 4.75 |

BOOK/PAGE:  15253 / 815
INSTRUMENT #:  20220044431

Total:                                          55.50
**** NOTICE: THIS IS NOT A BILL ****

Receipt#: 3044354
Clerk:    AA
Rec Date: 06/14/2022 09:46:52 AM
Doc Grp:  RP
Descrip:  AST
Num Pgs:  3
Rec'd Frm: Advantage Foreclosure
Services, Inc.

Party1:   US BANK TRUST NATIONAL ASSN   TR
Party2:   US BANK TRUST NATIONAL ASSN   TR
Town:     MISCELLANEOUS
          36-15-18

Payment Type:        Check ___
              Cash ___
            Charge ___
            No Fee ___

Comment: _____

Kelly A. Eskew
Orange County Clerk

Record and Return To:

ELECTRONICALLY RECORDED BY INGEO

Form 8021* - Assignment of Mortgage without Covenant - Individual or Corporation (Single Sheet)

**KNOW THAT U.S. Bank Trust National Association, as Trustee of the Igloo Series V Trust** with offices located at 7114 E. Stetson Drive, Suite 250, Scottsdale, AZ 85251, assignor,

in consideration of TEN AND 00/100 ($10.00) dollars

paid by **U.S. Bank Trust National Association, as Trustee of the Tiki Series V Trust** with offices located at 7114 E. Stetson Drive, Suite 250, Scottsdale, AZ 85251, assignee,

hereby assigns unto the assignee, a Mortgage dated August 08, 2005, given by Alfonso Amelio and Carmine Amelio and Paul Amelio to Mortgage Electronic Registration Systems, Inc., as Mortgagee, as Nominee for First Horizon Home Loan Corporation, its successors and assigns in the principal sum of $122,500.00 and recorded on October 04, 2005, under Document No. 20050104704 Book 11958 Page 955, in the Office of the Orange County Clerk's Office, New York, covering the premises known as 17 Grant Street, Middletown, NY 10940.

SECTION: 36        BLOCK: 15        LOT: 18

TOGETHER with the bond or note or obligation described in said mortgage, and the moneys due and to grow due thereon with the interest; TO HAVE AND TO HOLD the same unto the assignee and to the successors, legal representatives and assigns of the assignee forever.

This assignment is not subject to the requirements of section two hundred seventy-five of the Real Property Law because it is an assignment within the secondary mortgage market.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees" whenever the sense of this instrument so requires.

The mortgage has been assigned as follows:

Assignment dated September 01, 2011 from Mortgage Electronic Registration Systems, Inc., as Mortgagee, as Nominee for First Horizon Home Loan Corporation TO The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2005-AA9, by First Horizon Home Loans, a division of First Tennessee Bank N.A., Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement recorded on December 03, 2012, under Document No. 20120110971 Book 13457 Page 75;

Assignment dated November 17, 2016 from The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2005-AA9, by First Horizon Home Loans, a division of First Tennessee Bank N.A., Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement TO Strategic Realty Fund, LLC recorded August 24, 2015, under Document No. 20150054730 Book 13936 Page 743;

Assignment dated March 17, 2017 from Strategic Realty Fund, LLC TO Real Estate Growth Fund, LLC recorded July 15, 2020 under Document No. 20200036390 Book 14772 Page 289;

Assignment dated October 13, 2021 from Real Estate Growth Fund, LLC TO U.S. Bank Trust N.A., as Trustee of the Igloo Series V Trust recorded April 27, 2022 under Document No. 20220031628 Bk 15215 Pg. 1707.

**IN WITNESS WHEREOF, the assignor has duly executed this assignment the _1st_ day of June, 2022.**

**U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES V TRUST**
**BY SN SERVICING CORPORATION, ITS ATTORNEY IN FACT**

By: _____

Its: **Executive Vice President**

    **ALLISON HOLLAND**

Please see the attached
California notarial certificate.
Thank you

1

## ACKNOWLEDGEMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

                    ) ss.

COUNTY OF HUMBOLDT

    On June ___, 2022 before me, _KATE RONDA CONLEY_, Notary Public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

    I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

    WITNESS my hand and official seal.

[Seal]

                   Notary Public    KATE RONDA CONLEY
                   My Comm. Expires:   OCT 2 0 2025

RETURN BY MAIL TO:
SN Servicing Corporation
323 Fifth Street
Eureka, CA 95501

KATE RONDA CONLEY
Notary Public - California
Humboldt County
Commission # 2379247
My Comm. Expires Oct 20, 2025

2

# EXHIBIT D

SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #████  Branch Office NMLS

CERTIFIED TRACKING: 7022 0410 0001 9117 1521

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

ALFONSO AMELIO
32 MAIN ST
NEW MILFORD, CT 06776

Property Address:  17 GRANT STREET MIDDLETOWN, NY 10940

RE:  Account No. ███████

YOU MAY BE AT RISK OF FORELOSURE. PLEASE READ THE
FOLLOWING NOTICE CAREFULLY

As of **JUNE 23, 2022**, your home loan is **2610** days and  $**83,156.18** in default.
Under New York State Law, we are required to send you this notice to inform you
that you are at risk of losing your home.

Attached to this notice is a list of government approved housing counseling
agencies in your area which provide free counseling. You can also call the NYS
Office of the Attorney General's Homeowner Protection Program (HOPP) toll-free
consumer hotline to be connected to free housing counseling services in your area
at 1-855-HOME-456 (1-855-466-3456), or visit their website at
http://www.aghomehelp.com/. A statewide listing by county is also available at
http://www.dfs.ny.gov/consumer/mortg nys np counseling agencies.htm. Qualified
free help is available; watch out for companies or people who charge a fee for
these services.

Housing counselors from New York-based agencies listed on the website above are
trained to help homeowners who are having problems making their mortgage
payments and can help you find the best option for your situation. If you wish, you
may also contact us directly at **DANI COE** at **(800) 603-0836** and ask to discuss
possible options.

**SN SERVICING CORPORATION**
323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #▮▮▮ Branch Office NMLS

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution. The longer you wait, the fewer options you may have.

If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at 1-877-226-5697 or visit the Department's website at https://www.dfs.ny.gov.

IMPORTANT: You have the right to remain in your home until you receive a court order telling you to leave the property. If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave. You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings. This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you.

Very truly yours,
SN Servicing Corporation

# Orange County, NY

| Agency Name | Phone Toll-Free Fax Number Email Website | Address |
|---|---|---|
| PATHSTONE CORPORATION | P: 845-569-0770-12 T: E: ecliffrd@pathstone.org W: n/a | 36 Chambers Street Newburgh, New Yorks 12550-4988 |
| ORANGE COUNTY RURAL DEVELOPMENT ADVISORY CORP | P: 845-713-4568 F: E: W: **www.ocrdac.org** | 2 S Montgomery Street Walden, New York 12586-1121 |
| KIRYAS JOEL COMMUNITY HOUSING DEVELOPMENT ORG | P: 845-782-7790 T: F: 845-783-7415 E: mneuman@kjha.org W: n/a | 51 Forest Road, Suite 360 Monroe, New York 10950-2948 |
| ROCKLAND HOUSING ACTION COALITION (Rockland County) | **P:** 845-708-5799 **T:** **F:** 845-708-5798 **E:** rhachomes@aol.com **W:** **www.rhachomes.org** | 120-126 North Main Street Annex First Floor New City, New York 10956-3717 |
| PUTNAM COUNTY HOUSING CORPORATION (Putnam County) | P: 845-225-8493 W:www.Putnamhousing.com | 11 Seminary Hill Road Carmel, New York 10512 |

SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #▮▮▮ Branch Office NMLS

June 23, 2022

ALFONSO AMELIO
32 MAIN ST
NEW MILFORD, CT 06776

Property Address:  17 GRANT STREET MIDDLETOWN, NY 10940

RE:  Account No. ▮▮▮▮▮▮▮

YOU MAY BE AT RISK OF FORELOSURE. PLEASE READ THE
FOLLOWING NOTICE CAREFULLY

As of **JUNE 23, 2022**, your home loan is **2610** days and  $**83,156.18** in default.
Under New York State Law, we are required to send you this notice to inform you
that you are at risk of losing your home.

Attached to this notice is a list of government approved housing counseling
agencies in your area which provide free counseling. You can also call the NYS
Office of the Attorney General's Homeowner Protection Program (HOPP) toll-free
consumer hotline to be connected to free housing counseling services in your area
at 1-855-HOME-456 (1-855-466-3456), or visit their website at
http://www.aghomehelp.com/. A statewide listing by county is also available at
http://www.dfs.ny.gov/consumer/mortg nys np counseling agencies.htm. Qualified
free help is available; watch out for companies or people who charge a fee for
these services.

Housing counselors from New York-based agencies listed on the website above are
trained to help homeowners who are having problems making their mortgage
payments and can help you find the best option for your situation. If you wish, you
may also contact us directly at **DANI COE** at **(800) 603-0836** and ask to discuss
possible options.

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #■■■■ Branch Office NMLS

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution. The longer you wait, the fewer options you may have.

If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at 1-877-226-5697 or visit the Department's website at https://www.dfs.ny.gov.

IMPORTANT: You have the right to remain in your home until you receive a court order telling you to leave the property. If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave. You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings. This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you.

Very truly yours,
SN Servicing Corporation

# Orange County, NY

| Agency Name | Phone<br>Toll-Free<br>Fax Number<br>Email<br>Website | Address |
| --- | --- | --- |
| PATHSTONE CORPORATION | P: 845-569-0770-12<br>T:<br>E: ecliffrd@pathstone.org<br>W: n/a | 36 Chambers Street<br>Newburgh, New Yorks 12550-4988 |
| ORANGE COUNTY RURAL DEVELOPMENT ADVISORY CORP | P: 845-713-4568<br>F:<br>E:<br>W: **www.ocrdac.org** | 2 S Montgomery Street<br>Walden, New York 12586-1121 |
| KIRYAS JOEL COMMUNITY HOUSING DEVELOPMENT ORG | P: 845-782-7790<br>T:<br>F: 845-783-7415<br>E: mneuman@kjha.org<br>W: n/a | 51 Forest Road, Suite 360<br>Monroe, New York 10950-2948 |
| ROCKLAND HOUSING ACTION COALITION (Rockland County) | **P:** 845-708-5799<br>**T:**<br>**F:** 845-708-5798<br>**E:** rhachomes@aol.com<br>**W: www.rhachomes.org** | 120-126 North Main Street<br>Annex First Floor<br>New City, New York 10956-3717 |
| PUTNAM COUNTY HOUSING CORPORATION (Putnam County) | P: 845-225-8493<br><br>W:www.Putnamhousing.com | 11 Seminary Hill Road<br>Carmel, New York 10512 |

SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #████ Branch Office NMLS

CERTIFIED TRACKING: 7022 0410 0001 9117 1552


June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**


ALFONSO AMELIO
17 GRANT STREET
MIDDLETOWN, NY 10940

Property Address:  17 GRANT STREET MIDDLETOWN, NY 10940

RE:  Account No. ████████

YOU MAY BE AT RISK OF FORELOSURE. PLEASE READ THE
FOLLOWING NOTICE CAREFULLY

As of **JUNE 23, 2022**, your home loan is **2610** days and  $**83,156.18** in default.
Under New York State Law, we are required to send you this notice to inform you
that you are at risk of losing your home.

Attached to this notice is a list of government approved housing counseling
agencies in your area which provide free counseling. You can also call the NYS
Office of the Attorney General's Homeowner Protection Program (HOPP) toll-free
consumer hotline to be connected to free housing counseling services in your area
at 1-855-HOME-456 (1-855-466-3456), or visit their website at
http://www.aghomehelp.com/. A statewide listing by county is also available at
http://www.dfs.ny.gov/consumer/mortg nys np counseling agencies.htm. Qualified
free help is available; watch out for companies or people who charge a fee for
these services.

Housing counselors from New York-based agencies listed on the website above are
trained to help homeowners who are having problems making their mortgage
payments and can help you find the best option for your situation. If you wish, you
may also contact us directly at **DANI COE** at **(800) 603-0836** and ask to discuss
possible options.

SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS # ███ Branch Office NMLS

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution. The longer you wait, the fewer options you may have.

If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at 1-877-226-5697 or visit the Department's website at https://www.dfs.ny.gov.

IMPORTANT: You have the right to remain in your home until you receive a court order telling you to leave the property. If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave. You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings. This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you.

Very truly yours,
SN Servicing Corporation

# Orange County, NY

| Agency Name | Phone<br>Toll-Free<br>Fax Number<br>Email<br>Website | Address |
|---|---|---|
| PATHSTONE CORPORATION | P: 845-569-0770-12<br>T:<br>E: ecliffrd@pathstone.org<br>W: n/a | 36 Chambers Street<br>Newburgh, New Yorks 12550-4988 |
| ORANGE COUNTY RURAL DEVELOPMENT ADVISORY CORP | P: 845-713-4568<br>F:<br>E:<br>W: **www.ocrdac.org** | 2 S Montgomery Street<br>Walden, New York 12586-1121 |
| KIRYAS JOEL COMMUNITY HOUSING DEVELOPMENT ORG | P: 845-782-7790<br>T:<br>F: 845-783-7415<br>E: mneuman@kjha.org<br>W: n/a | 51 Forest Road, Suite 360<br>Monroe, New York 10950-2948 |
| ROCKLAND HOUSING ACTION COALITION<br>(Rockland County) | **P:** 845-708-5799<br>**T:**<br>**F:** 845-708-5798<br>**E:** rhachomes@aol.com<br>**W:** www.rhachomes.org | 120-126 North Main Street<br>Annex First Floor<br>New City, New York 10956-3717 |
| PUTNAM COUNTY HOUSING CORPORATION<br>(Putnam County) | P: 845-225-8493<br><br>W:www.Putnamhousing.com | 11 Seminary Hill Road<br>Carmel, New York 10512 |

SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #▮▮▮▮ Branch Office NMLS

June 23, 2022

ALFONSO AMELIO
17 GRANT STREET
MIDDLETOWN, NY 10940

Property Address:  17 GRANT STREET MIDDLETOWN, NY 10940

RE:  Account No. ▮▮▮▮▮▮▮▮

## YOU MAY BE AT RISK OF FORELOSURE. PLEASE READ THE FOLLOWING NOTICE CAREFULLY

As of **JUNE 23, 2022**, your home loan is **2610** days and  $**83,156.18** in default. Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home.

Attached to this notice is a list of government approved housing counseling agencies in your area which provide free counseling. You can also call the NYS Office of the Attorney General's Homeowner Protection Program (HOPP) toll-free consumer hotline to be connected to free housing counseling services in your area at 1-855-HOME-456 (1-855-466-3456), or visit their website at http://www.aghomehelp.com/. A statewide listing by county is also available at http://www.dfs.ny.gov/consumer/mortg nys np counseling agencies.htm. Qualified free help is available; watch out for companies or people who charge a fee for these services.

Housing counselors from New York-based agencies listed on the website above are trained to help homeowners who are having problems making their mortgage payments and can help you find the best option for your situation. If you wish, you may also contact us directly at **DANI COE** at **(800) 603-0836** and ask to discuss possible options.

SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS # ▮▮▮▮ Branch Office NMLS

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution. The longer you wait, the fewer options you may have.

If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at 1-877-226-5697 or visit the Department's website at https://www.dfs.ny.gov.

IMPORTANT: You have the right to remain in your home until you receive a court order telling you to leave the property. If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave. You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings. This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you.


Very truly yours,
SN Servicing Corporation

# Orange County, NY

| Agency Name | Phone Toll-Free Fax Number Email Website | Address |
|---|---|---|
| PATHSTONE CORPORATION | P: 845-569-0770-12 T: E: ecliffrd@pathstone.org W: n/a | 36 Chambers Street Newburgh, New Yorks 12550-4988 |
| ORANGE COUNTY RURAL DEVELOPMENT ADVISORY CORP | P: 845-713-4568 F: E: W: **www.ocrdac.org** | 2 S Montgomery Street Walden, New York 12586-1121 |
| KIRYAS JOEL COMMUNITY HOUSING DEVELOPMENT ORG | P: 845-782-7790 T: F: 845-783-7415 E: mneuman@kjha.org W: n/a | 51 Forest Road, Suite 360 Monroe, New York 10950-2948 |
| ROCKLAND HOUSING ACTION COALITION (Rockland County) | **P:** 845-708-5799 **T:** **F:** 845-708-5798 **E:** rhachomes@aol.com **W:** **www.rhachomes.org** | 120-126 North Main Street Annex First Floor New City, New York 10956-3717 |
| PUTNAM COUNTY HOUSING CORPORATION (Putnam County) | P: 845-225-8493 W: www.Putnamhousing.com | 11 Seminary Hill Road Carmel, New York 10512 |

**SERVICING CORPORATION**

323 5ᵗʰ Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #▇▇▇ Branch Office NMLS

CERTIFIED TRACKING: 7021 1970 0001 3817 4726

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

CARMINE AMELIO
32 MAIN ST
NEW MILFORD, CT 06776

Property Address: 17 GRANT STREET MIDDLETOWN, NY 10940

RE: Account No. ▇▇▇▇▇▇

YOU MAY BE AT RISK OF FORELOSURE. PLEASE READ THE
FOLLOWING NOTICE CAREFULLY

As of **JUNE 23, 2022**, your home loan is **2610** days and $**83,156.18** in default.
Under New York State Law, we are required to send you this notice to inform you
that you are at risk of losing your home.

Attached to this notice is a list of government approved housing counseling
agencies in your area which provide free counseling. You can also call the NYS
Office of the Attorney General's Homeowner Protection Program (HOPP) toll-free
consumer hotline to be connected to free housing counseling services in your area
at 1-855-HOME-456 (1-855-466-3456), or visit their website at
http://www.aghomehelp.com/. A statewide listing by county is also available at
http://www.dfs.ny.gov/consumer/mortg nys np counseling agencies.htm. Qualified
free help is available; watch out for companies or people who charge a fee for
these services.

Housing counselors from New York-based agencies listed on the website above are
trained to help homeowners who are having problems making their mortgage
payments and can help you find the best option for your situation. If you wish, you
may also contact us directly at **DANI COE** at **(800) 603-0836** and ask to discuss
possible options.

**SN SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS # ▬▬▬ Branch Office NMLS

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution. The longer you wait, the fewer options you may have.

If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at 1-877-226-5697 or visit the Department's website at https://www.dfs.ny.gov.

IMPORTANT: You have the right to remain in your home until you receive a court order telling you to leave the property. If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave. You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings. This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you.

Very truly yours,
SN Servicing Corporation

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 99 of 319

# Orange County, NY

| Agency Name | Phone<br>Toll-Free<br>Fax Number<br>Email<br>Website | Address |
| --- | --- | --- |
| PATHSTONE CORPORATION | P: 845-569-0770-12<br>T:<br>E: ecliffrd@pathstone.org<br>W: n/a | 36 Chambers Street<br>Newburgh, New Yorks 12550-4988 |
| ORANGE COUNTY RURAL DEVELOPMENT ADVISORY CORP | P: 845-713-4568<br>F:<br>E:<br>W: **www.ocrdac.org** | 2 S Montgomery Street<br>Walden, New York 12586-1121 |
| KIRYAS JOEL COMMUNITY HOUSING DEVELOPMENT ORG | P: 845-782-7790<br>T:<br>F: 845-783-7415<br>E: mneuman@kjha.org<br>W: n/a | 51 Forest Road, Suite 360<br>Monroe, New York 10950-2948 |
| ROCKLAND HOUSING ACTION COALITION (Rockland County) | **P:** 845-708-5799<br>**T:**<br>**F:** 845-708-5798<br>**E:** **rhachomes@aol.com**<br>**W:** **www.rhachomes.org** | 120-126 North Main Street<br>Annex First Floor<br>New City, New York 10956-3717 |
| PUTNAM COUNTY HOUSING CORPORATION (Putnam County) | P: 845-225-8493<br><br>W:www.Putnamhousing.com | 11 Seminary Hill Road<br>Carmel, New York 10512 |

SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #████ Branch Office NMLS

June 23, 2022

CARMINE AMELIO
32 MAIN ST
NEW MILFORD, CT 06776

Property Address:  17 GRANT STREET MIDDLETOWN, NY 10940

RE:  Account No. ████████

YOU MAY BE AT RISK OF FORELOSURE. PLEASE READ THE
FOLLOWING NOTICE CAREFULLY

As of **JUNE 23, 2022**, your home loan is **2610** days and  $**83,156.18** in default.
Under New York State Law, we are required to send you this notice to inform you
that you are at risk of losing your home.

Attached to this notice is a list of government approved housing counseling
agencies in your area which provide free counseling. You can also call the NYS
Office of the Attorney General's Homeowner Protection Program (HOPP) toll-free
consumer hotline to be connected to free housing counseling services in your area
at 1-855-HOME-456 (1-855-466-3456), or visit their website at
http://www.aghomehelp.com/. A statewide listing by county is also available at
http://www.dfs.ny.gov/consumer/mortg nys np counseling agencies.htm. Qualified
free help is available; watch out for companies or people who charge a fee for
these services.

Housing counselors from New York-based agencies listed on the website above are
trained to help homeowners who are having problems making their mortgage
payments and can help you find the best option for your situation. If you wish, you
may also contact us directly at **DANI COE** at **(800) 603-0836** and ask to discuss
possible options.

## SN SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS # ▮▮▮▮ Branch Office NMLS

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution. The longer you wait, the fewer options you may have.

If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at 1-877-226-5697 or visit the Department's website at https://www.dfs.ny.gov.

IMPORTANT: You have the right to remain in your home until you receive a court order telling you to leave the property. If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave. You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings. This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you.

Very truly yours,
SN Servicing Corporation

# Orange County, NY

| Agency Name | Phone<br>Toll-Free<br>Fax Number<br>Email<br>Website | Address |
| --- | --- | --- |
| PATHSTONE CORPORATION | P: 845-569-0770-12<br>T:<br>E: ecliffrd@pathstone.org<br>W: n/a | 36 Chambers Street<br>Newburgh, New Yorks 12550-4988 |
| ORANGE COUNTY RURAL DEVELOPMENT ADVISORY CORP | P: 845-713-4568<br>F:<br>E:<br>W: **www.ocrdac.org** | 2 S Montgomery Street<br>Walden, New York 12586-1121 |
| KIRYAS JOEL COMMUNITY HOUSING DEVELOPMENT ORG | P: 845-782-7790<br>T:<br>F: 845-783-7415<br>E: mneuman@kjha.org<br>W: n/a | 51 Forest Road, Suite 360<br>Monroe, New York 10950-2948 |
| ROCKLAND HOUSING ACTION COALITION (Rockland County) | **P:** 845-708-5799<br>**T:**<br>**F:** 845-708-5798<br>**E:** rhachomes@aol.com<br>**W: www.rhachomes.org** | 120-126 North Main Street<br>Annex First Floor<br>New City, New York 10956-3717 |
| PUTNAM COUNTY HOUSING CORPORATION (Putnam County) | P: 845-225-8493<br><br>W:www.Putnamhousing.com | 11 Seminary Hill Road<br>Carmel, New York 10512 |

SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #███ Branch Office NMLS

CERTIFIED TRACKING: 7021 2720 0003 2377 4261

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

CARMINE AMELIO
17 GRANT STREET
MIDDLETOWN, NY 10940

Property Address:  17 GRANT STREET MIDDLETOWN, NY 10940

RE:  Account No. ███████

YOU MAY BE AT RISK OF FORELOSURE. PLEASE READ THE
FOLLOWING NOTICE CAREFULLY

As of **JUNE 23, 2022**, your home loan is **2610** days and  $**83,156.18** in default.
Under New York State Law, we are required to send you this notice to inform you
that you are at risk of losing your home.

Attached to this notice is a list of government approved housing counseling
agencies in your area which provide free counseling. You can also call the NYS
Office of the Attorney General's Homeowner Protection Program (HOPP) toll-free
consumer hotline to be connected to free housing counseling services in your area
at 1-855-HOME-456 (1-855-466-3456), or visit their website at
http://www.aghomehelp.com/. A statewide listing by county is also available at
http://www.dfs.ny.gov/consumer/mortg nys np counseling agencies.htm. Qualified
free help is available; watch out for companies or people who charge a fee for
these services.

Housing counselors from New York-based agencies listed on the website above are
trained to help homeowners who are having problems making their mortgage
payments and can help you find the best option for your situation. If you wish, you
may also contact us directly at **DANI COE** at **(800) 603-0836** and ask to discuss
possible options.

**SN** **SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS # ████  Branch Office NMLS

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution. The longer you wait, the fewer options you may have.

If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at 1-877-226-5697 or visit the Department's website at https://www.dfs.ny.gov.

IMPORTANT: You have the right to remain in your home until you receive a court order telling you to leave the property. If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave. You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings. This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you.

Very truly yours,
SN Servicing Corporation

Case 1.24-cv-05615-CS    Document 1    Filed 07/22/24    Page 105 of 319

# Orange County, NY

| Agency Name | Phone<br>Toll-Free<br>Fax Number<br>Email<br>Website | Address |
| --- | --- | --- |
| PATHSTONE CORPORATION | P: 845-569-0770-12<br>T:<br>E: ecliffrd@pathstone.org<br>W: n/a | 36 Chambers Street<br>Newburgh, New Yorks 12550-4988 |
| ORANGE COUNTY RURAL DEVELOPMENT ADVISORY CORP | P: 845-713-4568<br>F:<br>E:<br>W: **www.ocrdac.org** | 2 S Montgomery Street<br>Walden, New York 12586-1121 |
| KIRYAS JOEL COMMUNITY HOUSING DEVELOPMENT ORG | P: 845-782-7790<br>T:<br>F: 845-783-7415<br>E: mneuman@kjha.org<br>W: n/a | 51 Forest Road, Suite 360<br>Monroe, New York 10950-2948 |
| ROCKLAND HOUSING ACTION COALITION (Rockland County) | **P:** 845-708-5799<br>**T:**<br>**F:** 845-708-5798<br>**E:** rhachomes@aol.com<br>**W: www.rhachomes.org** | 120-126 North Main Street<br>Annex First Floor<br>New City, New York 10956-3717 |
| PUTNAM COUNTY HOUSING CORPORATION (Putnam County) | P: 845-225-8493<br><br>W:www.Putnamhousing.com | 11 Seminary Hill Road<br>Carmel, New York 10512 |

SN SERVICING CORPORATION

323 5ᵗʰ Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #█████ Branch Office NMLS

June 23, 2022

CARMINE AMELIO
17 GRANT STREET
MIDDLETOWN, NY 10940

Property Address:  17 GRANT STREET MIDDLETOWN, NY 10940

RE:  Account No. ████████

YOU MAY BE AT RISK OF FORELOSURE. PLEASE READ THE
FOLLOWING NOTICE CAREFULLY

As of **JUNE 23, 2022**, your home loan is **2610** days and  $**83,156.18** in default.
Under New York State Law, we are required to send you this notice to inform you
that you are at risk of losing your home.

Attached to this notice is a list of government approved housing counseling
agencies in your area which provide free counseling. You can also call the NYS
Office of the Attorney General's Homeowner Protection Program (HOPP) toll-free
consumer hotline to be connected to free housing counseling services in your area
at 1-855-HOME-456 (1-855-466-3456), or visit their website at
http://www.aghomehelp.com/. A statewide listing by county is also available at
http://www.dfs.ny.gov/consumer/mortg nys np counseling agencies.htm. Qualified
free help is available; watch out for companies or people who charge a fee for
these services.

Housing counselors from New York-based agencies listed on the website above are
trained to help homeowners who are having problems making their mortgage
payments and can help you find the best option for your situation. If you wish, you
may also contact us directly at **DANI COE** at **(800) 603-0836** and ask to discuss
possible options.

FILED: ORANGE COUNTY CLERK 12/19/2022 04:53 PM INDEX NO. EF007269-2022
NYSCEF DOC. NO. 9
RECEIVED NYSCEF: 12/19/2022

# SN SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #██████ Branch Office NMLS

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution. The longer you wait, the fewer options you may have.

If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at 1-877-226-5697 or visit the Department's website at https://www.dfs.ny.gov.

IMPORTANT: You have the right to remain in your home until you receive a court order telling you to leave the property. If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave. You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings. This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you.


Very truly yours,
SN Servicing Corporation

Case 1.24-cv-05615-CS    Document 1    Filed 07/22/24    Page 108 of 319

# Orange County, NY

| Agency Name | Phone<br>Toll-Free<br>Fax Number<br>Email<br>Website | Address |
|---|---|---|
| PATHSTONE CORPORATION | P: 845-569-0770-12<br>T:<br>E: ecliffrd@pathstone.org<br>W: n/a | 36 Chambers Street<br>Newburgh, New Yorks 12550-4988 |
| ORANGE COUNTY RURAL DEVELOPMENT ADVISORY CORP | P: 845-713-4568<br>F:<br>E:<br>W: **www.ocrdac.org** | 2 S Montgomery Street<br>Walden, New York 12586-1121 |
| KIRYAS JOEL COMMUNITY HOUSING DEVELOPMENT ORG | P: 845-782-7790<br>T:<br>F: 845-783-7415<br>E: mneuman@kjha.org<br>W: n/a | 51 Forest Road, Suite 360<br>Monroe, New York 10950-2948 |
| ROCKLAND HOUSING ACTION COALITION (Rockland County) | **P:** 845-708-5799<br>**T:**<br>**F:** 845-708-5798<br>**E:** rhachomes@aol.com<br>**W: www.rhachomes.org** | 120-126 North Main Street<br>Annex First Floor<br>New City, New York 10956-3717 |
| PUTNAM COUNTY HOUSING CORPORATION (Putnam County) | P: 845-225-8493<br>W:www.Putnamhousing.com | 11 Seminary Hill Road<br>Carmel, New York 10512 |

SN SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #▮▮▮▮  Branch Office NMLS

CERTIFIED TRACKING: 7021 2720 0003 2377 4247

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

PAUL AMELIO
32 MAIN ST
NEW MILFORD, CT 06776

Property Address:  17 GRANT STREET MIDDLETOWN, NY 10940

RE:  Account No.▮▮▮▮▮▮

YOU MAY BE AT RISK OF FORELOSURE. PLEASE READ THE
FOLLOWING NOTICE CAREFULLY

As of **JUNE 23, 2022**, your home loan is **2610** days and  $**83,156.18** in default.
Under New York State Law, we are required to send you this notice to inform you
that you are at risk of losing your home.

Attached to this notice is a list of government approved housing counseling
agencies in your area which provide free counseling. You can also call the NYS
Office of the Attorney General's Homeowner Protection Program (HOPP) toll-free
consumer hotline to be connected to free housing counseling services in your area
at 1-855-HOME-456 (1-855-466-3456), or visit their website at
http://www.aghomehelp.com/. A statewide listing by county is also available at
http://www.dfs.ny.gov/consumer/mortg nys np counseling agencies.htm. Qualified
free help is available; watch out for companies or people who charge a fee for
these services.

Housing counselors from New York-based agencies listed on the website above are
trained to help homeowners who are having problems making their mortgage
payments and can help you find the best option for your situation. If you wish, you
may also contact us directly at **DANI COE** at **(800) 603-0836** and ask to discuss
possible options.

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #■■■ Branch Office NMLS

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution. The longer you wait, the fewer options you may have.

If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at 1-877-226-5697 or visit the Department's website at https://www.dfs.ny.gov.

IMPORTANT: You have the right to remain in your home until you receive a court order telling you to leave the property. If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave. You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings. This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you.

Very truly yours,
SN Servicing Corporation

# Orange County, NY

| Agency Name | Phone<br>Toll-Free<br>Fax Number<br>Email<br>Website | Address |
| --- | --- | --- |
| PATHSTONE CORPORATION | P: 845-569-0770-12<br>T:<br>E: ecliffrd@pathstone.org<br>W: n/a | 36 Chambers Street<br>Newburgh, New Yorks 12550-4988 |
| ORANGE COUNTY RURAL DEVELOPMENT ADVISORY CORP | P: 845-713-4568<br>F:<br>E:<br>W: **www.ocrdac.org** | 2 S Montgomery Street<br>Walden, New York 12586-1121 |
| KIRYAS JOEL COMMUNITY HOUSING DEVELOPMENT ORG | P: 845-782-7790<br>T:<br>F: 845-783-7415<br>E: mneuman@kjha.org<br>W: n/a | 51 Forest Road, Suite 360<br>Monroe, New York 10950-2948 |
| ROCKLAND HOUSING ACTION COALITION (Rockland County) | **P:** 845-708-5799<br>**T:**<br>**F:** 845-708-5798<br>**E:** rhachomes@aol.com<br>**W:** www.rhachomes.org | 120-126 North Main Street<br>Annex First Floor<br>New City, New York 10956-3717 |
| PUTNAM COUNTY HOUSING CORPORATION (Putnam County) | P: 845-225-8493<br><br>W:www.Putnamhousing.com | 11 Seminary Hill Road<br>Carmel, New York 10512 |

SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #▮▮▮▮ Branch Office NMLS

June 23, 2022

PAUL AMELIO
32 MAIN ST
NEW MILFORD, CT 06776

Property Address: 17 GRANT STREET MIDDLETOWN, NY 10940

RE: Account No. ▮▮▮▮▮▮▮

## YOU MAY BE AT RISK OF FORELOSURE. PLEASE READ THE FOLLOWING NOTICE CAREFULLY

As of **JUNE 23, 2022**, your home loan is **2610** days and $**83,156.18** in default. Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home.

Attached to this notice is a list of government approved housing counseling agencies in your area which provide free counseling. You can also call the NYS Office of the Attorney General's Homeowner Protection Program (HOPP) toll-free consumer hotline to be connected to free housing counseling services in your area at 1-855-HOME-456 (1-855-466-3456), or visit their website at http://www.aghomehelp.com/. A statewide listing by county is also available at http://www.dfs.ny.gov/consumer/mortg nys np counseling agencies.htm. Qualified free help is available; watch out for companies or people who charge a fee for these services.

Housing counselors from New York-based agencies listed on the website above are trained to help homeowners who are having problems making their mortgage payments and can help you find the best option for your situation. If you wish, you may also contact us directly at **DANI COE** at **(800) 603-0836** and ask to discuss possible options.

**S**N **SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #▆▆▆ Branch Office NMLS

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution. The longer you wait, the fewer options you may have.

If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at 1-877-226-5697 or visit the Department's website at https://www.dfs.ny.gov.

IMPORTANT: You have the right to remain in your home until you receive a court order telling you to leave the property. If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave. You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings. This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you.

Very truly yours,
SN Servicing Corporation

Case 1.24-cv-05615-CS     Document 1     Filed 07/22/24     Page 114 of 319

# Orange County, NY

| Agency Name | Phone<br>Toll-Free<br>Fax Number<br>Email<br>Website | Address |
|---|---|---|
| PATHSTONE CORPORATION | P: 845-569-0770-12<br>T:<br>E: ecliffrd@pathstone.org<br>W: n/a | 36 Chambers Street<br>Newburgh, New Yorks 12550-4988 |
| ORANGE COUNTY RURAL DEVELOPMENT ADVISORY CORP | P: 845-713-4568<br>F:<br>E:<br>W: **www.ocrdac.org** | 2 S Montgomery Street<br>Walden, New York 12586-1121 |
| KIRYAS JOEL COMMUNITY HOUSING DEVELOPMENT ORG | P: 845-782-7790<br>T:<br>F: 845-783-7415<br>E: mneuman@kjha.org<br>W: n/a | 51 Forest Road, Suite 360<br>Monroe, New York 10950-2948 |
| ROCKLAND HOUSING ACTION COALITION<br>(Rockland County) | **P:** 845-708-5799<br>**T:**<br>**F:** 845-708-5798<br>**E:** rhachomes@aol.com<br>**W:** www.rhachomes.org | 120-126 North Main Street<br>Annex First Floor<br>New City, New York 10956-3717 |
| PUTNAM COUNTY HOUSING CORPORATION<br>(Putnam County) | P: 845-225-8493<br><br>W:www.Putnamhousing.com | 11 Seminary Hill Road<br>Carmel, New York 10512 |

**SN** SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #▮▮▮▮ Branch Office NMLS

CERTIFIED TRACKING: 7021 2720 0003 2377 4223

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

PAUL AMELIO
17 GRANT STREET
MIDDLETOWN, NY 10940

Property Address: 17 GRANT STREET MIDDLETOWN, NY 10940

RE: Account No. ▮▮▮▮▮▮▮▮

YOU MAY BE AT RISK OF FORELOSURE. PLEASE READ THE
FOLLOWING NOTICE CAREFULLY

As of **JUNE 23, 2022**, your home loan is **2610** days and $**83,156.18** in default.
Under New York State Law, we are required to send you this notice to inform you
that you are at risk of losing your home.

Attached to this notice is a list of government approved housing counseling
agencies in your area which provide free counseling. You can also call the NYS
Office of the Attorney General's Homeowner Protection Program (HOPP) toll-free
consumer hotline to be connected to free housing counseling services in your area
at 1-855-HOME-456 (1-855-466-3456), or visit their website at
http://www.aghomehelp.com/. A statewide listing by county is also available at
http://www.dfs.ny.gov/consumer/mortg nys np counseling agencies.htm. Qualified
free help is available; watch out for companies or people who charge a fee for
these services.

Housing counselors from New York-based agencies listed on the website above are
trained to help homeowners who are having problems making their mortgage
payments and can help you find the best option for your situation. If you wish, you
may also contact us directly at **DANI COE** at **(800) 603-0836** and ask to discuss
possible options.

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #█████ Branch Office NMLS

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution. The longer you wait, the fewer options you may have.

If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at 1-877-226-5697 or visit the Department's website at https://www.dfs.ny.gov.

IMPORTANT: You have the right to remain in your home until you receive a court order telling you to leave the property. If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave. You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings. This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you.

Very truly yours,
SN Servicing Corporation

# Orange County, NY

| Agency Name | Phone<br>Toll-Free<br>Fax Number<br>Email<br>Website | Address |
|---|---|---|
| PATHSTONE CORPORATION | P: 845-569-0770-12<br>T:<br>E: ecliffrd@pathstone.org<br>W: n/a | 36 Chambers Street<br>Newburgh, New Yorks 12550-4988 |
| ORANGE COUNTY RURAL DEVELOPMENT ADVISORY CORP | P: 845-713-4568<br>F:<br>E:<br>W: **www.ocrdac.org** | 2 S Montgomery Street<br>Walden, New York 12586-1121 |
| KIRYAS JOEL COMMUNITY HOUSING DEVELOPMENT ORG | P: 845-782-7790<br>T:<br>F: 845-783-7415<br>E: mneuman@kjha.org<br>W: n/a | 51 Forest Road, Suite 360<br>Monroe, New York 10950-2948 |
| ROCKLAND HOUSING ACTION COALITION (Rockland County) | **P:** 845-708-5799<br>**T:**<br>**F:** 845-708-5798<br>**E:** rhachomes@aol.com<br>**W:** www.rhachomes.org | 120-126 North Main Street<br>Annex First Floor<br>New City, New York 10956-3717 |
| PUTNAM COUNTY HOUSING CORPORATION (Putnam County) | P: 845-225-8493<br><br>W:www.Putnamhousing.com | 11 Seminary Hill Road<br>Carmel, New York 10512 |

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #▮▮▮▮ Branch Office NMLS

June 23, 2022

PAUL AMELIO
17 GRANT STREET
MIDDLETOWN, NY 10940

Property Address: 17 GRANT STREET MIDDLETOWN, NY 10940

RE: Account No. ▮▮▮▮▮▮▮

YOU MAY BE AT RISK OF FORELOSURE. PLEASE READ THE
FOLLOWING NOTICE CAREFULLY

As of **JUNE 23, 2022**, your home loan is **2610** days and  $**83,156.18** in default.
Under New York State Law, we are required to send you this notice to inform you
that you are at risk of losing your home.

Attached to this notice is a list of government approved housing counseling
agencies in your area which provide free counseling. You can also call the NYS
Office of the Attorney General's Homeowner Protection Program (HOPP) toll-free
consumer hotline to be connected to free housing counseling services in your area
at 1-855-HOME-456 (1-855-466-3456), or visit their website at
http://www.aghomehelp.com/. A statewide listing by county is also available at
http://www.dfs.ny.gov/consumer/mortg nys np counseling agencies.htm. Qualified
free help is available; watch out for companies or people who charge a fee for
these services.

Housing counselors from New York-based agencies listed on the website above are
trained to help homeowners who are having problems making their mortgage
payments and can help you find the best option for your situation. If you wish, you
may also contact us directly at **DANI COE** at **(800) 603-0836** and ask to discuss
possible options.

**SN SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

Phone: 800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS # ▮▮▮▮ Branch Office NMLS

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution. The longer you wait, the fewer options you may have.

If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at 1-877-226-5697 or visit the Department's website at https://www.dfs.ny.gov.

IMPORTANT: You have the right to remain in your home until you receive a court order telling you to leave the property. If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave. You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings. This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you.

Very truly yours,
SN Servicing Corporation

# Orange County, NY

| Agency Name | Phone<br>Toll-Free<br>Fax Number<br>Email<br>Website | Address |
| --- | --- | --- |
| PATHSTONE CORPORATION | P: 845-569-0770-12<br>T:<br>E: ecliffrd@pathstone.org<br>W: n/a | 36 Chambers Street<br>Newburgh, New Yorks 12550-4988 |
| ORANGE COUNTY RURAL DEVELOPMENT ADVISORY CORP | P: 845-713-4568<br>F:<br>E:<br>W: **www.ocrdac.org** | 2 S Montgomery Street<br>Walden, New York 12586-1121 |
| KIRYAS JOEL COMMUNITY HOUSING DEVELOPMENT ORG | P: 845-782-7790<br>T:<br>F: 845-783-7415<br>E: mneuman@kjha.org<br>W: n/a | 51 Forest Road, Suite 360<br>Monroe, New York 10950-2948 |
| ROCKLAND HOUSING ACTION COALITION (Rockland County) | **P:** 845-708-5799<br>**T:**<br>**F:** 845-708-5798<br>**E:** rhachomes@aol.com<br>**W: www.rhachomes.org** | 120-126 North Main Street<br>Annex First Floor<br>New City, New York 10956-3717 |
| PUTNAM COUNTY HOUSING CORPORATION (Putnam County) | P: 845-225-8493<br><br>W:www.Putnamhousing.com | 11 Seminary Hill Road<br>Carmel, New York 10512 |

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 121 of 319

# **EXHIBIT E**



**New York State Department of Financial Services**
One State Street Plaza, New York, NY 10004

Proof of Filing Statement

To Whom It May Concern:

Section 1306 of the Real Property Actions and Proceedings Law (RPAPL) requires lenders, assignees or mortgage loan servicers servicing loans on 1-to-4 family residential properties in New York State to file certain information with the Superintendent of the Department Financial Services within three days after the mailing of a 90-Day Pre-Foreclosure Notice.

The information below pertains to a filing submitted to the Department of Financial Services as required in Section 1306 of RPAPL. The information is presented as filed by the lender, assignee or mortgage loan servicer.

**Filer Information:**

| | |
|---|---|
| Name | : SN Servicing Corporation |
| Address | : 323 Fifth Street, , Eureka, CA, 95501, |

**Filing Information:**

| | |
|---|---|
| Tracking Number | : NYS5682394 |
| Mailing Date Step 1 | : 23-JUN-22 12.00.00.000 AM |
| Mailing Date Step 2 | : |
| Judgment Date Step 3 | : |
| Filing Date Step 1 | : 23-JUN-22 07.07.17.000 PM |
| Filing Date Step 1 Orig | : 23-JUN-22 07.04.46.000 PM |
| Filing Date Step 2 | : |
| Filing Date Step 3 | : |
| Owner Occupd at Jdgmnt | : |
| Property Type | : 1 to 4 Family Home |
| Property Address | : 17 Grant Street, , Middletown, Orange, NY, 10940, |
| Date of Original Loan | : 08-AUG-05 12.00.00.000 AM |
| Amt of Original Loan | : 122500 |
| Loan Number Step 1 | : ▮▮▮▮ |
| Loan Number Step 2 | : |
| Loan Reset Frequency | : |
| Loan Type | : 1st Lien |
| Type of Reverse Mortgage | : Not Applicable |
| HUD Approval Status | : Not Applicable |
| Loan Details | : Fixed Rate |
| Loan Term | : 30 Year |
| Loan Modification | : No |
| Days Delinquent | : Other |
| Borrower's Name | : Alfonso  Amelio |
| Address | : 32 Main Street,  New Milford, CT 06776 |
| Borrower's Phone No | : 0000000000 |
| Filing Status | : Step 1 Completed |

Sincerely,
New York State Department of Financial Services



**New York State Department of Financial Services**
One State Street Plaza, New York, NY 10004

Proof of Filing Statement

To Whom It May Concern:

Section 1306 of the Real Property Actions and Proceedings Law (RPAPL) requires lenders, assignees or mortgage loan servicers servicing loans on 1-to-4 family residential properties in New York State to file certain information with the Superintendent of the Department Financial Services within three days after the mailing of a 90-Day Pre-Foreclosure Notice.

The information below pertains to a filing submitted to the Department of Financial Services as required in Section 1306 of RPAPL. The information is presented as filed by the lender, assignee or mortgage loan servicer.

**Filer Information:**

| | |
|---|---|
| Name | : SN Servicing Corporation |
| Address | : 323 Fifth Street, , Eureka, CA, 95501, |

**Filing Information:**

| | |
|---|---|
| Tracking Number | : NYS5682394 |
| Mailing Date Step 1 | : 23-JUN-22 12.00.00.000 AM |
| Mailing Date Step 2 | : |
| Judgment Date Step 3 | : |
| Filing Date Step 1 | : 23-JUN-22 07.07.17.000 PM |
| Filing Date Step 1 Orig | : 23-JUN-22 07.04.46.000 PM |
| Filing Date Step 2 | : |
| Filing Date Step 3 | : |
| Owner Occupd at Jdgmnt | : |
| Property Type | : 1 to 4 Family Home |
| Property Address | : 17 Grant Street, , Middletown, Orange, NY, 10940, |
| | |
| Date of Original Loan | : 08-AUG-05 12.00.00.000 AM |
| Amt of Original Loan | : 122500 |
| Loan Number Step 1 | : ▇▇▇ |
| Loan Number Step 2 | : |
| Loan Reset Frequency | : |
| Loan Type | : 1st Lien |
| Type of Reverse Mortgage | : Not Applicable |
| HUD Approval Status | : Not Applicable |
| Loan Details | : Fixed Rate |
| Loan Term | : 30 Year |
| Loan Modification | : No |
| Days Delinquent | : Other |
| Borrower's Name | : Paul  Amelio |
| Address | : 32 Main Street,  New Milford, CT 06776 |
| | |
| Borrower's Phone No | : 0000000000 |
| Filing Status | : Step 1 Completed |

Sincerely,
New York State Department of Financial Services



**New York State Department of Financial Services**
One State Street Plaza, New York, NY 10004

Proof of Filing Statement

To Whom It May Concern:

Section 1306 of the Real Property Actions and Proceedings Law (RPAPL) requires lenders, assignees or mortgage loan servicers servicing loans on 1-to-4 family residential properties in New York State to file certain information with the Superintendent of the Department Financial Services within three days after the mailing of a 90-Day Pre-Foreclosure Notice.

The information below pertains to a filing submitted to the Department of Financial Services as required in Section 1306 of RPAPL. The information is presented as filed by the lender, assignee or mortgage loan servicer.

**Filer Information:**

| | |
|---|---|
| Name | : SN Servicing Corporation |
| Address | : 323 Fifth Street, , Eureka, CA, 95501, |

**Filing Information:**

| | |
|---|---|
| Tracking Number | : NYS5682394 |
| Mailing Date Step 1 | : 23-JUN-22 12.00.00.000 AM |
| Mailing Date Step 2 | : |
| Judgment Date Step 3 | : |
| Filing Date Step 1 | : 23-JUN-22 07.07.17.000 PM |
| Filing Date Step 1 Orig | : 23-JUN-22 07.04.46.000 PM |
| Filing Date Step 2 | : |
| Filing Date Step 3 | : |
| Owner Occupd at Jdgmnt | : |
| Property Type | : 1 to 4 Family Home |
| Property Address | : 17 Grant Street, , Middletown, Orange, NY, 10940, |
| | |
| Date of Original Loan | : 08-AUG-05 12.00.00.000 AM |
| Amt of Original Loan | : 122500 |
| Loan Number Step 1 | : ▮▮▮▮ |
| Loan Number Step 2 | : |
| Loan Reset Frequency | : |
| Loan Type | : 1st Lien |
| Type of Reverse Mortgage | : Not Applicable |
| HUD Approval Status | : Not Applicable |
| Loan Details | : Fixed Rate |
| Loan Term | : 30 Year |
| Loan Modification | : No |
| Days Delinquent | : Other |
| Borrower's Name | : Carmine  Amelio |
| Address | : 32 Main Street,  New Milford, CT 06776 |
| | |
| Borrower's Phone No | : 0000000000 |
| Filing Status | : Step 1 Completed |

Sincerely,
New York State Department of Financial Services

INDEX NO. EF007269-2022
RECEIVED NYSCEF: 12/19/2022

# EXHIBIT F

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

## CERTIFIED TRACKING: 7022 0410 0001 9117 1514

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

Alfonso Amelio
32 Main St
New Milford, CT 06776

### NOTICE OF ATTEMPT TO COLLECT DEBT

RE: ███████████████

Property Address:    17 GRANT STREET, MIDDLETOWN, NY 10940

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Alfonso Amelio;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt. This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments. The amount required to cure your default as of the date of this letter is the sum of payments that have come due on on and after the date of default, May 1, 2015, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$85,510.28**. The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 90 days from the date of this letter, which is September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period. This amount includes amounts which will become due after the date of this notice, but before 90 days from the date of this letter. As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted. SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument. If you do not pay the full amount of $85,510.28 plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period on or before September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest. U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property. Additional attorney's fees and costs, as provided for in the Security Instrument, that may be

**SERVICING CORPORATION**
SN
323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the Debt owed is the sum of the unpaid principal balance, which is $122,288.61, plus accrued but unpaid interest, late charges, advances and costs.

You may, if required by law or your loan documents, have the right to cure your default after the acceleration of your payments and prior to the foreclosure sale of your property by paying all amounts past due within the time permitted by law.  However, you will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.  Further, you may have the right to assert in the foreclosure proceeding the non-existence of a default or any other defense you may have to acceleration and foreclosure.

### IMPORTANT INFORMATION REGARDING YOUR DEBT

SN Servicing is attempting to collect a debt that you owe to U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of $122,288.61 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**

2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust.**

3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**

4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**

5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU ANY LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Dani Coe at (800) 603-0836.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation**
**323 Fifth Street**
**Eureka, CA  95501**

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 128 of 319

**SERVICING CORPORATION**
323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Very truly yours,


SN Servicing Corporation


For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110, Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

Alfonso Amelio
32 Main St
New Milford, CT 06776

## NOTICE OF ATTEMPT TO COLLECT DEBT

RE: ██████████████

Property Address:    17 GRANT STREET, MIDDLETOWN, NY 10940

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Alfonso Amelio;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt. This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments. The amount required to cure your default as of the date of this letter is the sum of payments that have come due on and after the date of default, May 1, 2015, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$85,510.28.** The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 90 days from the date of this letter, which is September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period. This amount includes amounts which will become due after the date of this notice, but before 90 days from the date of this letter. As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted. SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument. If you do not pay the full amount of $85,510.28 plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period on or before September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest. U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property. Additional attorney's fees and costs, as provided for in the Security Instrument, that may be

**SERVICING CORPORATION**

323 5ᵗʰ Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the Debt owed is the sum of the unpaid principal balance, which is $122,288.61, plus accrued but unpaid interest, late charges, advances and costs.

You may, if required by law or your loan documents, have the right to cure your default after the acceleration of your payments and prior to the foreclosure sale of your property by paying all amounts past due within the time permitted by law.  However, you will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.  Further, you may have the right to assert in the foreclosure proceeding the non-existence of a default or any other defense you may have to acceleration and foreclosure.

<u>**IMPORTANT INFORMATION REGARDING YOUR DEBT**</u>

SN Servicing is attempting to collect a debt that you owe to U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of <u>$122,288.61</u> plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**

2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust.**

3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**

4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**

5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU <u>ANY</u> LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Dani Coe at (800) 603-0836.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation
323 Fifth Street
Eureka, CA  95501**

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Very truly yours,

SN Servicing Corporation

For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110, Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.

**SN SERVICING CORPORATION**
323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

CERTIFIED TRACKING: 7022 0410 0001 9117 1538

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

Alfonso Amelio
17 Grant Street
Middletown, NY 10940

**NOTICE OF ATTEMPT TO COLLECT DEBT**

RE:    ████████████

Property Address:    17 GRANT STREET, MIDDLETOWN, NY 10940

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT.  ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Alfonso Amelio;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt.  This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments.  The amount required to cure your default as of the date of this letter is the sum of payments that have come due on on and after the date of default, May 1, 2015, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$85,510.28**.  The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 90 days from the date of this letter, which is September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period. This amount includes amounts which will become due after the date of this notice, but before 90 days from the date of this letter. As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted. SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise.  SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument.  If you do not pay the full amount of $85,510.28 plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period on or before September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest.  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property.  Additional attorney's fees and costs, as provided for in the Security Instrument, that may be

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the Debt owed is the sum of the unpaid principal balance, which is $122,288.61, plus accrued but unpaid interest, late charges, advances and costs.

You may, if required by law or your loan documents, have the right to cure your default after the acceleration of your payments and prior to the foreclosure sale of your property by paying all amounts past due within the time permitted by law.  However, you will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.  Further, you may have the right to assert in the foreclosure proceeding the non-existence of a default or any other defense you may have to acceleration and foreclosure.

### IMPORTANT INFORMATION REGARDING YOUR DEBT

SN Servicing is attempting to collect a debt that you owe to U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of $122,288.61 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**

2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust.**

3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**

4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**

5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU ANY LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Dani Coe at (800) 603-0836.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation
323 Fifth Street
Eureka, CA  95501**

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 134 of 319

**SERVICING CORPORATION**
323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Very truly yours,


SN Servicing Corporation


For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110, Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.

**SN SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

Alfonso Amelio
17 Grant Street
Middletown, NY 10940

**NOTICE OF ATTEMPT TO COLLECT DEBT**

RE: ███████████████

Property Address:     17 GRANT STREET, MIDDLETOWN, NY 10940

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT.  ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Alfonso Amelio;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt.  This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments.  The amount required to cure your default as of the date of this letter is the sum of payments that have come due on on and after the date of default, May 1, 2015, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$85,510.28**.  The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 90 days from the date of this letter, which is September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period. This amount includes amounts which will become due after the date of this notice, but before 90 days from the date of this letter. As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted.  SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise.  SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument.  If you do not pay the full amount of $85,510.28 plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period on or before September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest.  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property.  Additional attorney's fees and costs, as provided for in the Security Instrument, that may be

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 136 of 319

**SERVICING CORPORATION**

323 5ᵗʰ Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the Debt owed is the sum of the unpaid principal balance, which is $122,288.61, plus accrued but unpaid interest, late charges, advances and costs.

You may, if required by law or your loan documents, have the right to cure your default after the acceleration of your payments and prior to the foreclosure sale of your property by paying all amounts past due within the time permitted by law.  However, you will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.  Further, you may have the right to assert in the foreclosure proceeding the non-existence of a default or any other defense you may have to acceleration and foreclosure.

<u>**IMPORTANT INFORMATION REGARDING YOUR DEBT**</u>

SN Servicing is attempting to collect a debt that you owe to U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of <u>$122,288.61</u> plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**

2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust.**

3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**

4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**

5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU <u>ANY</u> LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Dani Coe at (800) 603-0836.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation**
**323 Fifth Street**
**Eureka, CA  95501**

**SERVICING CORPORATION**
323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Very truly yours,

SN Servicing Corporation

For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110, Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.

**SN SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

CERTIFIED TRACKING: 7022 0410 0001 9117 1545

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

Carmine Amelio
32 Main St
New Milford, CT 06776

**NOTICE OF ATTEMPT TO COLLECT DEBT**

RE: ███████████████

Property Address:     17 GRANT STREET, MIDDLETOWN, NY 10940

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT.  ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Carmine Amelio;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt.   This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments.  The amount required to cure your default as of the date of this letter is the sum of payments that have come due on on and after the date of default, May 1, 2015, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$85,510.28**.  The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 90 days from the date of this letter, which is September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period. This amount includes amounts which will become due after the date of this notice, but before 90 days from the date of this letter. As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted.  SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise.  SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument.  If you do not pay the full amount of $85,510.28 plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period on or before September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest.  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property.  Additional attorney's fees and costs, as provided for in the Security Instrument, that may be

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 139 of 319

**SN SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the Debt owed is the sum of the unpaid principal balance, which is $122,288.61, plus accrued but unpaid interest, late charges, advances and costs.

You may, if required by law or your loan documents, have the right to cure your default after the acceleration of your payments and prior to the foreclosure sale of your property by paying all amounts past due within the time permitted by law.  However, you will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.  Further, you may have the right to assert in the foreclosure proceeding the non-existence of a default or any other defense you may have to acceleration and foreclosure.

## IMPORTANT INFORMATION REGARDING YOUR DEBT

SN Servicing is attempting to collect a debt that you owe to U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of $122,288.61 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**

2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust.**

3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**

4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**

5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU ANY LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Dani Coe at (800) 603-0836.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation
323 Fifth Street
Eureka, CA  95501**

SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Very truly yours,

SN Servicing Corporation

For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110, Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

Carmine Amelio
32 Main St
New Milford, CT 06776

**NOTICE OF ATTEMPT TO COLLECT DEBT**

RE: ████████████████

Property Address:    17 GRANT STREET, MIDDLETOWN, NY 10940

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT.  ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Carmine Amelio;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt.  This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments.  The amount required to cure your default as of the date of this letter is the sum of payments that have come due on on and after the date of default, May 1, 2015, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$85,510.28**.  The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 90 days from the date of this letter, which is September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period. This amount includes amounts which will become due after the date of this notice, but before 90 days from the date of this letter. As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted.  SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise.  SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument.  If you do not pay the full amount of $85,510.28 plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period on or before September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest.  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property.  Additional attorney's fees and costs, as provided for in the Security Instrument, that may be

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

incurred will be your responsibility should you choose to cure the default. As of the date of this letter, the total amount of the Debt owed is the sum of the unpaid principal balance, which is $122,288.61, plus accrued but unpaid interest, late charges, advances and costs.

You may, if required by law or your loan documents, have the right to cure your default after the acceleration of your payments and prior to the foreclosure sale of your property by paying all amounts past due within the time permitted by law. However, you will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law. Further, you may have the right to assert in the foreclosure proceeding the non-existence of a default or any other defense you may have to acceleration and foreclosure.

## IMPORTANT INFORMATION REGARDING YOUR DEBT

SN Servicing is attempting to collect a debt that you owe to U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt: Remaining principal balance of $122,288.61 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**

2) **Name of the creditor to whom the debt is owed: U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust.**

3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**

4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**

5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right. NO PERSON IN THIS OFFICE WILL GIVE YOU ANY LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so. If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing. If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Dani Coe at (800) 603-0836.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation**
**323 Fifth Street**
**Eureka, CA 95501**

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Very truly yours,


SN Servicing Corporation


For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110, Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.

**SN SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

CERTIFIED TRACKING: 7022 0410 0001 9117 1651

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

Carmine Amelio
17 Grant Street
Middletown, NY 10940

**NOTICE OF ATTEMPT TO COLLECT DEBT**

RE:     ███████████

Property Address:     17 GRANT STREET, MIDDLETOWN, NY 10940

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Carmine Amelio;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt. This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments. The amount required to cure your default as of the date of this letter is the sum of payments that have come due on on and after the date of default, May 1, 2015, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$85,510.28**. The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 90 days from the date of this letter, which is September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period. This amount includes amounts which will become due after the date of this notice, but before 90 days from the date of this letter. As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted. SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument. If you do not pay the full amount of $85,510.28 plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period on or before September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest. U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property. Additional attorney's fees and costs, as provided for in the Security Instrument, that may be

SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the Debt owed is the sum of the unpaid principal balance, which is $122,288.61, plus accrued but unpaid interest, late charges, advances and costs.

You may, if required by law or your loan documents, have the right to cure your default after the acceleration of your payments and prior to the foreclosure sale of your property by paying all amounts past due within the time permitted by law.  However, you will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.  Further, you may have the right to assert in the foreclosure proceeding the non-existence of a default or any other defense you may have to acceleration and foreclosure.

### IMPORTANT INFORMATION REGARDING YOUR DEBT

SN Servicing is attempting to collect a debt that you owe to U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of $122,288.61 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**

2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust.**

3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**

4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**

5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU ANY LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Dani Coe at (800) 603-0836.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation
323 Fifth Street
Eureka, CA  95501**

FILED: ORANGE COUNTY CLERK 12/19/2022 04:53 PM

NYSCEF DOC. NO.

INDEX NO. EF007269-2022

RECEIVED NYSCEF: 12/19/2022

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Very truly yours,


SN Servicing Corporation


For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110, Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.

**SN** SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

Carmine Amelio
17 Grant Street
Middletown, NY 10940

**NOTICE OF ATTEMPT TO COLLECT DEBT**

RE:     ███████████

Property Address:     17 GRANT STREET, MIDDLETOWN, NY 10940

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SN SERVICING CORPORATION, ITS**
**EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY**
**INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT**
**REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN**
**ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN**
**THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Carmine Amelio;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for
**U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust** of the above-referenced loan
(hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the
collection of the Debt. This office is relying on information provided by **U.S. Bank Trust National**
**Association, as Trustee of Tiki Series V Trust, and important data regarding that information is found**
**on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and
Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments. The
amount required to cure your default as of the date of this letter is the sum of payments that have come due
on and after the date of default, May 1, 2015, plus late charges, periodic adjustments to the payment
amount and costs, all of which total **$85,510.28**. The date of default is the date that you are due for under
the terms of the Note.

You may cure your default within 90 days from the date of this letter, which is September 21, 2022 (or if said
date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting
payment to SN Servicing for the above amount, plus all applicable penalties, late charges, and additional
fees and expenses which became due during this 90-day period. This amount includes amounts which will
become due after the date of this notice, but before 90 days from the date of this letter. As a result of the
default, any payment arrangements other than those stated in the Note and Security Instrument will no
longer be accepted. SN Servicing reserves the right to accept or reject a partial payment of the total amount
due without waiving any of its rights herein or otherwise. SN Servicing requires that all payments must be
made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and
Security Instrument. If you do not pay the full amount of $85,510.28 plus all applicable penalties, late
charges, and additional fees and expenses which became due during this 90-day period on or before
September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business
data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further
demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest. U.S.
Bank Trust National Association, as Trustee of Tiki Series V Trust may also invoke any and all remedies
provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the
property. Additional attorney's fees and costs, as provided for in the Security Instrument, that may be

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the Debt owed is the sum of the unpaid principal balance, which is $122,288.61, plus accrued but unpaid interest, late charges, advances and costs.

You may, if required by law or your loan documents, have the right to cure your default after the acceleration of your payments and prior to the foreclosure sale of your property by paying all amounts past due within the time permitted by law.  However, you will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.  Further, you may have the right to assert in the foreclosure proceeding the non-existence of a default or any other defense you may have to acceleration and foreclosure.

### IMPORTANT INFORMATION REGARDING YOUR DEBT

SN Servicing is attempting to collect a debt that you owe to U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of $122,288.61 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**

2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust.**

3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**

4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**

5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU ANY LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Dani Coe at (800) 603-0836.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation**
**323 Fifth Street**
**Eureka, CA  95501**

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 149 of 319

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Very truly yours,

SN Servicing Corporation

For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours: Colorado Manager, Inc, 8690 Wolff Court, Suite 110, Westminster, CO 80031, 303-920-4763 office, or 303-920-4767 fax.

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

CERTIFIED TRACKING: 7021 2720 0003 2377 4254

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

Paul Amelio
32 Main St
New Milford, CT 06776

### NOTICE OF ATTEMPT TO COLLECT DEBT

RE:          ███████████████

Property Address:      17 GRANT STREET, MIDDLETOWN, NY 10940

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT.  ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Paul Amelio;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt.  This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments.  The amount required to cure your default as of the date of this letter is the sum of payments that have come due on on and after the date of default, May 1, 2015, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$85,510.28**.  The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 90 days from the date of this letter, which is September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period. This amount includes amounts which will become due after the date of this notice, but before 90 days from the date of this letter. As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted. SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise.  SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument.  If you do not pay the full amount of $85,510.28 plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period on or before September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest.  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property.  Additional attorney's fees and costs, as provided for in the Security Instrument, that may be

SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the Debt owed is the sum of the unpaid principal balance, which is $122,288.61, plus accrued but unpaid interest, late charges, advances and costs.

You may, if required by law or your loan documents, have the right to cure your default after the acceleration of your payments and prior to the foreclosure sale of your property by paying all amounts past due within the time permitted by law.  However, you will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.  Further, you may have the right to assert in the foreclosure proceeding the non-existence of a default or any other defense you may have to acceleration and foreclosure.

### IMPORTANT INFORMATION REGARDING YOUR DEBT

SN Servicing is attempting to collect a debt that you owe to U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of $122,288.61 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**

2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust.**

3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**

4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**

5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU ANY LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Dani Coe at (800) 603-0836.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation
323 Fifth Street
Eureka, CA  95501**

**SN**
**SERVICING CORPORATION**
323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Very truly yours,


SN Servicing Corporation


For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110, Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.

**SN SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

Paul Amelio
32 Main St
New Milford, CT 06776

### NOTICE OF ATTEMPT TO COLLECT DEBT

RE: ▆▆▆▆▆▆▆▆

Property Address:    17 GRANT STREET, MIDDLETOWN, NY 10940

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Paul Amelio;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt. This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments. The amount required to cure your default as of the date of this letter is the sum of payments that have come due on on and after the date of default, May 1, 2015, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$85,510.28**. The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 90 days from the date of this letter, which is September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period. This amount includes amounts which will become due after the date of this notice, but before 90 days from the date of this letter. As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted. SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument. If you do not pay the full amount of $85,510.28 plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period on or before September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest. U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property. Additional attorney's fees and costs, as provided for in the Security Instrument, that may be

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the Debt owed is the sum of the unpaid principal balance, which is $122,288.61, plus accrued but unpaid interest, late charges, advances and costs.

You may, if required by law or your loan documents, have the right to cure your default after the acceleration of your payments and prior to the foreclosure sale of your property by paying all amounts past due within the time permitted by law.  However, you will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.  Further, you may have the right to assert in the foreclosure proceeding the non-existence of a default or any other defense you may have to acceleration and foreclosure.

## IMPORTANT INFORMATION REGARDING YOUR DEBT

SN Servicing is attempting to collect a debt that you owe to U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of $122,288.61 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**

2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust.**

3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**

4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**

5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU ANY LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Dani Coe at (800) 603-0836.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation
323 Fifth Street
Eureka, CA  95501**

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Very truly yours,

SN Servicing Corporation

For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110, Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

CERTIFIED TRACKING: 7021 2720 0003 2377 4230

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

Paul Amelio
17 Grant Street
Middletown, NY 10940

**NOTICE OF ATTEMPT TO COLLECT DEBT**

RE: ███████████

Property Address:     17 GRANT STREET, MIDDLETOWN, NY 10940

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT.  ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Paul Amelio;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt.  This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments.  The amount required to cure your default as of the date of this letter is the sum of payments that have come due on and after the date of default, May 1, 2015, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$85,510.28**.  The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 90 days from the date of this letter, which is September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period. This amount includes amounts which will become due after the date of this notice, but before 90 days from the date of this letter. As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted.  SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise.  SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument.  If you do not pay the full amount of $85,510.28 plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period on or before September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest.  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property.  Additional attorney's fees and costs, as provided for in the Security Instrument, that may be

SN SERVICING CORPORATION
323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the Debt owed is the sum of the unpaid principal balance, which is $122,288.61, plus accrued but unpaid interest, late charges, advances and costs.

You may, if required by law or your loan documents, have the right to cure your default after the acceleration of your payments and prior to the foreclosure sale of your property by paying all amounts past due within the time permitted by law.  However, you will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.  Further, you may have the right to assert in the foreclosure proceeding the non-existence of a default or any other defense you may have to acceleration and foreclosure.

## IMPORTANT INFORMATION REGARDING YOUR DEBT

SN Servicing is attempting to collect a debt that you owe to U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of $122,288.61 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**

2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust.**

3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**

4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**

5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU ANY LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Dani Coe at (800) 603-0836.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation**
**323 Fifth Street**
**Eureka, CA  95501**

**SERVICING CORPORATION**
323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Very truly yours,


SN Servicing Corporation


For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110, Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.

**SN** SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

June 23, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**FIRST CLASS MAIL**

Paul Amelio
17 Grant Street
Middletown, NY 10940

### NOTICE OF ATTEMPT TO COLLECT DEBT

RE: ███████████

Property Address:    17 GRANT STREET, MIDDLETOWN, NY 10940

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Paul Amelio;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt. This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments. The amount required to cure your default as of the date of this letter is the sum of payments that have come due on on and after the date of default, May 1, 2015, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$85,510.28**. The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 90 days from the date of this letter, which is September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period. This amount includes amounts which will become due after the date of this notice, but before 90 days from the date of this letter. As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted. SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument. If you do not pay the full amount of $85,510.28 plus all applicable penalties, late charges, and additional fees and expenses which became due during this 90-day period on or before September 21, 2022 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest. U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property. Additional attorney's fees and costs, as provided for in the Security Instrument, that may be

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the Debt owed is the sum of the unpaid principal balance, which is $122,288.61, plus accrued but unpaid interest, late charges, advances and costs.

You may, if required by law or your loan documents, have the right to cure your default after the acceleration of your payments and prior to the foreclosure sale of your property by paying all amounts past due within the time permitted by law.  However, you will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.  Further, you may have the right to assert in the foreclosure proceeding the non-existence of a default or any other defense you may have to acceleration and foreclosure.

### IMPORTANT INFORMATION REGARDING YOUR DEBT

SN Servicing is attempting to collect a debt that you owe to U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of $122,288.61 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**

2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust.**

3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**

4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**

5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU ANY LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Dani Coe at (800) 603-0836.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation
323 Fifth Street
Eureka, CA  95501**

Case 1:24-cv-05615-CS   Document 1   Filed 07/22/24   Page 161 of 319

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Very truly yours,

SN Servicing Corporation

For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110, Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-----------------------------------------------------------------X

U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF IGLOO SERIES V TRUST,

Index No.

**NOTICE OF PENDENCY**

Plaintiff

-against-

**Mortgaged Premises**:
17 Grant Street
Middletown, NY 10940

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; "JOHN DOE" AND "JANE DOE" said names
being fictitious, it being the intention of Plaintiff to
designate any and all occupants of premises being
foreclosed herein,

**Section**: 36
**Block**: 15
**Lot**: 18

Defendants

**Mortgage Servicer**: SN
Servicing Corporation
**Mortgage Servicer Phone #**:
(800) 603-0836

-----------------------------------------------------------------X

**NOTICE IS HEREBY GIVEN**, that an action was commenced upon the Complaint of the
above Plaintiff against the above-named defendants and is now pending in the Supreme Court of the
State of New York, Orange, for the foreclosure of a mortgage executed on August 8, 2005 by Alfonso
Amelio and Carmine Amelio and Paul Amelio in favor of Mortgage Electronic Registration Systems,
Inc., as nominee for First Horizon Home Loan Mortgage Corporation. Said mortgage was recorded in
the County Clerk's Office of Orange, on October 4, 2005 in Book 11958, on Page 0955, File Number
20050104704.

Thereafter, the Mortgage was assigned as provided for below:

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loan
corporation
**Assignee**: The Bank of New York Mellon FKA The Bank of New York, as Trustee for the holders of
the Certificates, First Horizon Mortgage Pass-Through Certificates series FHAMS 2005-AA9, by First
Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its
capacity as agent for the Trustee under the Pooling and Servicing Agreement
**Dated**: June 13, 2012
**Recorded**: December 3, 2012
**Liber Book**: 13457 **Page**: 75 **File No.**: 20120110971

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: The Bank of New York Mellon FKA The Bank of New York, as Trustee for the holders of
the Certificates, First Horizon Mortgage Pass-Through Certificates series FHAMS 2005-AA9, by First
Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its
capacity as agent for the Trustee under the Pooling and Servicing Agreement

Firm File No. 220710-4

**Assignee**: Strategic Realty Fund, LLC
**Dated**: August 14, 2015
**Recorded**: August 24, 2015
**Liber Book**: 13936 **Page**: 743 **Instrument No.**: 20150054730

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: Strategic Realty Fund, LLC
**Assignee**: Real Estate Growth Fund, LLC
**Dated**: June 26, 2020
**Recorded**: July 15, 2020
**Liber Book**: 14772 **Page**: 289 **Instrument No.**: 20200036390

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: Real Estate Growth Fund, LLC
**Assignee**: U.S. Bank Trust National Association, as trustee of the Igloo Series V Trust
**Dated**: March 29, 2022
**Recorded**: April 27, 2022
**Liber Book**: 15215 **Page**: 1707 **Instrument No.**: 20220031628

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: US Bank Trust National Association, as Trustee of the Igloo Series V Trust
**Assignee**: US Bank Trust National Association, as Trustee of the Tiki Series V Trust
**Dated**: June 1, 2022
**Recorded**: June 14, 2022
**Liber Book**: 15253 **Page**: 815 **Instrument No.**: 20220044431

**NOTICE IS HEREBY GIVEN**, that the mortgaged premises described in the mortgage affected by the foreclosure action was, at the time of the commencement of this action and at the time of the filing of this Notice, situated in the County of Orange, State of New York, and is described in "Schedule A" attached hereto and made a part hereof.

The Clerk of the County of Orange is directed to index this Notice against the names of the Defendant(s).

Dated: December 19, 2022
New York, New York

/s/ Juliana Thibaut
Juliana Thibaut, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100

Firm File No. 220710-4

## SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

**Section 36 Block 15 and Lot 18**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Middletown, County of Orange, State of New York, known, designated and numbered No. 1 Grant Street, Middletown, New York, bounded and described as follows:

BEGINNING on the Northeast side of Grant Street at the Westerly corner of Lot conveyed in April, 1885 to Charles C. Poss;

RUNNING THENCE North 40 1/2 degrees 00 minutes 00 seconds East, 84.00 feet to the North corner of said Poss's Lot;

THENCE North 60 1/4 degrees 00 minutes 00 seconds West, 51.00 feet to a point in about the middle of the small brook;

THENCE South 40 1/2 degrees 00 minutes 00 seconds West, 74.00 feet to the said Northeast line of Grant Street;

THENCE South 49 1/2 degrees 00 minutes 00 seconds East, 50.00 feet to the place of BEGINNING, containing, more or less, as surveyed by Charles J. Everson, Surveyor, March 31, 1885.

**Premises known as 17 Grant Street, Middletown, New York 10940**

Firm File No. 220710-4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
--------------------------------------------------------------------X
U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF IGLOO SERIES V TRUST,

                                            Plaintiff

               -against-

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; "JOHN DOE" AND "JANE DOE" said names
being fictitious, it being the intention of Plaintiff to
designate any and all occupants of premises being
foreclosed herein,

                                    Defendants
--------------------------------------------------------------------X

Index No.

**CERTIFICATE OF MERIT
PURSUANT TO CPLR 3012-B**

**Mortgaged Premises**:
17 Grant Street
Middletown, NY 10940

**Section**: 36
**Block**: 15
**Lot**: 18

1.    I am an attorney at law duly licensed in the State of New York, and am affiliated with the law firm of **FRIEDMAN VARTOLO LLP** attorneys for Plaintiff, U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust (hereinafter "Plaintiff") in this action.

2.    This residential foreclosure action involves a home loan, as such term is defined in Real Property Actions and Proceedings Law §1304. Upon information and belief, defendants, Alfonso Amelio, Carmine Amelio, and Paul Amelio, (hereinafter "Defendants"), are residents of the property subject to foreclosure.

3.    I have reviewed the facts of this case and reviewed pertinent documents, including the mortgage, security agreement and note or bond underlying the mortgage executed by Defendants, all instruments of assignment (if any) and all other instruments of indebtedness including any modification, extension, and consolidation.

4.    I have consulted about the facts of this case with the following representatives of Plaintiff:

**Name**: Dani Cole
**Title**: Asset Manager of SN Servicing Corporation, as servicer for Plaintiff, U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust

Firm File No. 220710-4

5.      Upon this review and consultation, to the best of my knowledge, information, and belief, I certify that there is reasonable basis for the commencement of this action, and that Plaintiff is the creditor entitled to enforced rights under these documents.

6.      Listed in Exhibit A and attached hereto are copies of the following documents not otherwise included as attachments to the summons and complaint: the mortgage, security agreement and note or bond underlying the mortgage executed by the defendant; all instruments of assignments (if any); and any other instruments of indebtedness, including any modification, extension, and consolidation. (Check box if no documents are attached in Exhibit A: [X]).

7.      Listed in Exhibit B and attached hereto are supplemental affidavits attesting that certain documents as described in Paragraph 6 supra are lost, whether by destruction, theft, or otherwise. (Check box if no documents are attached in Exhibit B: [X]).

8.      I am aware of my obligations under New York Rules of Professional Conduct (22 NYCRR Part 1200) and 22 NYCRR Part 130.

Dated: December 19, 2022
New York, New York

                                    /s/ Juliana Thibaut _____
                                    Juliana Thibaut, Esq.
                                    FRIEDMAN VARTOLO LLP
                                    Attorneys for Plaintiff
                                    1325 Franklin Avenue, Suite 160
                                    Garden City, New York 11530
                                    T: (212) 471-5100

Firm File No. 220710-4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------------X
U.S. BANK TRUST NATIONAL ASSOCIATION, AS            Index No.
TRUSTEE OF IGLOO SERIES V TRUST,

                                          Plaintiff

            -against-

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; "JOHN DOE" AND "JANE DOE" said names
being fictitious, it being the intention of Plaintiff to
designate any and all occupants of premises being
foreclosed herein,

                                     Defendants
-------------------------------------------------------------------X

### NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
### SUPREME COURT CASES

      PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) defendant(s)/respondent(s) in the case

captioned above intends that this matter proceed as an electronically-filed case in the New York State

Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in

Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic

means cannot be made by a party nor can electronic service be made upon a party unless that party has

consented to use of the System for the case in question. Each party served with this Notice must

promptly file with the court and serve on all other parties either a consent or a declination of consent to

electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

      Electronic filing offers significant benefits for attorneys and litigants, permitting documents to

be filed with the County Clerk and the court and served, between or among consenting parties, by

posting the documents on the NYSCEF Website, which can be done at any time of the day or night on

any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or

consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal

filing fees must be paid, but this can be done by credit or bank card on-line. For additional procedures

and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by

the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

Firm File No. 220710-4

INDEX NO. EF007269-2022

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 168 of 319
RECEIVED NYSCEF: 12/19/2022

## Instructions

1.      Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2.      Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3.      Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** create a NYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create a NYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4.      For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: December 19, 2022
New York, New York

/s/ Juliana Thibaut_____
Juliana Thibaut, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100

Firm File No. 220710-4

## NOTICE TO DEFENDANT

DURING THE CORONAVIRUS EMERGENCY, YOU MIGHT BE ENTITLED BY LAW TO TAKE ADDITIONAL DAYS OR WEEKS TO FILE AN ANSWER TO THIS COMPLAINT.

PLEASE CONTACT YOUR ATTORNEY FOR MORE INFORMATION.

IF YOU DON'T HAVE AN ATTORNEY,

PLEASE VISIT

http://ww2.nycourts.gov/admin/OPP/foreclosures.shtml

OR

https://www.nycourts.gov/courthelp/Homes/foreclosures.shtml

AVISO A DEMANDADO

DURANTE LA EMERGENCIA DEL CORONAVIRUS,
ES POSIBLE QUE USTED TENGA DERECHO POR LEY
A TOMAR DÍAS O SEMANAS ADICIONALES
PARA PRESENTAR UNA RESPUESTA
A ESTA PETICIÓN

POR FAVOR CONTACTE A SU ABOGADO PARA MAS
INFORMACIÓN.

SI USTED NO TIENE UN ABOGADO,
VISITE
http://ww2.nycourts.gov/admin/OPP/foreclosures.shtml
O
https://www.nycourts.gov/courthelp/Homes/foreclosures.shtml

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

457728 -ACS

| | |
|---|---|
| **Plaintiff / Petitioner:** | **AFFIDAVIT OF SERVICE** |
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF IGLOO SERIES V TRUST | **Index No:** |
| **Defendant / Respondent:** | EF007269-2022 |
| ALFONSO AMELIO, ET AL | Date Filed: December 19, 2022 |

State of New York County of Dutchess ss.:

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides in New York State. That on Wed, Dec 28, 2022, AT 02:02 PM AT 17 GRANT STREET, MIDDLETOWN, NY 10940 deponent served the within NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING SUPREME COURT CASES, SUMMONS AND NOTICE, VERIFIED COMPLAINT, CERTIFICATE OF MERIT PURSUANT TO CPRL 3012-B bearing index #EF007269-2022 and filed December 19, 2022, on ROBERTA PERRY S/H/A JANE DOE #1

[X] **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

[ ] **Corporation/Agency:**   a defendant, therein named, by delivering a true copy of each to _____ personally, deponent knew said corporation/agency so served to be the corporation/agency described, and knew said individual to be thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion. That person was also asked by deponent whether said premises was the defendant's residence/place of business and the reply was affirmative.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at _____

[ ] **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at aforementioned address to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department. Mailed on _____

[X] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 50-58          Skin Color: Black          Gender: Female          Weight: 160-190
Height: 5'5-5'8          Hair: Black          Eyes: _____          Relationship: _____
Other _____

Sworn to before me on          12/30/2022

_____
Roberto Cedeno

Notary Public

ACCU-SERVE, LTD
P.O. Box 937
WESTBURY, NY 11590

DENIEL A RODRIGUEZ
Notary Public, State of New York
No. 01RO6316495
Qualified in Dutchess County
Commission Expires Dec. 16, 20__



*457728*

## AFFIDAVIT OF DELIVERY

### SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF ORANGE

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF IGLOO SERIES V TRUST,<br><br>Plaintiff(s)<br><br>VS<br><br>ALFONSO AMELIO, ET AL.<br><br>Defendant(s) | AFFIDAVIT OF DELIVERY OF 1303 RPAPL § 1303 NOTICE ON TENANT<br><br>INDEX NO: EF007269-2022<br><br>PURCHASE DATE: 12/19/2022 |

**STATE OF NEW YORK       COUNTY OF NASSAU      ) SS.:**

I, **Melissa Orellana** , being duly sworn, deposes and says that he/she is over 18 years of age and not a party to this action; that on 12/30/2022 , deponent mailed to 17 GRANT STREET, MIDDLETOWN, NY 10940 , pursuant to RPAPL § 1303, which Notice as delivered by mail, was printed on PINK paper, the title of the Notice appeared to be in bold 20 point type, and the text appeared to be in bold, 14-point type, on ROBERTA PERRY AS JANE DOE #1 Defendant/Tenant named herein, in the following manner:

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED. RECEIPT #: 9214 8901 9403 8399 8699 76**

As the premises has less than five units and the identity of the Tenant is known, delivery of said Notice was made pursuant to RPAPL § 1303 by depositing, in an official depository under the exclusive care and custody of United States Post Office in the State of New York on the 12/30/2022, a true copy of said Notice in a postpaid, properly addressed envelope, by certified mail, return receipt requested, 9214 8901 9403 8399 8699 76 as well as by first-class mail, address to the above-named ROBERTA PERRY AS JANE DOE #1 residing at the property listed above.

_____
Melissa Orellana

Subscribed and sworn to before me on 12/30/2022

Gina M. Gallo
Notary Public, State of New York
Comm. Exp. Dec. 12, 2024
Qualified in Nassau County
01GA6351677

Accu-Serve Process Service Ltd. License # 0994591, PO Box 937 Westbury, NY 11590 - Tel: 516.565.2228 - Fax: 516.977.4261.
FRIEDMAN VARTOLO LLP - 85 BROAD STREET SUITE 501 NEW YORK. NY 10004 212-471-5100

1 of 1



*457728*

# Affidavit of Service by Mail
## PURSUANT TO CPLR 3215

### SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF ORANGE

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF IGLOO SERIES V TRUST, <br><br> -against- <br><br> ALFONSO AMELIO, ET AL. | Att File: <br> Internal Id: 457728 <br> Index: EF007269-2022 <br> S & C Filed: 12/19/2022 |

STATE OF NEW YORK COUNTY OF NASSAU          ss.:

**Melissa Orellana** being duly sworn, deposes and says deponent is not a party to this action and Is over the age of eighteen years and resides in the State of New York.

That on **12/30/2022** Deponent mailed a copy of the **SUMMONS** in this action pursuant to CPLR 3215 (g)(3)(i), on those defendants listed below by first class mail in an envelope bearing the legend "personal and confidential" and not indicating on the outside of the envelope that the communication is from an attorney or concerns an alleged debt.

Defendant(s):          ROBERTA PERRY AS JANE DOE #1
                       17 GRANT STREET, MIDDLETOWN, NY 10940

Said mailing(s) was made to the Defendant(s) place of residence if known. If unknown, the mailing was made to the Defendant(s) at his/her last known residence.

The foregoing statements are true, under penalty of perjury.

Sworn to before me on 12/30/2022

Gina M. Gallo
Notary Public, State of New York
Comm. Exp. Dec. 12, 2024
Qualified in Nassau County
01GA6351677

Melissa Orellana

Accu-Serve Process Service Ltd. License # 0994591, PO Box 937 Westbury, NY 11590 - Tel: 516.565.2228 - Fax: 516.977.4261
FRIEDMAN VARTOLO LLP, 85 BROAD STREET SUITE 501, NEW YORK, NY 10004

1 of 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**
-----------------------------------------------------------------X

REAL ESTATE GROWTH FUND, LLC

      Plaintiff,

-against-

ALFONSO AMELIO AKA ALPHONSO
AMELIO; CARMINE AMELIO AKA CARMINE
PAUL AMELIO; PAUL AMELIO; RALPH J.
PELOSI, III; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF CARMINE P.
AMELIO; JOHN DOE #1 THROUGH "JOHN
DOE #10," said names being fictitious and
unknown to plaintiff, intended to be possible
tenants or occupants of the premises, or
corporations, persons, or other entities having or
claiming a lien upon the mortgaged premises,

      Defendants.

-----------------------------------------------------------------X

**Index No:** EF007269-2022

**NOTICE OF MOTION TO**
**DISMISS PURSUANT TO CPLR**
**§§ 3211(a)(5)**

      **PLEASE TAKE NOTICE THAT** upon affirmations of Alfonso Amelio, Carmine

Amelio, and Paul Amelio, ("Amelios") dated January 30, 2022 as Defendants in this matter

appearing pro se, will move this Court, Supreme Court, Orange County, 285 Main Street,

Goshen, NY 10924 on the 22nd day of February 2023, at 9:15 AM, or soon thereafter can

be heard, before before Honorable Maria S. Vazquez-Doles, for an Order dismissing the

above captioned matter with prejudice pursuant to CPLR 3211(a)(5).

      **PLEASE TAKE FURTHER NOTICE**, that that Amelios motion to dismiss

challenges the jurisdiction of the Court to hear this matter. With the

Court's jurisdiction being challenged, no other matter can be heard until the Amelio's

motion to dismiss has been heard and decided.  If the motion is denied, the Amelios

1

have the right to formally respond to the Petition within 10 business days of the filing

of the Order denying the motion to dismiss.

   **PLEASE TAKE FURTHER NOTICE**, that Amelios reserve the right to

supplement his papers with further arguments, evidence and affidavits.

   **PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR § 2214(b)

answering papers, if any, are required to be served upon the undersigned at least seven (7)

days before the return date of this motion.


TO:

Henry P. DiStefano, Esq.
Juliana Thibaut, Esq.
Andrew Buonincontri, Esq
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100


Dated: January 30, 2023

*/s/ Alfonso Amelio*
Alfonso Amelio

*/s/ Carmine Amelio*
Carmine Amelio

*/s/ Paul Amelio*
Paul Amelio
32 Main Street
New Milford, CT 06776
Tel: (412) 612-6774
*"Defendants" (Pro Se)*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**

2

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 176 of 319

-------------------------------------------------------------------X

REAL ESTATE GROWTH FUND, LLC                Index No: EF000106-2021

     Plaintiff,

-against-                                   **AFFIRMATION OF CARMINE AMELIO, PAUL AMELIO AND ALFONSO AMELIO IN SUPPORT OF MOTION TO AMEND OR VACATE ORDER PURSUANT TO CPLR §§ 5015(a)(4) and/or DISMISS PURSUANT TO CPLR §§ 3211(a)(5)**

ALFONSO AMELIO AKA ALPHONSO AMELIO; CARMINE AMELIO AKA CARMINE PAUL AMELIO; PAUL AMELIO; RALPH J. PELOSI, III; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF CARMINE P. AMELIO; JOHN DOE #1 THROUGH "JOHN DOE #10," said names being fictitious and unknown to plaintiff, intended to be possible tenants or occupants of the premises, or corporations, persons, or other entities having or claiming a lien upon the mortgaged premises,

     Defendants.

-------------------------------------------------------------------X

We, Carmine Amelio, Alfonso Amelio and Paul Amelio ("Defendants"), appearing *pro se* herein submit this affirmation under penalty of perjury in support of dismissal of the above captioned matter, by stating as follows:

1. The Defendants are named a party to the above captioned matter as owner of 17 Grant Street, Middletown, NY 10940.

2. On January 30, 2023 defendants file motion amend vacate or dismiss regarding September 8, 2022, this Court entered an Order "ORDER DISCONTINUING ACTION AND CANCELING LIS PENDENS." See Exhit A. The Order erred by including the follow relief, which was not subject or argued made plaintiffs motion:

3. "ORDERED, that Plaintiff hereby deaccelerates the maturity of the loan and withdraws all prior demands for immediate payment of all sums secured by the Security Instrument; and it is further"

3

4.  It is well settled law that a mortgage cannot be decelerated after it has been accelerated and the requested relief was an unlawfully and intentionally inset when it was not included plaintiff's motion or argued. We believe that plaintiff and their counsel altered the proposed order with the intent to ambush us and denying our due process right to law to argue the same.

WHEREFORE, it is respectfully requested that the Court grant our Motion to amend or vacate the Order signed August 25, 2022 and entered on September 8, 2022 pursuant to CPLR 5015(a)(4) and/or dismiss the instant matter with prejudice pursuant to CPLR § 3211(a)(5), because the note and mortgage subject of this action were already time-barred as of August 20, 2015 and commencement of this action was prohibited by CPLR § 213(4).

Dated: January 30, 2023

*/s/ Alfonso Amelio*
Alfonso Amelio

*/s/ Carmine Amelio*
Carmine Amelio

*/s/ Paul Amelio*
Paul Amelio
32 Main Street
New Milford, CT 06776
Tel: (412) 612-6774
*"Defendants" (Pro Se*

**LEGAL ARGUMENT**

4

1. **Statute of Limitations**:  Plaintiff's attempt to enforce and foreclose upon the subject note and mortgage is barred by CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

2. **Fraud Upon the Court**: Plaintiff's alleged counsel have presented false statements and misrepresentations within the underlying complaint, and they are omitting material facts for the foregoing reasons set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); 6; 8; and 9 as though fully incorporated herein by reference.

3. **Time Barred**:  Defendant request that the mortgage be cancelled and discharged pursuant to NY Real Property Actions and Proceedings Law § 1501(4) because the subject note and mortgage is time barred by the statue of limitations pursuant to CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

WHEREFORE, it is respectfully requested that the Court grant Defendant's Motion to amend or vacate the Order signed August 25, 2022 and entered on September 8, 2022 pursuant to CPLR 5015(a)(4) and/or dismiss the instant matter with prejudice pursuant to CPLR § 3211(a)(5), because the note and mortgage subject of this action were already time-barred as of August 20, 2015 and commencement of this action was prohibited by CPLR § 213(4).

Dated: January 30, 2023

*/s/ Alfonso Amelio*
Alfonso Amelio

*/s/ Carmine Amelio*

5

Carmine Amelio

*/s/ Paul Amelio*
Paul Amelio
32 Main Street
New Milford, CT 06776
Tel: (412) 612-6774
*"Defendants" (Pro Se*

**SUPREME COURT OF THE STATE OF NEW YORK**

6

**COUNTY OF ORANGE**

-----------------------------------------------------------------X

REAL ESTATE GROWTH FUND, LLC                    **Index No: EF000106-2021**

      Plaintiff,

  -against-                                        **CERTIFICATE OF SERVICE**

ALFONSO AMELIO AKA ALPHONSO
AMELIO; CARMINE AMELIO AKA CARMINE
PAUL AMELIO; PAUL AMELIO; RALPH J.
PELOSI, III; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF CARMINE P.
AMELIO; JOHN DOE #1 THROUGH "JOHN
DOE #10," said names being fictitious and
unknown to plaintiff, intended to be possible
tenants or occupants of the premises, or
corporations, persons, or other entities having or
claiming a lien upon the mortgaged premises,

      Defendants.

-----------------------------------------------------------------X

I hereby certify that on, January 30, 2022, a copy of NOTICE OF MOTION TO AMEND
OR VACATE ORDER PURSUANT TO CPLR §§ 5015(a)(4) and/or DISMISS
PURSUANT TO CPLR §§ 3211(a)(5) was served electronically and/or regular United
States mail to all interested parties listed below:

Henry P. DiStefano, Esq.
Juliana Thibaut, Esq.
Andrew Buonincontri, Esq
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100


Dated: January 30, 2023


                                   */s/ Carmine Amelio*
                                   Carmine Amelio

## SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF ORANGE

U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF IGLOO SERIES V TRUST,,

Plaintiff(s),

vs.

ALFONSO AMELIO, ET AL.,

Defendant(s).

Index No.: EF007269-2022
Filing Date: 12/19/2022

**AFFIDAVIT OF SERVICE**

*459035*

STATE OF

County of _Hartford_                    ss:

_Theresa Barnes_, the undersigned being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the state of _CT_.

On _1/26/2023_ at _7:50_ (AM) PM, I served the within NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING SUPREME COURT CASES, SUMMONS AND NOTICE, VERIFIED COMPLAINT, CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-B, NOTICE OF PENDENCY, NOTICES TO DEFENDANT (IN ENGLISH AND SPANISH) PURSUANT TO ADMINISTRATIVE ORDER 131/20, BEARING INDEX NUMBER AND DATE ENDORSED THEREON on ALFONSO AMELIO at 32 MAIN STREET, NEW MILFORD, CT 06776 , in the manner indicated below:

☐ **PERSONAL SERVICE:** By delivering thereat a true copy of the aforementioned documents to said recipient personally; deponent knew the person so served to be the person described herein by deponent asking if he or she is the named Recipient and the person responding that he or she is in fact the person named in this action as the Recipient.

☐ **SUITABLE AGE SERVICE:** By delivering thereat a true copy of the aforementioned documents to a person of suitable age and discretion at the above address which is ALFONSO AMELIO's usual place of residence/place of abode/place of business, with:

Recipient's Name:_____,
Relationship:_____, a family member or other person at said address.

☒ **Affixing to the door:** After attempting service on _1/16/23_ at _6:10 PM_ and _1/26/23_ at _7:45 PM_ deponent affixed to the aforementioned address. Deponent spoke with _neighbor_, who stated to deponent that said Defendant lived there, and had no knowledge of the place of employment of the Defendant.

☒ **Mailing:** On _1/27/23_, the deponent enclosed a copy of the NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING SUPREME COURT CASES, SUMMONS AND NOTICE, VERIFIED COMPLAINT, CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-B, NOTICE OF PENDENCY, NOTICES TO DEFENDANT (IN ENGLISH AND SPANISH) PURSUANT TO ADMINISTRATIVE ORDER 131/20, BEARING INDEX NUMBER AND DATE ENDORSED THEREON in a first class postpaid envelope bearing the words "Personal and Confidential" properly addressed to defendant and defendant's last known residence, at 32 MAIN STREET,NEW MILFORD, CT 06776 and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service in the State of _CT_. The envelope did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

☐ **PREVIOUS ATTEMPTS:** I previously attempted to serve the above named defendant on _____, at _____ AM / PM, on _____, at _____ AM / PM, and on _____, at _____ AM / PM.

Additional Comments:_____

Description of person process was left with:

Sex:_____ Skin/Race:_____ Approx. Age:_____ Hair Color:_____ Height:_____
Weight:_____ Other:_____

Is defendant in the military? YES ☐ NO ☐

X _Theresa Barnes_

Signed and sworn to before me on _1/27/2023_

1 of 3

Notary Public

Firm Ref#: 220710-4
FRIEDMAN VARTOLO LLP
85 BROAD STREET SUITE 501
NEW YORK, NY 10004

AMY J. CHANTRY
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 3/31/23

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**

Index No: **EF007269-2022**
Filing Date: **12/19/2022**

| Plaintiff(s): | U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF IGLOO SERIES V TRUST, |
|---|---|
| Defendant(s): | ALFONSO AMELIO, ET AL. |

# NOTARY ACKNOWLEDGEMENT PAGE

On the __27__ day of __January__, 20__23__ before me, the undersigned, personally appeared

__Theresa Barnes__, the subscribing witness to the foregoing instrument,
(Server's Name)

with whom I am personally acquainted, who, being by me duly sworn, did depose and say that

he/she resides in __Hartford / CT__ (if the place of
(County/State)

residence is in a city, include the street and street number, if any, thereof); that he/she knows

__Theresa Barnes__ to be the individual described in and who executed
(Server's Name)

the foregoing instrument; that said subscribing witness was present and saw said

__Theresa Barnes__ execute the same; and that said witness at the time
(Server's Name)

subscribed his/her name as a witness thereto.

_____
(Signature of notary taking proof)

**(Append notary stamp / seal above)**

ACCU-SERVE PROCESS SERVICE LTD
PO Box 937
Westbury, NY 11590
516-565-2228

Firm Ref#: 220710-4
FRIEDMAN VARTOLO LLP
85 BROAD STREET SUITE 501
NEW YORK, NY 10004

AMY J. CHANTRY
NOTARY PUBLIC
MY COMMISSION EXPIRES 3/31/23

AFFIDAVIT OF OCCUPANT MAILING

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF ORANGE

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF IGLOO SERIES V TRUST, <br><br> VS. <br><br> ALFONSO AMELIO, ET AL. | AFFIDAVIT OF OCCUPANT MAILING OF 1303 RPAPL §1303 NOTICE ON TENANT <br> INDEX NO: EF007269-2022 <br> PURCHASE DATE: 12/19/2022 |

STATE OF NEW YORK )

COUNTY OF NASSAU ) SS.:

I , **Melissa Orellana** , being duly sworn, deposes and says that he/she is over 18 years of age and not a party to this action: that on 12/30/2022 deponent mailed to **17 GRANT STREET, MIDDLETOWN, NY 10940**, pursuant to RPAPL §1303, which Notice as delivered by mail, was printed on PINK paper, the title of the Notice appeared to be in bold 20-point type, and the text appeared to be in bold, 14-point type, on Defendant/Tenant named herein, in the following manner:

In compliance with RPAPL 1303, a tenant notice, printed on colored paper that is other than the color of the summons and complaint was mailed in a postpaid, properly addressed envelope by first class mail addressed to OCCUPANTS residing at the property listed above.

_____
Melissa Orellana

Subscribed and sworn to before me on : 12/30/2022

Gina M. Gallo
Notary Public, State of New York
NO. Comm. Exp. Dec. 12, 2024
Qualified in Nassau County
01GA6351677

Accu-Serve Process Service Ltd. License # 0994591, PO Box 937 Westbury, NY 11590 - Tel: 516.565.2228 - Fax: 516.977.4261
FRIEDMAN VARTOLO LLP, 85 BROAD STREET SUITE 501, NEW YORK, NY 10004

1 of 1

SUPREME COURT THE STATE OF NEW YORK:
COUNTY OF ORANGE

-------------------------------------------------------------------------X

U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF IGLOO SERIES V TRUST,

                                          Index No. EF007269-2022

                               Plaintiff

            -against-                  **NOTICE OF REJECTION OF "MOTION"**

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; "JOHN DOE" AND "JANE DOE" said names
being fictitious, it being the intention of Plaintiff to
designate any and all occupants of premises being
foreclosed herein,

                                      Defendants

-------------------------------------------------------------------------X

      **PLEASE TAKE NOTICE** that Plaintiff by their attorney, Friedman Vartolo LLP, hereby

rejects and returns the papers labelled as "Notice of Motion" of Defendants ALFONSO AMELIO;

CARMINE AMELIO; PAUL AMELIO ("Defendants") (NYSCEF Doc. 15) for failure to comply with

CPLR 8020 and 22 NYCRR 202.7[a].  Accordingly, Defendants' papers are returned as a nullity.


DATED:  February 15, 2023
            New York, New York

                               /s Zachary Gold_____
                               Zachary Gold, Esq.
                               FRIEDMAN VARTOLO LLP
                               Attorneys for Plaintiff
                               85 Broad Street, Suite 501
                               New York, New York 10004
                               T: (212) 471-5100




CC: All Parties Via NYSCEF

Alfonso Amelio
Carmine Amelio
Paul Amelio

Case 1:24-cv-05615-CS     Document 1     Filed 07/22/24     Page 186 of 319

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------------------x
U.S. BANK TRUST NATIONAL ASSOCIATION, AS                 Index No. EF007269-2022
TRUSTEE OF IGLOO SERIES V TRUST,

                                    Plaintiff,           **AFFIRMATION OF**
                                                         **SERVICE**
                    -against-

ALFONSO AMELIO; et. al.,

                                    Defendants
------------------------------------------------------------------------x

     I, Zachary Gold, Esq., the undersigned, an attorney duly admitted to practice law in the State of New York, hereby affirm under penalty of perjury pursuant to CPLR §2106 that:

     On February 15, 2023, I served a true copy of the annexed **NOTICE OF REJECTION OF "MOTION"** by filing the same with the New York State Electronic Filing System (NYSCEF) to the consenting parties on notice, as indicated below.

Carmine P. Amelio
*Pro Se/Pro Hac Litigant*
**VIA NYSCEF**

Dated: February 15, 2023
New York, New York

                      /s/Zachary Gold
                      Zachary Gold, Esq.
                      FRIEDMAN VARTOLO LLP
                      Attorneys for Plaintiff
                      85 Broad Street, Suite 501
                      New York, NY 10004
                      T: (212) 471-5100



*460488*

# Affidavit of Service by Mail
## PURSUANT TO CPLR 3215

### SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF ORANGE

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF IGLOO SERIES V TRUST, <br><br> -against- <br><br> ALFONSO AMELIO, ET AL. | Att File: <br> Internal Id: 460488 <br> Index: EF007269-2022 <br> S & C Filed: 12/19/2022 |

STATE OF NEW YORK COUNTY OF NASSAU          ss.:

**Jade Archibald** being duly sworn, deposes and says deponent is not a party to this action and Is over the age of eighteen years and resides in the State of New York.

That on **02/22/2023** Deponent mailed a copy of the **SUMMONS** in this action pursuant to CPLR 3215 (g)(3)(i), on those defendants listed below by first class mail in an envelope bearing the legend "personal and confidential" and not indicating on the outside of the envelope that the communication is from an attorney or concerns an alleged debt.

Defendant(s):          CARMINE AMELIO
                       32 MAIN STREET, NEW MILFORD, CT 06776

Said mailing(s) was made to the Defendant(s) place of residence if known. If unknown, the mailing was made to the Defendant(s) at his/her last known residence.

The foregoing statements are true, under penalty of perjury.

Sworn to before me on : 02/22/2023

Gina M. Gallo
Notary Public, State of New York
Comm. Exp. Dec. 12, 2024
Qualified in Nassau County
01GA6351677

_____
Jade Archibald

Accu-Serve Process Service Ltd. License # 0994591, PO Box 937 Westbury, NY 11590 - Tel: 516.565.2228 - Fax: 516.977.4261
FRIEDMAN VARTOLO LLP, 85 BROAD STREET SUITE 501, NEW YORK, NY 10004

## SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF ORANGE

**U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF IGLOO SERIES V TRUST,,**

Plaintiff(s),

vs.

**ALFONSO AMELIO, ET AL.,**

Defendant(s).

Index No.: EF007269-2022
Filing Date: 12/19/2022

**AFFIDAVIT OF SERVICE**

*460488*

STATE OF _CT_
County of _Hartford_    ss:

_Theresa Barnes_, the undersigned being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the state of _CT_.

On _2/18/2023_ at _2:40_ AM / PM, I served the within **NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING SUPREME COURT CASES, SUMMONS AND NOTICE, VERIFIED COMPLAINT, CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-B, NOTICE OF PENDENCY, NOTICES TO DEFENDANT (IN ENGLISH AND SPANISH) PURSUANT TO ADMINISTRATIVE ORDER 131/20, BEARING INDEX NUMBER AND DATE ENDORSED THEREON**, along with RPAPL Section 1303 Help for Homeowners in Foreclosure Notice on colored paper on **CARMINE AMELIO at 32 MAIN STREET, NEW MILFORD, CT 06776**, in the manner indicated below:

☐ **PERSONAL SERVICE:** By delivering thereat a true copy of the aforementioned documents to said recipient personally; deponent knew the person so served to be the person described herein by deponent asking if he or she is the named Recipient and the person responding that he or she is in fact the person named in this action as the Recipient.

☐ **SUITABLE AGE SERVICE:** By delivering thereat a true copy of the aforementioned documents to a person of suitable age and discretion at the above address which is CARMINE AMELIO's usual place of residence/place of abode/place of business, with:

Recipient's Name:_____
Relationship:_____, a family member or other person at said address.

☒ **Affixing to the door:** After attempting service on _2/13_ at _4:40_ and _2/15_ at _6:45_ _and 2/16 7AM_ deponent affixed to the aforementioned address. ~~Deponent spoke with _____, who stated to deponent that said Defendant lived there, and had no knowledge of the place of employment of the Defendant.~~

☐ **Mailing:** On _____, the deponent enclosed a copy of the NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING SUPREME COURT CASES, SUMMONS AND NOTICE, VERIFIED COMPLAINT, CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-B, NOTICE OF PENDENCY, NOTICES TO DEFENDANT (IN ENGLISH AND SPANISH) PURSUANT TO ADMINISTRATIVE ORDER 131/20, BEARING INDEX NUMBER AND DATE ENDORSED THEREON in a first class postpaid envelope bearing the words "Personal and Confidential" properly addressed to defendant and defendant's last known residence, at 32 MAIN STREET,NEW MILFORD, CT 06776 and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service in the State of _____. The envelope did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

☒ **PREVIOUS ATTEMPTS:** I previously attempted to serve the above named defendant on _2/13_, at _4:40_ AM / PM, on _2/15_, at _6:45_ AM / PM, and on _2/16_, at _7:00_ AM / PM.

Additional Comments: _(Affixed) left as (first + usual place of Abode)_

Description of person process was left with:

Sex:_____ Skin/Race:_____ Approx. Age:_____ Hair Color:_____ Height:_____
Weight:_____ Other:_____

Is defendant in the military? YES ☐ NO ☐

X _Theresa Barnes_

2 of 5

this 22 day of February, 2023

_____
Notary Public

(Print Name)

Firm Ref#: 220710-4
FRIEDMAN VARTOLO LLP
85 BROAD STREET SUITE 501
NEW YORK,NY 10004

AMY J. CHANTRY
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 3/31/23

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE**

Index No: **EF007269-2022**
Filing Date: **12/19/2022**

| | |
|---|---|
| Plaintiff(s): | **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF IGLOO SERIES V TRUST,** |
| Defendant(s): | **ALFONSO AMELIO, ET AL.** |

# NOTARY ACKNOWLEDGEMENT PAGE

On the _22_ day of _February_, 20_23_ before me, the undersigned, personally appeared _Theresa Barnes_, the subscribing witness to the foregoing instrument,

(Server's Name)

with whom I am personally acquainted, who, being by me duly sworn, did depose and say that

he/she resides in _Hartford / CT_ (if the place of

(County/State)

residence is in a city, include the street and street number, if any, thereof); that he/she knows

_Theresa Barnes_ to be the individual described in and who executed

(Server's Name)

the foregoing instrument; that said subscribing witness was present and saw said

_Theresa Barnes_ execute the same; and that said witness at the time

(Server's Name)

subscribed his/her name as a witness thereto.

_____
(Signature of notary taking proof)

**(Append notary stamp / seal above)**

ACCU-SERVE PROCESS SERVICE LTD
PO Box 937
Westbury, NY 11590
516-565-2228

Firm Ref#: 220710-4
FRIEDMAN VARTOLO LLP
85 BROAD STREET SUITE 501
NEW YORK, NY 10004

AMY J. CHANTRY
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 3/31/23



*460488*

**AFFIDAVIT OF MAILING**

**SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF ORANGE**

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF IGLOO SERIES V TRUST, <br><br> Plaintiff(s) <br><br> VS <br><br> ALFONSO AMELIO, ET AL. <br><br> Defendant(s) | INDEX NO: EF007269-2022 <br><br> PURCHASED DATE: 12/19/2022 |

STATE OF NEW YORK    STATE OF NEW YORK
STATE OF NEW YORK    COUNTY OF NASSAU   ) SS.:

I, Jade Archibald , being duly sworn, deposes and says that he/she is over 18 years of age and not a party to this action. On 02/22/2023, deponent enclosed a copy of mentioned **NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING SUPREME COURT CASES, SUMMONS AND NOTICE, VERIFIED COMPLAINT, CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-B, NOTICE OF PENDENCY, NOTICES TO DEFENDANT (IN ENGLISH AND SPANISH) PURSUANT TO ADMINISTRATIVE ORDER 131/20, BEARING INDEX NUMBER AND DATE ENDORSED THEREON and RPAPL Section 1320 Notice** to CARMINE AMELIO at said defendant's actual place of residence at 32 MAIN STREET, NEW MILFORD, CT 06776 in a 1st class postpaid properly addressed envelope not indicating that the mailing was from an attorney or concerned legal action and marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office. This mailing was proven complete with certificate of mailing issued at the United States Post Office.

_____
Jade Archibald

Subscribed and sworn to before me on 02/22/2023

_____
Gina M. Gallo
Notary Public, State of New York
Comm. Exp. Dec. 12, 2024
Qualified in Nassau County
01GA6351677

Accu-Serve Process Service Ltd. License # 0994591, PO Box 937 Westbury, NY 11590 - Tel: 516.565.2228 - Fax: 516.977.4261
FRIEDMAN VARTOLO LLP - 85 BROAD STREET SUITE 501 NEW YORK, NY 10004 212-471-5100

*459035*

## Affidavit of Service by Mail
### PURSUANT TO CPLR 3215

### SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF ORANGE

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF IGLOO SERIES V TRUST,<br><br>-against-<br><br>ALFONSO AMELIO, ET AL. | Att File:<br>Internal Id: 459035<br>Index: EF007269-2022<br>S & C Filed: 12/19/2022 |

STATE OF NEW YORK COUNTY OF NASSAU        ss.:

**Jade Archibald** being duly sworn, deposes and says deponent is not a party to this action and Is over the age of eighteen years and resides in the State of New York.

That on **02/08/2023** Deponent mailed a copy of the **SUMMONS** in this action pursuant to CPLR 3215 (g)(3)(i), on those defendants listed below by first class mail in an envelope bearing the legend "personal and confidential" and not indicating on the outside of the envelope that the communication is from an attorney or concerns an alleged debt.

Defendant(s):        ALFONSO AMELIO
                            32 MAIN STREET, NEW MILFORD, CT 06776

Said mailing(s) was made to the Defendant(s) place of residence if known. If unknown, the mailing was made to the Defendant(s) at his/her last known residence.

The foregoing statements are true, under penalty of perjury.

Sworn to before me on : 02/08/2023

Gina M. Gallo
Notary Public, State of New York
Comm. Exp. Dec. 12, 2024
Qualified in Nassau County
01GA6351677

_____
Jade Archibald

Accu-Serve Process Service Ltd. License # 0994591, PO Box 937 Westbury, NY 11590 - Tel: 516.565.2228 - Fax: 516.977.4261
FRIEDMAN VARTOLO LLP, 85 BROAD STREET SUITE 501, NEW YORK, NY 10004

**SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF ORANGE**



**AFFIDAVIT OF SERVICE**

\*461583\*

Index no : **EF007269-2022**
Date Index Number Purchased: **12/19/2022**

| Plaintiff(s): | **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF IGLOO SERIES V TRUST,** |
|---|---|
| Defendant(s): | **ALFONSO AMELIO, ET AL.** |

NEW YORK
New York    ss.:

**William Cancroft**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the New York.

On **04/14/2023** at **10:15 AM**, I served the within **NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING SUPREME COURT CASES, SUMMONS AND NOTICE, VERIFIED COMPLAINT, CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-B, NOTICE OF PENDENCY, NOTICES TO DEFENDANT (IN ENGLISH AND SPANISH) PURSUANT TO ADMINISTRATIVE ORDER 131/20, BEARING INDEX NUMBER AND DATE ENDORSED THEREON** on **DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT** at **C/O JILL L. MAKOWER, TARTER KRINSKY & DROGIN LLP, 1350 BROADWAY, 11TH FLOOR, NEW YORK, NY 10018** in the manner indicated below:

CORPORATE SERVICE: By delivering a true copy of said documents to **Theresa Newhouser, AUTHORIZED AGENT TO ACCEPT** of the above named corporation. The undersigned asked the recipient if he/she is authorized to accept service on behalf of **DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT**, and the recipient responded in the affirmative.

Comments: **Legal Assistant**

A description of the **defendant**, or other person served on behalf of the **defendant** is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Female | Black | Black | 44 | 5ft4In- 5ft7In | 125 - 149 lbs |
| Other Features: | | | | | |

Sworn to and subscribed before me on

X_____
William Cancroft
License#: 2032440
ACCU-SERVE PROCESS SERVICE LTD
PO Box 937
Westbury, NY 11590
516-565-2228

Kevin McCarthy
Notary Public, State of New York
No. 01MC6163828
Qualified in Nassau County
Commission Expires 06/06/2023

FRIEDMAN VARTOLO LLP
85 BROAD STREET SUITE 501
NEW YORK, NY 10004
212-471-5100

Atty File#:



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

------------------------------------------------------------------------X

U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF IGLOO SERIES V TRUST,

Plaintiff

-against-

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; "JOHN DOE" AND "JANE DOE" said names
being fictitious, it being the intention of plaintiff to
designate any and all occupants of premises being
foreclosed herein,

Defendants

------------------------------------------------------------------------X

Index No. EF007269-2022

**SUCCESSIVE NOTICE OF
PENDENCY**

**Mortgaged Premises**:
17 Grant Street
Middletown, New York, 10940

**Section: 36, Block: 15, Lot:** 18

**Mortgage Servicer:** SN
Servicing Corporation
**Mortgage Servicer Phone #:**
(800) 603-0836

**WHEREAS**, as of the date of this Notice, the Mortgage to be foreclosed is being serviced by **SN Servicing Corporation, (800) 603-0836**. This information is being provided in compliance with CPLR 6511 and the Borrower will be notified of any future servicer change in a separate notice pursuant to part 202 Uniform Civil Rules 202.12-a(b)(1),

**NOTICE IS HEREBY GIVEN**, that an action was commenced upon the Complaint of the above Plaintiff against the above-named defendants and is now pending in the Supreme Court of the State of New York, Orange, for the foreclosure of a mortgage executed on August 8, 2005 by Alfonso Amelio, Carmine Amelio and Paul Amelio in favor of Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loan Mortgage Corporation. Said mortgage was recorded in the County Clerk's Office of Orange, on October 4, 2005 in Book 11958, on Page 0955, File Number 20050104704.

Thereafter, the Mortgage was assigned as provided for below:

**ASSIGNMENT OF MORTGAGE:**
**Assignor:** Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loan corporation
**Assignee:** The Bank of New York Mellon FKA The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates series FHAMS 2005-AA9, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement
**Dated:** June 13, 2012
**Recorded:** December 3, 2012
**Liber Book:** 13457 **Page:** 75 **File No.:** 20120110971

Firm File No. 220710-4

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: The Bank of New York Mellon FKA The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates series FHAMS 2005-AA9, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement
**Assignee**: Strategic Realty Fund, LLC
**Dated**: August 14, 2015
**Recorded**: August 24, 2015
**Liber Book**: 13936 **Page**: 743 **Instrument No.**: 20150054730

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: Strategic Realty Fund, LLC
**Assignee**: Real Estate Growth Fund, LLC
**Dated**: June 26, 2020
**Recorded**: July 15, 2020
**Liber Book**: 14772 **Page**: 289 **Instrument No.**: 20200036390

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: Real Estate Growth Fund, LLC
**Assignee**: U.S. Bank Trust National Association, as trustee of the Igloo Series V Trust
**Dated**: March 29, 2022
**Recorded**: April 27, 2022
**Liber Book**: 15215 **Page**: 1707 **Instrument No.**: 20220031628

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: US Bank Trust National Association, as Trustee of the Igloo Series V Trust
**Assignee**: US Bank Trust National Association, as Trustee of the Tiki Series V Trust
**Dated**: June 1, 2022
**Recorded**: June 14, 2022
**Liber Book**: 15253 **Page**: 815 **Instrument No.**: 20220044431

  **NOTICE IS HEREBY GIVEN,** that the mortgaged premises described in the mortgage affected by the foreclosure action was, at the time of the commencement of this action and at the time of the filing of this Notice, situated in the County of Orange, State of New York, and is described in "Schedule A" attached hereto and made a part hereof.

  The Clerk of the County of Orange is directed to index this Notice against the names of the Defendants.

Dated: April 21, 2023
New York, New York

    /s/ Glenn W. Caulfield
    Glenn W. Caulfield, Esq.
    FRIEDMAN VARTOLO LLP
    Attorneys for Plaintiff
    1325 Franklin Avenue, Suite 160
    Garden City, NY 11530
    T: (212) 471-5100

Firm File No. 220710-4

## SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

**Section 36 Block 15 and Lot 18**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Middletown, County of Orange, State of New York, known, designated and numbered No. 1 Grant Street, Middletown, New York, bounded and described as follows:

BEGINNING on the Northeast side of Grant Street at the Westerly corner of Lot conveyed in April, 1885 to Charles C. Poss;

RUNNING THENCE North 40 1/2 degrees 00 minutes 00 seconds East, 84.00 feet to the North corner of said Poss's Lot;

THENCE North 60 1/4 degrees 00 minutes 00 seconds West, 51.00 feet to a point in about the middle of the small brook;

THENCE South 40 1/2 degrees 00 minutes 00 seconds West, 74.00 feet to the said Northeast line of Grant Street;

THENCE South 49 1/2 degrees 00 minutes 00 seconds East, 50.00 feet to the place of BEGINNING, containing, more or less, as surveyed by Charles J. Everson, Surveyor, March 31, 1885.

**Premises known as 17 Grant Street, Middletown, New York 10940**

Firm File No. 220710-4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------------x

U.S. BANK TRUST NATIONAL ASSOCIATION, AS          Index No. EF007269-2022
TRUSTEE OF IGLOO SERIES V TRUST,

                                     Plaintiff,          **AFFIRMATION OF**

           -against-          **MAILING**

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; "JOHN DOE" AND "JANE DOE" said names
being fictitious, it being the intention of Plaintiff to
designate any and all occupants of premises being
foreclosed herein; et al.,

                               Defendants
-----------------------------------------------------------------------x

     I, Juliana Thibaut, Esq., the undersigned, an attorney duly admitted to practice law in the
State of New York, hereby affirm under penalty of perjury pursuant to CPLR §2106 that:

On April 21, 2023, I served a true copy of the annexed **SUCCESSIVE NOTICE OF
PENDENCY** by filing the same with the New York State Electronic Filing System (NYSCEF)
to the consenting parties on notice, as indicated below.

Alfonso Amelio
**VIA NYSCEF**

Carmine P. Amelio
**VIA NYSCEF**

Paul Amelio
**VIA NYSCEF**

Dated: April 21, 2023
New York, New York

                            /s/ Juliana Thibaut
                            Juliana Thibaut, Esq.
                            FRIEDMAN VARTOLO LLP
                            Attorneys for Plaintiff
                            1325 Franklin Avenue, Suite 160
                            Garden City, New York 11530
                            T: (212) 471-5100

File Number: 220710-4

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**
-----------------------------------------------------------------X

REAL ESTATE GROWTH FUND, LLC          **Index No:** EF007269-2022

      Plaintiff,          **NOTICE OF BANKRUPTCY**

-against-

ALFONSO AMELIO AKA ALPHONSO
AMELIO; CARMINE AMELIO AKA CARMINE
PAUL AMELIO; PAUL AMELIO; RALPH J.
PELOSI, III; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF CARMINE P.
AMELIO; JOHN DOE #1 THROUGH "JOHN
DOE #10," said names being fictitious and
unknown to plaintiff, intended to be possible
tenants or occupants of the premises, or
corporations, persons, or other entities having or
claiming a lien upon the mortgaged premises,

      Defendants.

-----------------------------------------------------------------X

      **PLEASE TAKE NOTICE,** that, Paul Amelio, defendant, pro se, as owner of the

subject property known as 17 Grant Street, Middletown, NY 10940, hereby gives

notice that the above-captioned matter is stayed by the applicable provisions of the

United States Bankruptcy Code.

      **PLEASE TAKE FURTHER NOTICE**, that, on February 21, 2023, Paul A.

Amelio, filed a petition under chapter 13 bankruptcy protection, **assigned case**

**number 8:23-bk-00608**, attached herein as Exhibit A, and you are hereby notified

that all actions are stayed by the Bankruptcy Court, and against all creditors and all

other properties of the estate.

1

**PLEASE TAKE FURTHER NOTICE**, Pursuant to 11 U.S. Code § 362, an automatic stay is in effect, which stays collection and other actions against the debtor and the debtor's property. Any attempt to collect a debt or take other action against debtor's properties up to and including the transfer, purchase or sale of said property would be a violation of the automatic stay and you will be held liable for willfully violating said stay. You are hereby informed that you may be found liable for three (3) times the value of the property under Chapter 13 and triple damages for violation of the automatic stay.

Dated: New Milford, CT
        April 21, 2023

Respectfully submitted,
*/s/ Paul Amelio*
Paul Amelio, *Defendant Pro Se*
32 Main Street
New Milford, CT 06776
Phone: 718-650-0086
e. ameliobros@gmail.com

2

INDEX NO. EF007269-2022
Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 200 of 319
RECEIVED NYSCEF: 04/21/2023

# EXHIBIT A

United States Bankruptcy Court
Middle District of Florida

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed on
02/21/2023 at 9:46 AM under Chapter 13 of the United States Bankruptcy
Code.

**Paul A Amelio**
32 Main Street
New Milford, CT 06776
SSN / ITIN: xxx-xx-7550

The bankruptcy trustee is:

**Jon Waage**
P O Box 25001
Bradenton, FL 34206-5001
941-747-4644

The case was assigned case number 8:23-bk-00608-CPM to Judge Catherine Peek McEwen. This case was filed
in paper form and was entered into the electronic case management system on 02/21/2023 at 10:59 AM.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions
against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or
not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a
debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to
determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at
our *Internet* home page https://ecf.flmb.uscourts.gov or at the Clerk's Office, Sam M. Gibbons United States
Courthouse, 801 North Florida Avenue, Suite 555, Tampa, FL 33602.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Sheryl L. Loesch**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 02/24/2023 10:53:00 | | |
| **PACER Login:** | carminepio | **Client Code:** | |
| **Description:** | Notice of Filing | **Search Criteria:** | 8:23-bk-00608-CPM |

Middle District of Florida Live Database
https://ecf.flmb.uscourts.gov/cgi-bin/NoticeOfFiling.pl?155167

Case 1.24-cv-05615-CS    Document 1    Filed 07/22/24    Page 202 of 319

| Billable Pages: | 1 | Cost: | 0.10 |
|---|---|---|---|

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 203 of 319

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**
-----------------------------------------------------------------X

REAL ESTATE GROWTH FUND, LLC                    **Index No:** EF007269-2022

      Plaintiff,

  -against-                                          **CERTIFICATE OF SERVICE**

ALFONSO AMELIO AKA ALPHONSO
AMELIO; CARMINE AMELIO AKA CARMINE
PAUL AMELIO; PAUL AMELIO; RALPH J.
PELOSI, III; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF CARMINE P.
AMELIO; JOHN DOE #1 THROUGH "JOHN
DOE #10," said names being fictitious and
unknown to plaintiff, intended to be possible
tenants or occupants of the premises, or
corporations, persons, or other entities having or
claiming a lien upon the mortgaged premises,

      Defendants.

-----------------------------------------------------------------X

I hereby certify that on, April 21, 2023, a copy of NOTICE OF BANKRUPTCY was
served electronically and/or regular United States mail to all interested parties listed
below:

Henry P. DiStefano, Esq.
Juliana Thibaut, Esq.
Andrew Buonincontri, Esq
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, New York 11530

Dated: New Milford, CT
     April 21, 2023

                        Respectfully submitted,
                        */s/ Paul Amelio*
                        Paul Amelio, *Defendant Pro Se*
                        32 Main Street
                        New Milford, CT 06776

3

At an IAS Term Part 2 of the Supreme Court
of the State of New York held in and for the
County of Orange, at the Courthouse
thereof, at 285 Main Street, Goshen, NY
10924, on the _6⁴_ day of May, 2024

HON SANDRA B SCIORTINO, J S C

------------------------------------------------------------X   Index No EF007269-2022

U S BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST,

**JUDGMENT OF FORECLOSURE
AND SALE**

                                                    Plaintiff

                    -against-

ALFONSO AMELIO, CARMINE AMELIO, PAUL
AMELIO, DEBORAH J PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; ROBERTA PERRY S/H/A JANE DOE #1,

                                                    Defendants

**Mortgaged Premises**
17 Grant Street
Middletown, NY 10940

**Section.** 36
**Block** 15
**Lot.** 18

**Mortgage Servicer** SN Servicing
Corporation
**Mortgage Servicer Phone #:** (800) 603-0836

**MOTION NO.: 2**
**MOTION DATE: 4/10/2024**

------------------------------------------------------------X

ON the Summons, Verified Complaint and Notice of Pendency duly filed in the Orange County

Clerk's Office on December 19, 2022 and Successive Notice of Pendency filed on April 21, 2023, and

all proceedings thereon, and on reading and filing the Notice of Motion dated March 6, 2024, Affirmation

of Regularity of Juliana Thibaut, Esq dated March 6, 2024, with exhibits annexed thereto, showing that

all of the Defendants herein have been duly served within this State with a copy of the Summons in this

action, or have voluntarily appeared pro se or by their respective attorneys, or after due diligent efforts

to effectuate service having been unsuccessful and a determination made that such service upon certain

Defendants cannot be effected, and on proof of service upon and appearance, if any, by the Defendants

herein heretofore filed in this action, and stating that more than the legally required number of days have

elapsed since said Defendants were so served, and that all Defendants herein have defaulted in pleading

by failing to serve an answer to said Complaint except Carmine P Amelio, nor has their time to do so been extended, and

ON the Order of Reference granted December 14, 2023 and entered in the Orange County Clerk's Office on December 18, 2023, appointing Randall V Coffill, Esq as Referee in this action to ascertain and compute the amount due Plaintiff for principal, interest and advances made pursuant to the Note and Mortgage, and to examine the Plaintiff or its agent on oath as to allegations of the complaint, and to examine and report whether the Mortgaged Premises should be sold in one or more parcels,

AND on reading and filing the oath and report of the aforesaid Referee sworn to and dated February 7, 2024, it appears that the sum of $191,004 44 was due the Plaintiff for principal, interest and advances made pursuant to the Note and Mortgage, as of January 31, 2024, plus interest for every day thereafter, on the date of said Report and that the Mortgaged Premises should be sold in one parcel,

AND this Court having initiated and held status conference(s) in accordance with the provisions of Administrative Order 157/20 prior to the issuance of this Order,

NOW, on motion of **Friedman Vartolo LLP**, the attorneys for the Plaintiff, it is

**ORDERED,** that the instant motion is granted, and it is further

**ORDERED, ADJUDGED AND DECREED** that the report of Randall V Coffill, Esq dated February 7, 2024 and filed in the Orange County Clerk's Office on February 26, 2024, be, and the same is hereby, in all respects, ratified and confirmed, and it is further

**ORDERED, ADJUDGED AND DECREED** that by accepting this appointment the Referee certifies that they are in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, section 36 2(c) ("Disqualification from appointment"), and section 36 2(d) ("Limitations on appointments based upon compensation"), and it is further

**ORDERED, ADJUDGED AND DECREED** that the Mortgaged Premises 17 Grant Street, Middletown, NY 10940, a description of said Mortgaged Premises is annexed hereto and made a part hereof as Schedule A (hereinafter "Mortgaged Premises") as further described in the complaint in this

action, or such part thereof as may be sufficient to discharge the mortgage debt under the Note and

Mortgage, the expenses of the sale and the costs of this action as provided by the Real Property Actions

Proceeding    Law    be    sold,    in    one    parcel,    at    public    auction    at

Third Floor Lobby/Foreclosure Sales Area of the Orange County Supreme Court, 285 Main Street,

Goshen, New York 10924 _____ by and

under the direction of Randall V Coffill, Esq , who is hereby appointed Referee for that purpose, that

said Referee give public notice of the time and place of such sale in accordance with the law, practice of

this Court and RPAPL §231 in __The Times Herald Record_____ and that the Plaintiff or any

other party to this action may become the purchaser at such sale, that in case the Plaintiff or its assignee

shall become the purchaser at the said sale, they shall not be required to make any deposit thereon, that

said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold, that in the

event a party other than the Plaintiff or its assignee becomes the purchaser or purchasers at such sale they

shall be required to tender a deposit of 10% of the purchase price in certified funds and the closing of

title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale and if

such closing is required, and the Referee seeks and is awarded additional fees for said closing, those fees

shall be paid by purchaser, and it is further

   ORDERED, ADJUDGED AND DECREED, that Plaintiff may assign its interests and rights

under the instant Judgment to a third party of its choosing by filing an Assignment of Cause of Action

with the County Clerk and providing a copy to the Referee appointed within the instant order, and it is

further

   ORDERED, ADJUDGED AND DECREED, that if the Referee does not conduct the sale within

90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1)

is extended for the Referee to conduct the sale as soon as reasonably practicable, and it is further

   ORDERED, ADJUDGED AND DECREED, that said Referee on receiving the proceeds of the

sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes,

assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further,

**ORDERED, ADJUDGED AND DECREED,** that Plaintiff or any other party that may become the purchaser or purchasers at such sale shall pay all transfer taxes and recording expenses, any and all maintenance fees and assessments, taxes, water rates, and any fees associated with the transfer of title for the Mortgaged Premises accrued from the sale date forward are the obligation of the purchaser, and that in the event a party, other than Plaintiff, becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale, including Plaintiff and that failure of the purchaser(s) to close within thirty days may result in forfeiture of any deposit tendered by purchaser(s), in lieu of closing, and that Plaintiff reserves the right to sell to the next highest bidder at said sale, that any purchaser, other than Plaintiff, shall pay interest on the purchase price from the date of sale to the date of delivery of the deed, that in case Plaintiff shall become the purchaser at the said sale, it shall not be required to make any deposit thereon, and it is further

**ORDERED, ADJUDGED AND DECREED,** that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in _domestic banking institution_ , and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository,

any non-party FDIC insured

**FIRST**     That statutory fees of the Referee pursuant to CPLR §8003(b) which shall not exceed the sum of $750 00 unless the sale price (the amount of the accepted bid) exceeds $50,000 00 In the event the sale price exceeds fifty thousand dollars and additional compensation (including commissions) in excess of $750 00 is sought pursuant to CPLR §8003(b) and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court Where surplus monies will be available following the distribution of sums as provided herein, or where the parties are unable to agree to the Referee's

proper compensation under CPLR §8003(b), application shall be made to this Court on notice to all

parties known to be entitled to claim against any surplus monies, including the defaulting owner of equity

of redemption Such application shall be promptly submitted to the Court within five days of the transfer

of deed and prior to filing the Report of Sale. The five-day period for payment of surplus money into

Court as set forth in RPAPL §1354(4), and the thirty-day period set forth in RPAPL §1355 for the filing

of the Report of Sale shall be deemed extended pending the decision of the Court regarding such

application

In the event the scheduled sale is cancelled or postponed, pursuant to CPLR §8003(a), Plaintiff

shall compensate the Referee the sum of $250 00 for each adjournment or cancellation unless the Referee

has requested the delay Such compensation may be recouped from the proceeds of sale as a cost to

Plaintiff This order shall constitute the necessary prior authorization for compensation as set forth herein *

No compensation in excess of $750 00, including compensation authorized pursuant to CPLR

§8003(a) for computation of the sum due to Plaintiff, may be accepted by the Referee without Court

approval and compliance with the filing provision of Section 36 4 of the Rules of the Chief Judge

**SECOND**      The expenses of sale and the advertising expenses as shown on the bills

presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of

Sale and the NYC Transfer Tax, pursuant to 19 RCNY 23-03(d)(2), if applicable, payable within 30 days

of delivery of deed pursuant to 19 RCNY 23-08(a) The Referee shall not be held responsible for the

payment of penalties or fees pursuant to this appointment Purchaser *and any title company hired by the*

*Purchaser* shall be responsible for any penalties or fees incurred as a result of late payment of the tax as

required pursuant to City Administrative Code 19 RCNY 23-08(a) which requires payment within 30

days The Purchaser shall hold the Referee harmless from any such penalties as a result of late payment

of these taxes

**THIRD**      Pursuant to Real Property Actions and Proceedings Law 1354, in

* = ORDERED that the Referee shall be entitled to $250 for each sale cancelled or adjourned by Plaintiff,
and upon letter application, an additional fee for conducting a third-party closing

accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any

charges placed upon the property by a city agency which have priority over the foreclosed Mortgage,

which are liens on the premises at the time of sale with such interest or penalties which may have lawfully

accrued thereon the date of payment

**FOURTH·** Said Referee shall also pay to the Plaintiff or Plaintiff's attorney, the sum of

$5,391.92 to be determined by the Clerk and adjudged to the Plaintiff for costs and disbursements in this

action or as taxed by the Clerk on the Costs of Plaintiff and inserted therein, with interest thereon from

the date hereof, and also the sum of $191,004 44, the said amount so reported due as aforesaid, together

with contractual interest thereon from January 31, 2024, the date interest was calculated to in said report

to the date of entry of this Order, and thereafter the statutory post-judgment date to the date of transfer

of title, or so much thereof as the purchase money of the Mortgaged Premises will pay of the same,

together with reasonable attorney's fees in the sum of $5,000 00 as provided for in paragraph 22 of the

Mortgage, together with any advances as provided for in the Note and Mortgage which plaintiff has made

for taxes, insurance, principal and interest and any other charges due to prior mortgages or to maintain

the premises pending consummation of this foreclosure sale, not previously included in the computation,

upon presentation to the Referee of receipts for said expenditures, all together with interest thereon

pursuant to the Note and Mortgage as above provided  Copies of such receipts shall be annexed to the

Referee's Report of Sale pursuant to RPAPL §1355, and it is further

**ORDERED, ADJUDGED AND DECREED** that in case the Plaintiff or Plaintiff's assignee be

purchaser of said Mortgaged Premises at said sale, or in the event that the rights of the purchaser at said

sale and the terms of sale under the judgment shall be assigned to and be acquired by the Plaintiff or

Plaintiff's assignee, and a valid assignment thereof filed with said Referee, said Referee shall not require

the Plaintiff or its assignee to pay in cash the entire amount bid at said sale, but shall execute and deliver

to the Plaintiff or its assignee, a deed or deeds of the premises sold upon the payment to said Referee of

the amount specified above in items marked **"FIRST," "SECOND"** and **"THIRD,"** if such expenses

were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof The balance of the amount of the bid, after deducting the aforesaid amounts paid to the Referee for compensation and expenses, taxes, assessments, sewer rents and water rents, and priority liens of a city agency, shall be allowed to the plaintiff and applied by said Referee upon the amounts due to the plaintiff specified in item marked "FOURTH " If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff or its assignee, the Plaintiff or its assignee shall pay to said Referee, upon delivery to Plaintiff or its assignee of said Referee's deed, the amount of the surplus [which will be applied by the Referee upon motion made pursuant to RPAPL §1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to RPAPL §1354(3), which payments shall be reported in the Referee's Report of Sale ] Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL §1354(4) and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by Plaintiff at the time of the sale, and it is further

ORDERED, ADJUDGED AND DECREED that said Referee shall take the receipt of the Plaintiff's or the attorneys for the Plaintiff for the amounts paid as directed in item "FOURTH," and file it with his/her Report of Sale; that he/she deposit surplus monies, if any, with the Orange County Clerk within five (5) days after the same shall be received unless such period is deemed to be extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only on Order of this Court, signed by a Justice of the Court, that said Referee shall make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the Orange County Clerk within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser or within thirty days of the decision of the court with respect to any application for additional compensation, and it is further

**ORDERED, ADJUDGED AND DECREED** that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff or its assignee with interest and costs as aforesaid, the Plaintiff or its assignee shall recover from the Defendant, Alfonso Amelio, the whole deficiency or so much thereof the Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after the sale of the Mortgaged Premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made within 90 days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action , and it is further

**ORDERED, ADJUDGED AND DECREED,** that the purchasers at such sale be let into possession upon service of the Referee's deed or deeds, and it is further

**ORDERED, ADJUDGED AND DECREED,** that each and all of the Defendants in this action and all persons claiming under them, or any of either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in said Mortgaged Premises and each and every part thereof, and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, and covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreement of record, if any, any building and zoning ordinances of the municipality in which the Mortgaged Premises is located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior lien(s) of record, if any, except those liens addressed in §1354 of the Real Property Actions and Proceeding Law, any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from date of sale, any right pursuant to CPLR 317, 2003 and 5015 or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure, and it is further

**ORDERED,** that in the absence of the Referee, the Court may designate a Substitute Referee forthwith, and it is further

**ORDERED,** that the Referee appointed herein is subject to the requirements of 36 2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith, and it is further

**ORDERED,** that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption, as of the date of this Order, any tenants named in this action and any other party entitled to notice within twenty days of entry and no less than thirty (30) days prior to sale

Dated May 6, 2024
Goshen, New York

ENTER

HON SANDRA B SCIORTINO, J S C

Entered:

ACTING DEPUTY COUNTY CLERK

5/7/2024

## SCHEDULE A—LEGAL DESCRIPTION

**Section 36 Block 15 and Lot 18**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Middletown County of Orange, State of New York known, designated and numbered No. 1 Grant Street, Middletown, New York, bounded and described as follows

BEGINNING on the Northeast side of Grant Street at the Westerly corner of Lot conveyed in April, 1885 to Charles C Poss,

RUNNING THENCE North 40 1/2 degrees 00 minutes 00 seconds East, 84 00 feet to the North corner of said Poss's Lot,

THENCE North 60 1/4 degrees 00 minutes 00 seconds West, 51.00 feet to a point in about the middle of the small brook,

THENCE South 40 1/2 degrees 00 minutes 00 seconds West, 74 00 feet to the said Northeast line of Grant Street;

THENCE South 49 1/2 degrees 00 minutes 00 seconds East, 50 00 feet to the place of BEGINNING, containing, more or less, as surveyed by Charles J. Everson, Surveyor, March 31 1885

**Premises known as 17 Grant Street, Middletown, New York 10940**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------X

U S BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST,

                                    Plaintiff

           -against-

ALFONSO AMELIO, CARMINE AMELIO, PAUL
AMELIO, DEBORAH J PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT, ROBERTA PERRY S/H/A JANE DOE #1,

                               Defendants
-------------------------------------------------------------X

Index No EF007269-2022

**COSTS OF PLAINTIFF**

**Mortgaged Premises:**
17 Grant Street
Middletown, NY 10940

Section 36
Block 15
Lot 18

**COSTS OF PLAINTFF.**

| | |
|---|---|
| Costs before Note of Issue CPLR Sec 8201 subd 1 | $200 00 |
| Allowance by statute CPLR Sec 8302 (a) (b) | $150 00 |
| Additional allowance CPLR Sec 8302 (d) | $50 00 |
| Motion costs CPLR Sec 8303 | $0 00 |
| **Costs** | **$400 00** |

**DISBURSEMENTS**

| | |
|---|---|
| Fee for index number CPLR Sec 8018 (a) | $413 01 |
| Referee's fee CPLR Sec 8301(a)1 | $700 00 |
| Clerk's fee, filing notice of pend or attach CPLR Sec 8021 (a)(10) | $35 00 |
| Paid for searches CPLR Sec 8301(a)(10) | $626 04 |
| Serving copy of summons and complaint CPLR Sec 8011(c)1 | $3,027 33 |
| Request for Judicial Intervention CPLR Sec 8020(a) | $97 84 |
| Fees for Submission of Order of Reference and Judgment CPLR Sec 8020(a) | $92 70 |
| **Disbursements** | **$4,991 92** |
| **Total Costs and Disbursements** | **$5,391 92** |

COSTS TAXED @ $ 5,391.92
*[signature]* ACTING DEPUTY COUNTY CLERK
5/7/2024

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 215 of 319

I, Juliana Thibaut, Esq , an attorney admitted to the practice of law in the State of New York, hereby affirm pursuant to CPLR §2106 that Friedman Vartolo LLP, are the attorneys of record for Plaintiff in this action, the foregoing disbursements have been or will be necessarily made or incurred in this action and are reasonable in amount, and the copies of the documents or papers as charged herein were actually and necessarily obtained for use

Dated  March 6, 2024
New York, New York

/s/ Juliana Thibaut
Juliana Thibaut, Esq
**FRIEDMAN VARTOLO LLP**
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T (212) 471-5100

# WORD COUNT CERTIFICATION

      Juliana Thibaut, Esq , an attorney admitted to practice in the courts of New York State, hereby affirms under penalty of perjury that

      I am an associate of the firm of **FRIEDMAN VARTOLO LLP** the attorneys of record for the Plaintiff in the within action

      This computer-generated **COSTS OF PLAINTIFF** was prepared using a proportionally spaced typeface  The total number of words, inclusive of caption, point headings and footnotes, if any, and exclusive of exhibit, word count certification, or any authorized addendum is 393

Dated  March 6, 2024
New York, New York

                        /s/ Juliana Thibaut
                        Juliana Thibaut, Esq
                        **FRIEDMAN VARTOLO LLP**
                        Attorneys for Plaintiff
                        1325 Franklin Avenue, Suite 160
                        Garden City, NY 11530
                        **T** (212) 471-5100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
--------------------------------------------------------------------------x
U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST,

                                         Plaintiff,

                -against-

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; ROBERTA PERRY S/H/A JANE DOE #1,

                                   Defendants
--------------------------------------------------------------------------x

Index No. EF007269-2022

**NOTICE OF ENTRY**

COUNSEL:

**PLEASE TAKE NOTICE** that the within is a true copy of a **JUDGMENT OF FORECLOSURE AND SALE** signed by Hon. Sandra B. Sciortino, J.S.C. and duly entered in the Orange County Clerk's Office on May 7, 2024.

Dated: May 14, 2024
       New York, New York

                                       /s/ Jagriti Khurana
                                       Jagriti Khurana Esq.
                                       Friedman Vartolo LLP
                                       Attorneys for Plaintiff
                                       1325 Franklin Avenue, Suite 160
                                       Garden City, New York 11530
                                       (P) 212.471.5100

TO:

Alfonso Amelio
32 Main Street
New Milford, CT 06776

Paul Amelio
32 Main Street
New Milford, CT 06776

Carmine P. Amelio (Pro Se)
**VIA NYSCEF**

                                   Firm File Number: 220710-4

Roberta Perry
17 Grant Street
Middletown, NY 10940

Randall  Coffill, Esq. (As Appointed Referee)
15 Jersey Avenue, P.O. Box 3158
Port Jervis, NY 12771

Firm File Number: 220710-4

At an IAS Term Part 2 of the Supreme Court
of the State of New York held in and for the
County of Orange, at the Courthouse
thereof, at 285 Main Street, Goshen, NY
10924, on the _64_ day of May, 2024

HON SANDRA B SCIORTINO, J S C
------------------------------------------------------------X   Index No  EF007269-2022
U S  BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST,                                 **JUDGMENT OF FORECLOSURE
                                                                  AND SALE**

                                        Plaintiff   **Mortgaged Premises**
                                                                17 Grant Street
            -against-                              Middletown, NY 10940

ALFONSO AMELIO, CARMINE AMELIO, PAUL               **Section.** 36
AMELIO, DEBORAH J  PIAZZA, AS CHAPTER 7             **Block** 15
TRUSTEE OF UNITED STATES BANKRUPTCY                **Lot.** 18
COURT; ROBERTA PERRY S/H/A JANE DOE #1,
                                                    **Mortgage Servicer**  SN Servicing
                                    Defendants   Corporation
                                                    **Mortgage Servicer Phone #:** (800) 603-
                                                    0836

                                                    **MOTION NO.: 2
                                                    MOTION DATE: 4/10/2024**
------------------------------------------------------------X
     ON the Summons, Verified Complaint and Notice of Pendency duly filed in the Orange County

Clerk's Office on December 19, 2022 and Successive Notice of Pendency filed on April 21, 2023, and

all proceedings thereon, and on reading and filing the Notice of Motion dated March 6, 2024, Affirmation

of Regularity of Juliana Thibaut, Esq  dated March 6, 2024, with exhibits annexed thereto, showing that

all of the Defendants herein have been duly served within this State with a copy of the Summons in this

action, or have voluntarily appeared pro se or by their respective attorneys, or after due diligent efforts

to effectuate service having been unsuccessful and a determination made that such service upon certain

Defendants cannot be effected, and on proof of service upon and appearance, if any, by the Defendants

herein heretofore filed in this action, and stating that more than the legally required number of days have

elapsed since said Defendants were so served, and that all Defendants herein have defaulted in pleading

by failing to serve an answer to said Complaint except Carmine P Amelio, nor has their time to do so been extended, and

ON the Order of Reference granted December 14, 2023 and entered in the Orange County Clerk's Office on December 18, 2023, appointing Randall V Coffill, Esq as Referee in this action to ascertain and compute the amount due Plaintiff for principal, interest and advances made pursuant to the Note and Mortgage, and to examine the Plaintiff or its agent on oath as to allegations of the complaint, and to examine and report whether the Mortgaged Premises should be sold in one or more parcels,

AND on reading and filing the oath and report of the aforesaid Referee sworn to and dated February 7, 2024, it appears that the sum of $191,004 44 was due the Plaintiff for principal, interest and advances made pursuant to the Note and Mortgage, as of January 31, 2024, plus interest for every day thereafter, on the date of said Report and that the Mortgaged Premises should be sold in one parcel,

AND this Court having initiated and held status conference(s) in accordance with the provisions of Administrative Order 157/20 prior to the issuance of this Order,

NOW, on motion of **Friedman Vartolo LLP**, the attorneys for the Plaintiff, it is

**ORDERED,** that the instant motion is granted, and it is further

**ORDERED, ADJUDGED AND DECREED** that the report of Randall V Coffill, Esq dated February 7, 2024 and filed in the Orange County Clerk's Office on February 26, 2024, be, and the same is hereby, in all respects, ratified and confirmed, and it is further

**ORDERED, ADJUDGED AND DECREED** that by accepting this appointment the Referee certifies that they are in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, section 36 2(c) ("Disqualification from appointment"), and section 36 2(d) ("Limitations on appointments based upon compensation"), and it is further

**ORDERED, ADJUDGED AND DECREED** that the Mortgaged Premises 17 Grant Street, Middletown, NY 10940, a description of said Mortgaged Premises is annexed hereto and made a part hereof as Schedule A (hereinafter "Mortgaged Premises") as further described in the complaint in this

action, or such part thereof as may be sufficient to discharge the mortgage debt under the Note and

Mortgage, the expenses of the sale and the costs of this action as provided by the Real Property Actions

Proceeding    Law    be    sold,    in    one    parcel,    at    public    auction    at

Third Floor Lobby/Foreclosure Sales Area of the Orange County Supreme Court, 285 Main Street,

Goshen, New York 10924                                                                by and

under the direction of Randall V Coffill, Esq , who is hereby appointed Referee for that purpose, that

said Referee give public notice of the time and place of such sale in accordance with the law, practice of

this Court and RPAPL §231 in  The Times Herald Record                    and that the Plaintiff or any

other party to this action may become the purchaser at such sale, that in case the Plaintiff or its assignee

shall become the purchaser at the said sale, they shall not be required to make any deposit thereon, that

said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold, that in the

event a party other than the Plaintiff or its assignee becomes the purchaser or purchasers at such sale they

shall be required to tender a deposit of 10% of the purchase price in certified funds and the closing of

title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale and if

such closing is required, and the Referee seeks and is awarded additional fees for said closing, those fees

shall be paid by purchaser, and it is further

  ORDERED, ADJUDGED AND DECREED, that Plaintiff may assign its interests and rights

under the instant Judgment to a third party of its choosing by filing an Assignment of Cause of Action

with the County Clerk and providing a copy to the Referee appointed within the instant order, and it is

further

  ORDERED, ADJUDGED AND DECREED, that if the Referee does not conduct the sale within

90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1)

is extended for the Referee to conduct the sale as soon as reasonably practicable, and it is further

  ORDERED, ADJUDGED AND DECREED, that said Referee on receiving the proceeds of the

sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes,

assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further,

ORDERED, ADJUDGED AND DECREED, that Plaintiff or any other party that may become the purchaser or purchasers at such sale shall pay all transfer taxes and recording expenses, any and all maintenance fees and assessments, taxes, water rates, and any fees associated with the transfer of title for the Mortgaged Premises accrued from the sale date forward are the obligation of the purchaser, and that in the event a party, other than Plaintiff, becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale, including Plaintiff and that failure of the purchaser(s) to close within thirty days may result in forfeiture of any deposit tendered by purchaser(s), in lieu of closing, and that Plaintiff reserves the right to sell to the next highest bidder at said sale, that any purchaser, other than Plaintiff, shall pay interest on the purchase price from the date of sale to the date of delivery of the deed, that in case Plaintiff shall become the purchaser at the said sale, it shall not be required to make any deposit thereon, and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in domestic banking institution _____, and shall any non-party FDIC insured thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository,

FIRST        That statutory fees of the Referee pursuant to CPLR §8003(b) which shall not exceed the sum of $750 00 unless the sale price (the amount of the accepted bid) exceeds $50,000 00 In the event the sale price exceeds fifty thousand dollars and additional compensation (including commissions) in excess of $750 00 is sought pursuant to CPLR §8003(b) and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court Where surplus monies will be available following the distribution of sums as provided herein, or where the parties are unable to agree to the Referee's

proper compensation under CPLR §8003(b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of equity of redemption Such application shall be promptly submitted to the Court within five days of the transfer of deed and prior to filing the Report of Sale. The five-day period for payment of surplus money into Court as set forth in RPAPL §1354(4), and the thirty-day period set forth in RPAPL §1355 for the filing of the Report of Sale shall be deemed extended pending the decision of the Court regarding such application

In the event the scheduled sale is cancelled or postponed, pursuant to CPLR §8003(a), Plaintiff shall compensate the Referee the sum of $250 00 for each adjournment or cancellation unless the Referee has requested the delay Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff This order shall constitute the necessary prior authorization for compensation as set forth herein *

No compensation in excess of $750 00, including compensation authorized pursuant to CPLR §8003(a) for computation of the sum due to Plaintiff, may be accepted by the Referee without Court approval and compliance with the filing provision of Section 36 4 of the Rules of the Chief Judge

**SECOND**    The expenses of sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale and the NYC Transfer Tax, pursuant to 19 RCNY 23-03(d)(2), if applicable, payable within 30 days of delivery of deed pursuant to 19 RCNY 23-08(a) The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment Purchaser *and any title company hired by the Purchaser* shall be responsible for any penalties or fees incurred as a result of late payment of the tax as required pursuant to City Administrative Code 19 RCNY 23-08(a) which requires payment within 30 days The Purchaser shall hold the Referee harmless from any such penalties as a result of late payment of these taxes

**THIRD**    Pursuant to Real Property Actions and Proceedings Law 1354, in

\* = ORDERED that the Referee shall be entitled to $250 for each sale cancelled or adjourned by Plaintiff, and upon letter application, an additional fee for conducting a third-party closing

accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed Mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon the date of payment

**FOURTH·** Said Referee shall also pay to the Plaintiff or Plaintiff's attorney, the sum of $5,391,92 to be determined by the Clerk and adjudged to the Plaintiff for costs and disbursements in this action or as taxed by the Clerk on the Costs of Plaintiff and inserted therein, with interest thereon from the date hereof, and also the sum of $191,004 44, the said amount so reported due as aforesaid, together with contractual interest thereon from January 31, 2024, the date interest was calculated to in said report to the date of entry of this Order, and thereafter the statutory post-judgment date to the date of transfer of title, or so much thereof as the purchase money of the Mortgaged Premises will pay of the same, together with reasonable attorney's fees in the sum of $5,000 00 as provided for in paragraph 22 of the Mortgage, together with any advances as provided for in the Note and Mortgage which plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgages or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation, upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the Note and Mortgage as above provided  Copies of such receipts shall be annexed to the Referee's Report of Sale pursuant to RPAPL §1355, and it is further

**ORDERED, ADJUDGED AND DECREED** that in case the Plaintiff or Plaintiff's assignee be purchaser of said Mortgaged Premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under the judgment shall be assigned to and be acquired by the Plaintiff or Plaintiff's assignee, and a valid assignment thereof filed with said Referee, said Referee shall not require the Plaintiff or its assignee to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the premises sold upon the payment to said Referee of the amount specified above in items marked **"FIRST," "SECOND"** and **"THIRD,"** if such expenses

were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount of the bid, after deducting the aforesaid amounts paid to the Referee for compensation and expenses, taxes, assessments, sewer rents and water rents, and priority liens of a city agency, shall be allowed to the plaintiff and applied by said Referee upon the amounts due to the plaintiff specified in item marked "FOURTH." If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff or its assignee, the Plaintiff or its assignee shall pay to said Referee, upon delivery to Plaintiff or its assignee of said Referee's deed, the amount of the surplus [which will be applied by the Referee upon motion made pursuant to RPAPL §1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to RPAPL §1354(3), which payments shall be reported in the Referee's Report of Sale ] Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL §1354(4) and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by Plaintiff at the time of the sale, and it is further

ORDERED, ADJUDGED AND DECREED that said Referee shall take the receipt of the Plaintiff's or the attorneys for the Plaintiff for the amounts paid as directed in item "FOURTH," and file it with his/her Report of Sale; that he/she deposit surplus monies, if any, with the Orange County Clerk within five (5) days after the same shall be received unless such period is deemed to be extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only on Order of this Court, signed by a Justice of the Court, that said Referee shall make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the Orange County Clerk within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser or within thirty days of the decision of the court with respect to any application for additional compensation, and it is further

**ORDERED, ADJUDGED AND DECREED** that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff or its assignee with interest and costs as aforesaid, the Plaintiff or its assignee shall recover from the Defendant, Alfonso Amelio, the whole deficiency or so much thereof the Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after the sale of the Mortgaged Premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made within 90 days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action , and it is further

**ORDERED, ADJUDGED AND DECREED,** that the purchasers at such sale be let into possession upon service of the Referee's deed or deeds, and it is further

**ORDERED, ADJUDGED AND DECREED,** that each and all of the Defendants in this action and all persons claiming under them, or any of either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in said Mortgaged Premises and each and every part thereof, and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, and covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreement of record, if any, any building and zoning ordinances of the municipality in which the Mortgaged Premises is located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior lien(s) of record, if any, except those liens addressed in §1354 of the Real Property Actions and Proceeding Law, any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from date of sale, any right pursuant to CPLR 317, 2003 and 5015 or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure, and it is further

**ORDERED,** that in the absence of the Referee, the Court may designate a Substitute Referee forthwith, and it is further

**ORDERED,** that the Referee appointed herein is subject to the requirements of 36 2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith, and it is further

**ORDERED,** that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption, as of the date of this Order, any tenants named in this action and any other party entitled to notice within twenty days of entry and no less than thirty (30) days prior to sale

Dated May 6, 2024
Goshen, New York

ENTER

HON SANDRA B SCIORTINO, J S C

Entered:

ACTING DEPUTY COUNTY CLERK

5/7/2024

## SCHEDULE A—LEGAL DESCRIPTION

**Section 36 Block 15 and Lot 18**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Middletown  County of Orange, State of New York  known, designated and numbered No. 1 Grant Street, Middletown, New York, bounded and described as follows

BEGINNING on the Northeast side of Grant Street at the Westerly corner of Lot conveyed in April, 1885 to Charles C  Poss,

RUNNING THENCE North 40 1/2 degrees 00 minutes 00 seconds East, 84 00 feet to the North corner of said Poss's Lot,

THENCE North 60 1/4 degrees 00 minutes 00 seconds West, 51.00 feet to a point in about the middle of the small brook,

THENCE South 40 1/2 degrees 00 minutes 00 seconds West, 74 00 feet to the said Northeast line of Grant Street;

THENCE South 49 1/2 degrees 00 minutes 00 seconds East, 50 00 feet to the place of BEGINNING, containing, more or less, as surveyed by Charles J. Everson, Surveyor, March 31  1885

**Premises known as 17 Grant Street, Middletown, New York 10940**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-----------------------------------------------------------X

U S BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST,

Index No EF007269-2022

**COSTS OF PLAINTIFF**

Plaintiff

-against-

**Mortgaged Premises:**
17 Grant Street
Middletown, NY 10940

ALFONSO AMELIO, CARMINE AMELIO, PAUL
AMELIO, DEBORAH J PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT, ROBERTA PERRY S/H/A JANE DOE #1,

Section 36
Block 15
Lot 18

Defendants

-----------------------------------------------------------X

**COSTS OF PLAINTFF.**

| | |
|---|---|
| Costs before Note of Issue | $200 00 |
| CPLR Sec 8201 subd 1 | |
| Allowance by statute | $150 00 |
| CPLR Sec 8302 (a) (b) | |
| Additional allowance | $50 00 |
| CPLR Sec 8302 (d) | |
| Motion costs | $0 00 |
| CPLR Sec 8303 | |
| **Costs** | **$400 00** |

**DISBURSMENTS**

| | |
|---|---|
| Fee for index number | $413 01 |
| CPLR Sec 8018 (a) | |
| Referee's fee | $700 00 |
| CPLR Sec 8301(a)1 | |
| Clerk's fee, filing notice of pend or attach | $35 00 |
| CPLR Sec 8021 (a)(10) | |
| Paid for searches | $626 04 |
| CPLR Sec 8301(a)(10) | |
| Serving copy of summons and complaint | $3,027 33 |
| CPLR Sec 8011(c)1 | |
| Request for Judicial Intervention | $97 84 |
| CPLR Sec 8020(a) | |
| Fees for Submission of Order of Reference and Judgment | $92 70 |
| CPLR Sec 8020(a) | |
| **Disbursements** | **$4,991 92** |
| **Total Costs and Disbursements** | **$5,391 92** |

COSTS TAXED @ $ 5,391.92

_Deana Brina Karlo_
ACTING DEPUTY COUNTY CLERK
5/7/2024

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 230 of 319

I, Juliana Thibaut, Esq., an attorney admitted to the practice of law in the State of New York, hereby affirm pursuant to CPLR §2106 that Friedman Vartolo LLP, are the attorneys of record for Plaintiff in this action, the foregoing disbursements have been or will be necessarily made or incurred in this action and are reasonable in amount, and the copies of the documents or papers as charged herein were actually and necessarily obtained for use

Dated  March 6, 2024
New York, New York

/s/ Juliana Thibaut
Juliana Thibaut, Esq
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T  (212) 471-5100

# WORD COUNT CERTIFICATION

Juliana Thibaut, Esq , an attorney admitted to practice in the courts of New York State, hereby affirms under penalty of perjury that

I am an associate of the firm of **FRIEDMAN VARTOLO LLP** the attorneys of record for the Plaintiff in the within action

This computer-generated **COSTS OF PLAINTIFF** was prepared using a proportionally spaced typeface  The total number of words, inclusive of caption, point headings and footnotes, if any, and exclusive of exhibit, word count certification, or any authorized addendum is 393

Dated  March 6, 2024
New York, New York

> /s/ Juliana Thibaut
> Juliana Thibaut, Esq
> **FRIEDMAN VARTOLO LLP**
> Attorneys for Plaintiff
> 1325 Franklin Avenue, Suite 160
> Garden City, NY 11530
> **T** (212) 471-5100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------------------x

U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST,

Index No. EF007269-2022

                                   Plaintiff,

**AFFIRMATION OF
MAILING**

                -against-

ALFONSO AMELIO; et al.,

                                Defendants
------------------------------------------------------------------------x

        Michael Lee, hereby affirms pursuant to CPLR §2106 that:

        On May 15, 2024, I served a true copy of the annexed **NOTICE OF ENTRY** by filing the same with the New York State Electronic Filing System (NYSCEF) to the consenting parties on notice, and by mailing the same by First-Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below.

Alfonso Amelio
32 Main Street
New Milford, CT 06776

Paul Amelio
32 Main Street
New Milford, CT 06776

Carmine P. Amelio (Pro Se)
**VIA NYSCEF**

Roberta Perry
17 Grant Street
Middletown, NY 10940



Randall Coffill, Esq. (As Appointed Referee)
15 Jersey Avenue, P.O. Box 3158
Port Jervis, NY 12771

     I affirm this 15th day of May 15, 2024 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____

Michael Lee



Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 234 of 319

# NOTICE OF SALE

SUPREME COURT COUNTY OF ORANGE, US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST, Plaintiff, vs. ALFONSO AMELIO, Defendant(s).

Pursuant to a Judgment of Foreclosure and Sale duly entered on May 7, 2024, I, the undersigned Referee will sell at public auction at the second floor lobby, Division 3 of the Orange County Courthouse, 285 Main Street, Goshen, NY 10924 on July 22, 2024 at 2:30 p.m., premises known as 17 Grant Street, Middletown, NY 10940. All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Middletown, County of Orange and State of New York, Section 36, Block 15 and Lot 18. Approximate amount of judgment is $191,004.44 plus interest and costs.  Premises will be sold subject to provisions of filed Judgment Index #EF007269-2022. COVID-19 safety protocols will be followed at the foreclosure sale.

Randall V. Coffill, Esq., Referee

Friedman Vartolo LLP, 85 Broad Street, Suite 501, New York, New York 10004, Attorneys for Plaintiff. Firm File No. 220710-4

## ATTENTION COURT VISITORS

*Pursuant to Governor Cuomo's Executive Order 202.17, for the safety of all court users and court personnel, you must wear a mask or face covering while inside the courthouse. Persons without such a mask or face covering will not be permitted to enter.*

*Also, see http://www.nycourts.gov for more information.*

Case Number: 220710-4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------------------x

U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST,

Index No. EF007269-2022

Plaintiff,

**AFFIRMATION OF
MAILING**

-against-

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY COURT;
ROBERTA PERRY S/H/A JANE DOE #1,

Defendants

------------------------------------------------------------------------x

Michael Lee, hereby affirms pursuant to CPLR §2106 that:

I am not a party to the action, am over 18 years of age, and reside in Nassau County, New York.

On June 4th, 2024, I served a true copy of the annexed **NOTICE OF SALE** by mailing the same
by First Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official
depository of the U.S. Postal Service within the State of New York, addressed to the last known
address of the addressee as indicated below.

Alfonso Amelio
60 W 23rd Street, Apartment. 830
New York, New York 10010

Alfonso Amelio
17 Grant Street
Middletown, New York 10940

Alfonso Amelio
32 Main Street
New Milford, Connecticut 06776

Carmine P. Amelio
1339 Park Avenue, Unit 8A
New York, New York 10029

Carmine P. Amelio
13 Academy Avenue, Unit #1
Middletown, New York 10940

Carmine P. Amelio
32 Main Street
New Milford, Connecticut 06776

Case Number: 220710-4

Carmine P. Amelio
17 Grant Street
Middletown, New York 10940

Paul Amelio
17 Grant Street
Middletown, New York 10940

Paul Amelio
32 Main Street
New Milford, Connecticut 06776

Deborah J. Piazza as Chapter 7 Trustee of United States Bankruptcy Court
**C/O Jill Makower, Tarter Krinsky & Drogin LLP**
1350 Broadway, 11th Floor
New York, New York 10018

Roberta Perry S/H/A John Doe #1
17 Grant Street
Middletown, New York 10940

Occupant(s)
17 Grant Street
Middletown, New York 10940

Randall V. Coffill, Esq.
*Court-Appointed Referee*
15 Jersey Avenue
Port Jervis, New York 12771

I affirm this 4th day of June 2024 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

*Michael Lee*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**

------------------------------------------------------------------X

BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST

      Plaintiff,

-against-

ALFONSO AMELIO; CARMINE AMELIO;
PAUL AMELIO; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF UNITED STATES
BANKRUPTCY COURT; ROBERTA PERRY
S/H/A JANE DOE #1,

      Defendants.

------------------------------------------------------------------

**ORAL ARGUMENT REQUESTED**
Index No. EF007269-2022

NOTICE OF MOTION TO:
(1) VACATE/ SET ASIDE
JUDGMENT OF
FORECLOSURE AND SALE
PURSUANT TO CPLR
5015(a)(3)(4), COMMON LAW
AND THIS COURT'S
INHERENT POWERS (2)
HOLD AN EVIDENTIARY
HEARING TO CONFIRM THIS
COURT'S LACK OF
JURISDICTION AND
INVESTIGATION OF FRAUD
UPON THE COURT;
(3) DISMISS ACTION WITH
PREJUDICE PURSUANT TO
CPLR 3211(a)(3)(5)(7) AS TIME
BARRED; (4) PROSECUTION
DURING PENDING
BANKRUPTCY, (5) IMPROPER
SERVICE, PURSUANT TO CPLR
308: AND (6) OTHER RELIEF

**PLEASE TAKE NOTICE THAT** upon affirmations of Alfonso Amelio,

Carmine Amelio, and Paul Amelio, ("Defendants")("Amelios") dated July 2, 2024 as

Defendants in this matter appearing pro se, will move this Court, Supreme Court, Orange

County, 285 Main Street, Goshen, NY 10924 on the 12th day of July 2024, at 9:15 AM,

or soon thereafter can be heard, before Honorable Maria S. Vazquez-Doles, for an Order

to (1) vacate/set aside the Judgement of Foreclosure and Sale, entered May 15, 2024,

pursuant 5015(a)(3)(4), common law and this Court's inherent powers; (2) hold an

evidentiary hearing to determine this Court's lack of jurisdiction and investigation of

fraud upon Court; (3) to dismiss the above captioned matter with prejudice pursuant to

1

CPLR 3211(a)(5) because the note and mortgage subject of this action were already time-barred as of August 20, 2015 and commencement of this action was prohibited by CPLR § 213(4); (4) prosecution during pending bankruptcy; (5) improper service pursuant to CPLR 308; and (6) other relief.

**PLEASE TAKE FURTHER NOTICE**, that that Amelios motion challenges the jurisdiction of the Court to hear this matter. With the Court's jurisdiction being challenged, no other matter can be heard until the **Amelio**'s motion has been heard and decided. If the motion is denied, the Amelios have the right to formally respond to the Petition within 10 business days of the filing of the Order denying the motion.

**PLEASE TAKE FURTHER NOTICE**, that Amelios reserve the right to supplement their papers with further arguments, evidence and affidavits.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR § 2214(b) answering papers, if any, are required to be served upon the undersigned at least two (2) days before the return date of this motion.

TO:
Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Andrew Buonincontri, Esq
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
(Attorneys for Plaintiff)

Randall Coffill, Esq. (As Appointed Referee)
15 Jersey Avenue
P.O. Box 3158
Port Jervis, NY 12771

DATED: July 5, 2024

/s/ Carmine Amelio
Carmine Amelio
37 Main Street #337
New Milford, CT 06776

/s/ Alfonso Amelio
Alfonso Amelio

/s/ Paul Amelio
Paul Amelio

2

Case 1:24-cv-05615-CS Document 1 Filed 07/22/24 Page 240 of 319

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**

------------------------------------------------------------------X

**BANK TRUST NATIONAL ASSOCIATION, AS**
**TRUSTEE OF TIKI SERIES V TRUST**

       Plaintiff,

-against-

**ALFONSO AMELIO; CARMINE AMELIO;**
**PAUL AMELIO; DEBORAH J. PIAZZA, AS**
**CHAPTER 7 TRUSTEE OF UNITED STATES**
**BANKRUPTCY COURT; ROBERTA PERRY**
**S/H/A JANE DOE #1,**

       Defendants.

**ORAL ARGUMENT REQUESTED**

Index No. EF007269-2022

**DEFENDANT'S**
**AFFIRMATION IN SUPPORT**
**OF MOTION TO:**
**(1) VACATE/ SET ASIDE**
**JUDGMENT OF**
**FORECLOSURE AND SALE**
**PURSUANT TO CPLR**
**5015(a)(3)(4), COMMON LAW**
**AND THIS COURT'S**
**INHERENT POWERS (2)**
**HOLD AN EVIDENTIARY**
**HEARING TO CONFIRM THIS**
**COURT'S LACK OF**
**JURISDICTION AND**
**INVESTIGATION OF FRAUD**
**UPON THE COURT;**
**(3) DISMISS ACTION WITH**
**PREJUDICE PURSUANT TO**
**CPLR 3211(a)(3)(5)(7) AS TME**
**BARRED; (4) PROSECUTION**
**DURING PENDING**
**BANKRUPTCY, (5) IMPROPER**
**SERVICE, PURSUANT TO CPLR**
**308:**
**AND (6) OTHER RELIEF**

------------------------------------------------------------------X

We, Carmine Amelio, Alfonso Amelio and Paul Amelio ("Defendants")

("Amelio"), appearing *pro se* pursuant to CPLR § 2106 herein affirm this 5th of July

2024, under the penalties of perjury under the laws of the State of New York, that the

foregoing is true and correct."submit this affirmation under penalty of perjury in support

of dismissal of the above captioned matter, by stating as follows:

1.   The Defendants are named a party to the above captioned matter as owner of 17 Grant

Street, Middletown, NY 10940.

3

2.  On January 30, 2023 defendants filed their motion amend, vacate or dismiss the

September 8, 2022 Order in the previously discontinued case, Index No: EF000106-2021,

entered by this Court: "ORDER DISCONTINUING ACTION AND CANCELING LIS

PENDENS." (Doc# 82). The Order erred by including the follow relief, which was not

requested or argued in plaintiff's motion (Doc# 76):

"ORDERED, that Plaintiff hereby deaccelerates the maturity of the loan and withdraws
all prior demands for immediate payment of all sums secured by the Security Instrument;
and it is further"

Plaintiff's motion (Doc# 76) requested the following relief:

"PLEASE TAKE NOTICE, that upon the annexed affirmation of Juliana Thibaut, Esq.
dated June 1, 2022, and any papers and exhibits annexed thereto, a motion will be heard
at the Orange County Supreme Court, 285 Main Street, Goshen, NY 10924 in front of the
Honorable John R. Lindstrom, on July 1, 2022, at 9:30 AM, or as soon thereafter as
counsel can be heard, for an order: (i) canceling the Lis Pendens, (ii) discontinuing the
instant action, (iii) striking the Defendant's answer and dismissing the Defendant's
counterclaims, and (iv) for such other relief as the court may deem just and proper."

3.  Plaintiff continued to prosecute this matter during pending automatic stay of bankruptcy.

4.  Plaintiff did not properly serve defendants at their residence nor properly executed

attempted service pursuant to CPLR 308 and falsely claimed to serve Paul Amelio and Alfonso

Amelio via NYSCEF, who are not registered in this matter.

5.  The law is well settled law, that a mortgage cannot be decelerated after it has been

accelerated, which plaintiff unlawfully and intentionally inserted into the Order when such relief

was not requested or argued in plaintiff's motion. We believe that plaintiff and their counsel

altered the proposed order with the intent to ambush us and intentionally evade our opposition to

the same, denying our due process right to law. In addition, the notice of discontinuance was not

properly served and plaintiffs unlawfully moved the Court to appoint a guardian ad litem for Paul

Ameio and Alfonso Amelio, who are not deceased.

4

6.    Accordingly, plaintiff is time barred by the statute of limitations and to CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

1.    In addition to the above, this Court lacks jurisdiction in this matter as Plaintiff's alleged counsel have presented false statements and misrepresentations within the underlying complaint, they have omitted material facts and have submitted fabricated documents, which constitutes fraud upon the Court, as stated herein in defendant's legal argument.

WHEREFORE, it is respectfully requested for this Court to grant defendants motion to (1) vacate/set aside the Judgement of Foreclosure and Sale, entered May 15, 2024, pursuant 5015(a)(3)(4), common law and this Court's inherent powers; (2) hold an evidentiary hearing to determine this Court's lack of jurisdiction and investigation of fraud upon Court; (3) to dismiss the above captioned matter with prejudice pursuant to CPLR 3211(a)(5) because the note and mortgage subject of this action were already time-barred as of August 20, 2015 and commencement of this action was prohibited by CPLR § 213(4); (4) prosecution during pending bankruptcy; (5) improper service pursuant to CPLR 308; and (6) other relief.

DATED: July 5, 2024

_/s/ Carmine Amelio_
Carmine Amelio
37 Main Street #337
New Milford, CT 06776

_/s/ Alfonso Amelio_
Alfonso Amelio

_/s/ Paul Amelio_
Paul Amelio

5

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 243 of 319

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**
-----------------------------------------------------------------X

         **ORAL ARGUMENT REQUESTED**

BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST

       Plaintiff,

  -against-                    **LEGAL ARGUMENT**

ALFONSO AMELIO; CARMINE AMELIO;
PAUL AMELIO; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF UNITED STATES
BANKRUPTCY COURT; ROBERTA PERRY
S/H/A JANE DOE #1,

       Defendants.

-----------------------------------------------------------------X

      The law is well settled law, that a mortgage cannot be decelerated after it has been accelerated, which plaintiff unlawfully and intentionally inserted into the Order when such relief was not requested or argued in plaintiff's motion. We believe that plaintiff and their counsel altered the proposed order with the intent to ambush us and intentionally evade our opposition to the same, denying our due process right to law. In addition, the notice of discontinuance was not properly served and plaintiffs unlawfully moved the Court to appoint a guardian ad litem for Paul Ameio and Alfonso Amelio, who are not deceased.

6

2.    **Statute of Limitations**:  Plaintiff's attempt to enforce and foreclose upon the subject note and mortgage is barred by CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

3.    **Fraud Upon the Court**: This Court lacks jurisdiction in this matter as Plaintiff's alleged counsel have presented false statements and misrepresentations within the underlying complaint, they have omitted material facts and have submitted fabricated documents, which constitutes fraud upon the Court

4.    **Time Barred**:  Defendant request that the mortgage be cancelled and discharged pursuant to NY Real Property Actions and Proceedings Law § 1501(4) because the subject note and mortgage is time barred by the statue of limitations pursuant to CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

5.    **Improper Service**: Under CPLR 308, personal service on an individual may be made by delivering the legal process: directly to the defendant (CPLR 308(1)); to someone of suitable age and discretion at the defendant's "actual place of business, dwelling place or usual place of abode" and mailing a copy of the summons to the defendant's last known residence or actual place of business (CPLR 308(2)); to an agent designated under CPLR 318 (CPLR 308(3)); and, where notwithstanding diligent, but unsuccessful, efforts to serve pursuant to CPLR 308(1) and (2), by affixing the process to the door at the defendant's "actual place of business, dwelling place or usual place of abode within the state" and mailing a copy of the summons to the defendant at his/her/their actual place of business or last known residence (CPLR 308(4)). The failure to serve process in "strict compliance" with the "statutory methods," "leaves the court

7

without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void." *Nationstar Mortgage, LLC v. Gayle*, 191 A.D.3d 1002 (2nd Dep't 2021) (citations omitted). Accordingly, proof of proper service is of the utmost importance.

6.      In addition to the above, this Court lack jurisdiction in this matter due plaintiff's false statements in their defective complaint. Plaintiff has unlawfully attempted to prove standing with fabricated documents which constitutes fraud upon the court, as follows:

7.      As it pertains to Plaintiff's averments at paragraph two of the subject complaint, Defendants admit and deny in part, by stating as follows:

> i.      Carmine Amelio executed a note on August 8, 2005 in favor of First Horizon Loan Corporation ("First Horizon") as power of attorney for Alfonso Amelio.;
>
> ii.     Defendants deny that (a) Plaintiff is in possession of the original note; and (b) the instrument attached to the complaint as "Exhibit A" consist of a true and correct copy of the original.;
>
> iii.    Defendants deny that the instrument attached to the complaint as "Exhibit A" is properly indorsed in accordance with NY UCC.; and
>
> iv.     Defendants deny that the original note instrument in dispute is a negotiable instrument pursuant to NY UCC § 3-104 and, instead, Defendants aver that said instrument is non-negotiable and enforcement thereof is governed by NY UCC § 9-203.

8.      As it pertains to Plaintiff's of the subject complaint, Defendants state as follows:

i.  Defendants admit that they each executed the mortgage instrument in dispute that was recorded in the Office of the Orange County Clerk on October 4, 2005, at Book 11958, Page 955.;

ii.  Defendants deny that Mortgage Electronic Registration Systems, Inc. ("MERS") was an agent for First Horizon as of the date set forth in the foregoing mortgage instrument because, in part, no such power of attorney was ever presented to Defendants; no such power of attorney was annexed to the instrument upon its recording in the Office of the Orange County Clerk on October 4, 2005, at Book 11958, Page 955; no such power of attorney has been recorded in the Office of the Orange County Clerk to present date; and no such power of attorney is annexed to Plaintiff's complaint.

iii.  Defendants deny that they delivered a mortgage to MERS because the latter has never been a document custodian with physical possession of any such instruments; and Plaintiff has no evidence to substantiate its claim.

iv.  Plaintiff's claims pertaining to MERS are materially false and deceptive, along with the instrument recorded by the Office of the Orange County Clerk on December 3, 2012, at Book 13457, Page 75 which is void as a matter fact because MERS as the alleged nominee for First Horizon: (a) never possessed the subject note and mortgage; (b) was without authority to assign the subject note and mortgage; and (c) never assigned the subject note and mortgage. See *Bank of N.Y. v. Silverberg*, 86 A.D.3d

9

274, 275 (N.Y. App. Div. 2011) ("The issue presented on this appeal is whether a party has standing to commence a foreclosure action when that party's assignor — in this case, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS) — was listed in the underlying mortgage instruments as a nominee and mortgagee for the purpose of recording, but was never the actual holder or assignee of the underlying notes. We answer this question in the negative."); and

v.     because the foregoing instrument recorded by the Office of the Orange County Clerk on December 3, 2012, at Book 13457, Page 75 is void (as a matter of fact), the subsequent instruments recorded by the Office of the Orange County Clerk on August 24, 2015, at Book 13936, Page 743 and July 15, 2020, at Book 14772, Page 289.

**Violation of Bankruptcy Automatic Stay**:  **PLAINTIFF CONTINUED TO PROSECUTE THE SUBJECT COMPLAINT DURING THE PENDENCY OF BANKRUPTCY AND AUTOMATIC STAY, AND MUST BE DISMISSED, WITH PREJUDICE.**

Because the plaintiff prosecuted this action while the automatic stay was in effect, it is void *ab initio* and must be dismissed. 11 U.S.C. § 362(a)(1) ("a [bankruptcy] petition filed… operates as a stay, applicable to all entities, of the commencement… of a judicial… action or proceeding against a debtor…"); *Levant v. Nal'l Car Rental , Inc.,* 33 A.D.3d 367, 368 (1st Dep't 2006) and the petition filed by the Petitioner is void, (holding that an action commenced against a debtor while an automatic bankruptcy stay was in effect was "*void ab initio."*)

10

WHEREFORE, it is respectfully requested that the Court grant Defendant's Motion to (1) vacate/set aside the Judgement of Foreclosure and Sale, entered May 15, 2024, pursuant 5015(a)(3)(4), common law and this Court's inherent powers; (2) hold an evidentiary hearing to determine this Court's lack of jurisdiction and investigation of fraud upon Court; (3) to dismiss the above captioned matter with prejudice pursuant to CPLR 3211(a)(5) because the note and mortgage subject of this action were already time-barred as of August 20, 2015 and commencement of this action was prohibited by CPLR § 213(4); (4) prosecution during pending bankruptcy; (5) improper service pursuant to CPLR 308; and (6) other relief.

DATED: July 5, 2024

*/s/ Carmine Amelio*
Carmine Amelio
37 Main Street #337
New Milford, CT 06776

*/s/ Alfonso Amelio*
Alfonso Amelio

*/s/ Paul Amelio*
Paul Amelio

11

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**

-------------------------------------------------------------------X

BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST

      Plaintiff,

-against-

ALFONSO AMELIO; CARMINE AMELIO;
PAUL AMELIO; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF UNITED STATES
BANKRUPTCY COURT; ROBERTA PERRY
S/H/A JANE DOE #1,

      Defendants.

-------------------------------------------------------------------X

**ORAL ARGUMENT REQUESTED**

**AFFIRMATION OF
SERVICE**

I, Carmine Amelio, hereby submit this affirmation, under penalty of perjury, that on, July 5, 2024, a copy of NOTICE OF MOTION TO: (1) VACATE/ SET ASIDE JUDGMENT OF FORECLOSURE AND SALE PURSUANT TO CPLR 5015(a)(3)(4), COMMON LAW AND THIS COURT'S INHERENT POWERS (2) HOLD AN EVIDENTIARY HEARING TO CONFIRM THIS COURT'S LACK OF JURISDICTION AND INVESTIGATION OF FRAUD UPON THE COURT; (3) DISMISS ACTION WITH PREJUDICE PURSUANT TO CPLR 3211(a)(3)(5)(7) AS TIME BARRED; (4) PROSECUTION DURING PENDING BANKRUPTCY, (5) IMPROPER SERVICE, PURSUANT TO CPLR 308: AND (6) OTHER RELIEF, was served electronically and/or regular United States mail to all interested parties listed below:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Andrew Buonincontri, Esq
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
(Attorneys for Plaintiff)

Randall Coffill, Esq. (As Appointed Referee)
15 Jersey Avenue
P.O. Box 3158
Port Jervis, NY 12771

DATED: July 8, 2024

Carmine Amelio
37 Main Street #337
New Milford, CT 06776

Subscribed and Sworn to before
me, a Notary Public, In and for
County of _Litchfield_ and
State of Connecticut, this _8th_
day of _July_, 20_24_

_____
Notary Public

JENNIFER BIRDSEYE
NOTARY PUBLIC
STATE OF CONNECTICUT
MY COMM EXP 12-31-2026

12

12 of 12

NYSCEF - New York State Courts Electronic Filing (Live System)

---

**EF007269-2022 -** Orange County Supreme Court

Short Caption: **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST v. ALFONSO AMELIO et al**
Case Type: **Real Property - Mortgage Foreclosure - Residential**
Case Status: **Disposed-Court Date/Application Pending**
eFiling Status: **Partial Participation Recorded**
Assigned Judge: **Sandra B. Sciortino**

E-mail Participating Parties

Document Number: **79**
Document Type:
 **NOTICE OF MOTION** - *Corrected*
Additional Document Info:
 **Notice of motion to vacate and dismiss**
Status: **Pending**
Filer: **Amelio, C. (Pro Hac / Pro Se)**
Received Date: **07/08/2024 03:27 PM**
Filed Date: **07/05/2024 11:58 PM**
*Acknowledgements recorded by Amelio, C. (Pro Hac / Pro Se) on filing page on 07/05/2024 11:58 PM*

> *Document Returned for Correction*
> *Document Type: NOTICE OF MOTION*
> *Received Date: 07/05/2024 11:58 PM*
> *E-Mail Service Notifications sent on 07/05/2024 11:58 PM:*
>  *Carmine Amelio - cpamelio@gmail.com;*
>  *GLENN W. CAULFIELD - gcaulfield@friedmanvartolo.com;*
>  *ZACHARY R. GOLD - zgold@friedmanvartolo.com;*
>  *JAGRITI KHURANA - jkhurana@friedmanvartolo.com;*
>  *MICHAEL W. NARDOLILLO - mnardolillo@friedmanvartolo.com;*
>  *JULIANA THIBAUT - jthibaut@friedmanvartolo.com;*
>  *RALPH L. VARTOLO - rvartolo@friedmanvartolo.com;*
>
> *Initial Confirmation Notice*
>
> *** **Document being processed – check back in 15 minutes** ***
>
> *Return Date: **July 15, 2024***
> *Main Relief Sought: **Vacate - Decision/Order/Judgment/Award***
> *Secondary Reliefs Sought: **Dismiss***

Document Fee: **$45.00**

*Payment Method: **Fee Waived***
*Amount Paid: **$0.00***

**Linked Documents**
Doc #    Document Type                                                    Motion #
80       NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION)

**E-Mail Service Notifications sent on 07/08/2024 03:27 PM**
Attorney                          Email
Carmine Amelio                    cpamelio@gmail.com
GLENN W. CAULFIELD                gcaulfield@friedmanvartolo.com
ZACHARY R. GOLD                   zgold@friedmanvartolo.com
JAGRITI KHURANA                   jkhurana@friedmanvartolo.com
SEAN K. MONAHAN                   smonahan@friedmanvartolo.com
MICHAEL W. NARDOLILLO             mnardolillo@friedmanvartolo.com
JULIANA THIBAUT                   jthibaut@friedmanvartolo.com
RALPH L. VARTOLO                  rvartolo@friedmanvartolo.com
*NOTE: There may be parties in this case who haven't "opted out" or recorded their participation. See case details tab.*

**New York State Unified Court System**

## Affidavit in Support of Application to Waive Court Fees and Costs

UCS-FW1 (07/2023)
Page **1** of **2**
nycourthelp.gov

New York Supreme **Court**

**County of** Orange

In the matter of:
BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST

**Plaintiff/Petitioner** (party bringing case) or **Subject of Proceeding**

**Index Number:**
EF007269-2022

*-against-* ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1

**Defendant/Respondent** (opposing party; if none, leave blank)

State of New York, County of _Orange_

I, Carmine Amelio,Alfonso Amelio and Paul Amelio , being duly sworn, says:

1. I am a party in this case.

2. I live at 37 Main Street #337 New Milford CT 06776 .

3. I have the following: [Check all that apply]

| | | | | |
|---|---|---|---|---|
| ☐ | Income | Source: | | Monthly Amount: |
| | | ☐ Public Assistance | | $_____ |
| | | ☐ Spousal Support | | $_____ |
| | | ☐ Social Security/SSI/SSID | | $_____ |
| | | ☐ Wages | | $_____ |
| | | ☒ Other: | self employment | $ 0.00 |
| ☒ | Bank Account(s | Type: | | Balance: |
| | | ☒ Checking | | $ 0.00 |
| | | ☐ Savings | | $_____ |
| ☒ | Real Estate | Address: | | Market Value: $ -1197264 |
| ☒ | Personal Property | Description: | | Value: $ 0.00 |

4. I request a court order: [Choose one of the following]

   ☒ Waiving any and all court filing fees for this case

   ☐ Waiving the filing fee for a Notice of Appeal

   ☐ Other (specify): _____

5. I make this application based on CPLR §1101. I do not have and cannot get the funds to pay the necessary costs, fees, and expenses. I cannot proceed unless the order is granted.



6. The facts of my case are: [Choose one of the following]

☒ explained in my attached court papers.    Motion to Vacate and Dismiss filed 7/3/24

☐ as follows: _____

_____

_____

_____

_____

_____

7. No other person who may benefit from the outcome of this case is able to pay such costs, fees, and expenses.

8. [Choose one of the following]

☒ I **have not** previously applied to waive the court fees and costs in this case.

☐ I **have** previously applied to waive the court fees and costs in this case, but I am applying again because: _____

_____

_____

_____
**Signature in Presence of Notary**

Sworn to before me this __8th__
day of __July__, 20 __24__.


**Notary Public**

**Note:** Contact the court and ask if you are required to submit any additional documentation and/or if you are required to serve any other party.



JENNIFER BIRDSEYE
NOTARY PUBLIC
STATE OF CONNECTICUT
MY COMM. EXP 12-31-2026

Carmine Amelio
Alfonso Amelio
Paul Amelio
37 Main Street #337
New Milford, CT 06776
p. 412-612-6774
e. cpamelio@gmail.com

July 11, 2024

**Via NYSCEF**
Honorable Sandra B. Sciortino
Supreme Court of the State of New York, Orange County
285 Main Street
Goshen, New York 10924

RE:  Request for adjournment of motion and foreclosure sale, first request, Index No:
EF007269-2022, US Bank Trust National Association, as Trustee of Tiki Series V Trust
v. Alfonso Amelio et al

Dear Judge Sciortino,

We, Carmine Amelio, Alfonso Amelio and Paul Amelio are the pro defendants in

the above-referenced mortgage foreclosure action. Pursuant to the INDIVIDUAL PART

RULES OF HONORABLE SANDRA B. SCIORTINO, defendants respectfully request

four (4) weeks adjournment of their motion, filed July 5, 2024, Doc# 79, and sixty (60)

day adjournment of foreclosure sale scheduled July 22, 2024 so their pending motion can

be properly heard and adjudicated. Defendants state as follows:

On June 6, 2024, a Notice of Sale was entered for foreclosure sale scheduled July

22, 2024. Defendants prepared their motion to vacate and dismiss on July 2, 2024 with

return date scheduled July 12, 2024, which was competed and filed on July 5, 2024.

Defendants, however, inadvertently neglected to update their intended return date to July

15, 2024 in order to properly notice their motion. On July 11, 2024, plaintiffs filed notice

of rejection. Defendant Carmine Amelio email all four (4) counsel on record for plaintiff

stating, "I am in receipt of your notice of rejection. The motion that was filed July 5,
2024 inadvertently scheduled the return date on July 12th instead of July 15th that was
intended. Please let me know if you will consent to 30 continuance of foreclosure sale
and I will refile my motion to be heard on a 16 day motion cycle." The plaintiff
responded that they did not consent.

Plaintiffs are pro se and needs more time to research and prepare documents,
outside of normal work and responsibilities, are not educated in the art of law and lack
the resources available to experienced attorneys.

Plaintiffs have limiting chronic medical issues and disabilities, pursuant to ADA,
which this Court complies with and, under doctor's care and orders, must carefully
monitor work, activities, responsibilities, including shared legal and physical custody of
his children and other pending legal matters, in various States, and to properly address
matters while managing my health and medical issues.

Defendants are not making their request for extension of time in bad faith or for the
purposes of delay and it will not harm or prejudice the Plaintiff's case.

WHEREFORE, defendants respectfully request for this Court to grant their
request for adjournment of their motion (4) weeks to August 9, 2024, with plaintiff
response due on or before August 1, 2024, pursuant to CPLR 2214, and defendant's reply
due on or before August 6, 2024 and adjournment of foreclosure sale to September 20,
2024, so that defendants' motion can be properly heard and adjudicated.

Respectfully,

*/s/ Carmine Amelio*
Carmine Amelio, Defendant, Pro Se
37 Main Street #337
New Milford, CT 06776

*/s/ Alfonso Amelio*
Alfonso Amelio, Defendant, Pro Se

*/s/ Paul Amelio*
Paul Amelio, Defendant, Pro Se

CC:
Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Andrew Buonincontri, Esq
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
(Attorneys for Plaintiff)

Randall Coffill, Esq. (As Appointed Referee)
15 Jersey Avenue
P.O. Box 3158
Port Jervis, NY 12771

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF ORANGE**

**JUDGE SCIORTINO, SANDRA B.**



---

**U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST**

**- v. -**

**ALFONSO AMELIO et al**

Index No.   EF007269-2022

## COURT NOTICE

The court wanted to acknowledge the filing and receipt of the defendant's adjournment request.

It should be noted that the Judge is not available and will not see the letter until sometime after 22 Jul 2024.

James M. Charette
Senior Court Clerk

DATED 07/12/2024                    FILED By James M Charette

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**

-------------------------------------------------------------------X

U.S. BANK TRUST NATIONAL ASSOCIATION,
AS TRUSTEE OF TIKI SERIES V TRUST

         Plaintiff,

-against-

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; ROBERTA PERRY S/H/A JANE DOE #1,

         Defendants.

**ORAL ARGUMENT**
**REQUESTED**
   Index No. EF007269-2022

NOTICE OF MOTION TO:
(1) VACATE/ SET ASIDE
JUDGMENT OF
FORECLOSURE AND SALE
PURSUANT TO CPLR
5015(a)(3)(4), COMMON LAW
AND THIS COURT'S
INHERENT POWERS (2)
HOLD AN EVIDENTIARY
HEARING TO CONFIRM THIS
COURT'S LACK OF
JURISDICTION AND
INVESTIGATION OF FRAUD
UPON THE COURT;
(3) DISMISS ACTION WITH
PREJUDICE PURSUANT TO
CPLR 3211(a)(3)(5)(7) AS TIME
BARRED; (4) PROSECUTION
DURING PENDING
BANKRUPTCY, (5) IMPROPER
SERVICE, PURSUANT TO CPLR
308: AND (6) OTHER RELIEF

----------------------------------------------------------------------

     **PLEASE TAKE NOTICE THAT** upon affirmation of Carmine Amelio,

("Defendant")("Defendants")("Amelios") dated July 12, 2024 as Defendants in this

matter appearing pro se, will move this Court, Supreme Court, Orange County, 285 Main

Street, Goshen, NY 10924 on the 22nd day of July 2024, at 9:15 AM, or soon thereafter

can be heard, before Honorable Sandra B. Sciortino, for an Order to (1) vacate/set aside

the Judgement of Foreclosure and Sale, entered May 15, 2024, pursuant 5015(a)(3)(4),

common law and this Court's inherent powers; (2) hold an evidentiary hearing to

determine this Court's lack of jurisdiction and investigation of fraud upon Court; (3) to

1

dismiss the above captioned matter with prejudice pursuant to CPLR 3211(a)(5) because the note and mortgage subject of this action were already time-barred as of August 20, 2015 and commencement of this action was prohibited by CPLR § 213(4); (4) prosecution during pending bankruptcy; (5) improper service pursuant to CPLR 308; and (6) other relief.

 **PLEASE TAKE FURTHER NOTICE**, that that Amelios motion challenges the jurisdiction of the Court to hear this matter. With the Court's jurisdiction being challenged, no other matter can be heard until the Amelio's motion has been heard and decided. If the motion is denied, the Amelios have the right to formally respond to the Petition within 10 business days of the filing of the Order denying the motion.

 **PLEASE TAKE FURTHER NOTICE**, that Amelios reserve the right to supplement their papers with further arguments, evidence and affidavits.

 **PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR § 2214(b) answering papers, if any, are required to be served upon the undersigned at least two (2) days before the return date of this motion.

TO:
Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Andrew Buonincontri, Esq
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
(Attorneys for Plaintiff)

Randall Coffill, Esq. (As Appointed Referee)
15 Jersey Avenue
P.O. Box 3158
Port Jervis, NY 12771

DATED: July 12, 2024

          /s/ Carmine Amelio
          Carmine Amelio
          37 Main Street #337
          New Milford, CT 06776

          /s/ Alfonso Amelio
          Alfonso Amelio

          /s/ Paul Amelio
          Paul Amelio

2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**

----------------------------------------------------------------X

U.S. BANK TRUST NATIONAL ASSOCIATION,
AS TRUSTEE OF TIKI SERIES V TRUST

          Plaintiff,

-against-

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; ROBERTA PERRY S/H/A JANE DOE #1,

          Defendants.

----------------------------------------------------------------X

**ORAL ARGUMENT REQUESTED**

Index No. EF007269-2022

DEFENDANT'S
AFFIRMATION IN SUPPORT
OF MOTION TO:
(1) VACATE/ SET ASIDE
JUDGMENT OF
FORECLOSURE AND SALE
PURSUANT TO CPLR
5015(a)(3)(4), COMMON LAW
AND THIS COURT'S
INHERENT POWERS (2)
HOLD AN EVIDENTIARY
HEARING TO CONFIRM THIS
COURT'S LACK OF
JURISDICTION AND
INVESTIGATION OF FRAUD
UPON THE COURT;
(3) DISMISS ACTION WITH
PREJUDICE PURSUANT TO
CPLR 3211(a)(3)(5)(7) AS TME
BARRED; (4) PROSECUTION
DURING PENDING
BANKRUPTCY, (5) IMPROPER
SERVICE, PURSUANT TO CPLR
308:
AND (6) OTHER RELIEF

We, Carmine Amelio, Alfonso Amelio and Paul Amelio ("Defendants")

("Amelio"), appearing *pro se* pursuant to CPLR § 2106 herein affirm this 12th of July

2024, under the penalties of perjury under the laws of the State of New York, that the

foregoing is true and correct."submit this affirmation under penalty of perjury in support

of dismissal of the above captioned matter, by stating as follows:

    1.   The Defendants are named a party to the above captioned matter as owner of 17 Grant

Street, Middletown, NY 10940.

3

2.    Defendants have limiting chronic medical issues and disabilities, pursuant to
ADA, which this Court complies with and, under doctor's care and orders, must carefully
monitor work, activities, responsibilities, including shared legal and physical custody of
his children and other pending legal matters, in various States, and to properly address
matters while managing my health and medical issues.

3.    On January 30, 2023 defendants filed their motion amend, vacate or dismiss the
September 8, 2022 Order in the previously discontinued case, Index No: EF000106-2021,
entered by this Court: "ORDER DISCONTINUING ACTION AND CANCELING LIS
PENDENS." (Doc# 82). The Order erred by including the follow relief, which was not
requested or argued in plaintiff's motion (Doc# 76):

"ORDERED, that Plaintiff hereby deaccelerates the maturity of the loan and withdraws
all prior demands for immediate payment of all sums secured by the Security Instrument;
and it is further"

Plaintiff's motion (Doc# 76) requested the following relief:

"PLEASE TAKE NOTICE, that upon the annexed affirmation of Juliana Thibaut, Esq.
dated June 1, 2022, and any papers and exhibits annexed thereto, a motion will be heard
at the Orange County Supreme Court, 285 Main Street, Goshen, NY 10924 in front of the
Honorable John R. Lindstrom, on July 1, 2022, at 9:30 AM, or as soon thereafter as
counsel can be heard, for an order: (i) canceling the Lis Pendens, (ii) discontinuing the
instant action, (iii) striking the Defendant's answer and dismissing the Defendant's
counterclaims, and (iv) for such other relief as the court may deem just and proper."

4.    Plaintiff continued to prosecute this matter during pending automatic stay of bankruptcy.

5.    Plaintiff did not properly serve defendants at their residence nor properly executed
attempted service pursuant to CPLR 308 and falsely claimed to serve Paul Amelio and Alfonso
Amelio via NYSCEF, who are not registered in this matter.

6.    The law is well settled law, that a mortgage cannot be decelerated after it has been
accelerated, which plaintiff unlawfully and intentionally inserted into the Order when such relief
was not requested or argued in plaintiff's motion. We believe that plaintiff and their counsel

4

altered the proposed order with the intent to ambush us and intentionally evade our opposition to the same, denying our due process right to law. In addition, the notice of discontinuance was not properly served and plaintiffs unlawfully moved the Court to appoint a guardian ad litem for Paul Ameio and Alfonso Amelio, who are not deceased.

7.    Accordingly, plaintiff is time barred by the statute of limitations and to CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

1.    In addition to the above, this Court lacks jurisdiction in this matter as Plaintiff's alleged counsel have presented false statements and misrepresentations within the underlying complaint, they have omitted material facts and have submitted fabricated documents, which constitutes fraud upon the Court, as stated herein in defendant's legal argument.

WHEREFORE, it is respectfully requested for this Court to grant defendants motion to (1) vacate/set aside the Judgement of Foreclosure and Sale, entered May 15, 2024, pursuant 5015(a)(3)(4), common law and this Court's inherent powers; (2) hold an evidentiary hearing to determine this Court's lack of jurisdiction and investigation of fraud upon Court; (3) to dismiss the above captioned matter with prejudice pursuant to CPLR 3211(a)(5) because the note and mortgage subject of this action were already time-barred as of August 20, 2015 and commencement of this action was prohibited by CPLR § 213(4); (4) prosecution during pending bankruptcy; (5) improper service pursuant to CPLR 308; and (6) other relief.

DATED: July 12, 2024

*/s/ Carmine Amelio*
Carmine Amelio, 37 Main Street #337,  New Milford, CT 06776

*/s/ Alfonso Amelio*
Alfonso Amelio

*/s/ Paul Amelio*
Paul Amelio

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X

U.S. BANK TRUST NATIONAL ASSOCIATION,
AS TRUSTEE OF TIKI SERIES V TRUST

      Plaintiff,

-against-

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER
7 TRUSTEE OF UNITED STATES
BANKRUPTCY COURT; ROBERTA PERRY S/H/
A JANE DOE #1,

      Defendants.

-----------------------------------------------------------------X

**ORAL ARGUMENT REQUESTED**

**LEGAL ARGUMENT**

The law is well settled law, that a mortgage cannot be decelerated after it has been accelerated, which plaintiff unlawfully and intentionally inserted into the Order when such relief was not requested or argued in plaintiff's motion. We believe that plaintiff and their counsel altered the proposed order with the intent to ambush us and intentionally evade our opposition to the same, denying our due process right to law. In addition, the notice of discontinuance was not properly served and plaintiffs unlawfully moved the Court to appoint a guardian ad litem for Paul Ameio and Alfonso Amelio, who are not deceased.

    2.    **<u>Statute of Limitations</u>**:  Plaintiff's attempt to enforce and foreclose upon the subject note and mortgage is barred by CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

6

3.      __Fraud Upon the Court__: This Court lacks jurisdiction in this matter as Plaintiff's alleged counsel have presented false statements and misrepresentations within the underlying complaint, they have omitted material facts and have submitted fabricated documents, which constitutes fraud upon the Court

4.      __Time Barred__:  Defendant request that the mortgage be cancelled and discharged pursuant to NY Real Property Actions and Proceedings Law § 1501(4) because the subject note and mortgage is time barred by the statue of limitations pursuant to CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

5.      __Improper Service__: Under CPLR 308, personal service on an individual may be made by delivering the legal process: directly to the defendant (CPLR 308(1)); to someone of suitable age and discretion at the defendant's "actual place of business, dwelling place or usual place of abode" and mailing a copy of the summons to the defendant's last known residence or actual place of business (CPLR 308(2)); to an agent designated under __CPLR 318__ (CPLR 308(3)); and, where notwithstanding diligent, but unsuccessful, efforts to serve pursuant to CPLR 308(1) and (2), by affixing the process to the door at the defendant's "actual place of business, dwelling place or usual place of abode within the state" and mailing a copy of the summons to the defendant at his/her/their actual place of business or last known residence (CPLR 308(4)). The failure to serve process in "strict compliance" with the "statutory methods," "leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void." _Nationstar Mortgage, LLC v. Gayle_, 191 A.D.3d 1002 (2nd Dep't 2021) (citations omitted).  Accordingly, proof of proper service is of the utmost importance.

7

6.    In addition to the above, this Court lack jurisdiction in this matter due plaintiff's false statements in their defective complaint. Plaintiff has unlawfully attempted to prove standing with fabricated documents which constitutes fraud upon the court, as follows:

7.    As it pertains to Plaintiff's averments at paragraph two of the subject complaint, Defendants admit and deny in part, by stating as follows:

    i.    Carmine Amelio executed a note on August 8, 2005 in favor of First Horizon Loan Corporation ("First Horizon") as power of attorney for Alfonso Amelio.;

    ii.    Defendants deny that (a) Plaintiff is in possession of the original note; and (b) the instrument attached to the complaint as "Exhibit A" consist of a true and correct copy of the original.;

    iii.    Defendants deny that the instrument attached to the complaint as "Exhibit A" is properly indorsed in accordance with NY UCC.; and

    iv.    Defendants deny that the original note instrument in dispute is a negotiable instrument pursuant to NY UCC § 3-104 and, instead, Defendants aver that said instrument is non-negotiable and enforcement thereof is governed by NY UCC § 9-203.

8.    As it pertains to Plaintiff's of the subject complaint, Defendants state as follows:

    i.    Defendants admit that they each executed the mortgage instrument in dispute that was recorded in the Office of the Orange County Clerk on October 4, 2005, at Book 11958, Page 955.;

8

ii.     Defendants deny that Mortgage Electronic Registration Systems, Inc. ("MERS") was an agent for First Horizon as of the date set forth in the foregoing mortgage instrument because, in part, no such power of attorney was ever presented to Defendants; no such power of attorney was annexed to the instrument upon its recording in the Office of the Orange County Clerk on October 4, 2005, at Book 11958, Page 955; no such power of attorney has been recorded in the Office of the Orange County Clerk to present date; and no such power of attorney is annexed to Plaintiff's complaint.

iii.     Defendants deny that they delivered a mortgage to MERS because the latter has never been a document custodian with physical possession of any such instruments; and Plaintiff has no evidence to substantiate its claim.

iv.     Plaintiff's claims pertaining to MERS are materially false and deceptive, along with the instrument recorded by the Office of the Orange County Clerk on December 3, 2012, at Book 13457, Page 75 which is void as a matter fact because MERS as the alleged nominee for First Horizon: (a) never possessed the subject note and mortgage; (b) was without authority to assign the subject note and mortgage; and (c) never assigned the subject note and mortgage. See *Bank of N.Y. v. Silverberg*, 86 A.D.3d 274, 275 (N.Y. App. Div. 2011) ("The issue presented on this appeal is whether a party has standing to commence a foreclosure action when that party's assignor — in this case, Mortgage Electronic Registration

9

Systems, Inc. (hereinafter MERS) — was listed in the underlying

mortgage instruments as a nominee and mortgagee for the purpose of

recording, but was never the actual holder or assignee of the underlying

notes. We answer this question in the negative."); and

v.    because the foregoing instrument recorded by the Office of the Orange

County Clerk on December 3, 2012, at Book 13457, Page 75 is void (as a

matter of fact), the subsequent instruments recorded by the Office of the

Orange County Clerk on August 24, 2015, at Book 13936, Page 743 and

July 15, 2020, at Book 14772, Page 289.

**<u>Violation of Bankruptcy Automatic Stay</u>:   PLAINTIFF CONTINUED TO
PROSECUTE THE SUBJECT COMPLAINT DURING THE PENDENCY OF
BANKRUPTCY AND AUTOMATIC STAY, AND MUST BE DISMISSED,
WITH PREJUDICE.**

Because the plaintiff prosecuted this action while the automatic stay was in effect,

it is void *ab initio* and must be dismissed. 11 U.S.C. § 362(a)(1) ("a [bankruptcy]

petition filed… operates as a stay, applicable to all entities, of the commencement…

of a judicial… action or proceeding against a debtor…"); *Levant v. Nal'l Car Rental ,

Inc.,* 33 A.D.3d 367, 368 (1st Dep't 2006) and the petition filed by the Petitioner is

void, (holding that an action commenced against a debtor while an automatic

bankruptcy stay was in effect was "*void ab initio.* ")

WHEREFORE, it is respectfully requested that the Court grant Defendant's

Motion to (1) vacate/set aside the Judgement of Foreclosure and Sale, entered May 15,

2024, pursuant 5015(a)(3)(4), common law and this Court's inherent powers; (2) hold an

evidentiary hearing to determine this Court's lack of jurisdiction and investigation of

10

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 267 of 319

fraud upon Court; (3) to dismiss the above captioned matter with prejudice pursuant to

CPLR 3211(a)(5) because the note and mortgage subject of this action were already time-

barred as of August 20, 2015 and commencement of this action was prohibited by CPLR

§ 213(4); (4) prosecution during pending bankruptcy; (5) improper service pursuant to

CPLR 308; and (6) other relief.

DATED: July 12, 2024

/s/ Carmine Amelio
Carmine Amelio
37 Main Street #337
New Milford, CT 06776

/s/ Alfonso Amelio
Alfonso Amelio

/s/ Paul Amelio
Paul Amelio

11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-----------------------------------------------------------------X

U.S. BANK TRUST NATIONAL ASSOCIATION,
AS TRUSTEE OF TIKI SERIES V TRUST

**ORAL ARGUMENT
REQUESTED**

       Plaintiff,

-against-

ALFONSO AMELIO; CARMINE AMELIO;
PAUL AMELIO; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF UNITED STATES
BANKRUPTCY COURT; ROBERTA PERRY
S/H/A JANE DOE #1,

**AFFIRMATION OF
SERVICE**

       Defendants.

-----------------------------------------------------------------X

STATE OF CONNECTICUT)
COUNTY OF LITCHFIELD ) ss.:

I, Carmine Amelio, hereby submit this affirmation, under penalty of perjury, that on, July 12, 2024, a copy of NOTICE OF MOTION TO: (1) VACATE/ SET ASIDE JUDGMENT OF FORECLOSURE AND SALE PURSUANT TO CPLR 5015(a)(3)(4), COMMON LAW AND THIS COURT'S INHERENT POWERS (2) HOLD AN EVIDENTIARY HEARING TO CONFIRM THIS COURT'S LACK OF JURISDICTION AND INVESTIGATION OF FRAUD UPON THE COURT; (3) DISMISS ACTION WITH PREJUDICE PURSUANT TO CPLR 3211(a)(3)(5)(7) AS TIME BARRED; (4) PROSECUTION DURING PENDING BANKRUPTCY, (5) IMPROPER SERVICE, PURSUANT TO CPLR 308: AND (6) OTHER RELIEF, was served electronically and/or regular United States mail to all interested parties listed below:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Andrew Buonincontri, Esq
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
(Attorneys for Plaintiff)

Randall Coffill, Esq. (As Appointed Referee)
15 Jersey Avenue
P.O. Box 3158
Port Jervis, NY 12771

_Carmine Amelio_

Carmine Amelio


SWORN TO and SUBSCRIBED before me by Carmine Amelio on July 12, 2024


Notary Public in and for
the State of Connecticut

JENNIFER BIRDSEYE
NOTARY PUBLIC
STATE OF CONNECTICUT
MY COMM. EXP 12-31-2026

**New York State Unified Court System**

## Affidavit in Support of Application to Waive Court Fees and Costs

**UCS-FW1** (07/2023)
Page **1** of **2**
nycourthelp.gov

_New York Supreme_ **Court**

**County of** _Orange_

In the matter of:
BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST

**Index Number:**

_EF007269-2022_

**Plaintiff/Petitioner** (party bringing case) or **Subject of Proceeding**

_-against-_  ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA
PERRY S/H/A JANE DOE #1

**Defendant/Respondent** (opposing party; if none, leave blank)

State of New York, County of _Orange_

I, _Carmine Amelio, Alfonso Amelio and Paul Amelio_ , being duly sworn, says:

1. I am a party in this case.

2. I live at _37 Main Street #337 New Milford CT 06776_ .

3. I have the following: [Check all that apply]

| | | Source: | Monthly Amount: |
|---|---|---|---|
| ☐ | Income | ☐ Public Assistance | $_____ |
| | | ☐ Spousal Support | $_____ |
| | | ☐ Social Security/SSI/SSID | $_____ |
| | | ☐ Wages | $_____ |
| | | ☒ Other: _self employment_ | $ 0.00 |
| ☒ | Bank Account(s | Type: | Balance: |
| | | ☒ Checking | $ 0.00 |
| | | ☐ Savings | $_____ |
| ☒ | Real Estate | Address: | Market Value: $ -1197264 |
| ☒ | Personal Property | Description: | Value: $ 0.00 |

4. I request a court order: [Choose one of the following]

   ☒ Waiving any and all court filing fees for this case

   ☐ Waiving the filing fee for a Notice of Appeal

   ☐ Other (specify): _____

5. I make this application based on CPLR §1101. I do not have and cannot get the funds to pay the necessary costs, fees, and expenses. I cannot proceed unless the order is granted.

---

 **ADA Accommodations** ada@nycourts.gov   **Spoken or Sign Language Interpreters** interpreter@nycourts.gov   **COURT Help**   **1-800-COURT-NY** (268-7869)

6. The facts of my case are: [Choose one of the following]

☒ explained in my attached court papers.    Motion to Vacate and Dismiss filed 7/3/24

☐ as follows: _____

_____

_____

_____

_____

_____

7. No other person who may benefit from the outcome of this case is able to pay such costs, fees, and expenses.

8. [Choose one of the following]

☒ I **have not** previously applied to waive the court fees and costs in this case.

☐ I **have** previously applied to waive the court fees and costs in this case, but I am applying again because: _____

_____

_____

_____
**Signature in Presence of Notary**

Sworn to before me this __8th__
day of __July__, 20 _24_ .


_____
**Notary Public**

**Note:** Contact the court and ask if you are required to submit any additional documentation and/or if you are required to serve any other party.

JENNIFER BIRDSEYE
NOTARY PUBLIC
STATE OF CONNECTICUT
MY COMM. EXP 12-31-2026

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**
------------------------------------------------------------------X

U.S. BANK TRUST NATIONAL ASSOCIATION,                Index No. EF007269-2022
AS TRUSTEE OF TIKI SERIES V TRUST

                                                     **JUDICIAL NOTICE**

       Plaintiff,

-against-

ALFONSO AMELIO; CARMINE AMELIO;
PAUL AMELIO; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF UNITED STATES
BANKRUPTCY COURT; ROBERTA PERRY
S/H/A JANE DOE #1,

       Defendants.


---------------------------------------------------------------------

## <u>JUDICIAL NOTICE</u>

**DEFENDANT'S JUDICIAL NOTICE OF PLAINTIFF AND COUNSEL, FRIEDMAN VARTOLO LLP, EMPLOYEES HENRY P. DESTEFANO, JULIANA THIBAUT, ANDREW BUONINCONTRI, STACEY BONNER, SEAN MONAHAN, MICHAEL NARDOLILLO AND APPOINTED REFEREE, RANDALL COFFILL, AS OFFICERS OF THE COURT, ARE KNOWINGLY, WITH FRAUD UPON THE COURT, PROCEEDING IN THIS MATTER UNLAWFULLY, WITHOUT JURISDICTION DUE TO THE EXPIRATION OF THE STATUTE LIMITATIONS AND TIME BARRED**

      **PLEASE TAKE NOTICE,** that, Carmine Amelio, Alfonso Amelio and Paul

Amelio, defendants, pro se, hereby submit judicial notice of plaintiff and counsel,

FRIEDMAN VARTOLO LLP, employees Henry P. DiStefano, Juliana Thibaut, Andrew

Buonincontri, Stacey Bonner, Sean Monahan, Michael Nardolillo and Appointed Referee

Randall Coffill, as Officers of the Court, are knowingly, with fraud upon the Court,

proceeding in this matter unlawfully, without prosecuting this matter unlawfully, without

jurisdiction, due to the expiration of the statute of limitations and time barred.

1

**PLEASE TAKE FURTHER NOTICE,** that the plaintiff and their counsel have knowingly and intentionally disguised and filed deceptive pleadings, which constitutes fraud upon the court, where on September 8, 2022 this Court entered an Order in the previously discontinued case, Index No: EF000106-2021, stating: "ORDER DISCONTINUING ACTION AND CANCELING LIS PENDENS." (Doc# 82). The Order erred by including the follow relief in the Order, which was not requested or argued in plaintiff's motion (Doc# 76):

"ORDERED, that Plaintiff hereby deaccelerates the maturity of the loan and withdraws all prior demands for immediate payment of all sums secured by the Security Instrument; and it is further"

Plaintiff's motion (Doc# 76) requested the following relief:

"PLEASE TAKE NOTICE, that upon the annexed affinnation of Juliana Thibaut, Esq. dated June 1, 2022, and any papers and exhibits annexed thereto, a motion will be heard at the Orange County Supreme Court, 285 Main Street, Goshen, NY 10924 in front of the Honorable John R. Lindstrom, on July 1, 2022, at 9:30 AM, or as soon thereafter as counsel can be heard, for an order: (i) canceling the Lis Pendens, (ii) discontinuing the instant action, (iii) striking the Defendant's answer and dismissing the Defendant's counterclaims, and (iv) for such other relief as the court may deem just and proper."

The plaintiff and their counsel intentionally altered the proposed in order to deceive the Court, intentionally ambush the defendants to evade any meritorious opposition to the same, in violation of defendants' due process rights and constitutional rights.

The law is well settled and that a mortgage cannot be decelerated after it has been accelerated, and the statute of limitations have expired. The plaintiff and their counsel disguised and deceptively, unlawfully and intentionally inserted the relief for deceleration into the Order when such relief was not requested or argued in plaintiff's motion. See

*Oakdale Iii, LLC v. Deutsche Bank* , 189 A.D.3d 1685, 138 N.Y.S.3d 139, 2020 N.Y.

Slip Op. 8116 (N.Y. App. Div. 2020):

In support of that branch of its motion which was for summary judgment on the complaint insofar as asserted against Deutsche Bank, Oakdale established, prima facie, that the statute of limitations on the entire note had begun to run on December 7, 2009, the prior foreclosure action was dismissed, and no new foreclosure action was commenced before the six years had passed, even accounting for the bankruptcy stay (*see Daldan, Inc. v. Deutsche Bank Natl. Trust Co.,* 188 A.D.3d 989, 2020 WL 6750817 ; *Ditmid Holdings, LLC v. JPMorgan Chase Bank, N.A.,* 180 A.D.3d 1002, 1003, 120 N.Y.S.3d 393 ). In opposition to the motion and in support of its cross motion for summary judgment dismissing the complaint insofar as asserted against it, Deutsche Bank failed to establish, prima facie, that the statute of limitations had not run, or to otherwise raise a triable issue of fact with respect thereto. Accordingly, the order appealed from should be reversed insofar as appealed from, the subject branch of Oakdale's motion granted, and Deutsch Bank's cross motion denied.

**PLEASE TAKE FURTHER NOTICE**, **that** plaintiff is time barred by the statute of limitations and to CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

**PLEASE TAKE FURTHER NOTICE**, **that, in** addition to the above, this Court lacks jurisdiction in this matter as Plaintiff's alleged counsel have presented false statements and misrepresentations within the underlying complaint, they have omitted material facts and have submitted fabricated documents, which constitutes fraud upon the Court, as stated herein in defendant's legal argument.

**PLEASE TAKE FURTHER NOTICE,** that the notice of discontinuance was not properly served and plaintiffs unlawfully moved the Court to appoint a guardian ad litem for Paul Amelio and Alfonso Amelio, who are not deceased.

3

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 275 of 319

**PLEASE TAKE FURTHER NOTICE**, that any attempt to take other action against the defendants and their property located at 17 Grant Street, Middletown, NY 10940 would be a violation of well settled state law, Federal law and defendant's constitutional rights and you will be held liable for willfully violating the same. You are hereby informed that you may be found liable for three (3) times treble damages.

Respectfully Submitted,

Dated: July 18, 2024

*/s/ Carmine P Amelio*
Carmine P. Amelio, Defendant Pro Se
32 Main Street
New Milford, CT 06776
p. (845) 343-4959

Dated: July 18, 2024

*/s/ Alfonso Amelio*
Alfonso Amelio, Defendant Pro Se
160 East 89th Street, Apt 4F
New York, NY 10128
p. (412) 612-6774

Dated: July 18, 2024

*/s/ Paul Amelio*
Paul Amelio, Defendant Pro Se
37 Main Street #337
New Milford, CT 06776
p. (718) 650-0086

4

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**

-----------------------------------------------------------------X

BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST

        Plaintiff,

-against-

ALFONSO AMELIO; CARMINE AMELIO;          **AFFIRMATION OF**
PAUL AMELIO; DEBORAH J. PIAZZA, AS          **SERVICE**
CHAPTER 7 TRUSTEE OF UNITED STATES
BANKRUPTCY COURT; ROBERTA PERRY
S/H/A JANE DOE #1,

        Defendants.

-----------------------------------------------------------------X

I, Carmine Amelio, hereby submit this affirmation, under penalty of perjury, that on, July 18, 2024, a copy of JUDICIAL NOTICE-DEFENDANT'S JUDICIAL NOTICE OF PLAINTIFF AND COUNSEL, FRIEDMAN VARTOLO LLP, EMPLOYEES HENRY P. DESTEFANO, JULIANA THIBAUT, ANDREW BUONINCONTRI, STACEY BONNER, SEAN MONAHAN, MICHAEL NARDOLILLO AND APPOINTED REFEREE, RANDALL COFFILL, AS OFFICERS OF THE COURT, ARE KNOWINGLY, WITH FRAUD UPON THE COURT, PROCEEDING IN THIS MATTER UNLAWFULLY, WITHOUT JURISDICTION DUE TO THE EXPIRATION OF THE STATUTE LIMITATIONS AND TIME, was served electronically and/or regular United States mail to all interested parties listed below:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Andrew Buonincontri, Esq
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
(Attorneys for Plaintiff)

Randall Coffill, Esq. (As Appointed Referee)
15 Jersey Avenue
P.O. Box 3158
Port Jervis, NY 12771

                        Respectfully Submitted,

Dated: July 18, 2024                */s/ Carmine P Amelio*
                        Carmine P. Amelio, Defendant Pro Se
                        32 Main Street
                        New Milford, CT 06776
                        p. (845) 343-4959

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
--------------------------------------------------------------------X
U.S. BANK TRUST NATIONAL ASSOCIATION, AS          Index No. EF007269-2022
TRUSTEE OF TIKI SERIES V TRUST,

                            Plaintiff,          **NOTICE OF REJECTION OF**
**IMPROPER JUDICIAL**
        -against-          **NOTICE**

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; ROBERTA PERRY S/H/A JANE DOE #1,
                           Defendant(s)
--------------------------------------------------------------------X

       **PLEASE TAKE NOTICE** that Plaintiff by their attorney, Friedman Vartolo LLP, hereby

rejects and returns the "Judicial Notice" of Alfonso Amelio, Carmine Amelio and Paul Amelio

("Defendants") (NYSCEF Doc. No. 90). Judicial notice may only be taken by the Court, not by a party.

Furthermore, judicial notice may only be taken of facts "which are capable of immediate and accurate

determination by resort to easily accessible sources of indisputable accuracy." *People v Jones*, 73

NY2d 427 (1989). The Court cannot take judicial notice of controverted facts. *Weinberg v Hillbrae*

*Builders, Inc.*, 58 AD2d 546 (1st Dept 1977). Therefore, Defendants' "Judicial Notice" is rejected and

returned as a nullity.


DATED:  July 19, 2024
         New York, New York

                               *Sean Monahan*
                               Sean K. Monahan, Esq.
                               FRIEDMAN VARTOLO LLP
                               Attorneys for Plaintiff
                               85 Broad Street, Suite 501
                               New York, New York 10004
                               T: (212) 471-5100

To:

    Carmine P. Amelio          Paul Amelio
    32 Main Street               37 Main Street #337
    New Milford, CT 06776      New Milford CT 06776

    Alfonso Amelio
    160 East 89th Street, Apt 4F
    New York, NY 10128

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**
--------------------------------------------------------------------X

U.S. BANK TRUST NATIONAL ASSOCIATION,          Index No. EF007269-2022
AS TRUSTEE OF TIKI SERIES V TRUST

                                                                        **JUDICIAL NOTICE**

       Plaintiff,

-against-

ALFONSO AMELIO; CARMINE AMELIO;
PAUL AMELIO; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF UNITED STATES
BANKRUPTCY COURT; ROBERTA PERRY
S/H/A JANE DOE #1,

       Defendants.

---------------------------------------------------------------------

**JUDICIAL NOTICE**

**DEFENDANT'S JUDICIAL NOTICE OF PLAINTIFF AND COUNSEL, FRIEDMAN VARTOLO LLP, EMPLOYEES HENRY P. DESTEFANO, JULIANA THIBAUT, ANDREW BUONINCONTRI, STACEY BONNER, SEAN MONAHAN, MICHAEL NARDOLILLO AND APPOINTED REFEREE, RANDALL COFFILL, AS OFFICERS OF THE COURT, ARE KNOWINGLY, WITH FRAUD UPON THE COURT, PROCEEDING IN THIS MATTER UNLAWFULLY, WITHOUT JURISDICTION DUE TO THE EXPIRATION OF THE STATUTE LIMITATIONS AND TIME BARRED**

      **PLEASE TAKE NOTICE,** that, Carmine Amelio, Alfonso Amelio and Paul

Amelio, defendants, pro se, hereby submit judicial notice of plaintiff and counsel,

FRIEDMAN VARTOLO LLP, employees Henry P. DiStefano, Juliana Thibaut, Andrew

Buonincontri, Stacey Bonner, Sean Monahan, Michael Nardolillo and Appointed Referee

Randall Coffill, as Officers of the Court, are knowingly, with fraud upon the Court,

proceeding in this matter unlawfully, without prosecuting this matter unlawfully, without

jurisdiction, due to the expiration of the statute of limitations and time barred.

1

**PLEASE TAKE FURTHER NOTICE,** that the plaintiff and their counsel have knowingly and intentionally disguised and filed deceptive pleadings, which constitutes fraud upon the court, where on September 8, 2022 this Court entered an Order in the previously discontinued case, Index No: EF000106-2021, stating: "ORDER DISCONTINUING ACTION AND CANCELING LIS PENDENS." (Doc# 82). The Order erred by including the follow relief in the Order, which was not requested or argued in plaintiff's motion (Doc# 76):

"ORDERED, that Plaintiff hereby deaccelerates the maturity of the loan and withdraws all prior demands for immediate payment of all sums secured by the Security Instrument; and it is further"

Plaintiff's motion (Doc# 76) requested the following relief:

"PLEASE TAKE NOTICE, that upon the annexed affinnation of Juliana Thibaut, Esq. dated June 1, 2022, and any papers and exhibits annexed thereto, a motion will be heard at the Orange County Supreme Court, 285 Main Street, Goshen, NY 10924 in front of the Honorable John R. Lindstrom, on July 1, 2022, at 9:30 AM, or as soon thereafter as counsel can be heard, for an order: (i) canceling the Lis Pendens, (ii) discontinuing the instant action, (iii) striking the Defendant's answer and dismissing the Defendant's counterclaims, and (iv) for such other relief as the court may deem just and proper."

The plaintiff and their counsel intentionally altered the proposed in order to deceive the Court, intentionally ambush the defendants to evade any meritorious opposition to the same, in violation of defendants' due process rights and constitutional rights.

The law is well settled and that a mortgage cannot be decelerated after it has been accelerated, and the statute of limitations have expired. The plaintiff and their counsel disguised and deceptively, unlawfully and intentionally inserted the relief for deceleration into the Order when such relief was not requested or argued in plaintiff's motion. See

2

*Oakdale Iii, LLC v. Deutsche Bank* , 189 A.D.3d 1685, 138 N.Y.S.3d 139, 2020 N.Y.

Slip Op. 8116 (N.Y. App. Div. 2020):

      In support of that branch of its motion which was for summary judgment on the complaint insofar as asserted against Deutsche Bank, Oakdale established, prima facie, that the statute of limitations on the entire note had begun to run on December 7, 2009, the prior foreclosure action was dismissed, and no new foreclosure action was commenced before the six years had passed, even accounting for the bankruptcy stay (*see Daldan, Inc. v. Deutsche Bank Natl. Trust Co.,* <u>188 A.D.3d 989</u>, <u>2020 WL 6750817</u> ; *Ditmid Holdings, LLC v. JPMorgan Chase Bank, N.A.,* <u>180 A.D.3d 1002, 1003</u>, <u>120 N.Y.S.3d 393</u> ). In opposition to the motion and in support of its cross motion for summary judgment dismissing the complaint insofar as asserted against it, Deutsche Bank failed to establish, prima facie, that the statute of limitations had not run, or to otherwise raise a triable issue of fact with respect thereto. Accordingly, the order appealed from should be reversed insofar as appealed from, the subject branch of Oakdale's motion granted, and Deutsch Bank's cross motion denied.

      **PLEASE TAKE FURTHER NOTICE**, **that** plaintiff is time barred by the statute of limitations and to CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

      **PLEASE TAKE FURTHER NOTICE**, **that, in** addition to the above, this Court lacks jurisdiction in this matter as Plaintiff's alleged counsel have presented false statements and misrepresentations within the underlying complaint, they have omitted material facts and have submitted fabricated documents, which constitutes fraud upon the Court, as stated herein in defendant's legal argument.

      **PLEASE TAKE FURTHER NOTICE,** that the notice of discontinuance was not properly served and plaintiffs unlawfully moved the Court to appoint a guardian ad litem for Paul Amelio and Alfonso Amelio, who are not deceased.

3

**PLEASE TAKE FURTHER NOTICE**, that any attempt to take other action

against the defendants and their property located at 17 Grant Street, Middletown, NY

10940 would be a violation of well settled state law, Federal law and defendant's

constitutional rights and you will be held liable for willfully violating the same. You are

hereby informed that you may be found liable for three (3) times treble damages.

                              Respectfully Submitted,

Dated: July 18, 2024          */s/ Carmine P Amelio*
                              Carmine P. Amelio, Defendant Pro Se
                              32 Main Street
                              New Milford, CT 06776
                              p. (845) 343-4959


Dated: July 18, 2024          */s/ Alfonso Amelio*
                              Alfonso Amelio, Defendant Pro Se
                              160 East 89th Street, Apt 4F
                              New York, NY 10128
                              p. (412) 612-6774


Dated: July 18, 2024          */s/ Paul Amelio*
                              Paul Amelio, Defendant Pro Se
                              37 Main Street #337
                              New Milford, CT 06776
                              p. (718) 650-0086

Case 1:24-cv-05615-CS   Document 1   Filed 07/22/24   Page 282 of 319

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**

------------------------------------------------------------------X

BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST

       Plaintiff,

-against-

                                          **AFFIRMATION OF**
                                          **SERVICE**

ALFONSO AMELIO; CARMINE AMELIO;
PAUL AMELIO; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF UNITED STATES
BANKRUPTCY COURT; ROBERTA PERRY
S/H/A JANE DOE #1,

       Defendants.

------------------------------------------------------------------X

I, Carmine Amelio, hereby submit this affirmation, under penalty of perjury, that on, July 18, 2024, a copy of JUDICIAL NOTICE-DEFENDANT'S JUDICIAL NOTICE OF PLAINTIFF AND COUNSEL, FRIEDMAN VARTOLO LLP, EMPLOYEES HENRY P. DESTEFANO, JULIANA THIBAUT, ANDREW BUONINCONTRI, STACEY BONNER, SEAN MONAHAN, MICHAEL NARDOLILLO AND APPOINTED REFEREE, RANDALL COFFILL, AS OFFICERS OF THE COURT, ARE KNOWINGLY, WITH FRAUD UPON THE COURT, PROCEEDING IN THIS MATTER UNLAWFULLY, WITHOUT JURISDICTION DUE TO THE EXPIRATION OF THE STATUTE LIMITATIONS AND TIME, was served electronically and/or regular United States mail to all interested parties listed below:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Andrew Buonincontri, Esq
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
(Attorneys for Plaintiff)

Randall Coffill, Esq. (As Appointed Referee)
15 Jersey Avenue
P.O. Box 3158
Port Jervis, NY 12771

                                   Respectfully Submitted,

Dated: July 18, 2024                  */s/ Carmine P Amelio*
                                   Carmine P. Amelio, Defendant Pro Se
                                   32 Main Street
                                   New Milford, CT 06776
                                   p. (845) 343-4959

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------------x
U.S. BANK TRUST NATIONAL ASSOCIATION, AS     Index No. EF007269-2022
TRUSTEE OF TIKI SERIES V TRUST,

                               Plaintiff,     **AFFIRMATION OF**
              -against-                      **MAILING**

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; ROBERTA PERRY S/H/A JANE DOE #1;

                           Defendants
-----------------------------------------------------------------------x

        Carlos Aviles, hereby affirms pursuant to CPLR §2106 that:

        On July 19, 2024, I served a true copy of the annexed **NOTICE OF REJECTION OF IMPROPER JUDICAL NOTICE** by filing the same with the New York State Electronic Filing System (NYSCEF) to the consenting parties on notice, and by mailing the same by First-Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below.

Alfonso Amelio
160 East 89th Street, Apt 4F
New York, NY 10128

Paul Amelio
32 Main Street #337
New Milford, CT 06776

Carmine P. Amelio
32 Main Street
New Milford, CT 06776

        I affirm this 19th day of July, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

                                      _____
                                      Carlos Aviles

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X
U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST,

                             Plaintiff,

            -against-

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; ROBERTA PERRY S/H/A JANE DOE #1,

                           Defendant(s)
-----------------------------------------------------------------X

Index No. EF007269-2022

**NOTICE OF REJECTION OF
IMPROPER JUDICIAL
NOTICE**

      **PLEASE TAKE NOTICE** that Plaintiff by their attorney, Friedman Vartolo LLP, hereby

rejects and returns the "Judicial Notice" of Alfonso Amelio, Carmine Amelio and Paul Amelio

("Defendants") (NYSCEF Doc. No. 90). Judicial notice may only be taken by the Court, not by a party.

Furthermore, judicial notice may only be taken of facts "which are capable of immediate and accurate

determination by resort to easily accessible sources of indisputable accuracy." *People v Jones*, 73

NY2d 427 (1989). The Court cannot take judicial notice of controverted facts. *Weinberg v Hillbrae*

*Builders, Inc.*, 58 AD2d 546 (1st Dept 1977). Therefore, Defendants' "Judicial Notice" is rejected and

returned as a nullity.

DATED:  July 19, 2024
           New York, New York

                           *Sean Monahan*
                           _____
                           Sean K. Monahan, Esq.
                           FRIEDMAN VARTOLO LLP
                           Attorneys for Plaintiff
                           85 Broad Street, Suite 501
                           New York, New York 10004
                           T: (212) 471-5100

To:

    Carmine P. Amelio           Paul Amelio
    32 Main Street               37 Main Street #337
    New Milford, CT 06776      New Milford CT 06776

    Alfonso Amelio
    160 East 89th Street, Apt 4F
    New York, NY 10128

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X

U.S. BANK TRUST NATIONAL ASSOCIATION,
AS TRUSTEE OF TIKI SERIES V TRUST

        Plaintiff,

    -against-

ALFONSO AMELIO; CARMINE AMELIO;
PAUL AMELIO; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF UNITED STATES
BANKRUPTCY COURT; ROBERTA PERRY
S/H/A JANE DOE #1,

        Defendants.

Index No. EF007269-2022

**JUDICIAL NOTICE**

-----------------------------------------------------------------

## JUDICIAL NOTICE

**DEFENDANT'S JUDICIAL NOTICE OF PLAINTIFF AND COUNSEL, FRIEDMAN VARTOLO LLP, EMPLOYEES HENRY P. DESTEFANO, JULIANA THIBAUT, ANDREW BUONINCONTRI, STACEY BONNER, SEAN MONAHAN, MICHAEL NARDOLILLO AND APPOINTED REFEREE, RANDALL COFFILL, AS OFFICERS OF THE COURT, ARE KNOWINGLY, WITH FRAUD UPON THE COURT, PROCEEDING IN THIS MATTER UNLAWFULLY, WITHOUT JURISDICTION DUE TO THE EXPIRATION OF THE STATUTE LIMITATIONS AND TIME BARRED**

      **PLEASE TAKE NOTICE,** that, Carmine Amelio, Alfonso Amelio and Paul

Amelio, defendants, pro se, hereby submit judicial notice of plaintiff and counsel,

FRIEDMAN VARTOLO LLP, employees Henry P. DiStefano, Juliana Thibaut, Andrew

Buonincontri, Stacey Bonner, Sean Monahan, Michael Nardolillo and Appointed Referee

Randall Coffill, as Officers of the Court, are knowingly, with fraud upon the Court,

proceeding in this matter unlawfully, without prosecuting this matter unlawfully, without

jurisdiction, due to the expiration of the statute of limitations and time barred.

1

FILED: ORANGE COUNTY CLERK 07/19/2024 11:38 AM

INDEX NO. EF007269-2022

NYSCEF DOC. NO. 90

RECEIVED NYSCEF: 07/18/2024

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 286 of 319

FILED: ORANGE COUNTY CLERK 07/18/2024 02:10 PM

**PLEASE TAKE FURTHER NOTICE,** that the plaintiff and their counsel have

knowingly and intentionally disguised and filed deceptive pleadings, which constitutes

fraud upon the court, where on September 8, 2022 this Court entered an Order in the

previously discontinued case, Index No: EF000106-2021, stating: "ORDER

DISCONTINUING ACTION AND CANCELING LIS PENDENS." (Doc# 82). The

Order erred by including the follow relief in the Order, which was not requested or

argued in plaintiff's motion (Doc# 76):

"ORDERED, that Plaintiff hereby deaccelerates the maturity of the loan and withdraws
all prior demands for immediate payment of all sums secured by the Security Instrument;
and it is further"

Plaintiff's motion (Doc# 76) requested the following relief:

"PLEASE TAKE NOTICE, that upon the annexed affirmation of Juliana Thibaut, Esq.
dated June 1, 2022, and any papers and exhibits annexed thereto, a motion will be heard
at the Orange County Supreme Court, 285 Main Street, Goshen, NY 10924 in front of the
Honorable John R. Lindstrom, on July 1, 2022, at 9:30 AM, or as soon thereafter as
counsel can be heard, for an order: (i) canceling the Lis Pendens, (ii) discontinuing the
instant action, (iii) striking the Defendant's answer and dismissing the Defendant's
counterclaims, and (iv) for such other relief as the court may deem just and proper."

The plaintiff and their counsel intentionally altered the proposed in order to

deceive the Court, intentionally ambush the defendants to evade any meritorious

opposition to the same, in violation of defendants' due process rights and constitutional

rights.

The law is well settled and that a mortgage cannot be decelerated after it has been

accelerated, and the statute of limitations have expired. The plaintiff and their counsel

disguised and deceptively, unlawfully and intentionally inserted the relief for deceleration

into the Order when such relief was not requested or argued in plaintiff's motion. See

2

FILED: ORANGE COUNTY CLERK 07/19/2024 11:38 AM    INDEX NO. EF007269-2022
Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 287 of 319
NYSCEF DOC. NO. 90    RECEIVED NYSCEF: 07/19/2024

FILED: ORANGE COUNTY CLERK 07/18/2024 02:10 PM    INDEX NO. EF007269-2022
NYSCEF DOC. NO. 90    RECEIVED NYSCEF: 07/18/2024

*Oakdale Iii, LLC v. Deutsche Bank* , 189 A.D.3d 1685, 138 N.Y.S.3d 139, 2020 N.Y.

Slip Op. 8116 (N.Y. App. Div. 2020):

   In support of that branch of its motion which was for summary judgment on the complaint insofar as asserted against Deutsche Bank, Oakdale established, prima facie, that the statute of limitations on the entire note had begun to run on December 7, 2009, the prior foreclosure action was dismissed, and no new foreclosure action was commenced before the six years had passed, even accounting for the bankruptcy stay (*see Daldan, Inc. v. Deutsche Bank Natl. Trust Co.*, 188 A.D.3d 989, 2020 WL 6750817 ; *Ditmid Holdings, LLC v. JPMorgan Chase Bank, N.A.*, 180 A.D.3d 1002, 1003, 120 N.Y.S.3d 393 ). In opposition to the motion and in support of its cross motion for summary judgment dismissing the complaint insofar as asserted against it, Deutsche Bank failed to establish, prima facie, that the statute of limitations had not run, or to otherwise raise a triable issue of fact with respect thereto. Accordingly, the order appealed from should be reversed insofar as appealed from, the subject branch of Oakdale's motion granted, and Deutsch Bank's cross motion denied.

   **PLEASE TAKE FURTHER NOTICE, that** plaintiff is time barred by the statute of limitations and to CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

   **PLEASE TAKE FURTHER NOTICE, that, in** addition to the above, this Court lacks jurisdiction in this matter as Plaintiff's alleged counsel have presented false statements and misrepresentations within the underlying complaint, they have omitted material facts and have submitted fabricated documents, which constitutes fraud upon the Court, as stated herein in defendant's legal argument.

   **PLEASE TAKE FURTHER NOTICE,** that the notice of discontinuance was not properly served and plaintiffs unlawfully moved the Court to appoint a guardian ad litem for Paul Amelio and Alfonso Amelio, who are not deceased.

3

**PLEASE TAKE FURTHER NOTICE**, that any attempt to take other action against the defendants and their property located at 17 Grant Street, Middletown, NY 10940 would be a violation of well settled state law, Federal law and defendant's constitutional rights and you will be held liable for willfully violating the same. You are hereby informed that you may be found liable for three (3) times treble damages.

Respectfully Submitted,

Dated: July 18, 2024

*/s/ Carmine P Amelio*
Carmine P. Amelio, Defendant Pro Se
32 Main Street
New Milford, CT 06776
p. (845) 343-4959

Dated: July 18, 2024

*/s/ Alfonso Amelio*
Alfonso Amelio, Defendant Pro Se
160 East 89th Street, Apt 4F
New York, NY 10128
p. (412) 612-6774

Dated: July 18, 2024

*/s/ Paul Amelio*
Paul Amelio, Defendant Pro Se
37 Main Street #337
New Milford, CT 06776
p. (718) 650-0086

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

----------------------------------------------------------------X

BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST

      Plaintiff,

-against-

ALFONSO AMELIO; CARMINE AMELIO;
PAUL AMELIO; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF UNITED STATES
BANKRUPTCY COURT; ROBERTA PERRY
S/H/A JANE DOE #1,

      Defendants.

**AFFIRMATION OF
SERVICE**

----------------------------------------------------------------X

I, Carmine Amelio, hereby submit this affirmation, under penalty of perjury, that on, July 18, 2024, a copy of JUDICIAL NOTICE-DEFENDANT'S JUDICIAL NOTICE OF PLAINTIFF AND COUNSEL, FRIEDMAN VARTOLO LLP, EMPLOYEES HENRY P. DESTEFANO, JULIANA THIBAUT, ANDREW BUONINCONTRI, STACEY BONNER, SEAN MONAHAN, MICHAEL NARDOLILLO AND APPOINTED REFEREE, RANDALL COFFILL, AS OFFICERS OF THE COURT, ARE KNOWINGLY, WITH FRAUD UPON THE COURT, PROCEEDING IN THIS MATTER UNLAWFULLY, WITHOUT JURISDICTION DUE TO THE EXPIRATION OF THE STATUTE LIMITATIONS AND TIME, was served electronically and/or regular United States mail to all interested parties listed below:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Andrew Buonincontri, Esq
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
(Attorneys for Plaintiff)

Randall Coffill, Esq. (As Appointed Referee)
15 Jersey Avenue
P.O. Box 3158
Port Jervis, NY 12771

                                      Respectfully Submitted,

Dated: July 18, 2024

                                      */s/ Carmine P Amelio*
                                      Carmine P. Amelio, Defendant Pro Se
                                      32 Main Street
                                      New Milford, CT 06776
                                      p. (845) 343-4959

5

Case 1:24-cv-05615-CS    Document 1    Filed 07/22/24    Page 290 of 319

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
--------------------------------------------------------------------------x

U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST,

                               Plaintiff,

                       -against-

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; ROBERTA PERRY S/H/A JANE DOE #1,

                              Defendants

--------------------------------------------------------------------------x

Index No. EF007269-2022

**AFFIRMATION IN
OPPOSITION TO
DEFENDANTS' MOTION TO
DISMISS**

**Mortgaged Premises**:
17 Grant Street
Middletown, NY 10940

**Section**: 36
**Block:** 15
**Lot:** 18

       Sean K. Monahan, an attorney at law, duly admitted to practice before the Courts of the

State of New York hereby affirms pursuant to CPLR §2106 that:

       1.      I am an associate of the firm of Friedman Vartolo LLP, the attorneys of record for

Plaintiff in this action, and I am fully familiar with the facts and circumstances underlying this

application.

       2.      I submit this affirmation in opposition to Defendants Alfonso Amelio, Carmine

Amelio and Paul Amelio's (hereinafter "Defendants") motion to dismiss. As set forth below,

Defendants' motion is without merit.

<u>**FACTUAL AND PROCEDURAL HISTORY**</u>

       3.      On December 19, 2022, Plaintiff commenced this foreclosure action against

Defendants to foreclose on a Note executed by Carmine Amelio as attorney in fact for Alfonso

Amelio (hereinafter "Borrower") and Mortgage executed by Carmine Amelio as attorney in fact

for Alfonso Amelio, Carmine Amelio and Paul Amelio secured by the property known as 17 Grant

Street, Middletown, NY 10940 (hereinafter "Mortgaged Premises"). *See* NYSCEF Doc Nos. 1-11.

Case 1:24-cv-05615-CS   Document 1   Filed 07/22/24   Page 291 of 319

4.     Defendants defaulted on the Note and Mortgage by failing to make the monthly installment payment due May 1, 2015. *See* NYSCEF Doc. No. 1.

5.     On January 26, 2023, Alfonso Amelio was served with the Summons and Complaint at 32 Main Street, New Milford, CT 06776 pursuant to CPLR § 308(4) with mailing on January 27, 2023, and the affidavit of service was filed on February 10, 2023. *See* NSYCEF Doc. No. 16. On February 18, 2023, Carmine Amelio was served with the Summons and Complaint at 32 Main Street, New Milford, CT 06776 pursuant to CPLR § 308(4) with mailing on February 22, 2023, and the affidavit of service and mailing were filed on March 3, 2023. *See* NSYCEF Doc. No. 20. On March 16, 2023, Paul Amelio was served with the Summons and Complaint at 32 Main Street, New Milford, CT 06776 pursuant to CPLR § 308(4) with mailing on March 17, 2023, and the affidavit of service was filed on March 28, 2023. *See* NSYCEF Doc. No. 22.

6.     On January 30, 2023, Defendants filed a motion to dismiss. *See* NYSCEF Doc. No. 15. On February 15, 2023, Plaintiff served a notice of return and rejection of the motion to dismiss as it failed to comply with CPLR 8020 and 22 NYCRR 202.7(a). *See* NSYCEF Doc. No. 18. The Court never docketed the motion.

7.     On April 21, 2023, Paul Amelio filed a Notice of Bankruptcy for a bankruptcy filed on February 21, 2023. *See* NYSCEF Doc No. 26.

8.     On May 16, 2023, the bankruptcy was dismissed. A copy of the order dismissing the bankruptcy is annexed hereto as **<u>Exhibit A</u>**.

9.     On September 26, 2023, Plaintiff filed a motion for a default judgment and order of reference. *See* NYSCEF Doc. Nos. 27-44. Defendants did not oppose Plaintiff's motion. On December 18, 2023, the Court granted Plaintiff's motion and entered a default judgment and order of reference. *See* NYSCEF Doc. No. 47. Plaintiff served notice of entry on Defendants on

2

December 19, 2023. *See* NYSCEF Doc. Nos. 48-49. Defendants did not appeal and their time to do so has expired.

10.     On March 6, 2024, Plaintiff filed a motion for a judgment of foreclosure and sale. *See* NYSCEF Doc. Nos. 58-72. Defendants did not oppose Plaintiff's motion. On May 7, 2024, the Court granted Plaintiff's motion and entered a judgment of foreclosure and sale. *See* NYSCEF Doc. No. 74. Plaintiff served notice of entry on Defendants on May 15, 2024. *See* NYSCEF Doc. Nos. 75-76. Defendants did not appeal and their time to do so has expired.

11.     On July 5, 2024, Defendants filed the instant motion to dismiss. On July 11, 2024, Plaintiff filed a notice of rejection of Defendants' motion to dismiss for failure to provide timely notice of the motion. *See* NYSCEF Doc. No. 82.

## ARGUMENT

### I.     Defendants Failed to Timely Answer

12.      On January 26, 2023, Alfonso Amelio was served with the Summons and Complaint at 32 Main Street, New Milford, CT 06776 pursuant to CPLR § 308(4) with mailing on January 27, 2023, and the affidavit of service was filed on February 10, 2023. *See* NSYCEF Doc. No. 16. On February 18, 2023, Carmine Amelio was served with the Summons and Complaint at 32 Main Street, New Milford, CT 06776 pursuant to CPLR § 308(4) with mailing on February 22, 2023, and the affidavit of service and mailing were filed on March 3, 2023. *See* NSYCEF Doc. No. 20. On March 16, 2023, Paul Amelio was served with the Summons and Complaint at 32 Main Street, New Milford, CT 06776 pursuant to CPLR § 308(4) with mailing on March 17, 2023, and the affidavit of service was filed on March 28, 2023. *See* NSYCEF Doc. No. 22.

13.     Pursuant to CPLR § 3012 when service is personally made pursuant to CPLR §§ 308(4) an answer must be served within thirty days after service is complete. Pursuant to CPLR §

308(4) service is complete 10 days after filing of the Affidavit of Service. Accordingly, Alfonso Amelio's time to answer expired March 22, 2023, Carmine Amelio's time to answer expired on April 12, 2023, and Paul Amelio's time to answer expired May 8, 2023. Defendants did not file an answer prior to the expiration of their time to do so.

14.     As such, Defendants are in default.

## II.    Defendants Fail to Rebut the Process Servers' Affidavits

15.     Defendants allege that they were not properly served. Defendants fail to rebut the process servers' affidavits of service.

16.     A process server's affidavit constitutes prima facie proof of proper service. *Bank of New York Mellon v Blackwood*, 210 AD3d 1040 (2d Dept 2022); *U.S. Bank Nat. Ass'n v Cherubin*, 141 AD3d 514 (2d Dept 2016).  Bare and unsubstantiated denial of receipt is insufficient to rebut the presumption of proper service, and a hearing on the issue is not required. *Deutsche Bank Nat. Tr. Co. v. White*, 110 A.D.3d 759, 760 (2d Dept 2013)*; see also Deutsche Bank Nat'l Tr. Co. v. Burnett*, 194 A.D.3d 908, 909 (2d Dept 2021)("The defendant's affidavit in support of her cross motion, in which she admitted that she resided at the premises, and merely denied receiving service, was insufficient to rebut the process server's affidavit"); *HSBC Mortg. Corp. (USA) v. Hollender*, 159 A.D.3d 883, 884 (2nd Dept 2018)*. To rebut the process server's affidavit, the defendant must swear to specific facts rebutting the process server's affidavit. *US Nat. Bank Ass'n as Tr. v. Melton*, 90 A.D.3d 742, 743, 934 N.Y.S.2d 352, 353 (2nd Dept 2011).

17.     Here, Plaintiff filed affidavits of service stating that Defendants were served at their dwelling place pursuant to CPLR § 308(4). Accordingly, service is presumed valid, and Defendants must rebut that presumption with specific facts.

18.     Defendants have failed to do so. Defendants state in a conclusory and unsupported

4

fashion that Plaintiff did not properly serve defendants at their residence pursuant to CPLR 308. Defendants do not provide specific facts to demonstrate that the address of service was not their residence. Defendants do not provide an alternative address that they claim is their residence. Accordingly, Defendants fail to rebut the process servers' affidavits of service.

19.      Defendants also claim that Paul Amelio and Alfonso Amelio were served via NYSCEF. The affidavit of service of Plaintiff's process server establishes that Defendants were served pursuant to CPLR § 308(4), not via NYSCEF.

20.      As such, service on Defendants was proper and Defendants' motion is without merit and must be denied.

### III.      Plaintiff did not Violate a Bankruptcy Stay

21.      Defendants incorrectly allege that Plaintiff prosecuted this action in violation of a bankruptcy stay.

22.      Defendants do not identify a bankruptcy stay that was in effect or any actions Plaintiff took to prosecute this action while a bankruptcy stay was in effect. Notwithstanding, on April 21, 2023, Defendants filed a Notice of Bankruptcy identifying a bankruptcy petition filed on February 21, 2023, with case number 8:23-bk-00608-CPM. *See* NYSCEF Doc. No. 26. The bankruptcy was dismissed on May 16, 2023. *See* **Exhibit A**. Plaintiff did not file its motion for default judgment and an order of reference until September 26, 2023, well after the bankruptcy was dismissed.

23.      Accordingly, Plaintiff has not prosecuted this action while a bankruptcy stay was in effect.

5

## IV.    Defendants Cannot Raise a Defense that the Statute of Limitations has Expired

24.    Defendants are in default and therefore cannot raise a defense of expiration of the statute of limitations without first vacating their default.

25.    A defendant who is in default is precluded from filing a motion to dismiss on non-jurisdictional grounds without proffering a reasonable excuse for their default. *U.S. Bank Tr. N.A. as Tr. for LSF9 Master Participation Tr. v Rivera*, 187 AD3d 624 (1st Dept 2020); *Deutsche Bank Nat. Tr. Co. v Lopez*, 148 AD3d 475 (1st Dept 2017).  Expiration of the statute of limitations is not a jurisdictional defect. *U.S. Bank Tr. N.A. v Germoso*, 216 AD3d 1046 (2d Dept 2023). The only excuse Defendants proffer for their failure to timely answer is that they were not properly served. As discussed in the previous section, Defendants have failed to rebut the process servers' affidavits. Accordingly, Defendants are precluded from raising the defense of expiration of the statute of limitations.

26.    Accordingly, Defendants' motion to dismiss must be denied.

## V.    Plaintiff did not Present False Statements and Misrepresentations

27.    Defendants allege that Plaintiff has presented fase statements and misrepresentations in the complaint and have omitted material facts and submitted fabricated documents.

28.    CPLR § 5015(a)(3) allows for a default judgment to be vacated on account of fraud, misrepresentation, or other misconduct committed by the plaintiff. Fraud can be either intrinsic, such as submitting fraudulent documents, or extrinsic, where the fraud prevented the defaulting party from fully litigating the matter. *U.S. Bank, N.A. v Peters*, 127 AD3d 742 (2d Dept 2015). Vacatur due to intrinsic fraud requires the showing of a reasonable excuse or a meritorious defense. *Bank of New York Mellon Tr. Co., N.A. v Ross*, 170 AD3d 931 (2d Dept 2019). Vacatur due to

6

extrinsic fraud does not require the showing of a meritorious defense. *Shaw v Shaw*, 97 AD2d 403

(2d Dept 1983). The burden is on the moving party to establish the existence of fraud,

misrepresentation, or misconduct on the part of the plaintiff. *Diaz v Wyckoff Hgts. Med. Ctr.*, 148

AD3d 778 (2d Dept 2017). In order to be entitled to a hearing the moving party must make a prima

facie showing of fraud, misrepresentation, or other misconduct. *Matter of Fulmer v Buxenbaum*,

90 AD3d 755 (2d Dept 2011).

29.    Here, in their supporting papers Defendants do not state what false statements and

misrepresentations were made in the Complaint, what material facts have been omitted, or what

documents are fabricated. As such, Defendants have failed to establish grounds to vacate pursuant

to CPLR § 5015(3) and their motion must be denied.

### VI.    Defendants Cannot Challenge the Order Discontinuing the Prior Action

30.    Finally, Defendants challenge the order discontinuing the prior action claiming that

it improperly orders the loan to be deaccelerated. Defendants' challenge to the order discontinuing

the prior action is an improper collateral attack.

31.    Defendants claim that Plaintiff "altered the proposed order with the intent to

ambush us and intentionally evade our opposition to the same, denying our due process right to

law." A party cannot challenge an order issued in a previous action on the basis that the order was

fraudulently procured. The remedy in such situations "lies exclusively in that lawsuit itself, i.e.,

by moving pursuant to CPLR 5015 to vacate the [order] due to its fraudulent procurement, not a

second plenary action collaterally attacking the judgment in the original action." *N. Shore Envtl.*

*Sols., Inc. v Glass*, 17 AD3d 427 (2d Dept 2005). Furthermore, the proposed order containing the

de-acceleration language was submitted along with the motion to discontinue and Defendants had

the opportunity to challenge its inclusion but failed to do so. A copy of Plaintiff's motion to

7

discontinue the prior action, including the submitted proposed order, is annexed hereto as **Exhibit**

**B**. Accordingly, Defendants' challenge to the validity of the order discontinuing the prior action

must be disregarded.

      **WHEREFORE**, it is respectfully requested that Defendants' Motion be denied in its

entirety.

Dated: New York, New York
      July 19, 2024

*Sean Monahan*
_____
Sean K. Monahan, Esq.
Friedman Vartolo LLP
Attorneys for Plaintiff
85 Broad Street, Suite 501
New York, New York 10004
P: 212.471.5100

8

Pursuant to the Uniform Rules of this Court, I certify that the accompanying Affirmation contains 2043 words excluding the parts of the document that are exempted. This certificate was prepared in reliance on the word count function of the word processing system used to prepare the document. I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       July 19, 2024

                                    *Sean Monahan*
                                    _____
                                    Sean K. Monahan, Esq.
                                    Friedman Vartolo LLP
                                    Attorneys for Plaintiff
                                    85 Broad Street, Suite 501
                                    New York, New York 10004
                                    P: 212.471.5100

9

# Exhibit A

ORDERED.

**Dated: May 16, 2023**

Roberta A. Colton
United States Bankruptcy Judge

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION
**www.flmb.uscourts.gov**

In re:                                                    Case No. 8:23-bk-00608-RCT
                                                          Chapter 13
PAUL A. AMELIO,

Debtor(s)[1]

_____/

### ORDER DENYING CONFIRMATION, DISMISSING CASE,
### AND IMPOSING A BAR TO FUTURE FILINGS FOR A PERIOD OF 180 DAYS

THIS CASE was considered on May 10, 2023, for a duly-noticed confirmation hearing. Scheduled concurrently with the hearing on confirmation was, *inter alia*, the in-person trial on the City of Middletown, New York's Motion to Dismiss (Doc. 36) (the "City's Motion"). The Court finds that the Debtor's Chapter 13 Plan, as filed, does not meet the requirements for confirmation. For this reason and for those reasons set forth in the concurrently entered order granting the City's Motion and on the record at the hearing, the Court finds that dismissing this case with prejudice is in the best interests of creditors and the estate and that an filing injunction of 180 days is appropriate and warranted under the facts of this case. Accordingly, it is

**ORDERED**:

1.    Confirmation of the Debtor's Chapter 13 Plan is **DENIED**.

2.    This case is **DISMISSED**, with prejudice and without a discharge.

_____
[1] All reference to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals.

3.      Paul A. Amelio is hereby enjoined from filing a subsequent bankruptcy petition in this or any other bankruptcy court for a period of 180 days effective May 10, 2023.

4.      Any filing in violation of this Order will be considered null and void and will neither affect nor act as a stay against any of the Debtor's creditors listed in this case or any of Debtor's prior bankruptcy cases.

5.      The automatic stay imposed by 11 U.S.C. § 362(a) and the stay of an action against a codebtor under 11 U.S.C. § 1301 are terminated effective upon entry of this Order.

6.      The Court reserves jurisdiction over any motion for relief from the automatic stay seeking prospective relief under 11 U.S.C. § 362(d)(4), now pending or filed within thirty (30) days of entry of this Order. The Court may enter orders or schedule hearings and trials as it deems appropriate to address such motions.

7.      All pending hearings are canceled except for any currently scheduled hearing on an Order to Show Cause over which the Court also reserves jurisdiction.

8.      Notwithstanding any other Court orders, the Trustee shall return to Debtor, or if Debtor is represented by an attorney, to Debtor in care of Debtor's attorney, any remaining funds on hand not previously disbursed and shall thereafter file the Trustee's final report. Upon the filing of the final report, the Trustee will be discharged of all duties as Trustee.

9.      Debtor, the Trustee, or any party in interest may, within 14 days of the entry of this Order, file a motion requesting the Court to examine the fees paid to Debtor's attorney and for the disgorgement of any portion of the fees deemed excessive.  The Court shall retain jurisdiction for this purpose.

10.      Paul A. Amelio shall immediately pay the outstanding balance of the filing fee, $163.00, by cashier's check or money order delivered to:

            Clerk, U.S. Bankruptcy Court,
            Sam M. Gibbons United States Courthouse
            801 North Florida Avenue, Suite 555
            Tampa, FL 33602.

11.     The Court reserves jurisdiction to determine timely filed applications

for  administrative expenses and to enforce the terms and provisions of this Order.

Trustee Kelly Remick is directed to serve a copy of this Order on interested parties who do not
receive service by CM/ECF and file a proof of service within three days of entry of this Order.

# Exhibit B



# NYSCEF Confirmation Notice

## Orange County Supreme Court

The NYSCEF website has received an electronic filing on 06/01/2022 10:39 AM. Please keep this notice as a confirmation of this filing.

**EF000106-2021**

**REAL ESTATE GROWTH FUND LLC v. ALFONSO AMELIO AKA ALPHONSO AMELIO et al**

**Assigned Judge: John R Lindstrom**

## Documents Received on   06/01/2022 10:39 AM

| Doc # | Document Type |
|-------|---------------|
| 76 | NOTICE OF MOTION TO DISCONTINUE |
| 77 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION |
| 78 | EXHIBIT(S) A |
| 79 | ORDER ( PROPOSED ) |
| 80 | AFFIDAVIT |

## Filing User

Juliana Thibaut | jthibaut@friedmanvartolo.com | (212) 471-5100
85 Broad Street, Suite 501, New York, NY 10004

## E-mail Notifications

An email regarding this filing has been sent to the following on 06/01/2022 10:39 AM:

**Carmine Amelio - cpamelio@gmail.com**
**JOHN E. BACH JR. - jebachlaw@johnebachlaw.com**
**RASPREET BHATIA - raspreet.bhatia@gmlaw.com**
**SARAH J. GREENBERG - sarah.greenberg@gmlaw.com**
**JULIANA THIBAUT - jthibaut@friedmanvartolo.com**
**ADAM S. WYNN - adam.wynn@lgbs.com**

---

**Kelly A. Eskew, County Clerk - ccinfo@orangecountygov.com**
Phone: (845) 291-2690      Fax: (845) 378-2368 (fax)

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

FILED: ORANGE COUNTY CLERK 07/19/2024 11:45 AM INDEX NO. EF007269-2022
NYSCEF DOC. NO. 95 RECEIVED NYSCEF: 07/19/2024



# NYSCEF Confirmation Notice

## Orange County Supreme Court

**EF000106-2021**

**REAL ESTATE GROWTH FUND LLC v. ALFONSO AMELIO AKA ALPHONSO AMELIO et al**

**Assigned Judge: John R Lindstrom**

### Email Notifications NOT Sent

| Role | Party | Attorney |
|------|-------|----------|
| Respondent | RALPH J PELOSI III | No consent on record. |
| Respondent | ROBERTA PERRY | No consent on record. |
| Respondent | DAKOTA YOUNG | No consent on record. |
| Respondent | VIRGINIA SULLIVAN | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Kelly A. Eskew, County Clerk - ccinfo@orangecountygov.com**

Phone: (845) 291-2690        Fax: (845) 378-2368 (fax)

**NYSCEF Resource Center, nyscef@nycourts.gov**

Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------------x

REAL ESTATE GROWTH FUND, LLC,

Index No. EF000106-2021

                                        Plaintiff,

**AFFIDAVIT OF MAILING**

                    -against-

ALFONSO AMELIO AKA ALPHONSO AMELIO;
et al.,

                                        Defendants
-----------------------------------------------------------------------x

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF NASSAU | ) |

Matthew McCarthy, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in NASSAU County, New York.

On June 1, 2022, I served a true copy of the annexed **NOTICE OF MOTION TO DISCONTINUE ACTION AND SALE AND CANCEL LIS PENDENS** by filing the same with the New York State Electronic Filing System (NYSCEF) to the consenting parties on notice, and by mailing the same by First-Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

Carmine Paul Amelio
13 Academy Avenue
Unit #1
Middletown, NY 10940

Carmine Paul Amelio
32 Main Street
New Milford, CT 06776

Carmine Paul Amelio
c/o Deborah J. Piazza, as Chapter 7 Trustee of Carmine P. Amelio
11 Majestic Court
New Hyde Park, NY 11040

Paul Amelio
17 Grant Street
Middletown, NY 10940

Paul Amelio
2577 Schurz Avenue
Unit #1
Bronx, NY 10465

Paul Amelio
32 Main Street
New Milford, CT 06776

John E. Bach, Jr., Esq.
Guardian Ad Litem for Alfonso Amelio and Paul Amelio
**VIA NYSCEF**

_____
Matthew McCarthy

Sworn To Before Me This
1st day of June 2022

_____
Notary Public

TRISTAN S. VILLANUEVA
Notary Public, State of New York
No. 01VI6380362
Qualified in Nassau County
Commission Expires September 04, 2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-------------------------------------------------------------------X

REAL ESTATE GROWTH FUND, LLC,

                        Plaintiff

             -against-

ALFONSO AMELIO A/K/A ALPHONSO AMELIO
and PAUL AMELIO, if they be living and if they be
dead, the respective heirs-at-law, next-of-kin,
distributes, executors, administrators, trustees,
devisees, legatees, assignees, lienors, creditors and
successors in interest and generally all persons having
or claiming under, by or through said defendant who
may be deceased, by purchase, inheritance, lien or
inheritance, lien or otherwise any right, title or interest
in or to the real property described in the complaint;
CARMINE AMELIO AKA CARMINE PAUL
AMELIO; RALPH J. PELOSI, III; ROBERTA
PERRY; DAKOTA YOUNG; VIRGINIA SULLIVAN,

                        Defendants

-------------------------------------------------------------------X

Index No. EF000106-2021

**NOTICE OF MOTION TO
DISCONTINUE ACTION,
AND CANCEL LIS PENDENS**

**Mortgaged Premises**
17 Grant Street
Middletown, NY 10940

**Section**: 36
**Block**: 15
**Lot**: 18

     **PLEASE TAKE NOTICE**, that upon the annexed affirmation of Juliana Thibaut, Esq. dated June 1, 2022, and any papers and exhibits annexed thereto, a motion will be heard at the Orange County Supreme Court,  285 Main Street, Goshen, NY 10924 in front of the Honorable John R. Lindstrom, on July 1, 2022, at 9:30 AM, or as soon thereafter as counsel can be heard, for an order: (i) canceling the Lis Pendens, (ii) discontinuing the instant action, (iii) striking the Defendant's answer and dismissing the Defendant's counterclaims, and (iv) for such other relief as the court may deem just and proper.

     **PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR §2214(b) answering affidavits, if any, are required to be served at least seven (7) days before the return date of this motion.

Dated: June 1, 2022
New York, New York

                    /s/ Juliana Thibaut
                    Juliana Thibaut, Esq.
                    Friedman Vartolo LLP
                    Attorneys for Plaintiff
                    1325 Franklin Avenue, Suite 160
                    Garden City, NY 11530
                    P: (212) 471-5100

Firm File No. 220710-2

Case 1:24-cv-05615-CS   Document 1   Filed 07/22/24   Page 309 of 319

To:


Carmine Paul Amelio
13 Academy Avenue
Unit #1
Middletown, NY 10940

Carmine Paul Amelio
32 Main Street
New Milford, CT 06776

Carmine Paul Amelio
c/o Deborah J. Piazza, as Chapter 7 Trustee of Carmine P. Amelio
11 Majestic Court
New Hyde Park, NY 11040

Paul Amelio
17 Grant Street
Middletown, NY 10940

Paul Amelio
2577 Schurz Avenue
Unit #1
Bronx, NY 10465

Paul Amelio
32 Main Street
New Milford, CT 06776

John E. Bach, Jr., Esq.
Guardian Ad Litem for Alfonso Amelio and Paul Amelio
**VIA NYSCEF**

Firm File No. 220710-2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------------X

REAL ESTATE GROWTH FUND, LLC,

                                      Plaintiff

                - against -

ALFONSO AMELIO AKA ALPHONSO AMELIO and
PAUL AMELIO, if they be living and if they be dead, the
respective heirs-at-law, next-of-kin, distributes, executors,
administrators, trustees, devisees, legatees, assignees,
lienors, creditors and successors in interest and generally
all persons having or claiming under, by or through said
defendant who may be deceased, by purchase,
inheritance, lien or inheritance, lien or otherwise any
right, title or interest in or to the real property described in
the complaint; CARMINE AMELIO AKA CARMINE
PAUL AMELIO; RALPH J. PELOSI, III; ROBERTA
PERRY; DAKOTA YOUNG; VIRGINIA SULLIVAN,

                                     Defendants
-------------------------------------------------------------------X

Index No. EF000106-2021

**AFFIRMATION IN SUPPORT
OF MOTION TO
DISCONTINUE ACTION AND
CANCEL LIS PENDENS**

**Mortgaged Premises**:
17 Grant Street
Middletown, NY 10940

**Section**: 36
**Block**: 15
**Lot**: 18

       I, Juliana Thibaut, Esq., the undersigned, an attorney duly admitted to practice law in the State

of New York, hereby affirm under penalty of perjury pursuant to CPLR 2106 that:

       1.      I am an associate of the firm Friedman Vartolo LLP, the attorneys of record for the

Plaintiff in this action, by virtue of a Consent to Change Attorney filed in the Orange County Clerk's

Office on April 19, 2022, and I am fully familiar with the proceedings had herein. A copy of the filed

Consent to Change Attorney is attached hereto as **Exhibit A.**

       2.      This affirmation is submitted in support of the motion to cancel the notice of pendency

filed in the Orange County Clerk's Office on January 7, 2021, strike the Defendant's answer and

dismiss the Defendant's counterclaims, and to discontinue the pending foreclosure action.

       3.      The instant action was commenced on January 7, 2021 when the Summons, Complaint

and Notice of Pendency were filed in the Orange County Clerk's Office

Firm File No. 220710-2

4.      A foreclosure settlement conference has not yet been held or is scheduled for a future date, pursuant to CPLR §3408, as amended, but it is not necessary as the action is being discontinued.

5.      Thereafter, Plaintiff has elected to discontinue the matter.

6.      As a result of the aforementioned, the underlying foreclosure action should be discontinued, pursuant to CPLR §3217(b), and the notice of pendency filed in the Orange County Clerk's Office on January 7, 2021 should be discharged of record pursuant to CPLR §6514(a).

7.      Furthermore, the Defendant's answer should be stricken and the Defendant's counterclaims should be dismissed.

8.      This application is on notice to all defendants entitled to notice.

9.      No previous application has been made for the relief requested herein.

**WHEREFORE,** it is respectfully requested that the Plaintiff's motion be granted in its entirety, and such other and further relief as the Court may deem to be just and proper.

Dated: June 1, 2022
New York, New York

/s/ Juliana Thibaut
Juliana Thibaut, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, NY 11530

Firm File No. 220710-2

2 of 3

Case 1.24-cv-05615-CS          Document 1          Filed 07/22/24          Page 312 of 319

## <u>WORD COUNT CERTIFICATION</u>

Juliana Thibaut, Esq., an attorney admitted to practice in the courts of New York State, hereby affirms under penalty of perjury that:

I am an associate of the firm of **FRIEDMAN VARTOLO LLP** the attorneys of record for the Plaintiff in the within action.

This computer generated **ATTORNEY AFFIRMATION** was prepared using a proportionally spaced typeface. The total number of words, inclusive of caption, point headings and footnotes, if any, and exclusive of exhibit, word count certification, or any authorized addendum is 493.

Dated: June 1, 2022
New York, New York

<u>/s/ Juliana Thibaut</u>
Juliana Thibaut, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100

Firm File No. 220710-2

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------x
REAL ESTATE GROWTH FUND, LLC,

                           Plaintiff,

       -against-

ALFONSO AMELIO AKA ALPHONSO AMELIO et al.,

                       Defendants
------------------------------------------------------------x

Index No. EF000106-2021

**CONSENT TO CHANGE ATTORNEY**

    **IT IS HEREBY STIPULATED AND AGREED,** that **FRIEDMAN VARTOLO, LLP,** be substituted as attorneys for Plaintiff for the undersigned party(ies) in the above action in place and stead of the undersigned attorney(s) as of the date hereof.

    **IT IS HEREBY STIPULATED AND AGREED,** that this consent may be signed in counterparts and that a fully executed facsimile copy shall have the same force and effect as an original.

Dated: March 17, 2022

By: Angelo A. Regina, Esq.
**GREENSPOON MARDER**
*Outgoing Attorneys*
100 W. Cypress Creek Road
Fort Lauderdale, Florida 33309
(P) 954.491.1120

Dated: 6-19-22

By: Juliana Thibaut, Esq.
**FRIEDMAN VARTOLO LLP**
*Incoming Attorneys*
85 Broad Street, Suite 501
New York, NY 10004
(P) 212.471.5100
(F) 212.471.5150

Firm File Number 220710-2

SN Servicing Corporation, servicer for
Plaintiff's assignee U.S. Bank Trust National
Association, as Trustee of Igloo Series V
Trust

By: _William A. Fogleman_

Name: William A. Fogleman
Title: Corporate Counsel

Sworn to before me this
_6_ day of _April_ , 20_22_

_John C. Clark_
Notary Public



Firm File Number: 220710-2

**TO BE COMPLETED, IN ADDITION TO JURAT (ABOVE), IF EXECUTING OUTSIDE OF NEW YORK STATE**

STATE OF LOUISIANA            )

                                         ) ss.

PARISH OF EAST BATON ROUGE    )

On the ___ day of _____ in the year 202_ before me, the undersigned, a Notary Public in and for said State, personally appeared William A. Fogleman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

_____ *[Insert the city or other political subdivision and the state or county or other place the acknowledgment was taken]*.

_____
Notary Public

Personally Known _____ OR
Produced Identification _____ .

Type of Identification Produced:

_____ .

Firm File Number: 220710-2

At IAS Part _____ of the Supreme Court of
the State of New York held in and for the
County of Orange, at the Courthouse thereof,
located at 285 Main Street, Goshen, NY
10924 on the _____day of _____,
20___

HON. John R. Lindstrom, J.S.C.

---------------------------------------------------------------X

REAL ESTATE GROWTH FUND, LLC,                          Index No. EF000106-2021

                                        Plaintiff      **ORDER DISCONTINUING ACTION**
                                                       **AND CANCELING LIS PENDENS**
                   -against-

ALFONSO AMELIO A/K/A ALPHONSO AMELIO          **Mortgaged Premises**
and PAUL AMELIO, if they be living and if they be      17 Grant Street
dead, the respective heirs-at-law, next-of-kin,        Middletown, NY 10940
distributes, executors, administrators, trustees, devisees,
legatees, assignees, lienors, creditors and successors in    **Section**: 36
interest and generally all persons having or claiming   **Block**: 15
under, by or through said defendant who may be         **Lot**: 18
deceased, by purchase, inheritance, lien or inheritance,
lien or otherwise any right, title or interest in or to the
real property described in the complaint; CARMINE      **Mortgage Servicer**: SN Servicing
AMELIO AKA CARMINE PAUL AMELIO; RALPH                    Corporation
J. PELOSI, III; ROBERTA PERRY; DAKOTA          **Mortgage Servicer Phone #**: (800) 603-
YOUNG; VIRGINIA SULLIVAN,                                0836

                                        Defendants
---------------------------------------------------------------X

On reading the Notice of Motion of the Plaintiff dated June 1, 2022, and the supporting

Affirmation of Juliana Thibaut, Esq., of Friedman Vartolo LLP, attorneys of record for Plaintiff herein

dated June 1, 2022, and said motion having been submitted to the Court; and on all the pleadings,

papers and proceedings heretofore had herein; and the Plaintiff's application having come on to be

heard before this Court on July 1, 2022or as soon thereafter as counsel could be heard; and due

deliberation having been had on all the issues and matters raised therein;

NOW, on motion of **Friedman Vartolo LLP**, the attorneys for Plaintiff, it is;

**ORDERED**, that the instant motion is granted; and it is further

**ORDERED**, that the above-entitled action be and the same is hereby discontinued without

prejudice and without costs to either party as against the other; and it is further

**ORDERED**, that the County Clerk of the County of Albany be and is hereby directed, upon payment of the proper fee, if any, to cancel and discharge of record certain notice of pendency filed in this action on January 7, 2021 against 17 Grant Street, Middletown, NY 10940 (Section: 36, Block: 15, Lot: 18) and said Clerk is hereby directed to enter upon the margin of the record of same a notice of cancellation referring to this Order; and it is further

**ORDERED**, that the Defendant's answer be stricken and that the Defendant's counterclaims be dismissed; and it is further

**ORDERED**, that Plaintiff hereby deaccelerates the maturity of the loan and withdraws all prior demands for immediate payment of all sums secured by the Security Instrument; and it is further

**ORDERED**, that a copy of this Order with notice of entry be served upon all parties entitled to notice.

Dated: _____

ENTER,

_____
HON. John R. Lindstrom, J.S.C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
--------------------------------------------------------------------x

U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST,

Index No. EF007269-2022

                              Plaintiff,

**AFFIRMATION OF MAILING**

         -against-

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7
TRUSTEE OF UNITED STATES BANKRUPTCY
COURT; ROBERTA PERRY S/H/A JANE DOE #1;

                          Defendants
--------------------------------------------------------------------x

Michael Lee, hereby affirms pursuant to CPLR §2106 that:

On July 19, 2024, I served a true copy of the annexed **AFFIRMATION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, WITH EXHIBITS** by filing the same with the New York State Electronic Filing System (NYSCEF) to the consenting parties on notice, and by mailing the same by First-Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below.

Alfonso Amelio
160 East 89th Street, Apt 4F
New York, NY 10128

Paul Amelio
32 Main Street #337
New Milford, CT 06776

Carmine P. Amelio
32 Main Street
New Milford, CT 06776

I affirm this 19th day of July 2024 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

                                            Michael Lee