

85 Broad St., Suite 501, New York, New York 10004
t: 212.471.5100   f:212.471.5150
friedmanvartolo.com

August 1, 2024

*Via ECF*
Hon. Cathy Seibel
United States District Court, Southern District of New York

> RE: **U.S. Bank Trust National Association, as trustee of Tiki Series V Trust v. Alfonso Amelio, Carmine Amelio, Paul Amelio,** *et al.*
> Case No.:  1:24-cv-05615-CS
> File No.:   220710

Dear Hon. Seibel,

We represent Plaintiff U.S. Bank Trust National Association, as trustee of Tiki Series V Trust. We write to request that the Court remand this action back to the New York Supreme Court, Orange County as the notice of removal was untimely and the District Court lacks subject matter jurisdiction. In the alternative, we request that the Court schedule a pre-motion conference for a motion to remand this action back to the New York Supreme Court, Orange County.

**A. Background**

On December 19, 2022, Plaintiff commenced this foreclosure action in New York Supreme Court, Orange County, to foreclose on a Note executed by Carmine Amelio as attorney in fact for Alfonso Amelio (hereinafter "Borrower") and Mortgage executed by Carmine Amelio as attorney in fact for Alfonso Amelio, Carmine Amelio and Paul Amelio secured by the property known as 17 Grant Street, Middletown, NY 10940 (hereinafter "Mortgaged Premises"). *See* Docket No. 1, pp 20-170. The Defendants defaulted on the Note and Mortgage by failing to make the monthly installment payment due May 1, 2015.

Defendants failed to timely appear and on September 26, 2023, Plaintiff filed a motion for a default judgment and order of reference. Defendants did not oppose Plaintiff's motion. On December 18, 2023, the Court granted Plaintiff's motion and entered a default judgment and order of reference. On March 6, 2024, Plaintiff filed a motion for a judgment of foreclosure and sale. Defendants did not oppose Plaintiff's motion. On May 7, 2024, the Court granted Plaintiff's motion and entered a judgment of foreclosure and sale. *See* Docket No. 1, pp. 204-216.

Plaintiff scheduled a foreclosure sale for July 22, 2024. On July 5, 2024, Defendants filed a motion to dismiss that failed to give Plaintiff timely notice of the motion. On July 12, 2024, Defendants requested an adjournment of their motion to dismiss. In response, the Supreme Court advised that the judge was not available and would not see the request until after July 22, 2024. On July 15, 2024, Defendants re-filed their motion to dismiss with a proper return date. On July

20, 2024, Plaintiff filed an opposition. The New York Supreme Court has not issued a decision on the motion.

On July 22, 2024, the Mortgaged Premises sold at the foreclosure sale to a third party. That same day, Defendants filed a notice of removal in New York Supreme Court, Orange County.

### B. This Action Should be Remanded back to State Court as the Notice of Removal was Untimely and the District Court Lacks Subject Matter Jurisdiction

Plaintiff seeks to file a motion to remand this action back to state court as Defendants' notice of removal was untimely and the District Court lacks subject matter jurisdiction.

Pursuant to 28 USC § 1446(b), a notice of removal shall be filed within 30 days after receipt by the defendant of a copy of the initial pleading. The 30-day time period begins to run when the last defendant is served. *Pietrangelo v Alvas Corp.*, 686 F3d 62 (2d Cir 2012). The 30-day time period is mandatory, and an untimely notice of removal requires the case be remanded. *Burr ex rel. Burr v Toyota Motor Credit Co.*, 478 F Supp 2d 432 (SDNY 2006). Here, the last defendant was served on April 14, 2023. *See* Docket No. 1, pp. 171-193 Defendants did not file their notice of removal until July 22, 2024, over 15 months after the last defendant was served. Accordingly, Defendants' notice of removal is untimely and this case must be remanded back to the New York State Supreme Court, Orange County.

Notwithstanding that the notice of removal is untimely, the District Court lacks subject matter jurisdiction. When the district court lacks subject matter jurisdiction, the case shall be remanded. 28 USC § 1447(c).

Defendants' notice of removal seeks removal pursuant to both 28 USC § 1441(a) and 28 USC § 1441(b). 28 USC § 1441(a) provides for removal where the district court has original jurisdiction. 28 USC § 1441(b) provides for removal on the basis of diversity jurisdiction.

For the District Court to have original jurisdiction, the action must arise under the Constitution, laws, or treaties of the Untied States. 28 USC § 1331. A defendant may not remove a case to federal court under 28 USC § 1331 unless the plaintiff's complaint establishes that the case arises under federal law. *Franchise Tax Bd. of State of Cal. v Constr. Laborers Vacation Tr. for S. California*, 463 US 1, 103 S Ct 2841, 77 L Ed 2d 420 (1983). A foreclosure action is a state law claim and does not present a federal question. *MB Fin. Bank, N.A. v 56 Walker, LLC*, 11 CIV. 5538 JGK, 2011 WL 6338808 (SDNY Dec. 19, 2011). An action may not be removed to federal court based on an alleged defense or counterclaim. *Caterpillar Inc. v Williams*, 482 US 386, 107 S Ct 2425, 96 L Ed 2d 318 (1987); *Town of Southold v Go Green Sanitation, Inc.*, 949 F Supp 2d 365 (EDNY 2013). Furthermore, when an action is removable solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 USC 1446(b)(2)(A); *56 Walker,* 2011 WL 6338808.

Here, Plaintiff commenced this foreclosure action pursuant to state law and Plaintiff's foreclosure action does not arise under federal law. Defendants base their section 1441(a) removal on their alleged defenses and counterclaims. Defendants' alleged defenses and counterclaims

cannot be the basis for removal and therefore the District Court lacks subject matter jurisdiction pursuant to section 1331. Furthermore, Defendants Deborah J. Piazza, as Chapter 7 Trustee of United States Bankruptcy Court, and Roberta Perry s/h/a Jane Doe #1 have not consented to removal. Accordingly, this action must be remanded.

An action may not be removed to federal court under 28 USC § 1332(a) if any defendant is a citizen of the State in which the action is brought. 28 USC § 1441(b)(2). Defendant Roberta Perry s/h/a Jane Doe #1 is a citizen of New York. *See* Docket No. 1, p. 171. Accordingly, the District Court lacks subject matter jurisdiction pursuant to section 1332(a) and this case must be remanded.

Accordingly, we request that the Court remand this action back to the New York Supreme Court, Orange County. In the alternative, we request that the Court schedule a pre-motion conference for a motion to remand.

We thank the Court for Your Honor's time and consideration herein. Should you have any questions, please do not hesitate to contact the undersigned.

Respectfully submitted,

*/s Sean K. Monahan*

Sean K. Monahan, Esq.

Cc:
Carmine P. Amelio
32 Main Street
New Milford, CT 06776

Paul Amelio
37 Main Street #337
New Milford CT 06776

Alfonso Amelio
160 East 89th Street, Apt 4F
New York, NY 10128