UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST,

                          Plaintiff,                        **ORDER**

      - against -                                            No. 24-CV-5615 (CS)

ALFONSO AMELIO, *et al.*,

                          Defendants.
---------------------------------------------------------------x

Seibel, J.

        On July 22, 2024, *pro se* Defendant Carmine Amelio, purporting to act on his own behalf and on behalf of Alfonso Amelio and Paul Amelio, removed the above-captioned action from New York Supreme Court, County of Orange, to this court. (ECF No. 1.) On August 2, 2024, Plaintiff filed a letter seeking to remand this action to state court. (ECF No. 5.)

        Federal law imposes several requirements for removal that do not seem to be met here. First, pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after receipt by the defendant of a copy of the initial pleading. If the defendants are served at different times, an earlier-served defendant may join a later-served defendant who files a timely notice of removal. 28 U.S.C. § 1446(b)(2)(C). Defendants' notice of removal falls well outside this 30-day window. The last defendant, Deborah J. Piazza, was served on April 14, 2023, more than one year before Defendants' filing. (ECF No. 1 at 193.)

        Second, all defendants properly joined and served must join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A). Defendants Deborah J. Piazza and Roberta Perry did not join in the removal and there is no indication in the notice of removal that Piazza or Perry consented to removal. Nor have Defendants Alfonso Amelio and Paul Amelio indicated their consent. To the

extent Carmine Amelio purports to represent them, he has not indicated that he is an attorney, and because non-attorneys are not permitted to represent others (even family members) in federal court, *KLA v. Windham Se. Supervisory Union*, 348 F. App'x 604, 605-06 (2d Cir. 2009), Carmine Amelio cannot consent on their behalf.

Third, an action is removable only if the federal courts have subject matter jurisdiction. 28 U.S.C. § 1441(a). This court has neither federal question nor diversity jurisdiction over this action. To establish federal question jurisdiction, the federal question must be present on the face of the plaintiff's well-pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Defendants raise federal questions only as defenses to an action that arises entirely under state law, which is not a proper basis for federal question jurisdiction. *See id.* at 393. Thus, this court does not have federal question jurisdiction.

This court likewise lacks diversity jurisdiction. Under 28 U.S.C. § 1441(b)(2), an action removable solely on the basis of diversity may not be removed if any of the defendants is a citizen of the state in which the action is brought. The moving Defendants are citizens of New York. (ECF No. 1 at 3.) Defendant Roberta Perry is likewise a citizen of New York. (*Id.* at 171.) Thus, this court lacks diversity jurisdiction.

Accordingly, Defendants are hereby ORDERED to SHOW CAUSE in writing, no later than August 19, 2024, why this action should not be remanded for the foregoing reasons. The Clerk of Court is respectfully directed to serve this Order to Show Cause on Defendant Carmine

Amelio by mail.  The Clerk of Court is respectfully directed to mail a copy of this order to Defendants Alfonso Amelio and Paul Amelio at the following address:

>32 Main Street
>New Milford, CT 06776

**SO ORDERED.**

Dated: August 5, 2024
       White Plains, New York

                                                    _____
                                                       CATHY SEIBEL, U.S.D.J.