# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>　　　　Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>　　　　Defendants. | CASE NO.: 24-CV-5615<br><br>**JURY TRIAL DEMANDED**<br><br>Local Rule 6.3 requires that a motion for reconsideration be filed within 14 days of entry of the order being challenged, which in this case would have been 9/5/24, so the Rule 6.3 motion is denied as untimely.  Further, pursuant to Title 18, United States Code, Section 1447(d), Federal Rule of Civil Procedure 59(e) may not be used to obtain review of an order remanding to state court based on a defect in the removal procedure, so the Rule 59(e) application is also denied. Wachtell & Masyr, LLP v. Brand Progression, LLC, No. 11-CV-7398, 2013 WL 93167, at *1 (S.D.N.Y. Jan. 7, 2013).  In any event, the state court found that all Defendants had been properly served, and the record before me contains no basis to disregard that finding, and thus the basis on which I remanded (that not all defendants had consented) remains valid.  The Clerk of Court is respectfully directed to send a copy of this endorsement to Carmine Amelio and to terminate ECF No. 13.<br><br>　　　　SO ORDERED.<br><br>　　　　*[signature]*　　　9/30/24<br>　　　　CATHY SEIBEL, U.S.D.J. |

**Motion For Reconsideration Pursuant to Local Rule 6.3 and FRCP Rule 59 (e)**

Defendants Carmine Amelio, ("Carmine"), Alfonso Amelio ("Alfonso") and Paul Amelio

("Paul"), collectively, ("Amelio"), hereby move this court for reconsideration pursuant to local

rule 6.3 and FRCP Rule 59e from the Order of remand to Orange County Supreme Court,

entered by the Court on August 22, 2024. Defendant states as follows:

The Order entered stated as follows:

This removal is improper for, among other things, failure to provide written consent to removal from any other Defendant. *See Gold Town Corp. v. United Parcel Serv., Inc.*, 519 F. Supp. 3d 169, 175 (S.D.N.Y. 2021) ("*[W]ritten* consent from the non-removing co-defendants is required for a state-court action to properly be removed.") (emphasis in original) (collecting cases).

The Order failed to specify and provide detail of "among other things" and failed provide

finding of fact and conclusions of law. The Order falsely stated "It appears that Defendant

Carmine Amelio wishes to obtain reversal of the state court judgment of foreclosure and sale. He

should do so through an appeal within the state court system" when defendants properly and lawfully removed the state action to the district court and this Court has federal question and diversity jurisdiction to hear this matter. Furthermore, the case cited, Gold Town Corp, is not applicable case law because the defendants in that particular case had been served. That was not the case in this matter.

The 30-day removal period under 28 U.S.C. § 1446(b) is triggered by proper service of the initial pleading (complaint) on the defendant. If a defendant has not been formally served, the 30-day clock for filing a notice of removal has not started. The plaintiff failed to properly serve the defendants summons and complaint in accordance with CPLR § 308 and the required 90-day notice under CPLR § 1304. In addition, plaintiff improperly continued to prosecute the foreclosure action during the pendency of an automatic stay under the U.S. Bankruptcy Code, in violation of the stay. The law is well settled that the 30-day time period was never triggered due to defective service. Not only did counsel deviously and deceptively create United States Postal Service labels without giving the packages to the United States Postal Service ("USPS"), See Exhibit A), which were mailed to incorrect addresses and counsel clearly admits that the attempted service "Here, the last defendant was served on April 14, 2023. See Docket No. 1, pp. 171-193" was all executed during the pending of automatic stay of bankruptcy while falsely stating in state court **AFFIRMATION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS,** filed July 19, 2024, that plaintiff did not take any action:

> "Defendants do not identify a bankruptcy stay that was in effect or any actions Plaintiff took to prosecute this action while a bankruptcy stay was in effect. Notwithstanding, on April 21, 2023, Defendants filed a Notice of Bankruptcy identifying a bankruptcy petition filed on February 21, 2023, with case number 8:23-bk-00608-CPM. *See* NYSCEF Doc. No. 26. The bankruptcy was dismissed on May 16, 2023. *See* **Exhibit A**. Plaintiff did not file its motion for default judgment and an order of reference until September 26, 2023, well after the bankruptcy was dismissed."

The 30-day period for removal does not begin until a defendant has been formally served with the initial pleading or complaint. Simply receiving a copy of the complaint without formal service is not sufficient to trigger the removal period. See *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the U.S. Supreme Court held that the 30-day removal period does not begin until formal service of the complaint has been effected, even if the defendant had prior notice of the lawsuit. This ruling clarifies that the clock for removal starts only after the defendant is formally served according to the applicable rules of procedure. The "forum defendant rule" under 28 U.S.C. § 1441(b)(2), which prevents removal by in-state defendants, applies only after a forum defendant has been "properly joined and served." Although defendants Paul and Alfonso provided Carmine with their consent for removal, there affirmations were not necessary because the forum defendant rule is not applicable. When a defendant, has not been formally served with the initial complaint, the 30-day period for removal has not been triggered thus defendants retain their right to remove the case to federal court.

Plaintiff falsely and incorrectly states "Defendants only raise federal questions as defenses to this action that arises entirely under state law which is not a proper basis for federal jurisdiction. An action may not be removed on the basis of diversity jurisdiction if any of the defendants are a citizen of the state in which the action is brought. 28 USC§ 1441(b)(2). Defendant Roberta Perry s/h/a Jane Doe #1 is a citizen of New York. See Docket No. 1, p. 171. Accordingly, the District Court lacks diversity jurisdiction. Accordingly, Defendants' motion for a temporary restraining order must be denied as the Court lacks subject matter jurisdiction."

Plaintiff is attempting to use the forum defendant rule, codified in 28 U.S.C. § 1441(b)(2), which prevents removal of a case to federal court based on diversity jurisdiction if

any of the defendants are citizens of the state in which the action was brought. Roberta Perry was not a named defendant in plaintiff's original complaint. Federal District Courts do not consider "Jane Doe" for purposes of assessing diversity jurisdiction if the foreclosure complaint names the property owner (borrower) and includes "Jane Doe" as a placeholder for any unknown tenants. Since "Jane Doe" is not a specifically identified person with established citizenship, their presence in the complaint does not trigger the forum defendant rule. It would be speculative to consider the citizenship of an unnamed party, and it would indefinitely prevent removal if "Doe" defendants were considered. Furthermore, the claims against the non-diverse defendants are not sufficiently related to the claims against the diverse defendants. The forum defendant has been fraudulently joined by plaintiff and is attempting to use the same to prevent removal.

In this matter, federal intervention is needed, involving civil rights violations where the state court system is deemed inadequate to protect the plaintiff's federal constitutional rights. Federal courts have intervened despite a state court judgment, as follows:

1. 42 U.S.C. § 1983 Claims:

federal civil rights lawsuit under 42 U.S.C. § 1983 claiming that a state court judgment resulted from unconstitutional practices, such as racial discrimination or violations of due process rights by state actors (e.g., police officers, government officials, or judges). Defendants have demonstrated that the state court's actions violated federal constitutional rights and a federal court has jurisdiction to hear the case, even after a state court judgment. See _In Mitchum v. Foster,_ 407 U.S. 225 (1972) the Supreme Court held that § 1983 is an exception to the Anti-Injunction Act, which generally prohibits federal courts from enjoining state court proceedings, allows federal courts to intervene in cases where state court judgments violate constitutional rights.

2. Procedural Due Process Violations:

As defendants have stated, the state court proceedings were fundamentally flawed and violated the defendants' procedural due process rights under the Fourteenth Amendment. Defendants were denied the opportunity to be heard, subjected to biased decision-making, and the state court ignored or misapplied federal law. See *In Lance v. Dennis*, 546 U.S. 459 (2006) the Supreme Court acknowledged that federal courts have limited jurisdiction to address federal constitutional claims that could not be adequately addressed by state courts, particularly when procedural due process rights are at stake.

3. First Amendment Violations:

 A state court judgment that imposes sanctions on a defendants for exercising their First Amendment rights (e.g., freedom of speech, religion, or assembly) might be challenged in federal court. If the state court's actions are found to infringe upon these constitutional rights, a federal court could step in to provide relief. See **Zwickler v. Ko**ota, 389 U.S. 241 (1967)**, where the Supreme Court emphasized the federal courts' role in safeguarding First Amendment rights when state courts fail to do so adequately

4. Ex Parte Young Doctrine:

This doctrine allows federal courts to hear cases where state officials are sued in their official capacity for enforcing unconstitutional laws. This is an exception to the general rule of state sovereign immunity, permitting federal courts to enjoin state actions that violate federal constitutional rights, even after a state court judgment. See *Ex parte Young*, 209 U.S. 123 (1908) established the principle that federal courts can grant relief against state officials acting in violation of the U.S. Constitution, providing a potential path for federal intervention post-judgment.

5. Inadequate State Remedies or State Court Bias:

Defendants have shown that the state court has been bias and the state court has not inadequately

addressed a federal constitutional violations, thus federal courts have jurisdiction to intervene in

cases of systemic corruption or bias in the state judiciary, where a fair trial is impossible. See _In_

_Gibson v. Berryhill_, 411 U.S. 564 (1973) the Supreme Court allowed federal court intervention

in a case where the state administrative body was deemed biased, illustrating the principle that

federal courts can act when state processes are inadequate.

      While federal courts generally do not intervene after a state court judgment, they may do

so in exceptional circumstances where there are serious allegations of constitutional rights

violations that could not be adequately addressed in the state court system. These interventions

are often based on claims brought under 42 U.S.C. § 1983 or other federal statutes designed to

protect civil rights. Plaintiff clearly "admit" the state court ignored and turned a blind eye to

defendants' pleadings:

> Defendants failed to timely appear and on September 26, 2023, Plaintiff filed a motion
> for a default judgment and order of reference. Defendants did not oppose Plaintiff's
> motion. OnnDecember 18, 2023, the Court granted Plaintiff's motion and entered a
> default judgment and order of reference. On March 6, 2024, Plaintiff filed a motion for a
> judgment of foreclosure and sale. Defendants did not oppose Plaintiff's motion. On May
> 7, 2024, the Court granted Plaintiff's motion and entered a judgment of foreclosure and
> sale. See Docket No. 1, pp. 204-216. Plaintiff scheduled a foreclosure sale for July 22,
> 2024. On July 5, 2024, Defendants filed a motion to dismiss that failed to give Plaintiff
> timely notice of the motion. On July 12, 2024, Defendants requested an adjournment of
> their motion to dismiss. In response, the Supreme Court advised that the judge was not
> available and would not see the request until after July 22, 2024. On July 15, 2024,
> Defendants re-filed their motion to dismiss with a proper return date. On July 20, 2024,
> Plaintiff filed an opposition. The New York Supreme Court has not issued a decision on
> the motion. On July 22, 2024, the Mortgaged Premises sold at the foreclosure sale to a
> third party. That same day, Defendants filed a notice of removal in New York Supreme
> Court, Orange County.

The state court ignored and failed to adequately address defendants' pleadings and the following meritorious arguments:

1.      **Statute of Limitations**:  Plaintiff's attempt to enforce and foreclose upon the subject note and mortgage is barred by CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

2.      **Fraud Upon the Court**: Plaintiff's alleged counsel have presented false statements and misrepresentations within the underlying complaint, and they are omitting material facts for the foregoing reasons set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); 6; 8; and 9 as though fully incorporated herein by reference.

3.      **Improper Service pursuant to CPLR 308** – plaintiff's petition must be dismissed, with prejudice, for failure to properly service petition and 90-day notice pursuant to CPLR 308. Under CPLR 308, personal service on an individual may be made by delivering the legal process: directly to the defendant (CPLR 308(1)); to someone of suitable age and discretion at the defendant's "actual place of business, dwelling place or usual place of abode" and mailing a copy of the summons to the defendant's last known residence or actual place of business (CPLR 308(2)); to an agent designated under CPLR 318 (CPLR 308(3)); and, where notwithstanding diligent, but unsuccessful, efforts to serve pursuant to CPLR 308(1) and (2), by affixing the process to the door at the defendant's "actual place of business, dwelling place or usual place of abode within the state" and mailing a copy of the summons to the defendant at his/her/their actual place of business or last known residence (CPLR 308(4)). The failure to serve process in "strict compliance" with the "statutory methods," "leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and

void." *Nationstar Mortgage, LLC v. Gayle*, 191 A.D.3d 1002 (2ⁿᵈ Dep't 2021) (citations omitted). Accordingly, proof of proper service is of the utmost importance.

Defendants, who are senior citizens with disabilities and medical issues, pursuant to the American Disabilities Act that this Court recognizes, have clearly stated irreparable harm and requested an injunction enjoining Plaintiff from proceeding with the closing of the foreclosure sale that occurred on July 22, 2024 and stop the harassment and premature demand for rent by alleged new owner, Mr. Ben Streicher, from defendants' tenant of more than twenty (20) years. Defendants' tenant, a single and elderly woman, has called defendants and stated that she is afraid and, under duress and threat, may vacate defendants' home and cause the loss of a great tenant and rent to defendants. This Court denied defendants motion for a temporary restraining order stating that "defendants have not established imminent irreparable harm… ("Monetary loss alone will generally not amount to irreparable harm.")…The resulting loss of income undoubtedly harms Plaintiffs, but that harm is not irreparable." However, this Court failed to address defendants' tenant, a single and elderly woman, who has called defendants and stated that she is afraid and, under threat and duress, may vacate defendants' home and cause the loss of a great tenant and loss rent to defendants. It would be difficult to to find a good tenant replacement in the bad neighborhood where defendants' home is located. Furthermore, plaintiff blatantly violated Notice of Removal and standing order by proceeding in the state action. The law is well settled where that the federal court has jurisdiction regardless of plaintiff's belief and allegations that removal was improper.

Once a Notice of Removal is filed in federal court and served on the parties and the state court, the case is effectively transferred to the federal court's jurisdiction, and the state court is required to cease further proceedings unless and until the case is remanded back to the state

court. Continuing to act in the state court after a Notice of Removal has been filed is a

sanctionable violation of the removal process.

**Statutory Requirement:** Under **28 U.S.C. § 1446(d)**, once a Notice of Removal is filed in federal court and a copy is provided to the state court, the state court "shall proceed no further unless and until the case is remanded." This statutory language makes it clear that the state court must stop all actions related to the case once removal is effected. See _Meyerland Co. v. Federal Insurance Co_., 960 F.2d 512 (5th Cir. 1992) The Fifth Circuit held that once a case is removed to federal court, any further proceedings in state court are void. In this case, the court emphasized that the state court loses all jurisdiction over the matter upon the proper filing of the Notice of Removal, and any state court action after removal is without effect. _Ackerman v. ExxonMobil Corp_., 734 F.3d 237 (4th Cir. 2013) The Fourth Circuit reiterated that a state court may not proceed with a case after a Notice of Removal has been filed and that any orders or judgments issued by the state court post-removal are void. The court highlighted that the removal automatically divests the state court of jurisdiction. _In re Diet Drugs,_ 282 F.3d 220 (3d Cir. 2002) The Third Circuit addressed a situation where the state court had taken action after the filing of a Notice of Removal. The court ruled that the state court had no authority to proceed, and any actions taken by the state court after the removal notice was filed were null and void. The court emphasized that jurisdiction immediately shifts to the federal court upon proper removal. _Roman Catholic Archdiocese of San Juan, Puerto Rico v. Feliciano_, 140 S. Ct. 696 (2020)The U.S. Supreme Court reaffirmed the principle that after a Notice of Removal is filed, the state court must stop all proceedings. The Court stressed that state court jurisdiction ceases immediately upon the filing of a Notice of Removal and that any subsequent orders or actions taken by the state court are invalid.

Automatic Stay on State Court Proceedings: Upon filing the Notice of Removal, state court proceedings are automatically stayed. The state court must not take any further action, and any such actions would be considered void. If a state court proceeds despite a Notice of Removal, the defendant may seek relief in federal court, including an order to enforce the stay, vacate any state court orders issued post-removal, and potentially seek sanctions against the party who improperly continued the state proceedings. The case law supports the principle that the state court's authority ceases once a Notice of Removal is properly filed and served.

1.  FACTUAL BACKGROUND

    The original summons and complaint, outside the statute of limitations, was filed in

Supreme Court of the State of New York, Orange County, as U.S. BANK TRUST NATIONAL

ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST V. ALFONSO AMELIO;

CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE

OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,

Index No: EF007269-2022 ("action"). Plaintiff filed the action on December 19, 2022 and

alleges to have served Alfonso on February 10, 2024, Carmine on March 3, 2024 and Paul on

March 28, 2024. Plaintiff failed to properly serve the summons and complaint and 90-day Notice

upon defendants, pursuant to CPLR 308.

Plaintiff's failure to properly to serve complaint pursuant to CPLR 308 and 90-day notice

pursuant to CPLR 1304, triggers substantial and disputed federal question and defendants'

removal does not disturb the federal-state balance approved by Congress.

CPLR 1304:

The notices required by this section shall be sent by such lender, assignee (including
purchasing investor) or mortgage loan servicer to the borrower, by registered or certified
mail and also by first-class mail to the last known address of the borrower, and to the
residence that is the subject of the mortgage.

1. Plaintiff complaint generally alleges that Defendants are in default of mortgage

agreement. Plaintiff unlawfully proceeded in this action, outside the statute of limitations, in

violation of defendants' civil rights and due process rights and where federal intervention is

necessary due to violations of constitutional rights that could not be addressed adequately in state

court. Defendants' individual rights guaranteed by the Constitution and federal laws were

infringed upon by the plaintiff, as follows:

**Equal Protection under the Law:**

o Guaranteed by the Fourteenth Amendment, which requires that no state deny any
person within its jurisdiction the equal protection of the laws.

**Freedom of Speech and Expression:**

o Protected by the First Amendment, ensuring individuals can express themselves
without government interference.

**Right to Due Process:**

- o   Guaranteed by the Fifth and Fourteenth Amendments, ensuring fair treatment through the normal judicial system, especially in legal matters.

**Disability Discrimination:**

- o   Plaintiff, their counsel and the court failed respond to defendants' requests and notices and provide reasonable accommodations as individuals with disabilities, violating the Americans with Disabilities Act (ADA).

Paragraph 7 of the plaintiff's complaint falsely states that "Plaintiff has complied with all of the applicable provisions of RPAPL §1304, if required, and, if applicable, New York Banking Law 9-X, Banking Law §§ 595-a and 6-1 and 6-m." where the The Dodd-Frank Wall Street Reform and Consumer Protection Act, particularly through the Truth in Lending Act (TILA) and the Home Ownership and Equity Protection Act (HOEPA), regulates many of the same issues addressed by New York's Banking Law §§ 6-1 and 6-m.

Paragraph 8 of the plaintiff's complaint falsely states that "Notices were sent to the Mortgagors specifically pursuant to RPAPL §1304 on June 23, 2022 (hereinafter "90-Day Notices"). Said 90-Day Notices have not expired and were sent to the Mortgagors at least 90-days prior to the commencement of the instant action. The 90-Day Notices were in 14-point type, contained the statutorily dictated language of RPAPL §1304 and the address and phone numbers of at least five US Department of Housing and Urban Development approved housing counseling agencies in the region where the Mortgagors reside and was mailed by registered or certified mail and first-class mail to the Mortgaged Premises and last known address of the Mortgagors, if different. True and correct copies of the 90-Day Notices are attached hereto as Exhibit D."

Plaintiff failed to properly serve the 90-day notice required by RPAPL § 1304, which were not only sent to the wrong addresses, but it appears that the notices were never provide to the United States Postal Service or sent by plaintiff. See Exhibit A. Real Property Actions and Proceedings Law (RPAPL) § 1304 is a New York State law that sets forth specific pre-foreclosure notice requirements that lenders must follow before commencing a foreclosure action against a homeowner. It requires lenders to send a notice to the borrower at least 90 days before initiating a foreclosure action.

While RPAPL § 1304 is a New York State law, its requirements intersect with federal laws and regulations related to mortgage servicing and consumer protection. Violations of RPAPL § 1304 trigger federal claims or defenses under laws such as the FDCPA, RESPA, and the Dodd-Frank Act. Compliance with RPAPL § 1304 is essential not only to meet state law requirements but also to ensure broader compliance with federal regulations governing mortgage practices, as follows:

Dodd-Frank Wall Street Reform and Consumer Protection Act
- The Dodd-Frank Act includes numerous provisions aimed at protecting homeowners and regulating mortgage servicing practices.

Fair Debt Collection Practices Act (FDCPA)
  - Plaintiff's failure to comply with RPAPL § 1304, constitutes a violation of the FDCPA, which prohibits deceptive, unfair, and abusive practices by debt collectors.

Civil Rights Claims (42 U.S.C. § 1983)
  - Defendants constitutional rights were violated in the foreclosure process due to non-compliance with RPAPL § 1304 by state actors or in collusion with state actors, and defendants bring civil rights claim under 42 U.S.C. § 1983.

Regulation X (RESPA)
- Under the Real Estate Settlement Procedures Act (RESPA), specifically Regulation X, failed to follow procedures and timelines for foreclosure, which overlap with state requirements in RPAPL § 1304.

Truth in Lending Act (TILA)

- TILA, as implemented by Regulation Z, includes requirements for disclosures related to mortgages. Compliance with state notice requirements in RPAPL § 1304 are part of the broader framework ensuring transparency and fairness in lending practices.

Consumer Financial Protection Bureau (CFPB)
 - The CFPB oversees the implementation of Dodd-Frank and other consumer protection laws. Lenders and servicers must comply with both federal and state laws, and failure to comply with RPAPL § 1304 must be enforced by the CFPB when there are issues of non-compliance with federal regulations.

Federal Preemption and State Law
 - State laws that provide greater protection to consumers are not preempted by federal law, however, if there is a direct conflict, federal law would prevail under the Supremacy Clause.

Consumer Protection Claims
 - Defendants bring claims under federal consumer protection laws as it appears that the violations of RPAPL § 1304 are part of broader unfair or deceptive practices.

This Court has jurisdiction pursuant federal question under 28 U.S.C. § 1331 because this is a civil action that raises questions arising under the Constitution, laws, or treaties of the United States and 28 U.S.C. § 1332 because plaintiff failed to properly serve Amelio defendants and there is sufficient diversity of citizenship because the plaintiff and defendant are citizens of different states and the amount in controversy exceed $1,000,000.00.

Defendants were not properly served pursuant to CPLR 308 thus the "forum defendant rule" under 28 U.S.C. § 1441(b)(2) applies only after a forum defendant has been "properly joined and served." The forum defendant rule is specifically related to removal based on diversity jurisdiction under 28 U.S.C. § 1441(b)(2), which states that a civil action otherwise removable solely on the basis of diversity jurisdiction cannot be removed if any of the defendants properly joined and served is a citizen of the state in which such action is brought. Furthermore, A Chapter 7 trustee is appointed by the U.S. Bankruptcy Court to oversee and administer the bankruptcy estate. The trustee is considered an officer of the court and acts in a

fiduciary capacity for the creditors of the estate. A lienholder has a legal claim or interest in the debtor's property, typically arising from a debt owed by the debtor. The forum defendant rule is concerned with the citizenship of parties to the action. The Chapter 7 trustee acts in an official capacity rather than as an individual litigant. The trustee's citizenship does not impact diversity jurisdiction because they are not considered a party in the same way as an ordinary defendant. They represent the interests of the bankruptcy estate. Federal bankruptcy courts have exclusive jurisdiction over bankruptcy cases, including matters related to the administration of the bankruptcy estate. Issues involving a Chapter 7 trustee are handled within the federal bankruptcy system, not through state courts. The forum defendant rule would not apply to actions involving a Chapter 7 trustee because such actions are inherently federal in nature and fall under the jurisdiction of the federal bankruptcy court. Removal based on diversity jurisdiction is usually not applicable to bankruptcy proceedings, as these are governed by federal bankruptcy laws and the federal bankruptcy court's jurisdiction. If there is litigation involving the lienholder and the trustee concerning the administration of the estate or the lien, this matter would typically be addressed in the bankruptcy court. The forum defendant rule would not prevent removal to federal court because the case is already within the federal bankruptcy court's jurisdiction. The forum defendant rule does not apply to a Chapter 7 trustee in the context of bankruptcy proceedings. Matters involving a Chapter 7 trustee are under the exclusive jurisdiction of the federal bankruptcy courts, and such actions are not subject to removal based on diversity jurisdiction. The trustee acts in an official capacity representing the bankruptcy estate, and their citizenship is not relevant to the application of the forum defendant rule. Therefore, any disputes involving a Chapter 7 trustee and lienholders will be handled within the federal bankruptcy court system. When considering removal based on a federal question, particularly involving a Chapter

7 trustee who is a lienholder, the presence of a federal question can make a case removable to federal court under 28 U.S.C. § 1441(c). A case can be removed to federal court if it involves a federal question under 28 U.S.C. § 1331. A Chapter 7 trustee is appointed by the U.S. Bankruptcy Court to oversee and administer the bankruptcy estate. If the Chapter 7 trustee has a lien on property involved in the case, the issues related to this lien involve federal bankruptcy laws. If the case involves questions of federal bankruptcy law, such as the administration of the bankruptcy estate, the actions of the Chapter 7 trustee, or the enforcement of federal bankruptcy rules, it likely involves a federal question.The trustee's role and duties are defined by federal law, specifically the U.S. Bankruptcy Code, which form the basis for federal question jurisdiction. Since the plaintiff's complaint directly involves issues arising under federal bankruptcy laws, the case can be removed to federal court based on federal question jurisdiction. The involvement of a Chapter 7 trustee, who operates under federal law, reinforces the argument that the case arises under federal law. When a case involves a federal question, such as issues arising under federal bankruptcy law due to the involvement of a Chapter 7 trustee, it is removable to federal court under 28 U.S.C. § 1441(c). The federal court would have jurisdiction because the trustee's actions and the lien are governed by federal law. This makes removal based on a federal question appropriate in such circumstances.

An action can be removed to federal court under 28 U.S.C. § 1332(a) diversity jurisdiction if any defendant who is a citizen of the state in which the action is brought has not yet been served. If the forum defendant has not been "properly joined and served," the restriction in § 1441(b)(2) does not apply. Therefore, the action can be removed to federal court based on diversity jurisdiction:

**1. Encompass Insurance Co. v. Stone Mansion Restaurant Inc., 902 F.3d 147 (3d Cir. 2018):**

- **Summary:** In this case, the Third Circuit upheld the practice of snap removal, finding that the plain language of § 1441(b)(2) allows a defendant to remove a case to federal court based on diversity jurisdiction if the forum defendant has not yet been served.
- **Holding:** The court reasoned that the statute's "properly joined and served" language permits removal before service of the forum defendant, even if that forum defendant is eventually served after removal.

**2. Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699 (2d Cir. 2019):**

- **Summary:** The Second Circuit also affirmed the legality of snap removal. The case involved an out-of-state defendant removing a case before the forum defendant was served.
- **Holding:** The court held that the plain language of § 1441(b)(2) does not prohibit removal when a forum defendant has not been served at the time of removal. The court emphasized that it is bound by the text of the statute.

**3. Texas Brine Co., L.L.C. v. American Arbitration Association, Inc., 955 F.3d 482 (5th Cir. 2020):**

- **Summary:** The Fifth Circuit, like the Second and Third Circuits, upheld the practice of snap removal. In this case, the defendant removed the case to federal court before the forum defendant was served.
- **Holding:** The court found that § 1441(b)(2) allows removal if the forum defendant is not served before the removal, adhering to the plain statutory language.

**4. Delaughder v. Colonial Pipeline Co., 360 F. Supp. 3d 1372 (N.D. Ga. 2018):**

- **Summary:** In this district court case, the court permitted snap removal, explaining that the language of § 1441(b)(2) was unambiguous in allowing removal prior to the service of a forum defendant.
- **Holding:** The court acknowledged the controversy surrounding snap removal but found that the statutory text was clear and did not prohibit such a practice.

**5. Perez v. Forest Labs., Inc., 902 F. Supp. 2d 1238 (E.D. Mo. 2012):**

- **Summary:** This district court case is an example where the court allowed snap removal by the defendant who had not yet been served. The court dismissed the plaintiff's argument that the removal was improper because a forum defendant was involved.
- **Holding:** The court emphasized the "properly joined and served" language, allowing the case to remain in federal court.

The Amelio defendants have limiting chronic medical issues and disabilities affecting their ability to prosecute this case, which, pursuant to ADA, this Court complies with and, under doctor's care and orders, must carefully monitor work, activities, responsibilities and other pending legal matters, in various States, and properly address all matters while managing their health and medical issues.

On July 22, 2024, Defendants served Notice of Removal upon Plaintiff's counsel and filed a copy of the notice with the Clerk of Court for the Supreme Court of the State of New York, Orange County. Defendants also served Notice of Removal upon the Clerk of Court. Plaintiff's counsel and the clerk ignored defendants' notice and lack of jurisdiction and proceeded with foreclosure sale of their home. Pursuant to 28 U.S.C. § 1446(d), filing the Notice of Removal with the United States Southern District Court of New York, along with serving and filing a copy of this paperwork with the state court, effected the removal of this action and required that this state court take no further action unless and until this matter is remanded. Due to the statute of limitations, plaintiff discontinued their prior complaint, discontinued case, Index No: EF000106-2021 ("previous action") but unlawfully inserted relief for deceleration of mortgage in the court order, which was not relief requested or merits argued in their motion to discontinue. Plaintiff subsequently commenced this action, which is time barred, and defendants were not served with summons and complaint and 90-day notice, pursuant to CPLR 308 and 1304, See Exhibit A. Defendants moved to vacate and dismiss previous action and dismiss this action filed outside the statute of limitations. Counsel for plaintiff, the opposing party, filed Notice of Rejection in both cases, proceeded in this matter without proper service and filed several Notices of Rejection to defendants' motions and pleadings prior to foreclosure sale. The state court was absent and defendants were never heard in both matters, in violation of

defendants' due process rights. The court turned a blind eye to defendants' pleadings in both matters, but proceeded and issued orders upon the direction and request of plaintiff and their counsel.

LEGAL ARGUMENT

This Court has jurisdiction pursuant federal question under 28 U.S.C. § 1331 because this is a civil action that raises questions arising under the Constitution, laws, or treaties of the United States and 28 U.S.C. § 1332 because plaintiff failed to properly serve defendants and there is sufficient diversity of citizenship because the plaintiff and defendant are citizens of different states and the amount in controversy exceed $1,000,000.00.

Amelio, appearing *pro se* are named parties in the state court matter as owners of 17 Grant Street, Middletown, NY 10940. Defendants are named defendants in the Complaint. All requirements for removal were met. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). *Nieto v. University of New* Mexico, 727 F. Supp. 2d 1176 (D.N.M. 2010)   In Nieto v. University of New Mexico, 727 F. Supp. 2d 1176 (D.N.M.)(Browning, J.), the plaintiff objected to the timeliness of the University of New Mexico's notice of *removal*. In *Federal* Deposit Insurance Corporation v. Yancey Camp Development, 889 F.2d 647 (5th Cir. 1989), the Fifth Circuit implicitly recognized that both the *case-* or-controversy requirement and the jurisdiction requirements are met when a defendant removes to *federal court after* the *state court* has entered a *judgment*. See 889 F.2d at 648. The Fifth Circuit explained that "[a] *state court judgment* in a *case* properly removed to *federal court* — like the one before us — can be vacated under *Federal* Rule of Civil Procedure 60(b)." 889 F.2d at 648 (citing Beighley v. FDIC, 868 F.2d 776, 781-82 (5th Cir. 1989); Northshore Dev., Inc. v. Lee, 835 F.2d 580 (5th Cir. 1988);Azzopardi v. Ocean Drilling Exploration Co., 742 F.2d 890 (5th Cir. 1984)). The Fifth

Circuit also implied a *case* or controversy exists *after* entry of a *state-court judgment* in Murray v. Ford Motor Co., 770 F.2d 461 (1985). The *court* in Murray v. Ford Motor Co. addressed whether the district *court* had authority to set aside the *state-court's judgment* pursuant to rule 60(b… *Sawyer v. USAA Insurance,* 839 F. Supp. 2d 1189 (D.N.M. 2012) Denying plaintiff's motion to remand and setting aside *state court* default *judgment* under Rule 60(b) because plaintiff did not properly serve defendants. Prior to *removal* the *state court judgment* was concededly subject to being set aside in the *state court.* It was subject to the same hazard in the *federal court after removal.* 28 U.S.C.A., § 1450. "When a *case* is removed the *federal court* takes it as though everything done in the *state court* had in fact been done in the *federal court.* " Savell v. Southern Railway Co., 5 Cir., 1937, 93 F.2d 377, 379, 114 A.L.R. 1261. However, the *federal court* was not limited to thirty days within which to set aside the *judgment* that limitation being merely a rule of practice governing Tennessee *courts.* Munsey v. Testworth Labs., 227 F.2d at 903. The Sixth Circuit thus affirmed the district *court's* decision to set aside the default *judgment* against Testworth that the Tennessee trial *court* entered. Several United *States* District *Courts* have also found that *removal after* a *state court* dismissal is appropriate, and exercised jurisdiction. See Yash Techs., Inc. v. Prospeed Trading, Inc., No. 07–CV–4054, 2009 WL 2928095, at *2–4, 2009 U.S. Dist…

On January 30, 2023 defendants filed their motion to amend, vacate or dismiss the September 8, 2022 Order in the previously discontinued case, Index No: EF000106-2021, entered by the court: "ORDER DISCONTINUING ACTION AND CANCELING LIS PENDENS." (Doc# 82). The Order erred by including the follow relief, which was not requested or argued in plaintiff's motion (Doc# 76):

"ORDERED, that Plaintiff hereby deaccelerates the maturity of the loan and withdraws all prior demands for immediate payment of all sums secured by the Security Instrument; and it is further"

Plaintiff's motion (Doc# 76) requested the following relief:

"PLEASE TAKE NOTICE, that upon the annexed affirmation of Juliana Thibaut, Esq. dated June 1, 2022, and any papers and exhibits annexed thereto, a motion will be heard at the Orange County Supreme Court, 285 Main Street, Goshen, NY 10924 in front of the Honorable John R. Lindstrom, on July 1, 2022, at 9:30 AM, or as soon thereafter as counsel can be heard, for an order: (i) canceling the Lis Pendens, (ii) discontinuing the instant action, (iii) striking the Defendant's answer and dismissing the Defendant's counterclaims, and (iv) for such other relief as the court may deem just and proper."

Plaintiff did not properly serve defendants in the previous action, pursuant to CPLR 308 and falsely claimed to serve Paul Amelio and Alfonso Amelio via NYSCEF (court efiling system), who are not registered with NYSCEF.

The law is well settled, that a mortgage cannot be decelerated after it has been accelerated and the statute of limitations have expired, which plaintiff unlawfully and intentionally inserted into the Order when such relief was not requested or merits argued in plaintiff's motion. The Supreme Court of the State of New York, Appellate Division, Second Judicial Department, reversed a similar judgment entered by the state court in the matter, Honorable Sandra B. Sciortino. See *Freedom Mortg. Corp. v. Engel*, 81 N.Y.S.3d 156, 163 A.D.3d 631, 2018 N.Y. Slip Op. 5140 (N.Y. App. Div. 2018) In an action to foreclose a mortgage, the defendant Herschel Engel appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated November 12, 2015. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer and affirmative defenses, and to appoint a referee. ORDERED that the order is reversed insofar as appealed

from, on the law, with costs, the motion of the defendant Herschel Engel for summary judgment dismissing the complaint insofar as asserted against him is granted, and those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Herschel Engel, to strike his answer and affirmative defenses, and to appoint a referee are denied. An action to foreclose a mortgage is subject to a six-year statute of limitations (*see* CPLR 213[4] ). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (*see Nationstar Mtge., LLC v. Weisblum,* 143 A.D.3d 866, 867, 39 N.Y.S.3d 491 ; *Wells Fargo Bank, N.A. v. Burke,* 94 A.D.3d 980, 982, 943 N.Y.S.2d 540 ; *Wells Fargo Bank, N.A. v. Cohen,* 80 A.D.3d 753, 754, 915 N.Y.S.2d 569 ; *Loiacono v. Goldberg,* 240 A.D.2d 476, 477, 658 N.Y.S.2d 138 ). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" ( *EMC Mtge. Corp. v. Patella,* 279 A.D.2d 604, 605, 720 N.Y.S.2d 161 ; *see Kashipour v Wilmington Sav. Fund Socy., FSB,* 144 A.D.3d 985, 986, 41 N.Y.S.3d 738 ; *Nationstar Mtge., LLC v. Weisblum,* 143 A.D.3d at 867, 39 N.Y.S.3d 491 ; *Wells Fargo Bank, N.A. v. Burke,* 94 A.D.3d at 982, 943 N.Y.S.2d 540 ). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" ( *NMNT Realty Corp. v. Knoxville 2012 Trust,* 151 A.D.3d 1068, 1069–1070, 58 N.Y.S.3d 118 ; *see Deutsche Bank Natl. Trust Co. v. Adrian,* 157 A.D.3d 934, 935, 69 N.Y.S.3d 706 ; *EMC Mtge. Corp. v. Patella,* 279 A.D.2d at 606, 720 N.Y.S.2d 161 ).

Plaintiff and their counsel altered the proposed order with the intent to ambush defendants and intentionally evade defendants' opposition to the same, in violation of their due process rights. In addition, plaintiff's motion was not properly served and plaintiffs unlawfully moved the Court to a guardian ad litem for Paul Amelio and Alfonso Amelio, who are not deceased.

Accordingly, plaintiff was time barred by the statute of limitations and CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

For the same reasons as above, this Court lacks jurisdiction in this action. In addition, plaintiff, by and through their counsel, have presented false statements and misrepresentations within the underlying complaint, they have omitted material facts and have submitted fabricated documents, which constitutes fraud upon the Court.

Civil rights violations occur when an individual's rights guaranteed by the Constitution or federal laws are infringed upon by another person, organization, or the government. These rights are designed to protect individuals from discrimination and ensure equal treatment under the law.

Civil Rights Violations:

Equal Protection under the Law:
  - Guaranteed by the Fourteenth Amendment, which requires that no state deny any person within its jurisdiction the equal protection of the laws.

Freedom of Speech and Expression:
  - Protected by the First Amendment, ensuring individuals can express themselves without government interference.

Right to Due Process:
  - Guaranteed by the Fifth and Fourteenth Amendments, ensuring fair treatment through the normal judicial system, especially in legal matters.

Disability Discrimination:
  - A public place fails to provide reasonable accommodations for individuals with disabilities, violating the Americans with Disabilities Act (ADA).

Violations of the right to due process occur when an individual is deprived of life, liberty, or property without appropriate legal procedures and protections. Due process is guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

Right to Due Process Violations:

Lack of Notice:
  - Defendants were not properly notified of legal proceedings or charges against them, depriving them of the opportunity to prepare a defense.

Unfair tribunal/ Biased:
  - The judge or tribunal is demonstrably biased against defendants, in violation of defendants' due process rights and where key evidence is excluded or not allowed to be presented in hearing requested by defendants without a valid reason.

Denial of the Right to a Fair Trial:
  - Defendants have been denied due process without being given a chance to present evidence and be heard by the court.

Plaintiff commenced this action, which is time barred, and defendants were not served with summons and complaint and 90-day notice, pursuant to CPLR 308 and 1304, See Exhibit A. Defendants moved to vacate and dismiss previous action and dismiss this action filed outside the statute of limitations. Counsel for plaintiff, the opposing party, filed Notice of Rejection in both cases, proceeded in this matter without proper service and filed several Notices of Rejection to defendants' motions and pleadings prior to foreclosure sale. The state court was absent and defendants were never heard in both matters, in violation of defendants' due process rights. The court turned a blind eye to defendants' pleadings in both matters, but proceeded and issued orders upon the direction and request of plaintiff and their counsel. In further violation of due process, plaintiff's counsel filed a Notice of Rejection (Doc #104) of Defendants' Notice of Removal, falsely and unlawfully stating that the Defendants' Notice of Removal was rejected as untimely and returned as a nullity. Defendants' believe that this Court would disagree and

ultimately has jurisdiction over this matter and plaintiff's counsel should not be allowed to continue to waive there "Notice of Rejection" flag in Federal Court. The filing of a removal petition in federal court effects the removal of a state court civil lawsuit to a federal forum. When a defendant files the appropriate removal pleadings, federal jurisdiction immediately attaches, the statute places the state court's authority in a state of suspension, and the federal court possesses the power, but not the duty, to invalidate all state court proceedings that have taken place between the time that the defendant filed the removal petition in federal court and the time that the clerk filed a copy of the removal petition in state court. The relevant statute, 28 U.S.C. § 1446(e), states that the delivery of written notice of the removal petition to adverse parties and the filing of a copy of the removal petition in the state court "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." Id. § 1446(e). Little question exists that federal jurisdiction attaches when a party files the removal petition in federal court. See DeMoss v. Kelly Serv., Inc., 355 F. Supp. 1111, 1113 (D.P.R. 1972) (jurisdiction of federal court attaches when party files removal petition) , aff'd, 493 F. 2d 1012 (1st Cir. 1974). In Master Equip. Inc. v. Home Ins. Co., 342 F. Supp. 549, 552 (E.D. Pa. 1972), the court observed that filing a removal petition in the state court merely functioned as a notice of the superseding federal jurisdiction and, in the event of conflicting proceedings during the interlude before that filing, federal jurisdiction predominated. These facts indicate that federal jurisdiction attaches even before completion of the removal proceedings in state court. Id. But see Beleos v. Life & Casualty Ins. Co., 161 F. Supp. 627, 628 (E.D.S.C. 1956) (until state court loses jurisdiction, federal court cannot acquire it).

In the event of conflicting proceedings during the interim, federal jurisdiction prevails over state jurisdiction, and many courts have held the actions of the state court to be a coram non judice and absolutely void. Steamship Co. v. Tugman, 106 U.S. 118, 122 (1882).

Defendants reserve their rights to supplement this motion with further arguments, evidence and affidavits.

Defendants have hereby shown good cause for removal and this Court has federal question and diversity jurisdiction to hear this matter.

WHEREFORE, defendants respectfully requests for this Court to grant defendant motion for reconsideration.

Dated: New Milford, CT                    Respectfully submitted,
      September 23, 2024

                                      */s/ Carmine P. Amelio*
                                      Carmine P. Amelio, *Defendant Pro Se*
                                      37 Main Street, #337
                                      New Milford, CT 06776
                                      p. 412-612-6774
                                      e. cpamelio@gmail.com

                                        */s/ Paul Amelio*
                                      Paul Amelio, *Defendant Pro Se*

                                        */s/ Alfonso Amelio*
                                      Alfonso Amelio, *Defendant Pro Se*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

U.S. BANK TRUST NATIONAL
ASSOCIATION, AS TRUSTEE OF TIKI
SERIES V TRUST
     Plaintiff,

-against-

ALFONSO AMELIO; CARMINE AMELIO;
PAUL AMELIO; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF UNITED
STATES BANKRUPTCY COURT;
ROBERTA PERRY S/H/A JANE DOE #1,

     Defendants.

CASE NO.: 24-CV-5615

**JURY TRIAL DEMANDED**

---

CERTIFICATE OF SERVICE

I hereby certify that a copy of, Motion For Reconsideration Pursuant to Local Rule 6.3 and
FRCP Rule 59 (e)**,** has been served upon the following parties or counsel via electronic and/or
US Mail on September 23, 2024:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Sean Monahan, Esq.
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
(Attorneys for Plaintiff)

Randall Coffill, Esq. (As Appointed Referee)
15 Jersey Avenue
P.O. Box 3158
Port Jervis, NY 12771

Dated: New Milford, CT
     September 23, 2024

Respectfully submitted,

*/s/ Carmine P. Amelio*
Carmine P. Amelio, *Defendant Pro Se*
37 Main Street, #337
New Milford, CT 06776
p. 412-612-6774
e. cpamelio@gmail.com